**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter  **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Peer Street, Inc.** |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **46-4348584** |
| 4. | **Debtor's address** | **Principal place of business**  2121 Park Place, Suite 250  El Segundo, CA 90245  Number, Street, City, State & ZIP Code  Los Angeles  County | **Mailing address, if different from principal place of business**  c/o Province, LLC  2360 Corporate Circle Suite 340  Henderson, NV 89074 Attn: David Dunn  P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | https://www.peerstreet.com/ |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |

Debtor **Peer Street, Inc.**  Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5223**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Schedule 1, attached**  Relationship _____
District _____ When _____ Case number, if known _____

Official Form 201      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      page 2
30210125.2

Debtor **Peer Street, Inc.**   Case number (*if known*) _____
     Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
     Contact name _____
     Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☒ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor   **Peer Street, Inc.**                                                                                         Case number (*if known*)
         Name

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/26/2023
              MM / DD / YYYY

**X** **/s/ Brewster Johnson**                                      Brewster Johnson
Signature of authorized representative of debtor                    Printed name

Title   **President**

**18. Signature of attorney**   **X** **/s/ Joseph Barry**                              Date   06/26/2023
Signature of attorney for debtor                                                               MM / DD / YYYY

**Joseph Barry**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**        Email address   **jbarry@ycst.com**

**4221 DE**
Bar number and State

## Schedule 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

  On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Peer Street, Inc.

| |
|---|
| Peer Street, Inc. |
| Peer Street Opportunity Fund GP LLC |
| PS Funding, Inc. |
| Peer Street Funding LLC |
| PeerStreet Licensing, Inc. |
| PSF REO LLC |
| PS Options LLC |
| PS Warehouse, LLC |
| PS Warehouse II, LLC |
| Peer Street Opportunity Investors II, LP |
| PS Portfolio-ST1, LLC |
| PSF Ohio, LLC |
| PSF TX 1, LLC |
| PSF TX 2, LLC |
| PSF TX 4 LLC |

**UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF PEER STREET, INC.**

**June 26, 2023**

THE UNDERSIGNED, being all of the members of the board of directors (the "**Board**") for Peer Street, Inc., a Delaware corporation (the "**Company**"), hereby unanimously consent in writing, as permitted by the bylaws of the Company and section 141(f) of the Delaware General Corporation Law, to adopt the following resolutions:

**WHEREAS,** the Board has previously reviewed, considered, and discussed certain materials presented by the management of the Company ("**Management**") and the Company's financial, legal and other advisors (the "**Advisors**"), including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

**WHEREAS,** the Board has reviewed and considered presentations by Management and the Advisors of the Companies regarding the advantages and disadvantages of filing voluntary petitions for relief (the "**Bankruptcy Petitions**") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (as amended, the "**Bankruptcy Code**"); and

**WHEREAS,** the Board has determined to seek the protections provided under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended, the "**Bankruptcy Code**").

1.   **CHAPTER 11 FILING**

  **NOW THEREFORE, BE IT:**

  **RESOLVED,** that in the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief (the "**Bankruptcy Petition**") under the provisions of chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

  **RESOLVED FURTHER,** that any director or duly appointed officer of the Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "**Authorized Persons**," and each individually, an "**Authorized Person**") be, and hereby is, authorized to execute and file on behalf of the Companies and their subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company or any of its subsidiaries or obtain additional financing in accordance with the Bankruptcy Code;

**2.     RETENTION OF PROFESSIONALS**

**RESOLVED FURTHER,** that each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to employ: (i) Young Conaway Stargatt & Taylor LLP, as co-bankruptcy counsel; (ii) Kramer Levin Naftalis & Frankel LLP, as co-bankruptcy counsel; (iii) Stretto, Inc. as claims and noticing agent; (vi) Piper Sandler, as broker; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any other applicable law; and in connection therewith, the Authorized Persons, acting alone or with one or more other Authorized Persons be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

**RESOLVED FURTHER,** that each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to execute and file all agreements, certificates, petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions;

**3.     GENERAL RESOLUTIONS**

**RESOLVED FURTHER,** that the Company hereby authorizes any direct or indirect subsidiary of the Company or any affiliate of the Company or any entity of which the Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary, affiliate, or the Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

**RESOLVED FURTHER,** that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED FURTHER,** that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the resolutions, as may be required by the

2

organizational documents of the Company, or hereby waives any right to have received such notice;

**RESOLVED FURTHER,** that all acts, actions, and transactions relating to the matters contemplated by these resolutions done in the name of and on behalf of the Company, which acts would have been approved by the resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board;

**RESOLVED FURTHER,** that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, proper, advisable or appropriate to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and

**RESOLVED FURTHER,** that each of the Authorized Persons be and hereby is, authorized and empowered to take all actions or to not take any action in the name of and on behalf of the Company with respect to the transactions contemplated by these resolutions as such Authorized Person shall deem necessary, appropriate, or desirable in such Authorized Person's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated in these resolutions.

