## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS, PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE, (A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (B) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT, (C) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT, AND (D) SETTING A FINAL HEARING RELATED THERETO**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of interim and final orders, substantially in the form attached hereto as **Exhibit B** (the "**Proposed Interim Order**") and **Exhibit C** (the "**Proposed Final Order**," and together with the Proposed Interim Order, the "**Proposed Orders**"), pursuant to sections 105(a) and 366(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), (a) prohibiting the Debtors' utility service providers from altering, refusing, or discontinuing utility services on account of prepetition invoices, (b) deeming the Debtors' utility service providers adequately assured of future payment, (c) establishing procedures for determining additional adequate assurance of future payment and authorizing the Debtors to provide additional adequate assurance of future payment to their utility

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

service providers, and (d) setting a final hearing related thereto.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of David M. Dunn in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 105(a) and 366 of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

### I.    General

2.    Today (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3.     Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

## II.     Utility Companies and Utility Services

4.     As detailed in the First Day Declaration, certain of the Debtors have acquired real property (the "**Real Properties**") through foreclosure or other exercise of rights.  In maintaining these Real Properties, the Debtors pay various utility companies (each, a "**Utility Company**," and collectively, the "**Utility Companies**") for utility services (collectively, the "**Utility Services**") provided at the Real Properties.  Attached hereto as **Exhibit A**[3] is a list (the "**Utility Service List**") of the Utility Companies providing services as of the Petition Date.  In the absence of continuous Utility Services at these properties, the value of the Real Properties may be impacted.  Thus, any interruption in such services would disrupt the Debtors' day-to-day operations and be harmful to their business.

5.     In general, other than payment interruptions that may have been caused by the commencement of these chapter 11 cases and the events that precipitated their filing, the Debtors have established a good payment history with the Utility Companies.  On average, the Debtors pay approximately $1,400.00 per month for Utility Services.

## RELIEF REQUESTED

6.     By this Motion, the Debtors request that the Court enter the Proposed Orders, (a) prohibiting the Utility Companies from altering, refusing, or discontinuing the Utility

---

[3]     The Debtors have endeavored to identify all of the Utility Companies and list them on Exhibit A hereto.  However, inadvertent omissions may have occurred, and the omission from Exhibit A hereto of any entity providing Utility Services to the Debtors shall not be construed as an admission, waiver, acknowledgement, or consent that section 366 of the Bankruptcy Code does not apply to such entity.  In addition, the Debtors reserve the right to assert that any of the entities now or hereafter included on the Utility Service List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

Services on account of prepetition invoices, including the making of demands for security deposits or accelerated payment terms, (b) determining that the Debtors have provided each of the Utility Companies with "adequate assurance of payment" within the meaning of section 366 of the Bankruptcy Code ("**Adequate Assurance**"), based on the Debtors' establishment of a segregated account in the amount of $700.00 (the "**Utility Deposit**"), which equals two (2) weeks of the Debtors' estimated monthly cost of the Utility Services, (c) establishing procedures for determining additional adequate assurance of future payment, if any, and authorizing the Debtors to provide additional adequate assurance of future payment to the Utility Companies (the "**Assurance Procedures**"), and (d) setting a final hearing (the "**Final Hearing**") on the proposed Adequate Assurance and Assurance Procedures.

## BASIS FOR RELIEF

7.     The unexpected termination or cessation (even if only temporary) of any of the Utility Services will result in disruption to the Debtors' business, as well as a potential loss of revenue and profits.  Any such interruption of the Utility Services would diminish or impair the Debtors' efforts to preserve and maximize the value of their estates and to successfully prosecute these chapter 11 cases.  It is therefore critical that the Utility Services continue uninterrupted.

8.     Section 366 of the Bankruptcy Code provides that, in a chapter 11 case, during the initial thirty (30) days after the commencement of the case, utilities may not alter, refuse, or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of its case or the existence of prepetition debts owed by the debtor.  In a chapter 11 case, following the thirty-day period under section 366(c) of the Bankruptcy Code, utilities may discontinue service to the debtor if the debtor does not provide adequate assurance of future payment of its

postpetition obligations in a form that is satisfactory to the utility, subject to the Court's ability to modify the amount of adequate assurance.

