**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO
SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE,
AUTHORIZING THE DEBTORS TO REJECT A CERTAIN UNEXPIRED
LEASE OF NONRESIDENTIAL PROPERTY EFFECTIVE
AS OF THE PETITION DATE AND ABANDON PERSONAL PROPERTY**

> **\*\*ANY PARTY RECEIVING THIS MOTION SHOULD CAREFULLY REVIEW SCHEDULE 1 TO THE PROPOSED ORDER TO DETERMINE WHETHER IT IS A COUNTERPARTY TO A REJECTED LEASE THAT IS THE SUBJECT OF THE RELIEF REQUESTED IN THIS MOTION\*\***

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a), 365(a), and 554 of title 11 of the United States Code, 11 U.SC. §§ 101, *et seq*. (the "**Bankruptcy Code**"), authorizing the Debtors to reject the Rejected Lease (as defined herein) set forth on Schedule 1 to the Proposed Order, effective as of the Rejection Date (as defined below), and to abandon personal property. In support of this Motion, the Debtors rely upon and incorporate by

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30406160.8

reference the *Declaration of David M. Dunn in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a), 365, and 554 of the Bankruptcy Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

**I.    General**

2. Today (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or examiner. Additional

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

30406160.8

information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

## II.     The Rejected Lease

3.      Peer Street, Inc. is currently a lessee and under an unexpired nonresidential lease (the "**Rejected Lease**") for commercial property located at 2121 Park Place, El Segundo, California 90245.[3]  As described in the First Day Declaration, the Debtors have substantially reduced their workforce and operations.  The Rejected Lease was utilized as the Debtors' main headquarters, but the Debtors recently relocated to a more cost-effective co-working facility, and there is no longer any need for the Rejected Lease.  Thus, the Debtors have determined that the Rejected Lease is no longer necessary to the Debtors' business affairs, is not otherwise beneficial to their estates and presents burdensome contingent liabilities.  Therefore, the Debtors have determined that rejecting the Rejected Lease is an appropriate exercise of their business judgment.

## **RELIEF REQUESTED**

4.      By this Motion, to preserve and maximize the value of their estates, the Debtors, in an exercise of their business judgment, seek to reject the Rejected Lease effective as of the Petition Date (the "**Rejection Date**"), and abandon any personal property of the Debtors, including but not limited to, furniture, fixtures, and equipment (collectively, the "**Personal Property**") that remains, as of the Rejection Date, on the premises (the "**Premises**") subject to the Rejected Lease, as applicable.

---

[3] The inclusion of any contract, lease, sublease, or other agreement on Schedule 1 to the Proposed Order is not intended as, nor shall be deemed to constitute, an admission by the Debtors or their estates that such contract, lease, or other agreement is or is not an executory contract or unexpired lease.  The Debtors and their estates reserve any and all rights, claims, and defenses with respect to the characterization of the Rejected Lease under section 365 of the Bankruptcy Code, applicable non-bankruptcy law, or otherwise, including, without limitation, any and all rights to argue that the Rejected Lease does not constitute an executory contract or unexpired lease.

30406160.8

**BASIS FOR RELIEF**

**I.     Rejection of the Rejected Lease as of the Rejection Date Reflects the Debtors' Sound Business Judgment.**

6. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

6. The standard applied to determining whether the rejection of an unexpired lease or executory contract should be authorized is the "business judgment" standard. *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"); *see also In re Tayfur*, 599 F. App'x 44, 49–50 (3d Cir. 2015) (extending the standard articulated in *Sharon Steel* to unexpired leases). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

7.      The business judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor-in-possession's business judgment to reject a lease or an executory contract. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984), *superseded by statute on other grounds*, Bankruptcy Amendments and Federal Judgeship Act of 1984, sec. 541, § 1113, Pub. L. No. 98-353, 98 Stat. 333 (codified at 11 U.S.C. § 1113); *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

8.      Upon finding that the Debtors have exercised their sound business judgment in determining that the rejection of the Rejected Lease is in the best interests of the Debtors and their estates, the Court should approve the proposed rejection under section 365(a) of the Bankruptcy Code. *See, e.g.*, *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc.* (*In re Bradlees Stores, Inc.*), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g.*, *Sharon Steel Corp.*, 872 F.2d at 39-40. The Debtors have determined that the Rejected Lease is not integral to the Debtors' chapter 11 efforts, is not otherwise beneficial to the Debtors' estates, and may present burdensome contingent liabilities. Accordingly, the Debtors'

decision to reject the Rejected Lease is an exercise of sound business judgment, and therefore should be approved.

