## **EXHIBIT A**

Proposed Bidding Procedures Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. ____** |

## ORDER (I) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES, (II) APPROVING CERTAIN BID PROCEDURES AND THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of: (a) an order, (i) scheduling a hearing (the "**Sale Hearing**") on approval of the proposed sale(s) (the "**Sale**") of all or substantially all of the Debtors' mortgage loan assets, including, but not limited to, any related participations, if any, post-foreclosure real estate owned ("**REO**") property, and the loan servicing rights related to the foregoing (the "**Assets**"), free and clear of all Encumbrances, including the sale of the Assets to one or more purchaser(s) (the "**Winning Bidder**"), (ii) authorizing and approving certain bidding procedures for the Sale attached hereto as **Exhibit 1** (collectively, the "**Bid Procedures**"), and (iii) granting related relief; and (b) one or more orders (the "**Sale Order**"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not defined herein shall have the meanings given them in the Bidding Procedures (as defined below), or to the extent not defined therein, the Motion.

(i) authorizing and approving the Debtors' entry into an Asset Purchase Agreement or Asset Purchase Agreements, substantially in the form attached to the Sale Order as **Exhibit 1** (as modified by any applicable Alternative APA submitted by the Winning Bidder), (ii) authorizing and approving the Sale, free and clear of all Encumbrances, and (iii) granting related relief; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as set forth herein; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the a hearing on the Motion having been held; and the Court having found and determined that the relief set forth herein is in the best interests of the Debtors, their estates and creditors and all parties in interest, and that the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT**:[3]

A.    This Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order.

B.    Venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    The statutory and legal predicates for the relief requested in the Motion and provided for herein are sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 6004 , 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

D.    The Debtors have demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required except as otherwise provided for herein.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties.

E.    The Sale Notice (as defined below), in substantially in the form attached hereto as **Exhibit 2**, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the Bid Procedures, the Sale, and the Sale Hearing, and any and all objection deadlines related thereto, and no other or further notice is required of the foregoing.

F.    The Bid Procedures are:  (i) fair, reasonable, and appropriate; and (ii) designed to maximize recovery with respect to the Sale.

G.    Entry of this Order is in the best interests of the Debtors, their estates, their creditors, and all other interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Those portions of the Motion seeking approval of (a) the Bid Procedures, (b) the date and time of the Sale Hearing, (c) the Expense Reimbursement, and (d) the noticing and objection procedures related to the foregoing, including, without limitation, the notice of the

30200578.15

-3-

Sale and the entry of this Order, substantially in the form attached hereto as **Exhibit 2** (the "**Sale Notice**") (subclauses (a) – (d) above, collectively, the "**Bidding Process**"), are hereby GRANTED to the extent set forth herein.

2.      Any objections to the Motion as it pertains to the Bidding Process or the relief granted by this Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.

3.      The Bid Procedures are hereby approved.  The failure to specifically include or reference any particular provision of the Bid Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being this Court's intent that the Bid Procedures are approved in their entirety and are fully incorporated into this Order as if written herein in their entirety.

4.      The Bid Procedures shall apply to the Potential Bidders, the Qualifying Bidders, the submission, receipt, and analysis of all bids relating to the Sale, and the conduct of the Sale.

5.      Within one (1) day of declaring a Winning Bidder, the Debtors shall file with the Court a notice identifying the Winning Bidder(s) (a "**Notice of Winning Bidder**"), which shall set forth, among other things, the Winning Bidder(s) and Back-Up Bidder(s) (if any) and the amount of each of the Winning Bid(s) and the Back-Up Bid(s) (if any).

6.      The Debtors are authorized to pay any Qualified Round Two Bidders (that are not Winning Bidders) who submitted a reasonable, good faith (as determined by the Debtors in their sole discretion) Second Round Qualifying Bid by the Second Round Bid Deadline the Expense Reimbursement in accordance with the Allocated Expense Reimbursement Pool as set forth in the Bidding Procedures and the Motion.

7.      The Sale Notice, the Bid Procedures, and the Sale Hearing, and the objection periods associated with each of the foregoing are reasonably calculated to provide notice to any affected party and afford the affected party the opportunity to exercise any rights affected by the Motion as it relates to the Bid Procedures, the Sale, and the Sale Hearing, pursuant to Bankruptcy Rules 2002(a)(2) and 6004, and such notice and objection periods are hereby approved.

