# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF INDIVIDUAL RETAIL CUSTOMERS, (B) AUTHORIZING THE DEBTORS TO PROVIDE INDIVIDUAL RETAIL CUSTOMERS WITH ELECTRONIC SERVICE, AND (C) GRANTING CERTAIN RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 1007 and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 1007-2 and 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (a) authorizing the Debtors to redact or withhold certain confidential information of individual retail customers, (b) authorizing the Debtors to provide individual retail customers with electronic notice; and (c) granting certain related relief. In support of this Motion, the Debtors rely upon and incorporate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30473042.8

by reference the *Declaration of David M. Dunn in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 107 of the Bankruptcy Code; Bankruptcy Rules 1007 and 9018, and Local Rules 1007-2 and 9018-1.

## BACKGROUND

1. Today (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

2. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases (the "**Chapter 11**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

30473042.8

**Cases**") is set forth in the First Day Declaration.

3.  Concurrent with the filing of this Motion, the Debtors filed a consolidated creditor matrix (the "**Creditor Matrix**") partially redacted. By this Motion, the Debtors seek authority to redact certain personal identification information from the Creditor Matrix and all publicly filed documents in the Chapter 11 Cases for purposes of protecting certain personal identification information of individuals.

4.  By this Motion, the Debtors also seek authority to provide electronic service of any and all notices, documents, and pleadings filed in the Chapter 11 Cases that are required to be served on the Customers (defined below) ("the **Individual Retail Customer Pleadings**") by email, which will reduce the cost and administrative burdens associated with providing such Customers with traditional means of service. The Creditor Matrix contains approximately 10,600 individual retail customers (the "**Customers**," or as compiled in the Debtors' records, the "**Customer List**") with whom the Debtors communicate via email in the ordinary course of business. Customers provide the Debtors with their email address and the Debtors believe that email correspondence is likely to be the most direct and reliable means of communicating with the Customers. Because the Debtors communicate with the Customers via email in the ordinary course of business, the Debtors believe that the Customers will expect to receive notice from the Debtors by email. In fact, email correspondence is the <u>only</u> means in which the Debtors can communicate with several hundred of the Customers because an email address is the <u>only</u> contact information the Debtors have for this subset of Customers.

5.  Providing approximately 10,600 Customers with traditional forms of notice will be unduly burdensome and cost prohibitive. For these Customers, service will cost the Debtors significant sums of money that could otherwise be available for distribution to creditors

30473042.8

at a time where the Debtors are facing a liquidity crisis. Given the facts and circumstances of the Chapter 11 Cases, coupled with the Debtors' large Customer base, and the fact that the Debtors have accurate and reliable email addresses for their Customers, the Debtors request authority to serve the Individual Retail Customer Pleadings on the Customers solely by email using the address maintained by the Debtors in their books and records. Moreover, the Debtors, together with their proposed claims and noticing agent, Stretto, Inc., intend to establish a case information website at https://cases.stretto.com/PeerStreet (the "**Case Website**") where, among other things, electronic copies of all pleadings filed in the Chapter 11 Cases shall be posted as soon as practicable, and may be viewed free of charge. The Case Website will provide the Customers with an efficient and cost-effective means for obtaining the Individual Retail Customer Pleadings and other information about the Chapter 11 Cases.

## RELIEF REQUESTED

2. By this Motion, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to redact or withhold the names, physical addresses, email addresses, and any other relevant personal identifying information of the Customers, (b) authorizing the Debtors to serve the Customers with the Individual Retail Customer Pleadings (as defined below) electronically, and (c) granting certain related relief.

