# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PeerStreet, Inc., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 11** |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 345, 363, 364, 1107(a), AND 1108 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2015, AND LOCAL RULE 2015-2, (A) AUTHORIZING AND APPROVING CONTINUED USE OF CASH MANAGEMENT SYSTEM, (B) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS AND BUSINESS FORMS, (C) AUTHORIZING CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS IN THE ORDINARY COURSE OF BUSINESS AND GRANTING ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION INTERCOMPANY CLAIMS AND INTERCOMPANY LOANS, (D) WAIVING THE REQUIREMENTS OF SECTION 345(b) ON AN INTERIM BASIS, AND (E) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a), 345, 363, 364(b), 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rule 2015, and Local Rule 2015-2, (a) authorizing and approving the Debtors' continued use of their Cash Management System, (b) granting the Debtors a waiver of the U.S. Trustee Guidelines, (c) authorizing the Debtors to continue Intercompany Transactions with each other and granting administrative expenses priority to Intercompany Claims and Intercompany

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30499182.2

Loans, (d) waiving the requirements of section 345(b) of the Bankruptcy Code with respect to the Debtors' deposit practices on an interim basis, and (e) granting certain related relief; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on July 28, 2023 at 10:00 a.m. (ET) (the "**Final Hearing**"). Any party objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors, so as to be received no later than July 21, 2023 at 4:00 p.m. (ET). If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3. The Debtors are authorized, in their discretion, to: (a) designate, maintain, and continue to use, with the same account numbers, all of their bank accounts in existence on the Petition Date (collectively, the "**Bank Accounts**"), including, without limitation, those bank accounts identified in the Motion; (b) use, in their present form, any and all checks and other documents related to the Bank Accounts; (c) treat the Bank Accounts for all purposes as accounts

of the Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as used prior to the Petition Date; and (d) pay the Prepetition Bank Fees up to a total of $26,000 pending entry of the Final Order.

4. The Cash Management Banks participating in the Cash Management System are hereby authorized to continue to service and administer all of the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the ordinary course in a manner consistent with any agreements between the Cash Management Banks and the Debtors that existed prior to the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on, such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; *provided, however*, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date may be honored by any Cash Management Bank only if specifically authorized by order of this Court.

5. Except for those that comply with an order of this Court authorizing payment of certain prepetition claims, no checks, drafts, wires, or other electronic transfer requests drawn, issued, or requested on the Bank Accounts before the Petition Date, but presented for payment after the Petition Date, shall be honored or paid.

6. The operation of the Cash Management System in accordance with the Debtors' normal and customary practice is adequate and sufficient and may be continued on and after the Petition Date.

7. The Cash Management Banks participating in the Cash Management System shall not be liable to the Debtors or to their estates and shall not be deemed to be in violation of this Order for honoring a prepetition check or other item drawn on any account that is the subject of this Order: (a) at the direction of the Debtors; (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite implementation of reasonable item handling procedures.

8. The Debtors are authorized to continue to use all of their correspondence and business forms (including, without limitation, checks, invoices, letterhead, stationery, and purchase orders) existing immediately before the Petition Date without reference to the Debtors' status as debtors-in-possession; *provided, however*, that upon the depletion of any pre-printed check stock and other business forms, the Debtors will obtain new check stock and business forms reflecting their status as debtors-in-possession; *provided further, however*, that with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing "Debtor-in-Possession" or "DIP" and the jointly administered case number for these chapter 11 cases on such items within ten (10) days of the date of the entry of this Order.

9. The Debtors, in consultation with the Agent, are authorized to open any new bank accounts and close any of the Bank Accounts as the Debtors may deem necessary and appropriate; *provided, however*, that prior to opening any new bank accounts or closing any of the Bank Accounts, the Debtors give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware, the Agent, and any statutory committees appointed in these chapter 11 cases; *provided, further, however*, that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the

United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

10. The relief granted herein is extended to any new bank accounts opened by the Debtors after the date hereof in accordance with this Order, and any such new accounts shall be deemed a Bank Account for purposes of this Order, and any banks at which any such new accounts are opened shall be deemed a Cash Management Bank, and a part of the Cash Management System, for purposes of this Order.

11. With regard to the Cash Management Banks that are party to an UDA with the U.S. Trustee, as soon as possible after the entry of this Order, the Debtors shall (a) contact each bank, (b) provide each bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such banks as being held by a debtor-in-possession.

12. With regard to the Cash Management Banks that are not a party to an UDA with the U.S. Trustee, within thirty (30) days of the date of the entry of this Order, the Debtors shall use their good-faith efforts to cause the bank to execute an UDA in a form prescribed by the U.S. Trustee. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute an UDA in a form prescribed by the U.S. Trustee are fully reserved.

13. The Debtors are authorized to continue engaging in Intercompany Transactions in the ordinary course of business, to continue performing under the terms of existing Intercompany Loans, and to enter into new Intercompany Loans between the Lending Debtors and the Borrowing Debtors; *provided, however*, that the Cash Collateral Debtors will not use the

Prepetition Secured Parties' Cash Collateral to make Intercompany Loans to the Borrowing Debtors..

14. The Debtors shall maintain accurate and detailed records of all transfers, including any Intercompany Transactions and Intercompany Loans, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions, and the Debtors shall make such records available to the Debtors' Prepetition Secured Parties upon request.

15. The Lending Debtors will be granted an administrative expense claim under sections 364(b) and 503(b)(1) for amounts lent to the Borrowing Debtors, and the Borrowing Debtors are authorized to repay the Lending Debtors on account of Intercompany Loans within fifteen (15) days of receipt of cash, including through a sale of their assets.

16. Notwithstanding anything to the contrary set forth in the Motion, nothing set forth in this Order authorizes the Debtors to permit customers to withdraw funds from the FBO Accounts without a further order from this Court.

17. The requirements of section 345(b) of the Bankruptcy Code are suspended on an interim basis for a period of thirty (30) days from the entry of this Order, such that the Debtors are hereby permitted to maintain their deposits in their Bank Accounts in accordance with their existing deposit practices.  This Order shall be without prejudice to the Debtors' rights to seek further relief from this Court with respect to such requirements or to seek approval from this Court to deviate from such requirements on a final basis.

18. The Cash Management Banks are hereby authorized to debit from the Bank Accounts ordinary course of business bank fees and charges without further order of this Court, provided that such fees and charges are authorized under the applicable account agreement with

the Debtors, and provided further that nothing set forth herein shall authorize any of the Cash Management Banks to debit any claim or charges not in the ordinary course of business and not permitted under the applicable account agreements.

19. Within five (5) business days of the date of the entry of this Order, the Debtors shall (a) serve a copy of this Order on each Cash Management Bank and (b) request that each Cash Management Bank internally code each of the Bank Accounts as "debtor-in-possession" accounts.

20. Notwithstanding the Debtors' authorized use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each particular Debtor, regardless of which Debtor remits payment for those disbursements.

21. Nothing in this Order:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

22. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

23. The requirements of Bankruptcy Rule 6003(b) are satisfied.

24. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

25. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: June 28th, 2023**
**Wilmington, Delaware**

*[Signature]*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

30499182.2

8