**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
|  | **Ref Docket No. 6** |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b), AND 364
OF THE BANKRUPTCY CODE, (A) AUTHORIZING PAYMENT
OF PREPETITION OBLIGATIONS INCURRED IN THE ORDINARY COURSE
OF BUSINESS IN CONNECTION WITH INSURANCE PROGRAMS,
INCLUDING PAYMENT OF POLICY PREMIUMS AND BROKER FEES; (B)
AUTHORIZING BANKS TO HONOR AND PROCESS
CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO;
AND (C) SCHEDULING A FINAL HEARING**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders,

pursuant to sections 105(a), 363(b), and 364 of the Bankruptcy Code, (a) authorizing, but not

directing, the Debtors to continue and, to the extent necessary, renew the Insurance Programs and

pay policy premiums and broker fees arising thereunder or in connection therewith, including

prepetition obligations arising in the ordinary course of business, (b) authorizing, but not directing,

the Debtors to continue their insurance premium financing programs and renew or enter into new

premium financing programs, as necessary, under substantially similar terms, and (c) authorizing

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Banks to honor and process check and electronic transfer requests related to the foregoing; and

upon consideration of the First Day Declaration; and due and proper notice of the Motion having

been given; and it appearing that no other or further notice of the Motion is required except as

otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion

in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this

proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

that the relief requested in the Motion and provided for herein is in the best interest of the Debtors,

their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on July 28, 2023 at 10:00 a.m. (ET) (the "**Final Hearing**").  Any party objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors, in each case so as to be received no later than July 21, 2023 at 4:00 p.m. (ET).  If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3. The Debtors are authorized to maintain the Insurance Programs without interruption, and to renew, supplement, modify, or extend (including through obtaining "tail" coverage) the Insurance Programs, or enter into new insurance policies, and to incur and pay policy premiums, claims, deductibles, retentions, retrospective adjustments, administrative fees, broker fees (including, without limitation, the Broker Fees), and any other obligations arising thereunder or in connection therewith,, in accordance with the same practices and procedures as were in effect

prior to the Petition Date.

4. The Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy premiums, claims, deductibles, retrospective adjustments, administrative fees, broker fees (including, without limitation, the Broker Fees), and any other obligations that were due and payable or related to the period prior to the Petition Date on account of the Insurance Programs and the Finance Agreements up to an aggregate amount of $60,000.

5. Nothing in this Order:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

6. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8.      The requirements of Bankruptcy Rule 6003(b) are satisfied.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms

and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.     This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation of this Order.

**Dated: June 28th, 2023**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

30499088.2

4