# EXHIBIT B

**Dunn Declaration**

30200483.6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF DAVID M. DUNN IN SUPPORT OF THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

I, David M. Dunn, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am the Chief Restructuring Officer ("**CRO**') of the above-captioned affiliated debtors and debtors in possession (collectively, the "**Debtors**"). In my capacity with the Debtors, I have a detailed knowledge of and experience with the Debtors' business and financial affairs. In my capacity as the Debtors' CRO, I am responsible for implementing the Debtors' business plans and strategies and generally overseeing the Debtors' business operations.

2. I submit this declaration in support of the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Debtors, Effective as of the Petition Date* (the "**Application**").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

30200483.6

### The Debtors' Selection of Young Conaway as Counsel

3.     As noted in the Application, the Debtors seek to retain Young Conaway as co-counsel to the Debtors.  The Debtors engaged Young Conaway as co-counsel because of Young Conaway's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates.  Additionally, in preparing for these chapter 11 cases, Young Conaway has become familiar with the Debtors' business and affairs and many of the potential legal issues that may arise in the context of these chapter 11 cases.  Accordingly, the Debtors believe that Young Conaway is uniquely qualified to represent them as counsel in these chapter 11 cases.

### Cost Supervision

4.     Young Conaway has informed the Debtors that Young Conaway intends to charge the Debtors for services rendered in these chapter 11 cases at Young Conaway's normal hourly rates in effect at the time the services are rendered.  The Debtors monitor the invoices submitted by outside counsel.

5.     Young Conaway and the Debtors are in the process of developing a prospective budget and staffing plan.  The Debtors recognize that in chapter 11 cases, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and Young Conaway.  The Debtors also recognize that it is their responsibility to closely monitor the billing practices of Young Conaway and their other professionals to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations taking into account the exigencies of these chapter 11 cases.  To that end, the Debtors will continue to review and monitor

the regular invoices submitted by Young Conaway, and, together with Young Conaway, periodically amend the budget and staffing plans to reflect developments in the case as applicable.

6. The Debtors will monitor the fees and expense reimbursement process during these chapter 11 cases and ensure the Debtors are an active participant in that process. Recognizing that every chapter 11 case is unique, the Debtors, together with Young Conaway, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 7, 2023
      Wilmington, Delaware

*/s/ David M. Dunn*
David M. Dunn
Chief Restructuring Officer
Peer Street, Inc., *et al.*