**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., et al.,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: July 28, 2023 at 10:00 a.m. (ET)<br>Objection Deadline: July 21, 2023 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), establishing procedures for interim compensation and reimbursement of expenses for professionals and official creditors' committee members and granting related relief. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30194561.4

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

## BACKGROUND

2. On June 26, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

3. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the *Declaration of David M. Dunn in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**") [D.I. 3].

**RELIEF REQUESTED**

4. By this Motion, the Debtors seek entry of the Proposed Order, establishing procedures for interim compensation and reimbursement of expenses for professionals and official creditors' committee members and granting related relief.

### I. Retention of Professionals

5. The Debtors have filed, or intend to file, applications to retain certain professionals, including, Kramer Levin Naftalis & Frankel LLP and Young Conaway Stargatt & Taylor, LLP as the Debtors' bankruptcy co-counsel; Stretto, Inc. ("**Stretto**")[2] as their administrative advisor and claims and noticing agent; and Piper Sandler Companies as the Debtors' exclusive introducing broker.[3] The Debtors may seek to retain other professionals during the course of these chapter 11 cases if the need arises. Moreover, an official creditors' committee (the "**Committee**") may be formed in these chapter 11 cases, which Committee will likely file one or more applications to retain counsel, and possibly other professionals, to assist it in fulfilling its obligations in these chapter 11 cases (the professionals retained by the Debtors and the Committee in these chapter 11 cases are hereafter collectively referred to as the "**Professionals**").

### II. Proposed Compensation and Reimbursement Procedures

6. By this Motion, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals be

---

[2] Per the Court's order dated June 28, 2023 [D.I. 35], the Debtors have retained Stretto as claims and noticing agent pursuant to section 156(c) of title 28 of the United States Code and Local Rule 2002-1(f), and the Debtors are authorized to compensate Stretto for claims and noticing services without the need for Stretto to file fee applications or seek Court approval for such compensation. Accordingly, the procedures set forth herein shall not apply to Stretto in its capacity as claims and noticing agent.

[3] The Debtors intend to file a motion seeking authority to employ Province, LLC to provide the Debtors with a chief restructuring officer and certain additional personnel. Province's retention is not subject to the Compensation Procedures (defined below).

permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the procedures set forth below (the "**Compensation Procedures**"):

    a. On or after the 5th day of each calendar month following the month for which compensation is sought, each Professional may file an application (a "**Monthly Fee Application**") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by electronic or regular mail on each of the following parties (collectively, the "**Notice Parties**"):

        i. Peer Street, Inc., c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer;

        ii. proposed co-counsel to the Debtors, (a) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Joseph Barry, Esq. (jbarry@ycst.com), Ryan M. Bartley, Esq. (rbartley@ycst.com), and S. Alexander Faris, Esq. (afaris@ycst.com); and (b) Kramer Levin Naftalis & Levin LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: P. Bradley O'Neill, Esq. (boneill@kramerlevin.com);

        iii. the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov);

        iv. counsel to Magnetar Financial LLC as agent for the prepetition secured lenders: (a) Royer, Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, NY 10036, (Attn: Marc E. Hirschfield (mhirschfield@rccblaw.com)) and (b) Richards, Layton, & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Russell C. Silberglied (silberglied@rlf.com)); and

        v. counsel to any Committee.

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2. Professionals may file their first Monthly Fee Application covering the period from the Petition Date through July 31, 2023 on or after August 5, 2023.

b. Each Notice Party will have 14 days after service of a Monthly Fee Application to review the request (the "**Review Period**"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "**Notice of Objection**") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c. Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the fees and expenses requested in its Monthly Fee Application (each, a "**CNO**"). After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application. If a Notice of Objection was timely received and remains unresolved, a Professional may file a CNO with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application, and the Debtors are authorized and directed to pay the Professional an amount (the "**Reduced Monthly Payment**") equal to 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d. If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment. If, however, the parties are unable to reach a complete resolution of the objection within 10 days after service of the Notice of Objection, unless otherwise agreed by the parties, the objecting party shall file its objection (the "**Objection**") with the Court within 3 business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for a hearing on the matter, or (ii) forego filing a response to the Objection and seeking payment of the disputed amounts until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

e. At three-month intervals or such other intervals convenient to the Court (the "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, in connection with the Interim Fee Period, pursuant to section 331 of the Bankruptcy

        Code.  The Interim Fee Application must include a brief description identifying the following:

           i. the Monthly Fee Applications that are the subject of the request;

           ii. the amount of fees and expenses requested;

           iii. the amount of fees and expenses paid to date and/or subject to an Objection;

           iv. the deadline for parties to file objections (the "**Additional Objections**") to the Interim Fee Application; and

           v. any other information requested by the Court or required by the Local Rules.

