**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: July 28, 2023 at 10:00 a.m. (ET) |
| | Objection Deadline: July 21, 2023 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR APPOINTMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this application (this "**Application**") for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), appointing Stretto, Inc. ("**Stretto**") as administrative advisor ("**Administrative Advisor**") in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**"), effective as of the Petition Date (as defined below), in accordance with the terms and conditions set forth in that certain Engagement Agreement between the Debtors and Stretto (the "**Engagement Agreement**"), a copy of which is attached hereto as **Exhibit C**. In

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30514095.3

support of this Application, the Debtors submit the declaration of Sheryl Betance (the "**Betance Declaration**"), attached hereto as **Exhibit B**. In further support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

2. On June 26, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional factual background relating to the Debtors' business, capital structure, and the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of David M. Dunn in Support of Chapter 11 Petitions and First Day Relief* [Docket No. 11] (the "**First Day Declaration**").[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

30514095.3

**RELIEF REQUESTED**

3. By this Application, the Debtors request the entry of the Proposed Order authorizing the Debtors to retain and employ Stretto as Administrative Advisor to the Debtors, effective as of the Petition Date.

4. On the Petition Date, the Debtors filed an application (the "**Section 156(c) Application**") for an order appointing Stretto as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f). On June 28, 2023, the Court entered an order approving the Section 156(c) Application [Docket No. 35] (the "**Section 156(c) Order**"). The administration of the Chapter 11 Cases will require Stretto to perform duties outside the scope of services covered by the Section 156(c) Application. Accordingly, the Debtors submit this Application to enable Stretto to provide services under the Engagement Agreement that are outside the scope of services authorized to be provided to the Debtors by Stretto pursuant to the Section 156(c) Order.

**STRETTO'S QUALIFICATIONS**

5. Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto has substantial experience in matters of this size and complexity, and has acted as the official administrative advisor in many large bankruptcy cases pending in this District, including: *In re Codiak BioSciences, Inc.*, Case No. 23-10350 (MFW) (Bankr. D. Del. Apr. 25, 2023); *In re AD1 Urban Palm Bay, LLC*, Case No. 23-10074 (KBO) (Bankr. D. Del. Mar. 27, 2023); *In re Quanergy Systems, Inc.*, Case No. 22-11305 (CTG) (Bankr. D. Del. Jan. 11, 2023);

*In re Sears Authorized Hometown Stores, LLC*, Case No. 22-11303 (BLS) (Bankr. D. Del. Jan. 5, 2023); *In re Fast Radius, Inc.*, Case No. 22-11051 (JKS) (Bankr. D. Del. Dec. 7, 2022); *In re Clarus Therapeutics Holdings, Inc.*, Case No. 22-10845 (MFW) (Bankr. D. Del. Nov. 29, 2022); *In re Phoenix Services Topco, LLC*, Case No. 22-10906 (MFW) (Bankr. D. Del. Oct. 25, 2022); *In re Allena Pharmaceuticals, Inc.*, Case No. 22-10842 (KBO) (Bankr. D. Del. Oct. 5, 2022); *In re NewAge, Inc.*, Case No. 22-10819 (LSS) (Bankr. D. Del. Sept. 29, 2022); *In re OSG Grp. Holdings, Inc.*, Case No. 22-10718 (JTD) (Bankr. D. Del. Sept. 7, 2022); and *In re Agway Farm & Home Supply, LLC*, Case No. 22-10602 (JKS) (Bankr. D. Del. Aug. 19, 2022).

## **SERVICES TO BE PROVIDED**

6. Pursuant to the Engagement Agreement, the Debtors seek to retain Stretto to provide, among other things, the following bankruptcy solicitation and administration services, if and to the extent requested:

   (a) Assist with, among other things, solicitation, balloting, and tabulation of votes; prepare any related reports, as required in support of confirmation of a chapter 11 plan;

   (b) Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

   (c) Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

   (d) Provide a confidential data room;

   (e) Manage and coordinate any distributions pursuant to a chapter 11 plan if designated as distribution agent under such plan; and

   (f) Provide such other solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Court.

7. Stretto's appointment as Administrative Advisor will provide the Debtors with experienced professionals and services that are essential to a successful reorganization.

Stretto will coordinate with the Debtors' other retained professionals in the Chapter 11 Cases to avoid any unnecessary duplication of services. Accordingly, the relief requested in this Application is in the best interests of the Debtors' estates and all parties in interest.

**PROFESSIONAL COMPENSATION**

8. The fees Stretto will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors submit that Stretto's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Stretto as Administrative Advisor. The Debtors believe Stretto's rates are more than reasonable given the quality of Stretto's services and its professionals' bankruptcy expertise. Additionally, Stretto will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

9. Prior to the Petition Date, the Debtors provided Stretto an advance in the amount of $15,000. Pursuant to the Section 156(c) Order, Stretto was authorized to apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount and hold the advance under the Engagement Agreement during the Chapter 11 Cases as security for payment of fees and expenses incurred under the Engagement Agreement. However, Stretto will not apply the advance to any fees and expenses incurred as Administrative Advisor unless and until such fees and expenses have been approved by the Court in accordance with the Proposed Order.

10. Stretto intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement. Stretto will comply

with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

11. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's gross negligence, willful misconduct, or as otherwise provided in the Engagement Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in the Chapter 11 Cases.

## **DISINTERESTEDNESS**

12. Stretto has conducted a conflicts analysis to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

13. Stretto believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**BASIS FOR RELIEF**

14. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

15. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

16. In light of the size and complexity of the Chapter 11 Cases, the Debtors submit that retaining and employing Stretto pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to the Chapter 11 Cases. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in Chapter 11 Cases.

17. The Debtors believe that administration of the Chapter 11 Cases will require Stretto to perform duties outside of the scope authorized in the Section 156(c) Order. Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' Chapter 11 Cases, and the complexity of such cases, the Debtors request the Court enter an order appointing Stretto as the Administrative

Advisor in the Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## **NOTICE**

18.     Notice of this Application has been provided to: (a) the U.S. Trustee (Attn: Joseph Cudia (joseph.cudia@usdoj.gov)); (b) the Debtors' twenty (20) largest unsecured creditors; (c) counsel to Magnetar Financial LLC (i) Royer Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, NY 10036 (Attn:  Marc E. Hirschfield (mhirschfield@rccblaw.com)), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn:  Russell C. Silberglied (silberglied@rlf.com)), as agent for the prepetition secured lenders; and (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 7, 2023                                               Respectfully submitted,

                                                                  */s/ David M. Dunn*
                                                                  David M. Dunn
                                                                  Chief Restructuring Officer

30514095.3

9