# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> Peer Street, Inc., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-10815 (LSS) <br><br> (Jointly Administered) <br><br> Ref. Docket No. \_\_\_\_ |

### ORDER AUTHORIZING RETENTION AND APPOINTMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**"), authorizing the Debtors to retain and appoint Stretto as Administrative Advisor effective as of the Petition Date, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, all as more fully set forth in the Application; and upon the Betance Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

30514095.3

consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application, and that such notice is adequate and no other or further notice need be given; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"), if any; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth herein.

2. The Debtors are authorized to retain Stretto as Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Stretto is authorized to take such other action as may be reasonable or necessary to comply with all duties set forth in the Application.

4. Stretto shall apply to this Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date as Administrative Advisor in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify the Indemnified Parties (as defined in the Engagement Agreement) under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Stretto's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Stretto's contractual obligations if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing the Chapter 11 Cases, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the

Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

9. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

14. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.