**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Peer Street, Inc., *et al.*, | Case No. 23-10815 (LSS) |
| Debtors.[1] | Jointly Administered |
| | **Ref. Docket No. \_\_\_\_** |

**ORDER AUTHORIZING THE DEBTORS TO (I) EMPLOY AND RETAIN
PROVINCE, LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING
OFFICER AND CERTAIN ADDIITONAL PERSONNEL, AND
(II) DESIGNATING DAVID DUNN AS CHIEF RESTRUCTURING OFFICER
EFFECTIVE AS OF THE PETITION DATE**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession

(collectively, the "**Debtors**") for entry of an order (this "**Order**") pursuant to section 363 of the

Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule 2016-2,  authorizing the

Debtors to (i) employ and retain Province ("**Province**") to provide the Debtors with a Chief

Restructuring Officer ("**CRO**") and additional personnel, and (ii) designate David Dunn as the

CRO, effective as of the Petition Date, pursuant to the engagement agreement by and among the

Debtors and Province (the "**Engagement Agreement**"), which is attached to the Motion as

**Exhibit B**, as more fully described in the Motion; and upon consideration of the *Declaration of*

*David Dunn in Support of Debtors' Motion to (I) Employ and Retain Province, LLC to Provide*

*the Debtors a Chief Restructuring Officer and Certain Additional Personnel, and (II) Designate*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

30516778.3

*David Dunn as Chief Restructuring Officer Effective as of the Petition Date*, which is attached to the Motion as **Exhibit C** (the "**Dunn Declaration**"), and the First Day Declaration; and the Court having found that Province does not hold or represent an interest adverse to the Debtors' estates, and Province is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after any hearing on the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Motion is **APPROVED** as set forth herein.

2.      The Debtors are authorized to (a) employ and retain Province to provide the Debtors with a CRO and additional personnel, and (b) designate David Dunn as CRO, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Agreement except as modified herein.

3.      Province and its affiliates shall not act in any other capacity, including as financial advisor, claims agent/claims administrator, or investor/acquirer, in connection with these chapter 11 cases.

4.      In the event that the Debtors seek to have Province Professionals assume executive officer positions that are different from the positions disclosed in the Motion, or to materially

30516778.3

2

change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify Provinces's retention shall be filed.

5.      No principal, employee or independent contractor of Province and its affiliates shall serve as director of the Debtors during the pendency of these chapter 11 cases.

6.      Province shall be compensated for its services and reimbursed for any related expenses in accordance with the rates (as adjusted annually) and disbursement policies as set forth in the Motion, the Dunn Declaration, the Engagement Agreement, and any other applicable orders of this Court.

7.      Province and the Province Professionals shall conform to the fee and expense provisions outlined in the Motion and the Engagement Agreement.

8.      Province is not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but will instead submit monthly invoices to the Debtors, and the Debtors are hereby authorized to pay, in the ordinary course of business, all reasonable amounts invoiced by Province for fees and expenses pursuant to the terms of this Order.

9.      Province shall file reports of compensation earned and expenses incurred on a monthly basis ("**Compensation Reports**"), and provide notice of the same to the U.S. Trustee and counsel to any committee appointed in the chapter 11 cases (the "**Notice Parties**") within thirty (30) days of the end of each month.  Compensation Reports shall summarize the services provided, and identify the compensation earned and expenses incurred by Province Professionals. Time records shall (a) be attached to the Compensation Reports, (b) contain detailed time entries describing the task(s) performed and (c) be organized by project category.  Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each

task in a 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. The Notice Parties shall have fourteen (14) days after the date each Compensation Report is served upon them to object (the "**Objection Period**") by filing an objection, served on the Debtors, the Debtors' bankruptcy co-counsel, and Province by the Objection Period. Such compensation and expenses will be subject to the Court's review in the event an objection is filed. Province will file its first Compensation Report by August 31, 2023, covering the period from the Petition Date through July 31, 2023.

10.     Each month, Province shall file with the Court (and serve copies to the Notice Parties) a report reflecting the Province Professionals that worked on the engagement for the previous month ("**Staffing Reports**"). Staffing Reports shall include the names of all full- and part-time Province Professionals that provided services in these Chapter 11 Cases during the prior month. The Objection Period shall apply to the Staffing Reports. Province will file its first Staffing Report by August 31, 2023, covering the period from the Petition Date through July 31, 2023.

11.     The Debtors are permitted to indemnify the CRO on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws (or other similar governing document) and applicable state law, along with insurance coverage under the Debtors' D&O policy.

12.     There shall be no other indemnification of Province and its affiliates.

13.     The terms of the Engagement Agreement, as modified only by the Motion and this Order, are reasonable terms and conditions of employment and are hereby approved.

30516778.3

14.     For a period of three (3) years after the conclusion of the engagement, neither Province nor its affiliates shall make any investments in the Debtors.

15.     To the extent there may be any inconsistency between the Motion, the Dunn Declaration, or the Engagement Agreement and this Order, the terms of this Order shall govern.

16.     Province shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest.  The obligation to disclose identified in this paragraph is a continuing obligation.

17.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding any stay that might be imposed by Bankruptcy Rule 6004 or otherwise.

18.     The Debtors and Province are empowered to take all actions necessary to implement the relief granted in this Order.

19.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

30516778.3