# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 28, 2023 at 10:00 a.m. (ET)**<br>**Objection Deadline: July 21, 2023 at 4:00 p.m. (ET)** |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPOYMENT OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**," or "**PeerStreet**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this application (the "**Application**"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") to retain and employ Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**" or the "**Firm**"), *nunc pro tunc* to the Petition Date. In support of this Application, the Debtors submit (i) the Declaration of P. Bradley O'Neill, a partner at Kramer Levin, attached hereto as **Exhibit B** (the "**O'Neill Declaration**") and the declaration of David M. dunn, attached hereto as **Exhibit C** (the "**Debtor Declaration**" and, together with the O'Neill Declaration, the "**Declarations**"), which are incorporated herein by reference. In further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

## BACKGROUND

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory base for the relief sought herein is section 327(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

4. The predicates for relief requested by this Motion are sections 105(a), 363(b), 507(a)(2) and (a)(8), and 541of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

5. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**BACKGROUND**

**I. Overview**

6. On June 26, 2023 (the "**Petition Date**"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and no trustee or examiner has been appointed in these Chapter 11 Cases.

7. PeerStreet operates a platform for online investing in real-estate debt. PeerStreet's headquarters are located in El Segundo, California. PeerStreet enables accredited investors, funds, and institutions to access certain securities that were historically difficult for them to invest in, and permits lenders and borrowers to access capital that has been historically difficult for them to access. On one side, PeerStreet provides individual investors with access to an asset class that was previously inaccessible through sourcing loans from its nationwide network of private lenders and, on the other side, PeerStreet aggregates, services, and manages those loans for individual and institutional investors.

8. Additional, information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the *Declaration of David M. Dunn in Support of the Chapter 11 Filings and First Day Pleadings* [Docket No. 3].

**Relief Requested**

9. By this Application, the Debtors seek to employ and retain Kramer Levin as bankruptcy co-counsel *nunc pro tunc* to the Petition Date. Accordingly, the Debtors respectfully request this Court enter an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy

Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain Kramer Levin as bankruptcy co-counsel.

### Kramer Levin's Qualifications

10. Kramer Levin is a full-service law firm with a leading bankruptcy and restructuring practice. Kramer Levin has represented companies, creditors' committees, and bondholders in some of the largest and most complex chapter 11 cases. Moreover, Kramer Levin's broad-based practice includes expertise in the areas of corporate and commercial law, real estate, tax, and litigation, among others.

11. The Firm has been advising the Debtors since August 2022 regarding their business objectives and strategic alternatives, as well as related corporate, transactional, and finance matters. Throughout this time, Kramer Levin has become familiar with the Debtors' business operations, capital structure, and potential legal issues that may arise in the context of these Chapter 11 Cases. Moreover, Kramer Levin has been actively involved in the prepetition negotiations with the Debtors' key economic stakeholders leading to the commencement of these Chapter 11 Cases. It would be difficult and costly for the Debtors to replace Kramer Levin with substitute counsel for these matters, and the Debtors believe that any substitute counsel would not be as effective or valuable to the Debtors as counsel on these matters. The Debtors, therefore, desire to continue to retain and employ Kramer Levin as bankruptcy co-counsel during the pendency of these Chapter 11 Cases.

### Scope of Services

12. The professional services that Kramer Levin will provide may include, but are not limited to:

   a. Provide legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of the Debtors' business;

      b.      Advising the Debtors with respect to the sale of any mortgage assets;

      c.      assist in the preparation of a chapter 11 plan, disclosure statement, and/or all related documents necessary to facilitate the Debtors' emergence from these Chapter 11 Cases, take appropriate action on behalf of the Debtors to obtain confirmation of such plan, and take such further actions as may be required in connection with the implementation of such plan;

      d.      provide legal advice and perform legal services with respect to matters relating to corporate governance, the interpretation, application or amendment of the Debtors' organizational documents, material contracts, and matters involving the Debtors with their officers, directors and managers; and

      e.      perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases.

13.      Subject to this Court's approval of the Application, Kramer Levin is willing to serve as co-counsel to the Debtors and to perform the services described above. It is necessary for the Debtors to employ attorneys to render the above referenced services.

