**Exhibit A**

**Proposed Order**

30526388.2

KL2 3329426.5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No.** ___ |

## ORDER AUTHORIZING THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPOYMENT OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Upon the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kramer Levin Naftalis & Frankel LLP as Bankruptcy Co-Counsel for the Debtors in Possession Effective as of the Petition Date* (the "**Application**");[2] and upon the Declaration of P. Bradley O'Neill, attached hereto as **Exhibit B** (the "**O'Neill Declaration**") and the declaration of David M. Dunn, attached hereto as **Exhibit C** (the "**Debtor Declaration**" and, with the O'Neill Declaration, the "**Declarations**"); and the Court having reviewed the Application and the Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the O'Neill Declaration that (a) Kramer Levin is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and (b) Kramer Levin does not hold or represent an interest adverse to the Debtors' estates; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Application is APPROVED as set forth herein; and it is further

ORDERED that the Debtors are authorized to retain and employ Kramer Levin as bankruptcy co-counsel *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Application, the O'Neill Declaration, and the Debtor Declaration, and Kramer Levin is authorized to perform services set forth in the Application; and it is further

ORDERED that in the event of an inconsistency between the Application, the O'Neill Declaration, and the Debtor Declaration, this Order shall govern; and it is further

ORDERED that Kramer Levin shall be compensated for legal services rendered to the Debtors and reasonable expenses incurred in connection therewith in accordance with the

Bankruptcy Code, applicable Bankruptcy Rules, Local Rules, and any other orders of this Court; and it is further

ORDERED that Kramer Levin shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; and it is further

ORDERED that Kramer Levin shall make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Kramer Levin in these Chapter 11 Cases; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtors and Kramer Levin are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.