**Exhibit B**

**O'Neill Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF P. BRADLEY O'NEILL IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPOYMENT OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, P. Bradley O'Neill, being duly sworn, state the following under penalty of perjury:

1. I am a partner in the law firm of Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**"), located at 1177 Avenue of the Americas, New York, NY 10036. I am a member in good standing of the Bar of the State of New York and I have been admitted to practice *pro hac vice* in the District of Delaware.

2. I submit this declaration (the "**Declaration**") on behalf of Kramer Levin in support of the *Debtors' Application For Entry of an Order Authorizing the Retention and Employment of Kramer Levin Naftalis & Frankel LLP as Bankruptcy Co-Counsel for the Debtors in Possession Nunc Pro Tunc to the Petition Date*.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30526388.2

KL2 3329426.5

3. Unless otherwise stated in this Declaration, and based on inquiries of Kramer Levin partners, associates and staff, I have personal knowledge of the facts as set forth herein. To the extent that any information disclosed herein requires subsequent amendment and/or modification, Kramer Levin will use reasonable efforts to file a supplemental declaration reflecting such amended and/or modified information.

4. The Application, among other things, seeks entry of an order authorizing Kramer Levin to be retained and employed as bankruptcy co-counsel to the Debtors to provide them with advice related to these Chapter 11 Cases.

5. Kramer Levin currently represents the Debtors in respect of general bankruptcy matters, potential mortgage sale transactions. and certain business operations matters.

### Kramer Levin's Disclosure Procedures

6. In preparing its Application and this Declaration, Kramer Levin used a set of procedures developed to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and other orders of this Court. Pursuant to this protocol, Kramer Levin personnel, under my general supervision, undertook the following actions to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors or their:

   a) Kramer Levin, along with the Debtors' co-counsel, Young Conaway Stargatt & Taylor LLP ("**YCST**"), developed a comprehensive list of the names and types of entities who may have contacts or connections with the Debtors (the "**Retention Checklist**"). A copy of the Retention Checklist is attached hereto as **Schedule 1**.

   b) Kramer Levin's conflicts department compared the Retention Checklist to the names that Kramer Levin has compiled into a master client database from its

conflict check database (the "**Client Database**"). The Client Database is comprised of the names of the entities for which any time has been billed and includes the names of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Kramer Levin personnel who are or were responsible for current or former matters for such client. It is the policy of Kramer Levin that no new matter may be accepted or opened within Kramer Levin without completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Kramer Levin. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a matter.

c) We identified any matches between the Retention Checklist and the Client Database, together with the names of the respective Kramer Levin professionals responsible for the identified entities on the Client Database. Kramer Levin attorneys then reviewed these matches and deleted obvious name coincidences and individuals or entities that were adverse to Kramer Levin's clients in both this matter and the matters referenced on the list. Those connections in which Kramer Levin had actively represented the client or an affiliate within the last two years were compiled for purposes of being disclosed in this Declaration.

7. The results of the conflicts searches of the Retention Checklist are set forth on **Schedule 2** hereto or referenced below.

8. Kramer Levin will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Kramer Levin will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Kramer Levin's Connection with Potential Parties

9. As a result of Kramer Levin's review of the Retention Checklist and the Client Database, the following connections warrant disclosure:

- Since August 2022, certain Kramer Levin partners and associates have rendered legal services to the Debtors regarding their business objectives and strategic alternatives, related corporate, transactional, and finance matters, and their plans to seek relief under chapter 11 of the Bankruptcy Code.

- Kramer Levin formerly represented the Official Committee of Unsecured Creditors of Hertz Corporation (the "**Hertz Committee**") in connection with the chapter 11 cases of the Hertz Corporation and certain of its affiliates. One of the nine members of the Hertz Committee, Wells Fargo Bank N.A., is identified in the Retention Checklist under the category "Banks." Fees collected on account of Kramer Levin's representation of the Hertz Committee comprised approximately 2.91% of Kramer Levin's revenues for the period from January 1, 2021 to December 31, 2021. Fees relating to representation of the Purdue Ad Hoc Committee from and after the commencement Purdue chapter 11 cases were paid by Hertz. Kramer Levin believes that its representation of the Hertz Committee has not and will not affect its representation of the Committee in these Chapter 11 Cases.

