# EXHIBIT C

**Dunn Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF DAVID M. DUNN IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPOYMENT OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, David M. Dunn, being duly sworn, state the following under penalty of perjury:

1. I am the Chief Restructuring Officer of the Debtors. In that capacity, I am familiar with all aspects of the Debtors' decision to retain and employ Kramer Levin[2] as bankruptcy co-counsel with respect to these Chapter 11 Cases. I submit this declaration (the "**Declaration**") in support of the *Debtors' Application For Entry of an Order Authorizing the Retention and Employment of Kramer Levin Naftalis & Frankel LLP as Bankruptcy Co-Counsel for the Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "**Application**"). Unless otherwise stated, I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

**The Debtors' Selection of Kramer Levin**

2. The Debtors recognize that a comprehensive process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market scrutiny and accountability as professionals in non-bankruptcy engagements.

3. To that end, the review process utilized by the Debtors here assessed potential counsel based on their expertise with the relevant legal issues and in similar proceedings. Using this review process, the Debtors selected Kramer Levin to serve as counsel in August 2022, particularly given Kramer Levin's experience in prior chapter 11 cases. Since that time, Kramer Levin has advised the Debtors with respect to various business, financial, and restructuring issues.

4. The Debtors retained Kramer Levin because of its extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code. Moreover, Kramer Levin is familiar with the Debtors' business operations and many of the issues that may arise in these Chapter 11 Cases. Thus, I believe that Kramer Levin is well qualified to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

**Rate Structure**

5. In my capacity as Chief Restructuring Officer, I am responsible for supervising expenditures to outside counsel retained by the Debtors. Kramer Levin has advised me that its rates are consistent between bankruptcy representations and non-bankruptcy representations. Kramer Levin has confirmed that the 2023 rates it charged the Debtors in the prepetition period are the same rates Kramer Levin will charge the Debtors in the postpetition period. Kramer Levin has advised me that the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

## Cost Supervision

6. The Debtors and Kramer Levin expect to develop a prospective budget and staffing plan for the postpetition period, recognizing that in the course of these Chapter 11 Cases, there may be unforeseen fees and expenses that will need to be addressed by the Debtors and Kramer Levin. The Debtors also recognize that it is their responsibility to closely monitor the billing practices of Kramer Levin and their other counsel to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations taking into account the exigencies and other circumstances of these Chapter 11 Cases. To that end, the Debtors will continue to review and monitor the regular invoices submitted by Kramer Levin, and, together with Kramer Levin, periodically amend the budget and staffing plans to reflect developments in these Chapter 11 Cases, as applicable.

7. The Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is different, these budgets will provide guidance of the periods of time involves, the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 7, 2023                             */s/ David M. Dunn*
                                                David M. Dunn