*[The remainder of this page is intentionally left blank]*

IN WITNESS WHEREOF, the undersigned have executed and delivered this Unanimous Written Consent of the Board of Directors of the Company as of the date first written above:

*/s/ Brewster Johnson*
Brewster Johnson


*/s/ David Eaton*
David Eaton


*/s/ Ivona Smith*
Ivona Smith


*/s/ M. Freddie Reiss*
M. Freddie Reiss

**IN THE UNITED STATES BABKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "**Debtor**") hereby state as follows:

1. The following entities own 10% or more of the outstanding equity interests in Debtor Peer Street, Inc.:

| Equity Holder | Number and Nature of Interests |
|---|---|
| Andreessen Horowitz Fund IV, L.P., as nominee | Series A Preferred (PA) – 8,166,901<br>Series B Preferred (PB) – 2,693,120<br>Total percent ownership: 21.31% |
| WiL Fund II, L.P. | Series B Preferred (PB) – 5,259,466<br>Series C Preferred (PC) – 1,243,138<br>Total percent ownership: 12.76% |
| Brewster Johnson | Founders Preferred (FP) – 69,816<br>Common (CS) – 6,885,000<br>Total percent ownership: 13.647% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30437637.3

2. Debtor Peer Street, Inc. owns 100% of the equity interests in the following Debtors:

   a. Peer Street Opportunity Fund GP, LLC

   b. PS Funding, Inc.

   c. Peer Street Licensing, Inc.

   d. Peer Street Funding LLC

3. Debtor PS Funding, Inc. owns 100% of the equity interests in the following Debtors:

   a. PS Warehouse, LLC

   b. PS Warehouse II, LLC

   c. PS Portfolio-ST1, LLC

   d. PS Options LLC

4. Debtor Peer Street Funding, LLC owns 100% of the equity interests in the following Debtors:

   a. PSF REO LLC

   b. PSF Ohio, LLC

   c. PSF TX 1, LLC

   d. PSF TX 2, LLC

   e. PSF TX 4 LLC

**Fill in this information to identify the case:**

Debtor name: Peer Street, Inc., et al.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Retail Customer 1**<br>Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $33,924,609 |
| 2 | **Retail Customer 2**<br>Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $15,983,016 |
| 3 | **Retail Customer 3**<br>Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $4,645,377 |
| 4 | **Retail Customer 4**<br>Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $4,428,551 |
| 5 | **Small Business Administration**<br>Attn: Stacey Dawes<br>721 19th Street, Suite 426<br>Denver, Colorado 80202 | c/o Office of General Counsel<br>P: 303-844-0529<br>Stacey.dawes@sba.gov | SBA Paycheck Protection Program | | | | $3,782,588 |
| 6 | **Invigorate Finance, LLC**<br>425 S. Financial Place, 7th Floor<br>Chicago, IL 60605 | Attn: Loren J Morris<br>P: 800-495-7166<br>lmorris@fayfinancial.com | Customer Claim | Contingent & Unliquidated | | | $3,300,000 |
| 7 | **Retail Customer 5**<br>Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $2,204,370 |
| 8 | **Retail Customer 6**<br>Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $2,059,201 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

Debtor **Peer Street, Inc., et al.**
Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Retail Customer 7** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $1,690,754 |
| 10 | **Retail Customer 8** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $1,661,591 |
| 11 | **Retail Customer 9** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $1,604,460 |
| 12 | **Retail Customer 10** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $1,458,467 |
| 13 | **Retail Customer 11** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $1,118,996 |
| 14 | **Retail Customer 12** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $1,104,961 |
| 15 | **Retail Customer 13** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $869,623 |
| 16 | **Retail Customer 14** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $824,232 |
| 17 | **Retail Customer 15** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $818,572 |
| 18 | **Retail Customer 16** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $805,509 |
| 19 | **Retail Customer 17** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $801,505 |
| 20 | **Retail Customer 18** Redacted | Redacted | Customer Claim | Contingent & Unliquidated | | | $726,028 |

**Fill in this information to identify the case:**

Debtor name  **Peer Street, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)  _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Combined Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June 26, 2023**       X  **/s/ Brewster Johnson**
                                          Signature of individual signing on behalf of debtor

                                          **Brewster Johnson**
                                          Printed name

                                          **President**
                                          Position or relationship to debtor

Official Form 202                 **Declaration Under Penalty of Perjury for Non-Individual Debtors**