9.      The Debtors intend to pay undisputed postpetition charges for the Utility Services when due in the ordinary course of business.  Nonetheless, to provide adequate assurance of payment for future services to the Utility Companies under section 366 of the Bankruptcy Code, the Debtors propose to establish the Utility Deposit, which represents two (2) weeks of the Debtors' estimated aggregate utility expenses, into a segregated account (the "**Utility Deposit Account**") within twenty (20) days of the Petition Date, to be maintained during the pendency of these chapter 11 cases in the manner provided for herein and in the Proposed Orders.

10.      While the form of adequate assurance of payment may be limited to the types of security enumerated in section 366(c)(1)(A) of the Bankruptcy Code,[4] the determination of the amount of the adequate assurance is within the discretion of the Court.  It is well established that the requirement that a utility receive adequate assurance of payment does not require a guarantee of payment.  Instead, the protection granted to a utility under section 366 of the Bankruptcy Code is intended to avoid exposing the utility to an unreasonable risk of nonpayment.

11.      The Debtors submit that the Utility Deposit constitutes sufficient adequate assurance to the Utility Companies.  However, the Debtors propose to establish the Assurance Procedures, pursuant to which a Utility Company may request additional adequate assurance of payment.  If any Utility Company believes additional assurance is required, it may request such additional assurance pursuant to the Assurance Procedures.  The Assurance Procedures are as follows:

---

[4]      Section 366(c)(1)(A) provides that "assurance of payment" may be in the form of a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or another form of security that is mutually agreed on between the utility and the debtor.  11 U.S.C. § 366(c)(1)(A).

a.     Any Utility Company desiring assurance of future payment for utility service beyond the Adequate Assurance must serve a request (an "**Additional Assurance Request**") so that it is received by the following:  (i) Peer Street, Inc., 2121 Park Place, Suite 250, El Segundo, California 90245 (Attn:    Ellen Coleman); and (ii) proposed counsel to the Debtors, (a) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Shella Borovinskaya (sborovinskaya@ycst.com)), and (b) Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Rose H. Bagley (rbagley@kramerlevin.com)).

b.     Any Additional Assurance Request must:  (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits, prepayments, or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is not sufficient adequate assurance of future payment.

c.     Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have thirty (30) days from the date of receipt of such request (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request.  The Debtors and the applicable Utility Company also may agree to extend the Resolution Period.

d.     The Debtors may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments, and/or other forms of security, if the Debtors believe such additional assurance is reasonable.  Without the need for any notice to, or action, order, or approval of, the Court, the Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

e.     If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the

Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code, which Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these chapter 11 cases that is not less than twenty-one (21) days after the Resolution Period or such other date and time agreed to by the parties.

f.    Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services, the commencement of these chapter 11 cases, or any objections to the Adequate Assurance, or requiring the Debtors to furnish any additional deposit or other security for the continued provision of services.

g.    The Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request, subject to such Utility Company's right to seek a modification of the Adequate Assurance under section 366(c)(3) of the Bankruptcy Code.

12.    In addition to establishing the Assurance Procedures, the Debtors request a Final Hearing on this Motion to be held within twenty-five (25) days of the Petition Date to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtors on the thirty-first (31st) day after the Petition Date, the Debtors will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Assurance Procedures in time to avoid any potential termination of the Utility Services.

13.    It is possible that, despite the Debtors' reasonable efforts, certain Utility Companies have not yet been identified by the Debtors or included on the Utility Service List (each, an "**Additional Utility Company**," and collectively, the "**Additional Utility Companies**"). Thus, promptly upon the discovery of an Additional Utility Company, the Debtors will increase the Utility Deposit by an amount equal to approximately two (2) weeks of the Debtors' estimated aggregate utility expense for each Additional Utility Company subsequent to the Petition Date.  In

addition, the Debtors request that the Court provide that the Additional Utility Companies are subject to the terms of the Proposed Orders (including the Assurance Procedures) once entered by the Court.

14.    Further, it is possible that during the course of these chapter 11 cases, certain utility accounts with the Utility Companies with respect to which funds have been contributed to the Utility Deposit will be closed (each, a "**Closed Account**").  The Debtors request that if any utility account with a Utility Company becomes a Closed Account during the course of these chapter 11 cases, the Debtors shall be authorized to decrease the amount of the Utility Deposit by withdrawing from the Utility Deposit Account the amount deposited with respect to such Closed Account upon either (a) obtaining the affected Utility Company's consent to do so or (b) filing with the Court and serving upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.