9. To avoid potentially paying any unnecessary expenses related to the Rejected Lease, the Debtors seek to reject the Rejected Lease effective as of the Petition Date. The Court has routinely authorized a debtor's rejection of unexpired leases and executory contracts as of the date of the filing of the applicable rejection motion. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004); *see also In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection permitted effective as of the date of the motion or the date the premises surrendered). Generally, courts have permitted retroactive rejection of an unexpired lease and executory contract when the non-debtor party to the agreement was given definite notice of the intention to reject. *See, e.g.*, *In re FLYi, Inc.*, Case No. 05-20011 (MFW) (Bankr. D. Del. Aug. 21, 2006). A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted Postpetition administrative or other expenses. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that rejection relates back to the petition date); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37-8 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

10. The facts in these chapter 11 cases and the balance of the equities favor the Debtors' rejection of the Rejected Lease effective as of the Rejection Date. Without doing so, the Debtors may incur unnecessary administrative charges for an agreement that is not necessary to their business affairs or chapter 11 efforts. The Debtors do not need the leasehold interest created

30406160.8

by the Rejected Lease to conduct their go-forward businesses and the Debtors do not derive any meaningful benefit under the Rejected Lease. On the other hand, requiring the Debtors to continue to perform under the Rejected Lease after the Petition Date could impose onerous obligations on the Debtors and their estates. Without rejecting the Rejected Lease, the Debtors may incur unnecessary administrative charges that are not necessary to their ongoing business operations.

11. Moreover, the lessor under the Rejected Lease will not be unduly prejudiced if the Rejected Lease is rejected effective as of the Rejection Date because, prior to the Petition Date, the Debtors vacated the Premises, and on the Petition Date, the Debtors have served this Motion on the lessor and/or their agents or representatives by overnight delivery, electronic mail and/or facsimile, thereby advising such lessor that the Debtors intend to reject the Rejected Lease effective as of the Rejection Date. Furthermore, as of the Rejection Date, the Debtors will have relinquished the keys to the Premises to the lessor or its representatives, abandoned the Premises, and, in conjunction therewith, indicated that they were unequivocally surrendering possession as a result thereof.

12. In light of the foregoing facts and circumstances, the Debtors respectfully submit that their rejection of the Rejected Lease under section 365 of the Bankruptcy Code, effective as of the Rejection Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors. As it is in the Debtors' and their estates' interests to eliminate the potential incurrence of administrative expenses, and to avoid the potential accrual of any further obligations under the Rejected Lease, the Debtors respectfully submit that the retroactive rejection of the Rejected Lease as of the Petition Date is appropriate. Accordingly, entry of the Proposed Order is warranted.

30406160.8

**II.     Authorizing the Debtors to Abandon Any Personal Property Remaining at the Premises as of the Rejection Date Is Appropriate.**

13.    In the event that any Personal Property does remain on the Premises as of the Rejection Date, the Debtors request the Court's approval of the Debtors' abandonment of such Personal Property (collectively, the "**Abandoned Personal Property**"), pursuant to section 554(a) of the Bankruptcy Code, effective as of the Rejection Date.[4]

14.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986).  Neither of these limitations is relevant in this case.

15.    Prior to the Petition Date, the Debtors either sold their Personal Property (such as furniture) or relocated Personal Property to their new, streamlined co-working space where they will operate during the chapter 11 cases.  Any Personal Property left behind is of nominal, if any, value to the Debtors or their estates.