8.      The Sale Notice is approved.  Within three (3) business days of the entry of this Order, the Debtors shall serve the Sale Notice by regular mail on:  (a) the Office of the United States Trustee for Region III; (b) all parties known by the Debtors to assert a lien or encumbrance on any of the Assets; (c) all persons known or reasonably believed to have asserted an interest in or claim to any of the Assets; (d) all persons known or reasonably believed to have expressed an interest in acquiring all or a substantial portion of the Assets within the one (1) year prior to the Petition Date; (e) the Office of the United States Attorney for the District of Delaware; (f) the Office of the Attorney General in each state in which the Debtors have operated; (g) the Office of the Secretary of State in each state in which the Debtors have operated; (h) the Internal Revenue Service and all state and local taxing authorities in the states in which the Debtors have or may have any tax liability; (i) the Federal Trade Commission; (j) the United States Attorney General/Antitrust Division of Department of Justice; (k) all non-Debtor parties to any of the Debtors' contracts; (l) all of the Debtors' other known creditors and equity security holders; (m) counsel to Magnetar Financial LLC, as agent for the prepetition secured lenders; (n) counsel to the Committee; and (o) all other parties that have filed a notice of appearance and demand for service of papers in these Chapter 11 Cases as of the service date (collectively, the "**Sale Notice Parties**").

30200578.15

9.      The Debtors shall post the Sale Notice and the Bidding Procedures Order on the website of the Debtors' claims and noticing agent, Stretto, Inc.  Within seven (7) business days of the entry of this Order, or as soon as reasonably practicable, the Debtors shall cause the Sale Notice to be published once in the national edition of *USA Today*.  Publication of the Sale Notice as described in this Order conforms to the requirements of Bankruptcy Rules 2002(l) and 9008, and is reasonably calculated to provide notice to any affected party, including any Potential Bidders, and afford the affected party the opportunity to exercise any rights affected by the Motion and the relief granted by this Order.

10.      Any objections to the Sale or the relief requested in connection with the Sale (a "**Sale Objection**"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 **on or before 4:00 p.m. (ET) on September 4, 2023** (the "**Sale Objection Deadline**"), and proof of service of such Sale Objection upon the Objection Notice Parties (as defined in the Sale Notice) shall be filed with the Court as and when required by the Local Rules; and (e) be served upon the Objection Notice Parties.  If a Sale Objection is not filed and served on or before the Sale Objection Deadline in accordance with the foregoing requirements, the objecting party may be barred from objecting to the Sale and being heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.

11.      Failure to file a Sale Objection on or before the Sale Objection Deadline (a) shall forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation and performance of the Sale contemplated by the Asset Purchase Agreement (as modified by any applicable Alternative APA

submitted by a Winning Bidder), and (b) for purposes of section 363(f)(2) of the Bankruptcy Code, shall be deemed to be "consent" to entry of the Sale Order and consummation of the Sale and all transactions related thereto.

12.    The Debtors shall have until 4:00 p.m. (ET) two (2) days prior to the Sale Hearing (including any adjournment thereof) to file and serve a reply to any objection filed in connection with the Sale, including any Sale Objection.

13.    The Sale Hearing shall be held in this Court on **September 18, 2023 at a time to be determined**, unless otherwise determined by this Court.  The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, or by filing a hearing agenda or notice on the docket of these Chapter 11 Cases.

14.    In the event that there is a conflict between this Order or the Bid Procedures, on the one hand, and the Motion, or the Asset Purchase Agreement (as modified by any applicable Alternative APA submitted by a Winning Bidder), this Order and the Bid Procedures shall control and govern.  If there is a conflict between this Order and the Bid Procedures, this Order shall control and govern.  If there is a conflict between this Order or the Bid Procedures, on the one hand, and any notice served in connection with the Motion or this Order, on the other hand, this Order and the Bid Procedures shall control and govern.

15.    Prior to mailing the Sale Notice, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deem necessary or appropriate.

16.     This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Code, the Bankruptcy Rules or the Local Rules is expressly waived.  The Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in its sole discretion and without further delay, take any action and perform any act authorized or approved under this Order.

17.     The requirements set forth in Local Rules 6004-1, 9006-1 and 9013-1 are hereby satisfied or waived.

18.     Attached hereto as **<u>Schedule A</u>** is a summary of the key dates established by this Order.

19.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Order.

**Schedule A**

| DATE | DEADLINE/EVENT |
|---|---|
| **July 18, 2023** | Hearing to Consider Approval of Bid Procedures |
| **July 21, 2023** | Service of Sale Notice (defined below) |
| **July 25, 2023** | First Round Bid Deadline |
| **July 31, 2023** | Deadline for Debtors to Designate Qualified Round Two Bidders |
| **August 3, 2023** | Deadline for Qualified Round Two Bidders to Submit Loan Level Pricing |
| **September 4, 2023** | Sale Objection Deadline |
| **September 7, 2023** | Second Round Bid Deadline |
| **September 12, 2023** | Deadline to Declare Winning Bidder |
| **Within One (1) Day of Declaring Winning Bidder** | Deadline to File and Serve Notice of Winning Bidder and to Designate Back Up Bidder |
| **Two Days Prior to Sale Hearing (including any adjournment thereof)** | Debtors' Deadline to Reply to Sale Objections |
| **September 18, 2023** | Sale Hearing |
| **September 22, 2023** | Sale Closing |