## BASIS FOR RELIEF

**A.     The Court Should Authorize the Debtors to Redact the Customers' Personally Identifiable Information From the Creditor Matrix and All Publicly Filed Documents in the Chapter 11 Cases**

3. Section 521(a)(1)(A) of the Bankruptcy Code requires a debtor to file a list of creditors. 11 U.S.C. § 521(a)(1)(A). Additionally, Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on

30473042.8

4

Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1).  Likewise, Local Rule 1007-2(a) requires a debtor to file, together with its voluntary petition, a list containing the name and complete address of each creditor.  However, Local Rule 1001-1(c) authorizes the Court to modify the application of the Local Rules "in the interest of justice."  Del. Bankr. L.R. 1001-1(c).  Additionally, section 105(a) of the Bankruptcy Code allows bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

4. Furthermore, section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b)(1):

5. Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

6. The Third Circuit has explained that "means of identification is defined as 'any name . . . that may be used, alone or in conjunction with any other information, to identify a specific individual, including . . . an address.'" *U.S. v. Graham*, 486 Fed. Appex. 265, 270 (3d Cir. July 2, 2012) (citing 18 U.S.C. § 1028(d)(7)(C)) (non-precedential) (internal quotations and marks omitted).

7. Pursuant to Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. In addition, Local Rule 9018-1(d) requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(d).

8. Using the above backdrop, the Debtors respectfully submit that cause exists pursuant to sections 107(b)(1) and 107(c) of the Bankruptcy Code to authorize the Debtors to redact from any paper filed or to be filed with the Court or made publicly available in these Chapter 11 Cases any and all personal identifying information of the Debtors' Customers, including, but not limited to, names, physical addresses, and email addresses. As noted, section 107(c) permits the Court to protect the disclosure of an individual's means of identification as that term is used in 18 U.S.C. § 1028(d), which, according to the Third Circuit, includes names and addresses.

9. The Debtors are a platform for online investing in real-estate debt. Each of the Debtors' Customers are creditors.[3] The Debtors' Customer List, and related Customer data are important and valuable assets of the Debtors that can be monetized, especially in light of the fact that the Customers are comprised of accredited investors. The confidentiality of such list must be maintained to retain its potentially significant value for the benefit of the Debtors' creditors and other parties in interest. The inability to preserve the Debtors' Customer List in confidence could cause the Debtors to suffer significant economic consequences should the Debtors' competitors get ahold of the Customer List. Indeed, disclosure of the Customer List on this Court's public docket would make such information *freely* accessible to the Debtors' competitors and would

---

[3] For purposes of this Motion, the Debtors assume that all of the Customers are creditors. Nothing contained herein shall be construed as an admission or a waiver by the Debtors or any other party to contest whether any given Customer is rightfully a creditor in the Chapter 11 Cases.

30473042.8

6

allow them to directly solicit Customers without offering the Debtors' estates any consideration in exchange for same.  Not only would public dissemination of the Debtors' Customer List give the Debtors' competitors an unfair advantage to identify and contact those Customers, but such dissemination would also interfere with the Debtors' efforts to sell their assets and maximize value for their estates at the appropriate time.

10. Courts have previously recognized the propriety of preserving the confidentiality of similar commercial information by authorizing such information to be redacted or otherwise protected under similar circumstances and for the same purposes set forth herein. *See, e.g., In re A.G. Fin. Serv. Ctr., Inc.*, 395 F.3d 410, 415-16 (7th Cir. 2005) (affirming the bankruptcy court's refusal to order the debtor to disclose its customer list because the list constituted "confidential commercial information" under section 107(b)(1) and Bankruptcy Rule 9018, and "[h]anding the list over for free would have diminished the value of the estate"); *In re Volunteer Energy Servs., Inc.*, No. 22-50804 (CKP) (Bankr. S.D. Ohio Apr. 26, 2022) (authorizing the debtor to redact names, addresses, and other contact information of its current customers on its creditor matrix, schedules and statements, and other publicly accessible court filings); *In re Nortel Networks, Inc.*, No. 09-10138 (KG), 2010 Bankr. LEXIS 5218, at *10 (Bankr. D. Del. Dec. 1, 2010) ("The Court recognizes that the list of Customer Contracts (as defined in the Motion) and affidavits of service that identify the Debtors' customers constitute confidential commercial information, and therefore authorizes that any such lists and affidavits to be filed in connection with the Motion and the procedures approved therein may be filed under seal.").