        Additional Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 14th day following service of the applicable Interim Fee Application.

f. The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every three months, or at such other intervals as the Court deems appropriate.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

g. The first Interim Fee Period will cover the period from the Petition Date through September 30, 2023.  Each Professional must file and serve its first Interim Fee Application on or before October 20, 2023.

h. The pendency of an Objection or Additional Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

i. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures, nor (ii) the filing of or failure to file an Objection or Additional Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

7. The Debtors also request that each member of any Committee be permitted to submit statements of expenses (excluding fees and expenses of counsel to individual Committee members) with supporting documentation to Committee counsel, which counsel shall collect and submit such Committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, Bankruptcy Rules, Local Rules, or the practice of the Court.

8. The Debtors further request that the Court limit the notice of interim and final fee applications to (a) the Notice Parties and (b) parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Debtors further request that (a) the Notice Parties be entitled to receive the Monthly Fee Applications, any Interim Fee Application, any final fee applications (the "**Final Fee Applications**"), and any notices of hearing on Interim Fee Applications and Final Fee Applications (the "**Hearing Notices**"), and (b) all other parties entitled to notice be entitled to receive only the Hearing Notices. Providing notice of interim and final fee application hearings in such manner will allow the parties most active in these chapter 11 cases to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

9. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

10. The procedures proposed herein will enable the Debtors to closely monitor the costs of administration and implement efficient cost-management procedures. In addition, these proposed Compensation Procedures will allow the Court and the key parties in interest,

including the U.S. Trustee, to more efficiently monitor the compensation and reimbursement of Professionals in these chapter 11 cases.

## BASIS FOR RELIEF

11. Section 330 of the Bankruptcy Code provides that, after notice and a hearing, the Court may award to professionals reasonable compensation and reimbursement of expenses. Section 331 of the Bankruptcy Code provides that all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Moreover, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Courts have generally recognized that in chapter 11 cases it is appropriate to allow payment of professionals more frequently. *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Courts, including this one, have regularly entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. Accordingly, the Court has authority to enter an order authorizing the Compensation Procedures requested herein.

13. Implementation of the proposed Compensation Procedures is justified and in the best interests of the Debtors' estates and their creditors. Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved, and the time required on part of the attorneys for the debtor in providing services necessary for the successful resolution of these chapter 11 cases. The Debtors have limited resources to deal with the burdens imposed by the filing of these chapter 11 cases. Without the streamlined compensation procedures requested herein, the professional fee application process and review of the professional fee applications would be overly burdensome on the

Debtors, the Professionals, the Court, the U.S. Trustee, and other parties in interest. Moreover, the proposed Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services, and that such Professionals are not forced to bear undue financial burden or risk caused by prolonged delays in payment.

14. The Compensation Procedures requested herein will: (a) enable the Debtors and parties in interest to closely monitor costs of administration relating to these chapter 11 cases; (b) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses; (c) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of undisputed Monthly Fee Applications; and (d) eliminate undue financial burdens on the Professionals and avoid having the Professionals fund the costs of the Debtors' chapter 11 cases.

15. Based on the foregoing, the Debtors submit that the relief requested by this Motion is necessary, appropriate, and in the best interests of their estates and creditors and should therefore be granted.

**NOTICE**

16. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' twenty (20) largest unsecured creditors; (c) counsel to Magnetar Financial LLC (i) Royer, Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, NY 10036, (Attn: Marc E. Hirschfield (mhirschfield@rccblaw.com)) and (ii) Richards, Layton, & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Russell C. Silberglied (silberglied@rlf.com)), as agent for the prepetition secured lenders; and (d) all parties that, as of the filing of this Motion, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: July 7, 2023

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| /s/ S. Alexander Faris | P. Bradley O'Neill (admitted *pro hac vice*) |
| Joseph Barry (Del. Bar No. 4221) | Caroline Gange (admitted *pro hac vice*) |
| Ryan M. Bartley (Del. Bar No. 4985) | 1177 Avenue of the Americas |
| S. Alexander Faris (Del. Bar No. 6278) | New York, New York 10036 |
| Shella Borovinskaya (Del. Bar No. 6758) | Telephone: (212) 715-9511 |
| Rodney Square | Facsimile: (212) 715-8000 |
| 1000 North King Street | Email: boneill@kramerlevin.com |
| Wilmington, Delaware 19801 | cgange@kramerlevin.com |
| Telephone: (302) 571-6600 | |
| Facsimile: (302) 571-1253 | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |
| Email: jbarry@ycst.com | |
| rbartley@ycst.com | |
| afaris@ycst.com | |
| sborovinskaya@ycst.com | |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*