14.      Kramer Levin intends to work alongside Delaware bankruptcy co-counsel, Young Conaway Stargatt & Taylor, LLP ("**YCST**"), to provide services to the Debtors efficiently and to minimize duplication of effort and expense. The Debtors are submitting a separate application to retain YCST.

15.      Because Kramer Levin and YCST will have well-defined and distinct roles, the Debtors' do not anticipate any overlap in responsibility or duplication of efforts between Kramer Levin and YCST. However, out of an abundance of caution, Kramer Levin and YCST will coordinate efforts to avoid duplication of work and unnecessary fees.

### Professional Compensation

16.      As further described in the Declarations, Kramer Levin intends to seek compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in

compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any procedures or orders of the Court as are applicable to these Chapter 11 Cases.

17. Kramer Levin's billing practices and rates are summarized below and are consistent with those generally governing the Firm's representation of its other clients.

18. Kramer Levin's current hourly billing rates (for calendar year 2023), which are the same for both bankruptcy and nonbankruptcy clients, are as follows:[2]

| Partners | $ 1,300-1,800 |
| Counsel | $ 1,300-1,775 |
| Special Counsel | $ 1,115-1,435 |
| Associates | $ 720-$1,280 |
| Paraprofessionals | $ 365-$555 |

19. Kramer Levin's billing rates are designed to compensate Kramer Levin fairly for the work of its professionals. The hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity to these Chapter 11 Cases.

20. Kramer Levin's hourly billing rates are subject to periodic review and adjustments to reflect, among other things, changes in responsibilities and increased experience. Kramer Levin will file a supplemental affidavit with the Court describing any increase in its billing rates and provide not less than ten business days' notice of such increases to the Debtors, the U.S. Trustee, and any official committee, if appointed.[3]

21. Kramer Levin's hourly billing rates for professionals are not intended to, and do not, cover out-of-pocket expenses and certain elements of overhead that are typically billed

---

[2] Kramer Levin's rates are adjusted annually starting with January 1 of each calendar year. The above-listed billing rates are in effect until January 1, 2024.

[3] Each September, there is a step-up of associate class to reflect an increase in each associate's class seniority. This annual step-up is not considered a "rate increase" as the billing rate among the applicable associate class does not change.

separately. Accordingly, Kramer Levin regularly charges its clients for the actual, necessary expenses and disbursements incurred in connection with the client's case, including, *inter alia*, telephone charges, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for working meals and computer-aided research. Kramer Levin intends to seek reimbursement for expenses incurred in connection with its representation of the Committee in accordance with Kramer Levin's normal reimbursement policies, subject to any modifications Kramer Levin is required to make to comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the U.S. Trustee, and any procedures or other orders of the Court as are applicable to these Chapter 11 Cases.

22. Prior to the Petition Date, Kramer Levin received $25,000 in the form of a retainer and a subsequent $300,000 prepetition evergreen retainer in connection with services to be performed and incurred, including in preparation for the commencement of the Chapter 11 Cases. In total, Kramer Levin received payments from the Debtors for services rendered prior to the Petition Date as follows:

| Invoice Date | Billing Period | Payment Date | Payment Amount | Form of Payment | Retainer Balance |
|---|---|---|---|---|---|
| N/A | N/A | 8/25/2022 | $25,000 | Retainer | $25,000 |
| 09/14/2022 | 08/1/2022-08/31/2022 | 09/28/2022 | $63,405.00 | Wire | $25,000 |
| 10/18/2022 | 09/01/2022-09/30/2022 | 11/02/2022 | $55,453.83 | Wire | $25,000 |
| 11/16/202 | 10/01/2022-10/31/2022 | 12/07/2022 | $100,695.86 | Wire | $25,000 |
| 12/13/2022 | 11/01/2022-11/30/2022 | 12/30/202 | $40,622.50 | Wire | $25,000 |
| N/A | N/A | 01/25/2023 | $300,000 | Retainer | $325,000 |