- Kramer Levin represents an ad hoc committee of governmental opioid claimants (the "**Purdue Ad Hoc Committee**") in the chapter 11 cases of Purdue Pharma L.P. ("**Purdue**"). The Georgia Secretary of State and the Illinois Secretary of State are identified on the Retention Checklist under the categories of "Governmental Agencies/Taxing Authorities." The Attorney General from the state of Georgia and the City of Chicago are members of the Purdue Ad Hoc Committee. Fees collected on account of Kramer Levin's representation of the Purdue Ad Hoc Committee comprised approximately, approximately 2.80% of Kramer Levin's revenues for the period from January 1, 2021 to December 31, 2021 and approximately

1.23% of Kramer Levin's revenues from January 1, 2022 through January 31, 2022. Fees relating to representation of the Purdue Ad Hoc Committee from and after the commencement Purdue chapter 11 cases were paid by Purdue. Kramer Levin believes this representation has not and will not affect its representation of the Committee in these Chapter 11 Cases.

10. Additional relationships of Kramer Levin to the parties-in-interest on the Retention Checklist, as identified pursuant to the disclosure process, are set forth in **Schedule 2** hereto.

## Billing & Compensation

11. Kramer Levin has agreed to receive compensation and reimbursement of expenses in accordance with its standard billing practices and subject to this Court's approval, pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any procedures or orders of the Court as are applicable to these Chapter 11 Cases.

12. Kramer Levin's standard billing practices and rates, which are described below, are consistent with those generally governing the firm's representation of its other clients.

13. For work in connection with bankruptcy cases, Kramer Levin charges the same rates whether retained as a professional paid out of the estate or as a professional paid by the private client out of the client's own funds. As of the date of this Declaration, such hourly rates are as follows for calendar year 2023:[2]

| Partners | $ 1,300-1,800 |
| Counsel | $ 1,300-1,775 |
| Special Counsel | $ 1,115-1,435 |
| Associates | $ 720-$1,280 |
| Paraprofessionals | $ 365-$555 |

14. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are set at a level designed to compensate Kramer Levin fairly for the work of

---

[2] Kramer Levin's rates are adjusted annually starting with January 1 of each calendar year. The above-listed billing rates are in effect until January 1, 2024.

its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. The hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity to these Chapter 11 Cases.

15. The rate structure provided by Kramer Levin is substantially similar to (a) the rates that Kramer Levin charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Kramer Levin will perform in these Chapter 11 Cases.

16. Kramer Levin's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions. If at any time Kramer Levin increases the rates for its services in connection with its engagement, Kramer Levin will file a supplemental affidavit with the Court describing such increases and provide notice of such increases to the Debtors, the Committee, and the U.S. Trustee.[3]

17. It is Kramer Levin's policy to charge clients for reasonable non-overhead expenses incurred by it in connection with representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express or overnight mail, messenger service, photocopying costs, document processing, overtime meals, computer research related expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. Kramer Levin intends to seek reimbursement for expenses incurred in accordance with Kramer Levin's normal reimbursement policies, subject to any modifications that may be required to make to comply with

---

[3] Each September, there is a step-up of associate class to reflect an increase in each associate's class seniority. This annual step-up is not considered a "rate increase" as the billing rate among the applicable associate class does not change.

the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and any procedures or orders of the Court as are applicable to these Chapter 11 Cases.

18. Kramer Levin intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative order entered by the Court, on an hourly basis, plus reimbursement of actual, necessary expenses, and other charges incurred by Kramer Levin.

19. Kramer Levin intends to maintain detailed, contemporaneous time records and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other procedures or orders of the Court as are applicable to these Chapter 11 Cases.

20. No promises have been received by Kramer Levin or any partner or associate thereof, as to payment or compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. Neither Kramer Levin nor any of its attorneys has entered into an agreement or understanding to share compensation with respect to the representation of the Debtors as described in Bankruptcy Rule 2016(b).

21. Kramer Levin has agreed to accept as compensation such sums as may be allowed by the Court based upon the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time spent in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in these cases.

**Statement Regarding U.S. Trustee Guidelines**

22.     As this Court is aware, the Executive Office of the United States Trustees (the "**EOUST**") adopted new *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "**Revised U.S. Trustee Guidelines**"). By their terms, the U.S. Trustee Guidelines "apply to the [U.S. Trustee's] review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intend as an update to the original guidelines adopted by the EOUST in 1996.