15.    The Debtors submit that their proposed method of furnishing adequate assurance of payment for postpetition Utility Services is not prejudicial to the rights of any Utility Company, and is in the best interest of the Debtors' estates and creditors.  Because uninterrupted Utility Services are vital to the Debtors' business and, consequently, to the success of these chapter 11 cases, the relief requested herein is necessary and in the best interests of the Debtors' estates and creditors.  Such relief ensures that the Debtors' business operations will not experience any unexpected or inopportune interruption during the pendency of these chapter 11 cases, and provides the Utility Companies and the Debtors with an orderly, fair procedure for determining "adequate assurance" of payment.

16.    For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of their estates and creditors.

30185774.8

## **SATISFACTION OF BANKRUPTCY RULE 6003**

17.    Pursuant to Bankruptcy Rule 6003(b), any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one (21) days of the Petition Date requires the Debtors to demonstrate that such relief "is necessary to avoid immediate and irreparable harm."  As set forth throughout this Motion, any unexpected disruption of the Utility Services would substantially diminish or impair the Debtors' efforts in these chapter 11 cases to preserve and maximize the value of their estates.

18.    For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied, and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

## **WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

19.    Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As provided herein, and to implement the foregoing successfully, the Debtors request that the Proposed Orders include a finding that the Debtors have established cause to exclude such relief from the fourteen (14)-day stay period under Bankruptcy Rule 6004(h).

20.    For this reason and those set forth above, the Debtors submit that ample cause exists to justify a waiver of the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable to the Proposed Orders.

## **RESERVATION OF RIGHTS**

21.    Nothing in the Proposed Orders or this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall

30185774.8

impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

### **NOTICE**

22.     Notice of this Motion has been provided to:  (a) the Office of the United States Trustee for the District of Delaware (Attn:  Joseph Cudia (joseph.cudia@usdoj.gov)); (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to Magnetar Financial LLC, (i) Royer Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, NY 10036, (Attn:  Marc E. Hirschfield (mhirschfield@rccblaw.com)) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn:  Russell C. Silberglied (silberglied@rlf.com)), as agent for the prepetition secured lenders; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the Office of the United States Attorney for the District of Delaware; (g) the Utility Companies; and (h) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013- 1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.


[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Orders, granting the

relief requested herein and such other and further relief as is just and proper.

Dated: June 26, 2023

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ S. Alexander Faris*
Joseph Barry (Del. Bar No. 4221)
Ryan M. Bartley (Del. Bar No. 4985)
S. Alexander Faris (Del. Bar No. 6278)
Shella Borovinskaya (Del. Bar No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  jbarry@ycst.com
            rbartley@ycst.com
            afaris@ycst.com
            sborovinskaya@ycst.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
P. Bradley O'Neill (*pro hac vice* pending)
Caroline Gange (*pro hac vice* pending)
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9511
Facsimile:  (212) 715-8000
Email:  poneill@kramerlevin.com
            cgange@kramerlevin.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

30185774.8

**EXHIBIT A**

**Utility Service List**

| Provider Name | Provider Address | Provider Account No. | Type of Service |
|---|---|---|---|
| Baltimore Department of Public Works | 100 N. Holliday Street, Baltimore, MD 21201 | 11000219326 | Water & Wastewater |
| East Bay Municipal Utility District (EBMUD) | 375 11th Street, Oakland, CA 94607 | 56265553785 | Water & Wastewater |
| KC Water | 4800 E. 63rd Street, Kansas City, MO 64130 | 000826158 0181105 4 | Water |
| Narragansett Bay Commission | 1 Service Road, Province, RI 02905 | 0230852-063804 | Wastewater |
| NYC Department of Environmental Protection | 59-17 Junction Blvd, 19th Floor, Flushing, NY 11373 | 4000792276001 | Water |
| Pawtucket Water Supply Board | 85 Branch Street, Pawtucket, RI 02860 | 39649-161970 | Water |
| PG&E | P.O. Box 997300, Sacramento, CA 95899-7300 | 4841477974-3 | Gas & Electric |
| San Francisco Water Power Sewer (SFPUC) | 525 Golden Gate Avenue, San Francisco, CA 94102 | 1217203148 | Water, Power, & Sewer |

## **EXHIBIT B**

### **Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (____) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. _____ |

### INTERIM ORDER, PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE, (A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (B) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT, (C) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT, AND (D) SETTING A FINAL HEARING RELATED THERETO