16.    Among other things, the Debtors believe that the cost of retrieving, marketing, and reselling the Abandoned Personal Property—to the extent there is any—outweighs any recovery that the Debtors and their estates could reasonably hope to attain for such Abandoned Personal Property.  As a result, the Debtors have determined, in their business judgment, that the abandonment of any such Abandoned Personal Property, effective as of the Rejection Date, is a

---

[4]  To the Debtors' knowledge, the only remaining Personal Property at the Premises is copier or printer equipment that is subject to an expired equipment lease that the Debtors no longer utilize in their ongoing operations.

30406160.8

8

sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

## **RESERVATION OF RIGHTS**

17. Nothing in the Proposed Orders or this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

## **NOTICE**

18. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to Magnetar Financial LLC, as agent for the prepetition secured lenders; (d) the counterparty under the Rejected Lease and their counsel, if known; and (e) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 26, 2023

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ Shella Borovinskaya<br>Joseph Barry (Del. Bar No. 4221)<br>Ryan M. Bartley (Del. Bar No. 4985)<br>S. Alexander Faris (Del. Bar No. 6278)<br>Shella Borovinskaya (Del. Bar No. 6758)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jbarry@ycst.com<br>       rbartley@ycst.com<br>       afaris@ycst.com<br>       sborovinskaya@ycst.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* | **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>P. Bradley O'Neill (*pro hac vice* pending)<br>Caroline Gange (*pro hac vice* pending)<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 715-9511<br>Facsimile: (212) 715-8000<br>Email: boneill@kramerlevin.com<br>       cgange@kramerlevin.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* |

# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**ORDER PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO REJECT A CERTAIN UNEXPIRED LEASE OF NONRESIDENTIAL PROPERTY EFFECTIVE AS OF THE PETITION DATE AND ABANDONMENT OF PERSONAL PROPERTY**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code, authorizing the Debtors to reject that certain lease set forth on Schedule 1 to this Order (the "**Rejected Lease**"), effective as of the Petition Date (the "**Rejection Date**") and to reject personal property; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30406160.8

appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Lease is hereby rejected by the Debtors, with such rejection being effective as of the Rejection Date which, for the avoidance of doubt, is the Petition Date.

3. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of the Petition Date, on the Premises is hereby abandoned by the Debtors, with such abandonment being effective as of the Rejection Date.

4. Nothing herein shall impair, prejudice, waive or otherwise affect the rights of the Debtors to: (a) assert that the Rejected Lease (i) was terminated on the Rejection Date, or (ii) is not an executory contract or unexpired lease under 365 of the Bankruptcy Code; (b) assert that any claim for damages arising from the rejection of the Rejected Lease is limited to the remedies available under any applicable termination provisions of the Rejected Lease; (c) assert that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise contest any claims that may be asserted in connection with the Rejected Lease. All rights, claims, defenses and causes of action that the Debtors and their estates may have against the counterparties to the Rejected Lease, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected

30406160.8

Lease, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise such rights, claims, defenses and causes of action.

5. Claims arising out of the rejection of the Rejected Lease must be filed on or before the deadline for filing proofs of claim based on prepetition claims against any of the Debtors as set by an order of this Court.

6. The requirements in Bankruptcy Rule 6006 are satisfied.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## Schedule 1

## Rejected Lease[7]

| **Debtor(s)** | **Counterparty** | **Counterparty's Address** | **Rejected Agreement** |
|---|---|---|---|
| Peer Street, Inc. | 2121 Park Place Fee Owner CA, LLC | c/o Intercontinental Real Estate Corporation<br>15260 Ventura Blvd., Suite 1510<br>Sherman Oaks, CA 91403<br>(Attn: Thomas Ball) | 2121 Park Place Office Lease Agreement Between 2121 Park Place Fee Owner CA, LLC, a Delaware limited liability company as Landlord and Peer Street, Inc., a Delaware corporation as Tenant Dated March 1, 2021 |

---

[7] Each, as may be amended, modified, or supplemented from time to time and together with any schedules thereto.

30406160.8