## Exhibit 1

**Bidding Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

## BID PROCEDURES

On June 26, 2023, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are maintaining their business and managing their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

On [*], the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. *] (the "**Bidding Procedures Order**"), among other things, granting certain relief requested in the related motion [Docket No. *] (the "**Bidding Procedures Motion**"), including authorizing the Debtors to solicit bids and approving the procedures set forth herein (collectively, the "**Bid Procedures**") to be employed by the Debtors in connection with the proposed sale (the "**Sale**") of all or substantially all of the Debtors' mortgage loan assets, including, but not limited to, any related participations, any post-foreclosure real estate owned ("**REO**") property, and the loan servicing rights related to the foregoing (the "**Assets**"), free and clear of all Encumbrances.[2] The Assets shall be sold in the following six (6) Asset pools (the "**Asset Pools**"):

| <u>Investor NOO[3] Residential Loans & REO</u> | <u>Commercial Loans and REO</u> |
|---|---|
| *Pool 1*:  Active/Performing | *Pool 4*:  Active/Performing |
| *Pool 2*:  Sub-Performing/Non-Performing | *Pool 5*:  Sub-Performing/Non-Performing |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Bidding Procedures Motion or the Bidding Procedures Order.

[3]    Non-Owner Occupied.

| *Pool 3*: REO | *Pool 6*: REO |
|---|---|

A form of Mortgage Loan Purchase and Interim Servicing Agreement (the "**Asset Purchase Agreement**") is attached to the Sale Order as **Exhibit 1**.

**ANY PARTY INTERESTED IN BIDDING ON THE ASSETS SHOULD CONTACT STEPHEN JOSEPH (STEVE.JOSEPH@PSC.COM), CK SMITH (CK.SMITH@PSC.COM) OR BERNIE RECHTMAN (BERNIE.RECHTMAN@PSC.COM) OF PIPER SANDLER & CO., BROKER FOR THE DEBTORS; AND/OR JOSEPH BARRY, ESQ. (JBARRY@YCST.COM), OR RYAN M. BARTLEY, ESQ. (RBARTLEY@YCST.COM) OF YOUNG CONAWAY STARGATT & TAYLOR, LLP, OR P. BRADLEY O'NEILL (BONEILL@KRAMERLEVIN.COM) OF KRAMER LEVIN NAFTALIS & FRANKEL LLP, COUNSEL FOR THE DEBTORS.**

1.  **Assets to be Sold**

The Debtors shall offer for sale the Assets provided that the Debtors determine, in consultation with counsel for Magnetar Financial LLC, as agent for the prepetition secured lenders (the "**Prepetition Lenders**"), and any official committee of unsecured creditors appointed in these Chapter 11 Cases (the "**Committee**" and together with the Debtors, the "**Consultation Parties**"), that the aggregate consideration offered by any bid, or combination of bids, for the Assets, satisfies the requirements set forth in these Bid Procedures.  **Potential Bidders may bid on all or any number or combination of the Asset Pools.**

2.  **Participation Requirements**

Any person or entity that wishes to participate in the bidding process for the Assets (each, a "**Potential Bidder**") must first become a "**Qualifying Bidder**".  To become a Qualifying Bidder, and thus being able to conduct due diligence and gain access to the Debtors' confidential electronic data room concerning the Assets (the "**Data Room**"), a Potential Bidder must submit to the Debtors, the Committee, and their advisors:

(a)   documentation identifying the interested party, its principals, and the representatives thereof who are authorized to appear and act on their behalf for all purposes regarding the contemplated transaction;

(b)   an executed NDA, unless one has been previously executed with Piper Sandler & Co. ("**Piper Sandler**"); and

(c)   sufficient information, as determined by the Debtors, after consultation with the Consultation Parties, to allow the Debtors to determine that the interested party has, or can obtain, the financial wherewithal and any required internal corporate, legal or other authorizations to close a sale transaction.

Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtors or their advisors regarding the ability of such Potential Bidder to consummate its contemplated transaction.

3.    **Bankruptcy Court Jurisdiction**

Any Potential Bidders and Qualifying Bidders shall: (a) be deemed to have waived any right to a jury trial in connection with, and consented and submitted to the exclusive jurisdiction of the Court over, any actions or proceedings arising from or relating the Bid Procedures and the Sale, and the construction and enforcement of the contemplated transaction documents of such parties; (b) bring any such action or proceeding in the Court; and (c) be deemed to have consented to the Court entering a final judgment determining any such action or proceeding and that such final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law.

4.    **Form of Agreement for Sale of the Assets**

Potential Bidders should reference the Asset Purchase Agreement in connection with its bidding.  As set forth below, Potential Bidders intending to submit bids must include with their bids

(a)     a statement that such Potential Bidder offers to (a) purchase the Assets, or a number or combination of the Asset Pools, and (b) assume liabilities; and

(b)     a marked copy of the Asset Purchase Agreement (an "**Alternative APA**") that reflects any variations from the Asset Purchase Agreement as a requirement of the Potential Bidder's offer.