11. These Chapter 11 Cases have just begun, and, as demonstrated by the foregoing, asset protection and recovery is one of the key benefits the Debtors obtain by filing these Chapter 11 Cases.  Further, the Customers entrusted their personal data and information to

30473042.8

the Debtors, who operate a first-of-its-kind two-sided online marketplace for investing in and funding real-estate debt. The Debtors' model specifically opened up the real estate investment space more broadly to individual, accredited investors thereby making a previously difficult to access, alternative asset class more easily investible. Many, if not most, of the Customers would be considered "mom and pop" investors.

12. The provisions of section 107 contemplate the potential harm that could come to an individual should their personal information become public, requiring that the debtor show cause that redaction and withholding is a necessity. The risk of identity theft addressed in the statute has only increased since 2010 when section 107 was adopted, with the threat of cybercriminals increasing faster than the government is able to pass regulations. When the Customers began investing on the Peer Street Platform, they likely did not contemplate their personal identifying information being made public. Given that the Customers are comprised of accredited investors, their status as such increases the risk of identity theft should their personal information become easily available to the public. Some of these Customers may have made a different decision about signing up to invest on the Peer Street Platform had they known of such consequences because, as Judge Gross noted in *In re Forever 21, Inc.*, in overruling an objection of the U.S. Trustee to similar redaction requested here: "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." No. 19-12122 (KG) (Dec. 20, 2019), D.I. 605 (Dec. 19, 2019 Hr'g Tr. at 60:22–25). Similarly, in *In re Windstream Holdings, Inc.*, Judge Drain noted that the consequences of releasing private information could be "very serious," and "[o]nce [private information is] out there, it's out there." No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 25, 2019), D.I. 173 (Feb. 26, 2019 Hr'g Tr. at 88:6–12, 89:5–8). The real risk that Customers are subjected

to by having their personal information publicized without their consent certainly rises to the level of cause contemplated in section 107.

        13.    It is essential that the Customers' names are withheld from public filings along with their addresses and other personal identifying information. Although the *In re Celsius Network LLC* court held that: "[a]bsent the emails and physical addresses linked to the individual creditor names, the Court finds that Debtors' evidentiary showing with respect to the *names* of over 300,000 individual creditors does not meet the standard for confidential 'commercial information' under section 107(b)(1)" 644 B.R. 276, 293 (Bankr. S.D.N.Y. 2022) (emphasis added), numerous other courts have granted such relief, and many other cases demonstrate the potential danger that can come from allowing even just the name of an individual to be published publicly. *See*, *In re FTX Trading Ltd*, No. 22-11068 (JTD), (Jan. 20, 2023), D.I. 545 (granting debtors' motion to redact the names, addresses, and e-mail addresses of their customers from any public filing on a final basis with the caveat that such authorization sunsets ninety days after the entry of the final order for all customers who were not natural persons); *In re Endo Int'l plc*, No. 22-22549 (JLG), 2022 WL 16640880, at *12 (Bankr. S.D.N.Y. Nov. 2, 2022) ("There is an additional ground for granting such relief. In publishing the names of those claimants, the Debtors will heighten the risk to them of identity theft."); *Attias v. CareFirst, Inc.*, 865 F.3d 620, 628 (D.C. Cir. 2017) (describing the risk of medical information disclosures leading to "'medical identity theft' in which a fraudster impersonates the victim and obtains medical services in her name"); *League of United Latin Am. Citizens v. Abbott*, No. EP21CV00259DCGJESJVB, 2022 WL 2806850, at *2 (W.D. Tex. July 18, 2022) (explaining that public release of names of individuals related to social causes led to online harassment and threats and encouragement of violence towards them).

30473042.8

14.     In this case, the risk of identity theft or injury to innocent individual creditors—Customers—of the Debtors outweighs the presumption in favor of public access to judicial records and papers, or concerns of judicial efficiency. *See In re Continental Airlines*, 150 B.R. 334, 340–41 (D. Del. 1993). The sheer amount of personal identifying information that would become public without redaction of both names and any other personal identifying information is hard to imagine. Putting a number on how many individuals such a list could harm, whether it be physically, economically, or personally is difficult. These potential outcomes demonstrate that the issue at hand rises to the cause required by section 107.