| | | | | | |
|---|---|---|---|---|---|
| 01/31/2023 | 12/01/2022-12/31/2022 | 02/22/2023 | $42,448.72 | Applied Against Retainer | $282,551.28 |
| N/A | N/A | 02/22/2023 | $42,448.72 | Retainer Replenishment | $325,000 |
| 02/28/2023 | 01/01/2023-01/31/2023 | 03/22/2023 | $112,348.50 | Applied Against Retainer | $212,651.50 |
| N/A | N/A | 03/22/2023 | $112,348.50 | Retainer Replenishment | $325,000 |
| 03/27/2023 | 02/01/2023-02/28/2023 | 04/19/2023 | $163,881.86 | Applied Against Retainer | $161,118.14 |
| N/A | N/A | 04/19/2023 | $163,881.86 | Retainer Replenishment | $325,000 |
| 4/28/2023 | 03/01/2023-03/31/2023 | 05/24/2023 | $211,671.03 | Applied Against Retainer | $113,328.97 |
| 05/17/2023 | 04/01/2023-04/30/2023 | 05/24/2023 | $74,048.60 | Applied Against Retainer | $39,280.37 |
| N/A | N/A | 05/24/2023 | $211,671.03 | Retainer Replenishment | $250,951.40 |
| 05/31/2023 | 05/01/2023-05/31/2023 | 06/05/2023 | $80,752.93 | Applied Against Retainer | $170,198.47 |
| N/A | N/A | 06/05/2023 | $80,752.93 | Retainer Replenishment | $250,951.40 |
| 06/09/2023 | 06/01/2023-06/06/2023 | 06/09/2023 | $27,343.68 | Applied Against Retainer | $223,607.72 |
| 06/16/2023 | 06/08/2023-06/15/2023 | 06/16/2023 | $32,306.50 | Applied Against Retainer | $191,301.22 |
| 06/26/2023 | 06/16/2023-06/26/2023 | 06/26/2023 | $14,548.50 | Applied Against Retainer | $176,752.72 |

23. Following a final recollection, Kramer Levin is holding approximately $176,752.72 as a retainer, which will constitute a general security retainer for pospetition services and expenses.

### Kramer Levin's Disinterestedness

24. As set forth in the O'Neill Declaration, in connection with its proposed retention in these Chapter 11 Cases, Kramer Levin conducted a search of its conflicts database with respect to the names and types of entities who may have contacts or connections with the Debtors (the "**Retention Checklist**"). The Retention Checklist and the results of the conflicts search are set forth on **Schedule 1** and **Schedule 2** to the O'Neill Declaration, respectively.

25. To the best of the Debtors' knowledge, as disclosed in the O'Neill Declaration, (a) Kramer Levin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Debtors' estates, and (b) Kramer Levin has no connection to the Debtors, their creditors, or other parties in interest, other than as may be disclosed in the O'Neill Declaration.

26. Because the information on Schedule 1 may have changed without Kramer Levin's knowledge and may change throughout these Chapter 11 Cases, Kramer Levin is not able conclusively to identify all relationships or potential relationships with all creditors or other parties in interest in these Chapter 11 Cases. If any new relevant facts or relationships are discovered or arise, Kramer Levin will use reasonable efforts to identify such developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Basis for Relief Requested

27. Bankruptcy Code section 327(a) provides that a debtor "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the

estate, and that are disinterested persons." Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that "(a) is not a creditor, an equity security holder, or an insider of the debtor; (b) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

28. Pursuant to Bankruptcy Rule 2014(a):

> The application shall state the specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

29. The Debtors submit that for the aforementioned reasons, and, as set forth in the Declarations, the retention and employment of Kramer Levin satisfies the requirements of section 327(a): it is a "disinterested person," does not hold or represent an interest adverse to the Debtors' estates, and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the O'Neill Declaration.

## NOTICE

30. Notice of this Application has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' twenty (20) largest unsecured creditors; (c) counsel to Magnetar Financial LLC, as agent for the prepetition secured lenders; and (d) all parties that, as of the filing of this Application, have requested notice in these chapter 11 cases pursuant

to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors the Debtors respectfully request entry of the Proposed Orders granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | | |
|---|---|---|
| Dated: | July 7 2023<br>Wilmington, DE | Peer Street, Inc., *et al.*<br><br>*/s/ David M. Dunn*<br>David M. Dunn<br>Chief Restructuring Officer |