23.     Among other things, the U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under Bankruptcy Code section 1103 and for compensation under Bankruptcy Code section 330.  The Debtors and Kramer Levin understand that the Revised U.S. Trustee Fee Guidelines are applicable in these Chapter 11 Cases and intend to make a reasonable effort to comply with the Revised U.S. Trustee Fee Guidelines both in connection with the Application and the interim and final fee applications to be filed by Kramer Levin in these Chapter 11 Cases.

**Attorney Statement Pursuant to Paragraph D.1. of the Revised U.S. Trustee Fee Guidelines**

24.     The following is provided in response to the request for additional information set forth in paragraph D.1 of the U.S. Trustee Guidelines.

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No.

**Question**: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

**Question**: If you represented the client in the twelve (12) months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the twelve (12) months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

<u>Response</u>: Kramer Levin has represented the Debtors since August 2022. The material financial terms for the postpetition period remain the same as the prepetition period subject to an annual economic adjustment. Kramer Levin's standard hourly are subject to periodic adjustment in accordance with the its practice.

**Question**: Have the Debtors approved your prospective budget and staffing plan, and, if so, for what budget period?

<u>Answer</u>: Kramer Levin and YCST, along with Province, are developing a prospective budget and staffing plan for these Chapter 11 Cases to comply with the U.S. Trustee's requests for information and additional disclosure.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 7, 2023　　　　　　　　　　　　　　　　 */s/ P. Bradley O'Neill*
　　　　　New York, New York　　　　　　　　　　　　P. Bradley O'Neill
　　　　　　　　　　　　　　　　　　　　　　　　　Kramer Levin Naftalis & Frankel LLP

## Schedule 1

## Retention Checklist

**Debtors**
Peer Street Funding LLC
Peer Street Opportunity Fund, GP, LLC
Peer Street Opportunity Investors II, LP
Peer Street, Inc.
PeerStreet Licensing, Inc.
PS Funding, Inc.
PS Options LLC
PS Portfolio-ST1, LLC
PS Warehouse II, LLC
PS Warehouse, LLC
PSF Ohio, LLC
PSF REO, LLC
PSF TX 1, LLC
PSF TX 2, LLC
PSF TX 4 LLC

**Debtors' Advisors**
Kramer Levin Naftalis & Frankel LLP
Piper Sandler Companies
Province, LLC
Stretto, Inc.
Wilson Sonsini Goodrich & Rosati
Young Conaway Stargatt & Taylor, LLP

**Banks**
Pacific Premier Bank
Wells Fargo & Company

**Lenders**
Magnetar Capital
Small Business Administration

**Material Vendors & Contract Counterparties**
Allied Universal Security Systems
Area Wide Realty Corp.
CDW
CES Limited LLC
CloudFlare, Inc.
Control Air Enterprises LLC

CoreLogic Credco LLC

Datasite LLC
DMS Facility Services
FCI Lender Services, Inc.
First American Data & Analytics
First American Mortgage Solutions, LLC
Fox & Roach, LP
Gibbs Realty & Auction Co., Inc.
Kirby Condominium Association, Inc.
Land Gorilla, Inc.
More Property Management Inc.
Surferside Villas HOA
The Wursta Corporation
Thomson Reuters
Trinity Inspection Services LLC
Trustpoint Technologies, Inc.

**Top 20 Unsecured Creditors**
The Debtors' Top 20 Unsecured Creditors on a Consolidated Basis. *See* Docket No. 1.

**Insurance Providers**
Chubb Group of Insurance Companies
Lloyd's of London
Lloyd's of London (K2 Financial Ltd)
North American Capacity Insurance Co./Arch Specialty Insurance Co.
The Hartford Insurance Co.
First Insurance Funding

**Landlords**
2121 Park Place Fee Owner CA, LLC
LiquidSpace, Inc.

**Utility Companies**
Baltimore Department of Public Works
East Bay Municipal Utility District
KC Water
Narragansett Bar Commission
NYC Department of Environmental Protection
Pawtucket Water Supply Board
PG&E
San Francisco Water Power Sewer

**Directors & Officers**
Brewster Johnson
David Dunn
David Eaton
Ellen Coleman
Ivona Smith
M. Freddie Reiss

**Equity Holders**
ACM Alamosa I LP
ACM Alamosa I-A LP
AH Parallel Fund IV, L.P., as nominee
Alpha Street Investment, LLC
Andreessen Horowitz Fund IV, L.P., as nominee
Ang-Chih Kao
Baileyana Investments, LLC
Banyan Tree Capital LLC
Bawag P.S.K. Bank Für Arbeit Und Wirtschaft Und Österreichische Postsparkasse Aktiengesellschaft
Brewster Johnson