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (a) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of prepetition invoices, (b) deeming the Utility Companies adequately assured of future payment, (c) establishing Assurance Procedures for determining additional adequate assurance of future payment and authorizing the Debtors to provide additional adequate assurance of future payment to the Utility Companies, and (d) setting a final hearing related thereto; and upon consideration of the First Day

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      A final hearing on the relief sought in the Motion shall be conducted on _____, 2023 at _____ (ET) (the "**Final Hearing**").  Any party objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors so as to be received no later than _____, 2023 at 4:00 p.m. (ET).  If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3.      Subject to the Assurance Procedures set forth below, no Utility Company may (a) alter, refuse, terminate, or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices, or (b) require additional assurance of payment, other than the Utility Deposit, as a condition to the Debtors receiving such Utility Services.

30185774.8

4.      The Debtors shall deposit, as adequate assurance for the Utility Companies, the Utility Deposit into a segregated account maintained at a bank that has entered into a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee for the District of Delaware (the "**Utility Deposit Account**") within twenty (20) days of the Petition Date to be maintained during the pendency of these chapter 11 cases as provided for herein.

5.      Subject to the Assurance Procedures set forth below, the Utility Deposit constitutes adequate assurance of future payment to the Utility Companies under section 366 of the Bankruptcy Code (the "**Adequate Assurance**").

6.      The following Assurance Procedures are approved in all respects:

a.      Any Utility Company desiring assurance of future payment for utility service beyond the Adequate Assurance must serve a request (an "**Additional Assurance Request**") so that it is received by the following: (i) Peer Street, Inc., 2121 Park Place, Suite 250, El Segundo, California 90245 (Attn:      Ellen Coleman); and (ii) proposed counsel to the Debtors, (a) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Shella Borovinskaya (sborovinskaya@ycst.com)), and (b) Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Rose H. Bagley (rbagley@kramerlevin.com))

b.      Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iv) describe any deposits, prepayments, or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is not sufficient adequate assurance of future payment.

c.      Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have thirty (30) days from the date of receipt of such request (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Debtors and the applicable Utility Company also may agree to extend the Resolution Period.

d.    The Debtors may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of this Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments, and/or other forms of security, if the Debtors believe such additional assurance is reasonable. Without the need for any notice to, or action, order, or approval of, this Court, the Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

e.    If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code, which Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these chapter 11 cases that is not less than twenty-one (21) days after the Resolution Period or such other date and time agreed to by the parties.

f.    Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services, the commencement of these chapter 11 cases, or any objections to the Adequate Assurance, or requiring the Debtors to furnish any additional deposit or other security for the continued provision of services.

g.    The Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request, subject to such Utility Company's right to seek a modification of the Adequate Assurance under section 366(c)(3) of the Bankruptcy Code.

7.    The Debtors are authorized, as necessary, to provide a copy of this Order, and any final order approving the relief requested in the Motion (any such order, the "**Final Order**"), to any Utility Company not listed on the Utility Service List (each, an "**Additional**

30185774.8

4

Utility Company," and collectively, the "**Additional Utility Companies**") as such Additional Utility Companies are identified.  Promptly upon providing a copy of this Order and the Final Order to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately two (2) weeks of the Debtors' estimated aggregate utility expense for such Additional Utility Company subsequent to the Petition Date.  The Additional Utility Companies shall be subject to the terms of this Order and the Final Order, including the Assurance Procedures, as of the date of service of the notice of addition of such Additional Utility Company to the Utility Service List.

8.       Each Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until:  (a) the Debtors, in their discretion, agree to an alternative assurance of payment with the Utility Company; or (b) this Court enters an order, after a Determination Hearing, requiring that additional adequate assurance of payment be provided to the Utility Company.

9.       If any utility account with a Utility Company becomes a Closed Account during the course of these chapter 11 cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Utility Deposit by withdrawing from the Utility Deposit Account the amount deposited with respect to such Closed Account upon either (a) obtaining the affected Utility Company's consent to do so or (b) filing with this Court and serving upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.  Upon the effective date of a chapter 11 plan in these chapter 11 cases, the Debtors may close the Utility Deposit Account without the need for any notice to, or action, order or approval of, this Court.

10.     Nothing in this Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of this Order, the Motion or the Proposed Final Order.