5.    **Due Diligence**

The Debtors will provide any Qualifying Bidder with reasonable access to the Data Room and any other additional information that the Debtors believe to be reasonable and appropriate under the circumstances.  All additional due diligence requests shall be directed to: (a) proposed broker for the Debtors, Piper Sandler, Stephen Joseph (steve.joseph@psc.com), CK Smith (ck.smith@psc.com), Bernie Rechtman (bernie.rechtman@psc.com) and Stacy Zimring (stacy.zimring@psc.com); and/or (b) counsel for the Debtors, Joseph Barry (jbarry@ycst.com), Ryan M. Bartley (rbartley@ycst.com), and P. Bradley O'Neill (boneill@kramerlevin.com).

The due diligence period shall extend through and including the First Round Bid Deadline for all Qualified Bidders and the Second Round Bid Deadline for Qualified Round Two Bidders. The Debtors, in their business judgment, may, but shall not be obligated to, furnish any due diligence information after the Bid Deadlines.

The Debtors reserve the right, in their reasonable discretion, to withhold or limit access to any due diligence information that the Debtors determine is business-sensitive or otherwise not appropriate for disclosure to a Qualifying Bidder.  Notwithstanding any prepetition limitations, including, without limitation, any non-disclosure, confidentiality or similar provisions relating to any due diligence information, the Debtors and their estates shall be authorized to provide due diligence information to Qualifying Bidders provided that such Qualifying Bidders have delivered an executed confidentiality agreement in form and substance acceptable to the Debtors.  The Debtors and their estates are not responsible for, and shall have no liability with respect to, any

information obtained by, or provided to, any Qualifying Bidders in connection with the Bid Procedures and the Sale.

6.    **Bid Requirements**

To be deemed a "**Qualifying Bid**," a bid must be received from a Qualifying Bidder on or before the First Round Bid Deadline and satisfy each of the following requirements (each, a "**Bid Requirement**"):

(a)    be in writing and conform to the letter of intent form provided to Potential Bidders by the Debtors and Piper Sandler and be accompanied by an Alternative APA that reflects any variations from the Asset Purchase Agreement;

(b)    fully disclose the identity of the Qualifying Bidder (and to the extent that the Qualifying Bidder is a newly formed acquisition entity or the like, the identity of the Qualifying Bidder's parent company or sponsor), and provide the contact information of the specific person(s) whom the Debtors or their advisors should contact in the event that the Debtors have any questions or wishes to discuss the bid submitted by the Qualifying Bidder;

(c)    be on the specified Asset Pools or all Asset Pools (and not individual Assets), set forth the purchase price to be paid by such Qualifying Bidder;

(d)    not propose payment in any form other than cash;

(e)    state the liabilities proposed to be paid or assumed by such Qualifying Bidder;

(f)    confirm that the bid is "as-is, where-is" and for a serviced-released sale, subject to the provisions of the Asset Purchase Agreement;

(g)    confirm that if the Qualifying Bidder is selected for the Second Bid Round, such bidder will be required and able to complete any further diligence by the Second Round Bid Deadline;

(h)    state that such Qualifying Bidder's offer is formal, binding and unconditional and is irrevocable until two (2) business days after the closing of the Sale subject only to the diligence permitted in the Second Bid Round;

(i)    state that such Qualifying Bidder is financially capable of consummating the transactions contemplated by the Alternative APA and provide written evidence in support thereof;

(j)    contain such financial and other information to allow the Debtors to make a reasonable determination, after consultation with the Consultation Parties, as to the Qualifying Bidder's financial and other capabilities to close the transactions contemplated by the Alternative APA;

(k)    include a commitment to close the transactions contemplated by the Alternative

APA by no later than five (5) days after the Second Round Bid Deadline or as otherwise mutually agreed by the parties;

(l)    not request or entitle such Qualifying Bidder to any break-up fee, termination fee, expense reimbursement, or similar type of fee or payment as a condition to such Qualifying Bidder's First Round Qualifying Bid;

(m)    confirm that should such Qualifying Bidder be selected for the Second Bid Round, such Qualifying Bidder understands that price fading after submission of a First Round Qualifying Bid that is not supported by a material dollar amount of the Asset Pool to have incorrect information will disqualify you from further participation in the sale process;

(n)    contain a list of documents relating to the Asset Pool(s) required by the Qualifying Bidder;

(o)    aside from due diligence to be conducted between the First Round Bid Deadline and Second Round Bid Deadline, not otherwise contain any contingencies of any kind, including, without limitation, contingencies related to financing, internal approval or due diligence;

(p)    contain written evidence satisfactory to the Debtors that the Qualifying Bidder has a commitment for financing or other evidence of the ability to close the transactions contemplated by the Alternative APA, with appropriate contact information for such financing sources;