15.     Additionally, the Debtors will instruct Stretto, Inc., their proposed claims and noticing agent, to serve the individuals at their personal addresses or email addresses, as applicable, ensuring that each individual creditor will receive the same notices in these Chapter 11 Cases as all other creditors without the potentially harmful disclosure of these details. The Debtors will also make the unredacted version of the Customer List and any other applicable filings, redacted pursuant to the Proposed Order, available to the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and counsel to any official committee appointed in these Chapter 11 Cases and, upon Court order, to any other party.

16.     Accordingly, the Debtors respectfully submit that cause exists to authorize the Debtors to redact from any filing with the Court or made publicly available in these Chapter 11 Cases, the name, physical address, email address, or any other personal identifying information that may be present on the Peer Street Platform.

**B.      The Court Should Authorize the Debtors to Provide Electronic Service to the Customers**

17.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of th[e

30473042.8

Bankruptcy Code]." 11 U.S.C. § 105(a). In addition, Bankruptcy Rule 2002(m) specifically authorizes the Court to "enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent . . . ." Fed. R. Bankr. P. 2002(m).

18. The Debtors submit that the proposed manner of serving the Customers with electronic copies of the Individual Retail Customer Pleadings is appropriate given the facts and circumstances of the Chapter 11 Cases. As detailed above, the Customers consist of approximately 10,600 parties. Traditional means of service to the Customers will be extremely expensive and will result in the Debtors incurring administrative costs that would otherwise be available to the estates. Moreover, requiring traditional means of service is unnecessary when the Debtors have an alternative and reliable method of communication that is less costly. Customers communicate with the Debtors via email, and have provided their email addresses to the Debtors. Because the Debtors communicate with their Customers by email in the ordinary course of business, the Debtors believe that the Customers will expect to receive notice from the Debtors electronically and that such measures will provide an efficient and effective means of service. For these reasons, and given the facts and circumstances of the Chapter 11 Cases, the Debtors request that the Court authorize the Debtors to provide notice of any Individual Retail Customer Pleadings to the Customers by email. Further, the Debtors' claims and noticing agent will post the Individual Retail Customer Pleadings on the Case Website, which will be readily accessible and free of charge.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)(IV)

19. Under the circumstances, and given the nature of the relief requested herein, the Debtors have not been able to confer with the individuals whose information is requested to be sealed and, accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d).

30473042.8

## NOTICE

20. Notice of this Motion has been provided to: (a) the U.S. Trustee (Attn: Joseph Cudia (joseph.cudia@usdoj.gov)); (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to Magnetar Financial LLC, (i) Royer Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, NY 10036, (Attn: Marc E. Hirschfield (mhirschfield@rccblaw.com)), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Russell C. Silberglied (silberglied@rlf.com)), as agent for the prepetition secured lenders; (d) the Internal Revenue Service; (e) the Office of the United States Attorney for the District of Delaware; and (f) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

30473042.8

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 27, 2023

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| */s/ Shella Borovinskaya* | P. Bradley O'Neill (*pro hac vice* pending) |
| Joseph Barry (Del. Bar No. 4221) | Caroline Gange (*pro hac vice* pending) |
| Ryan M. Bartley (Del. Bar No. 4985) | 1177 Avenue of the Americas |
| S. Alexander Faris (Del. Bar No. 6278) | New York, New York 10036 |
| Shella Borovinskaya (Del. Bar No. 6758) | Telephone:  (212) 715-9511 |
| Rodney Square | Facsimile:  (212) 715-8000 |
| 1000 North King Street | Email:  boneill@kramerlevin.com |
| Wilmington, Delaware 19801 |            cgange@kramerlevin.com |
| Telephone:  (302) 571-6600 | |
| Facsimile:  (302) 571-1253 | *Proposed Co-Counsel to the Debtors and* |
| Email:  jbarry@ycst.com | *Debtors in Possession* |
|            rbartley@ycst.com | |
|            afaris@ycst.com | |
|            sborovinskaya@ycst.com | |
| | |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | |

30473042.8