Colchis Opportunities Master Fund, L.P.
Diplomat Property Holdings Corp.
Dividend Capital Group, Inc. Pension Trust
Dragonland Global Investments Limited
ERES Peer Street, LLC
Evan Petrie and Jessica Petrie as Community Property with the Right of Survivorship
Felicis Ventures IV, L.P.
GMO GFF Limited Partnership
Greenline Community Growth Fund LLC
Harris Family Trust, dated October 14, 2002
Hollencrest Bayview Partners, LP
J.R. Johnson
Jeff Wilson
Jessica Geraty
Joaquin Hartman
Kevin Marshall
LB2 LLC
LF Ventures LLC
Liberty Ship I LLC
Marc Heenan
Michael L. McHargue
Michael Loop
Montage Ventures Fund I, L.P.
Moore Family Trust dtd 12-29-2010
Navitas Capital II, LP
Rapelye Alden Trust
Rembrandt Venture Partners Fund Three L.P.
Robert P. Brennan Jr.
SCG Private Holdings, LLC
SM PeerStreet LLC
South Bay Financial Group II, LLC
The Campana Family Revocable Trust
The Joyce Family Trust dated February 25, 2004
The Kimberly and Amos Smith Trust
Thomas Fulton Scott Crosby
Thomvest Venture Capital SRL
Toba Capital Ventures Series of Toba Capital LLC
Two Guys on the Beach, LLC
Weber Family Trust
WiL Fund II, L.P.

**Government Agencies/Taxing Authorities**
BED/GMEI Utility
California Department of Financial Protection & Innovation / NMLS
California Secretary of State
City of El Segundo
FFEIC
Georgia Secretary of State
Illinois Secretary of State
Los Angeles County Tax Collector
Massachusetts Secretary of State
Missouri Secretary of State
New Jersey Department of Treasury
Rhode Island Secretary of State
State of Delaware - Division of Corporations
Surety Solutions, a Gallagher Company - Swiss Re Corporate Solutions
United States Securities and Exchange Commission (SEC)
United States Securities and Exchange Commission (SEC) - SEC's Investment Adviser Public Disclosure (IAPD)
Virginia State Corporation Commission
Washington Secretary of State

Jane Leamy
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Michael Panacio
Nyanquoi Jones
Ramona Harris
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Timothy J. Fox, Jr.

**Judges**
Dorsey, John T.
Goldblatt, Craig T.
Horan, Thomas M.
Owens, Karen B.
Shannon, Brendan L.
Silverstein, Laurie Selber
Stickles, J. Kate
Walrath, Mary F

**Office of the United States Trustee**
Andrew R. Vara
Benjamin Hackman
Christine Green
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley

## Schedule 2

### Schedule of Parties-In-Interest that Kramer Levin Naftalis & Frankel LLP Currently Represents and/or Has Formerly Represented[1]

| Interested Party | Relationship to Debtors | Description of Relationship |
|---|---|---|
| Bawag | Unsecured Creditor | Kramer Levin represents an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases. |
| Chubb Group of Insurance Companies | Insurance Providers | Kramer Levin represents and/or has represented the interested party or an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases. |
| Fox & Roach, LP | Material Vendors & Contract Counterparties | Kramer Levin represents an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases. |
| Georgia Secretary of State | Government Agencies/Taxing Authorities | Kramer Levin represents an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases. |
| Illinois Secretary of State | Government Agencies/Taxing Authorities | Kramer Levin represents an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases. |
| Piper Sandler Companies | Debtor Professional | Kramer Levin represents the interested party in matters unrelated to the Debtors' Chapter 11 Cases. |
| SCG Private Holdings, LLC | Equity Holder | Kramer Levin represents and/or has represented an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases. |
| Thomson Reuters | Material Vendors & Contract Counterparties | Kramer Levin represents and/or has represented the interested party or an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases. |
| Wells Fargo & Company | Banks | Kramer Levin represents and/or has represented the interested party or an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases. |

---

[1] Unless otherwise set forth in the O'Neill Declaration, fees collected from each of the parties identified comprised less than 1.0% of Kramer Levin's revenues for the periods January 1, 2021 – December 31, 2021, January 1, 2022 through December 31, 2022, and July 1, 2022 to June 30, 2023.

Kramer Levin believes that its representation of the parties listed herein has not and does not affect its representation of the Committee.