11.     All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.     Nothing in this Order:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

13.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

14.     The requirements of Bankruptcy Rule 6003(b) are satisfied.

15.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

16.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

30185774.8

**<u>EXHIBIT C</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (____) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. _____ & ____ |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a) AND 366 OF
THE BANKRUPTCY CODE, (A) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES,
(B) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE
PAYMENT, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING
ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders,

pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (a) prohibiting the Utility

Companies from altering, refusing, or discontinuing Utility Services on account of prepetition

invoices, (b) deeming the Utility Companies adequately assured of future payment, and

(c) establishing Assurance Procedures for determining additional adequate assurance of future

payment and authorizing the Debtors to provide additional adequate assurance of future payment

to the Utility Companies; and upon consideration of the First Day Declaration; and due and proper

notice of the Motion having been given; and it appearing that no other or further notice of the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      Subject to the Assurance Procedures set forth below, no Utility Company may (a) alter, refuse, terminate, or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Utility Deposit, as a condition to the Debtors receiving such Utility Services.

3.      To the extent not already done, the Debtors shall promptly deposit, as adequate assurance for the Utility Companies, the Utility Deposit into a segregated account maintained at a bank that has entered into a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee for the District of Delaware (the "**Utility Deposit Account**") to be maintained during the pendency of these chapter 11 cases as provided for herein.

4.      Subject to the Assurance Procedures set forth below, the Utility Deposit constitutes adequate assurance of future payment to the Utility Companies under section 366 of the Bankruptcy Code (the "**Adequate Assurance**").

5.      The following Assurance Procedures are approved in all respects:

a.      Any Utility Company desiring assurance of future payment for utility service beyond the Adequate Assurance must serve a request

30185774.8

2

(an "**Additional Assurance Request**") so that it is received by the following: (i) Peer Street, Inc., 2121 Park Place, Suite 250, El Segundo, California 90245 (Attn: Ellen Coleman); and (ii) proposed counsel to the Debtors, (a) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Shella Borovinskaya (sborovinskaya@ycst.com)), and (b) Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Rose H. Bagley (rbagley@kramerlevin.com))

b.      Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iv) describe any deposits, prepayments, or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is not sufficient adequate assurance of future payment.

c.      Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have thirty (30) days from the date of receipt of such request (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Debtors and the applicable Utility Company also may agree to extend the Resolution Period.

d.      The Debtors may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of this Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments, and/or other forms of security, if the Debtors believe such additional assurance is reasonable. Without the need for any notice to, or action, order, or approval of, this Court, the Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

e.      If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the

requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code, which Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these chapter 11 cases that is not less than twenty-one (21) days after the Resolution Period or such other date and time agreed to by the parties.

f.    Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services, the commencement of these chapter 11 cases, or any objections to the Adequate Assurance, or requiring the Debtors to furnish any additional deposit or other security for the continued provision of services.

g.    The Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request, subject to such Utility Company's right to seek a modification of the Adequate Assurance under section 366(c)(3) of the Bankruptcy Code.

6.    The Debtors are authorized, as necessary, to provide a copy of this Order to any Utility Company not listed on the Utility Service List (each, an "**Additional Utility Company**," and collectively, the "**Additional Utility Companies**") as such Utility Companies are identified.  Promptly upon providing a copy of this Order to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately two (2) weeks of the Debtors' estimated aggregate utility expense for such Additional Utility Company subsequent to the Petition Date.  The Additional Utility Companies shall be subject to the terms of this Order, including the Assurance Procedures, as of the date of service of the notice of addition of such Additional Utility Company to the Utility Service List.

7.    Each Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until:  (a) the Debtors, in their discretion, agree to an alternative assurance of payment with the Utility Company; or (b) this Court

enters an order, after a Determination Hearing, requiring that additional adequate assurance of payment be provided to the Utility Company.

8.      If any utility account with a Utility Company becomes a Closed Account during the course of these chapter 11 cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Utility Deposit by withdrawing from the Utility Deposit Account the amount deposited with respect to such Closed Account upon either (a) obtaining the affected Utility Company's consent to do so or (b) filing with this Court and serving upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.  Upon the effective date of a chapter 11 plan in these chapter 11 cases, the Debtors may close the Utility Deposit Account without the need for any notice to, or action, order, or approval of, this Court.

9.      Nothing in this Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of the interim order on the Motion previously entered by this Court, this Order or the Motion.

10.     All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     Nothing in this Order:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority,

or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

12.    The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

30185774.8