(q)    contain a written acknowledgement and representation that the Qualifying Bidder (i) has relied solely upon its own independent review, investigation and/or inspection of any documents and other information in making its Qualifying Bid, and (ii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any documents or other information provided in connection with the Bid Procedures and the Sale; and

(r)    sets forth (i) a statement or evidence that the Qualifying Bidder has made or will make in a timely manner all necessary filings under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, if applicable, and pay the fees associated with such filings, and (ii) any regulatory and third-party approvals required for the Qualifying Bidder to close the transactions contemplated by the Alternative APA, and the time period within which the Qualifying Bidder expects to receive such regulatory and third-party approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than five (5) days following execution and delivery of such Qualifying Bidder's Alternative APA, those actions the bidder will take to ensure receipt of such approval(s) as promptly as possible); provided that a Qualifying Bidder agrees that its legal counsel will coordinate in good faith with the Debtors' legal counsel to discuss

and explain Qualifying Bidder's regulatory analysis, strategy, and timeline for securing all such approvals as soon as reasonably practicable, and in no event later than the time period contemplated in the Alternative APA; provided, further that the offer contains a covenant to cooperate with the Debtors to provide pertinent factual information regarding the bidder's operations reasonably required to analyze issues arising with respect to any applicable antitrust laws and other applicable regulatory requirements.

A bid from a Qualifying Bidder satisfying all of the above requirements, as determined by the Debtors, in consultation with the Consultation Parties, shall constitute a Qualifying Bid. The Debtors reserve the right to work with any Qualifying Bidder to cure any deficiencies in a bid that is not initially deemed a Qualifying Bid.

Each Qualifying Bidder submitting a bid shall be deemed to: (a) acknowledge and represent that it is bound by all of the terms and conditions of the Bidding Procedures; and (b) have waived the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to the submission of its bid, the Bidding Procedures, and the Sale.

## 7.    <u>First Round Deadline</u>

A Qualifying Bidder that desires to make a bid shall deliver a written and electronic copy of its bid (a "**First Round Qualifying Bid**") in <u>both</u> PDF and MS-WORD format to the Bidding Procedures Notice Parties so as to be received on or before **<u>July 25 at 1:00 p.m. (ET)</u>** (the "**First Round Bid Deadline**"); provided that the Debtors may extend the First Round Bid Deadline without further order of the Court. To the extent that the First Round Bid Deadline is extended for all parties, the Debtors shall file a notice on the docket of the Chapter 11 Cases indicating the same. **Any party that does not submit a First Round Bid by the First Round Bid Deadline will not be allowed to (a) submit any offer after the First Round Bid Deadline, or (b) participate in the Sale process further.**

## 8.    <u>Evaluation of Qualifying Bids and Second Round Bidding</u>

The Debtors, in consultation with the Consultation Parties, shall make a determination regarding whether a timely submitted bid from a Qualifying Bidder is a Qualifying Bid. No later than five (5) days from the First Round Bid Deadline, the Debtors shall: (i) notify all Qualifying Bidders whether their bids have been determined to be a Qualifying Bid; and (ii) determine, in consultation with the Consultation Parties, which of the Qualifying Bids, at such time, are the three (3) highest or best Qualifying Bids (the "**Qualified Round Two Bidders**") for purposes of qualifying for round two bidding (the "**Second Bid Round**") and shall promptly notify all Qualifying Bidders with Qualifying Bids whether they qualified for the Second Bid Round or not. Only Qualified Round Two Bidders shall be permitted to participate in the second round of bidding.

Within three (3) days of being notified that a bidder is a Qualified Round Two Bidder, each such Qualified Round Two Bidder ***must*** submit loan-level pricing for their First Round Qualifying Bid or be disqualified from the process.

As set forth below, for purposes of the Second Bid Round, the Debtors, in consultation with Piper, have calculated a per-Asset expense reimbursement amount available to Qualified Round Two Bidders that are not Winning Bidders (the "**Allocated Expense Reimbursement Pool**") that has been provided to all Potential Bidders through the Data Room. The Allocated Expense Reimbursement Pool shall be utilized, in the reasonable discretion of the Debtors, as set forth herein.

### 9. Second Round Bid Deadline

A Qualifying Second Round Bidder that desires to make a bid shall deliver a written and electronic copy of its bid (each, a "**Second Round Qualifying Bid**") in both PDF and MS-WORD format to the Bidding Procedures Notice Parties so as to be received on or before **September 7 at 1:00 p.m. (ET)** (the "**Second Round Bid Deadline**" and together with the "**First Round Bid Deadline**", the "**Bid Deadlines**"). Any Second Round Qualifying Bid must, at a minimum (in addition to all of the requirements for being a Qualified Bid) include: (a) an Alternative APA that reflects any variations from the Alternative APA submitted with the First Round Qualifying Bid; (b) set forth the purchase price to be paid by such Second Round Qualifying Bidder, and set forth an allocation of consideration for each specific Asset to be purchased within each Asset Pool, including loan-level pricing; (c) provides for the Qualifying Bidder to serve as a backup bidder (the "**Back-Up Bidder**") if the Qualifying Bidder's bid is the next highest and best bid (the "**Back-Up Bid**") after the Winning Bid, in accordance with the terms of the Alternative APA; and (d) provides that in the event of the Qualifying Bidder's breach of, or failure to perform under, the Alternative APA, the Debtors and their estates shall be entitled to retain the Deposit as part of the damages resulting to the Debtors and their estates for such breach or failure to perform

The Debtors may extend the Second Round Bid Deadline without further order of the Court. To the extent that the Second Round Bid Deadline is extended for all parties, the Debtors shall file a notice on the docket of these Chapter 11 Cases indicating the same. **Any Qualified Round Two Bidder that does not submit a bid by the Second Round Bid Deadline will not be allowed to (a) submit any offer after the Second Round Bid Deadline, or (b) participate in the Sale process further.**

### 10. Declaration of Winning Bidders

Within five (5) days of the Second Round Bid Deadline, the Debtors will determine, in consultation with the Consultation Parties, which Second Round Qualifying Bid or combination of Second Round Qualifying Bids is the highest or best bid for the Assets (the "**Winning Bid**" and the "**Winning Bidder**"), which will be determined by considering, among other things, the following non-binding factors: (a) the extent to which such modifications are likely to delay closing of the Sale and the cost to the Debtors and their estates of such modifications or delay; (b) the total consideration to be received by the Debtors and their estates; (c) the transaction structure and execution risk, including conditions to, timing of and certainty of closing, termination provisions, availability of financing and financial wherewithal to meet all commitments, and required governmental or other approval; (d) the net benefit to the Debtors' estates; and (e) any other factors the Debtors may reasonably deem relevant. Prior to making such determination:

  i.  the Debtors and their professional advisors, in consultation with the Consultation Parties, may engage in individual negotiations with any of the Second Round Qualified Bidders;

  ii.  the Debtors and their professional advisors, in consultation with the Consultation Parties, may employ and announce additional procedural rules that are reasonable under the circumstances (provided that such rules are (i) not inconsistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, or any applicable order of the Court entered in connection with these Chapter 11 Cases, including, without limitation, the Bidding Procedures Order, and (ii) disclosed to the Second Round Qualified Bidders);

Within one (1) business day of being declared a Winner, each Winning Bidder shall provide a good faith cash deposit (the "**Deposit**") in an amount equal to ten percent (10%) of the purchase price provided for in the Second Round Qualifying Bid (or such additional amount as may be determined by the Debtors in their reasonable discretion, in consultation with the Consultation Parties).

Prior to the Sale Hearing, the Winning Bidders shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Winning Bid was made.

**THE WINNING BID AND ANY BACK-UP BID AND THEIR RELATED PURCHASE AGREEMENTS SHALL CONSTITUTE AN IRREVOCABLE OFFER AND BE BINDING ON THE WINNING BIDDER AND THE BACK-UP BIDDER, RESPECTIVELY, FROM THE TIME THE BID IS SUBMITTED UNTIL TWO (2) BUSINESS DAYS AFTER THE SALE HAS CLOSED. EACH QUALIFYING BID THAT IS NOT THE WINNING BID OR THE BACK-UP BID SHALL BE DEEMED WITHDRAWN AND TERMINATED AT THE CONCLUSION OF THE SALE HEARING.**

### 11. <u>Sale Hearing</u>

The Winning Bids and any Back-Up Bids will be subject to approval by the Court.  The Sale Hearing to approve the Winning Bids and any Back-Up Bids shall take place on **<u>September 18, 2023 at a time to be determined.</u>**  The Sale Hearing may be adjourned by the Debtors, in consultation with the Consultation Parties, from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, or by filing a hearing agenda or notice on the docket of these Chapter 11 Cases.

At the Sale Hearing, the Debtors will seek entry of an order that, among other things authorizes and approves the Sale to the Winning Bidders, pursuant to the terms and conditions set forth in such Winning Bidder's Alternative APA.

### 12. <u>Backup Bidder</u>

Notwithstanding any of the foregoing, in the event that a Winning Bidder fails to close the Sale of the Asset Pool subject to its Winning Bid on or before **September 22, 2023** (or such date

as may be extended by the Debtors), the Back-Up Bid will be deemed to be the Winning Bid on that Asset Pool, and the Debtors shall be authorized, but not directed, to close the Sale to the Back-Up Bidder subject to the terms of the Back-Up Bid without the need for further order of the Court and without the need for further notice to any interested parties.  Within one (1) business day of being declared a Winning Bidder, the Back-Up Bidder shall provide a good faith cash Deposit in an amount equal to ten percent (10%) of the purchase price provided for in the Back-Up Bid (or such additional amount as may be determined by the Debtors in their reasonable discretion).

### 13.    Deposits and Expense Reimbursement

The deposit of the Winning Bidder or, if the Sale is closed with the Back-Up Bidder, the deposit of the Back-Up Bidder, shall be applied to the purchase price for the Sale.  If the Winning Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the Back-Up Bidder) fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then the Debtors and their estates shall be entitled to retain the Deposit of the Winning Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the Back-Up Bidder) as part of the damages resulting to the Debtors and their estates for such breach or failure to perform.  For the avoidance of doubt, the Debtors' retention of a Deposit shall not constitute a waiver of any of the Debtors' legal or equitable rights relating to a Winning Bidder's or Back-Up Bidder's breach or failure to perform, and all such rights and remedies are preserved.

Within fourteen (14) days of the closing of the Sale of an Asset Pool, the Debtors shall pay any Qualified Round Two Bidder that submitted a reasonable, good faith (as determined by the Debtors in their sole discretion) Second Round Qualifying Bid by the Second Round Bid Deadline and is not a Winning Bidder, an expense reimbursement in an amount not to exceed the Allocated Expense Reimbursement Pool for the Asset Pool on which such Qualified Round Two Bidder bid in its Second Round Qualifying Bid.

### 14.    Notice and Consultation Parties

(a)    The term "**Bid Procedures Notice Parties**" as used in these Bidding Procedures shall mean: (i) Peer Street, Inc., c/o Province, LLC, 2360 Corporate Circle, Suite 340, Henderson, NV 89074 (Attn: David Dunn, CRO (ddunn@provincefirm.com)); (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Joseph Barry (jbarry@ycst.com), Ryan M. Bartley (rbartley@ycst.com); Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: P. Bradley O'Neill (boneill@kramerlevin.com)); (iii) proposed broker for the Debtors, Piper Sandler, 1251 Avenue of the Americas, 6th Floor, New York, New York, (Attn: Stephen Joseph (steve.joseph@psc.com, CK Smith (ck.smith@psc.com); (iv) counsel for the Prepetition Lender, and (v) counsel to the Official Committee of Unsecured creditors, if any.

For the avoidance of doubt, any consultation rights provided to the Consultation Parties by these Bid Procedures shall not limit the Debtors' discretion in any way and shall not include the right to veto any decision made by the Debtors in the exercise of their business judgment.

In the event that the Prepetition Lenders, any Committee or any member of any Creditors' Committee or an affiliate of any of the foregoing submits a bid that is a Qualifying Bid, any obligation of the Debtors to consult with the bidding party established under these Bid Procedures will be waived without further action; provided that the bidding party will have the same rights as any other Qualifying Bidder set forth above.

### **Reservation of Rights**

Notwithstanding any of the foregoing, the Debtors and their estates reserve the right to, after consultation with the Consultation Parties, modify the Bid Procedures at any time, including, without limitation, to extend the deadlines set forth herein, modify bidding increments, waive terms and conditions set forth herein with respect to any or all potential bidders (including, without limitation, the Bid Requirements), impose additional terms and conditions with respect to any or all Potential Bidders, and adjourn the Sale Hearing.

## **Exhibit 2**

### **Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF SALE, BIDDING PROCEDURES,
## SALE HEARING, AND OBJECTION DEADLINE

**PLEASE TAKE NOTICE THAT** on June 27, 2023, the above-captioned debtors and debtors in possession (each, a "**Debtor**" and, collectively, the "**Debtors**") filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") their motion (the "**Motion**")[2] for entry of (a) an order (i) scheduling a hearing (the "**Sale Hearing**") to consider approval of a proposed sale (the "**Sale**") of all or substantially all of the Debtors' mortgage loan assets, including, but not limited to, any related participations, if any, post-foreclosure real estate owned ("**REO**") property, and the loan servicing rights related to the foregoing (the "**Assets**"), (ii) approving certain bidding procedures, substantially in the form attached as **Exhibit 1** to the Bidding Procedures Order (the "**Bidding Procedures**"), (iii) granting related relief; and (b) authorizing and approving (i) the Debtors' entry into the Mortgage Loan Purchase and Interim Servicing Agreement (the "**Asset Purchase Agreement**" or "**Asset Purchase Agreements**") attached to the Sale Order as **Exhibit 1**, with the prevailing bidder(s) acquiring the Debtors' Assets (the "**Winning Bidder**" or "**Winning Bidders**"); (ii) the Sale, free and clear of all Encumbrances, and (iii) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** on ____, 2023, the Bankruptcy Court entered the *Order (I) Scheduling a Hearing on Approval of the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances, (II) Approving Certain Bid Procedures and the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No __] (the "**Bidding Procedures Order**") and the Bidding Procedures attached thereto as **Exhibit 1**.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures.  Any summary of the Bidding Procedures Order or the Bidding Procedures contained herein is qualified in its entirety by the actual terms and conditions thereof.  To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

**PLEASE TAKE FURTHER NOTICE THAT** to participate in the bidding process or otherwise be considered for any purpose under the Bidding Procedures, a person or entity interested in consummating a Sale (a "**Potential Bidder**") must deliver or have previously delivered to proposed counsel for the Debtors, proposed counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases (the "**Committee**"), counsel to the Prepetition Lender (together with the Committee, the "**Consultation Parties**"), and Piper Sandler Loan Strategies, LLC ("**Piper**"):

(i)  documentation identifying the interested party, its principals and the representatives thereof who are authorized to appear and act on their behalf for all purposes regarding the contemplated transaction;

(ii)  an executed confidentiality agreement on terms acceptable to the Debtors, to the extent not already executed with Piper; and

(iii)  sufficient information, as determined by the Debtors, after consultation with the Consultation Parties, to allow the Debtors to determine that the interested party has, or can obtain, the financial wherewithal and any required internal corporate, legal, or other authorizations to close a sale transaction.

First Round Bids must be transmitted in writing so as to be <u>actually received</u> by the Bidding Procedures Notice Parties on or before **1:00 (prevailing Eastern Time) on July 25, 2023** (the "**First Round Bid Deadline**"). No later than five (5) days after the First Round Bid Deadline, the Debtors, in consultation with the Consultation Parties, shall notify all Qualifying Bidders whether their bids have been determined to be a Qualifying Bid and will determine, in consultation with the Consultation Parties, which Qualifying Bids are the three (3) best bids for purposes of qualifying for round two bidding (the "**Qualified Round Two Bidders**"). Qualifying Round Two Bidders shall submit their bids so as to be <u>actually received</u> by **1:00 p.m. (prevailing Eastern Time) on September 7, 2023** (the "**Second Round Bid Deadline**").

Within five (5) days of the Second Round Bid Deadline, the Debtors, in consultation with the Consultation Parties, shall determine which Second Round Qualifying Bid(s) are the Winning Bid(s). The Winning Bid(s) will be subject to Bankruptcy Court approval. The Sale Hearing to approve the Sale to one or more Winning Bidders, free and clear of all liens, claims, interests, charges, and encumbrances, shall take place at **a time to be determined (prevailing Eastern time) on September 18, 2023**, or as soon thereafter as the Debtors may be heard, before the Honorable Laurie Selber Silverstein in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801.

The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest, except as may be required by the Bidding Procedures, other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice on the docket of the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE THAT** any objections to the Sale or the relief requested in connection with the Sale (a "**Sale Objection**") must:  (a) be in writing; (b) comply

with the Bankruptcy Rules; (c) set forth the specific basis for the Sale Objection; and (d) be served upon (such as to be <u>actually received</u> by) the following parties (the "**Objection Notice Parties**") on or before **4:00 p.m. (prevailing Eastern Time) on September 4, 2023** (the "**Sale Objection Deadline**").

(a)      proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Joseph Barry, Esq. (jbarry@ycst.com), and Ryan M. Bartley, Esq. (rbartley@ycst.com);

(b)      proposed co-counsel to the Debtors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: P. Bradley O'Neill (boneill@kramerlevin.com);

(c)      the U.S. Trustee, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov);

(d)      co-counsel to the Prepetition Lender, Royer Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, New York, NY 10036, Attn: Marc E. Hirschfield (mhirschfield@rccblaw.com);

(e)      co-counsel to the Prepetition Lender, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Russell C. Silberglied (silberglied@rlf.com);

(f)      proposed counsel to the Committee.

> **If a Sale Objection is not filed and served in accordance with the foregoing requirements, the objecting party shall be barred from objecting to the Sale and shall not be heard at the Sale Hearing, and the Bankruptcy Court may enter the Sale Order without further notice to such party.**

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Motion, the Bidding Procedures, the Bidding Procedures Order, and all pleadings and orders of the Bankruptcy Court are publicly available, for a fee via PACER at: http:/www.deb.uscourts.gov, or free of charge from the Debtors; claims and noticing agent at https://cases.stretto.com/PeerStreet.

Dated: [●], 2023

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_____

Joseph Barry (Del. Bar No. 4221)
Ryan M. Bartley (Del. Bar No. 4985)
Elizabeth S. Justison (Del. Bar No. 5911)
S. Alexander Faris (Del. Bar No. 6278)
Shella Borovinskaya (Del. Bar No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  jbarry@ycst.com
         rbartley@ycst.com
         ejustison@ycst.com
         afaris@ycst.com
         sborovinskaya@ycst.com


*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
P. Bradley O'Neill (*pro hac vice* pending)
Caroline Gange (*pro hac vice* pending)
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9511
Facsimile:  (212) 715-8000
Email:  boneill@kramerlevin.com
         cgange@kramerlevin.com


*Proposed Co-Counsel to the Debtors and Debtors in Possession*