# **EXHIBIT B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. ~~23-_____ (___)~~ 23-10815 (LSS) ~~(Joint Administration Requested)~~ |
| Debtors. | (Jointly Administered) |
| | Ref Docket No. ~~___~~ 28 |

### ORDER (A) AUTHORIZING THE DEBTORS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF INDIVIDUAL RETAIL CUSTOMERS, (B) AUTHORIZING THE DEBTORS TO PROVIDE INDIVIDUAL RETAIL CUSTOMERS WITH ELECTRONIC SERVICE, AND (C) GRANTING CERTAIN RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**"), pursuant to sections 105(a) and 107 of the Bankruptcy Code, Rules 1007 and 9018 of the Bankruptcy Rules, and Local Rules 1007-2 and 9018-1, (a) authorizing the Debtors to redact or withhold certain confidential information of the Customers, (b) authorizing the Debtors to provide individual retail customers with electronic notice, and (c) granting certain related relief; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30547318.2

accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized to redact the ~~names,~~ physical addresses, email addresses, and any other relevant personal identifying information of their Customers from any filings with the Court or made publicly available in these Chapter 11 Cases<ins>; *provided, however,* that the Debtors shall not redact the Customers' names from any filings with the Court</ins>.

3. For the absence of doubt, to the extent not already done, the Debtors shall file an unredacted Creditor Matrix under seal with the Court in accordance with the Local Rules.

4. Notwithstanding anything to the contrary in the order relating to the retention of a claims agent, or any Local Rules or Bankruptcy Rules, the Debtors' claims and noticing agent is authorized to (a) suppress from the claims register the ~~names,~~ physical addresses, email addresses, and any other relevant personal identifying information of the Debtors' Customers <ins>with the exception of the Customers' names</ins>, and (b) file affidavits of service without disclosing the ~~names,~~ physical addresses, email addresses, or any other relevant personal identifying information of the Debtors' Customers, <ins>with the exception of the Customers' names,</ins> provided that the claims and noticing agent shall serve the Customers at their actual addresses and email addresses, as necessary <ins>and in accordance with paragraph 8 of this Order</ins>.

5.	The Debtors shall provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to this Order to (a) this Court, the U.S. Trustee, the Debtors' claims and noticing agent, counsel to ~~any statutory~~ the official committee ~~appointed in the Chapter 11 Cases~~of unsecured creditors, any subsequently appointed trustee in the Chapter 11 Cases, and any subsequently appointed Chapter 7 trustee, if any of these cases are converted, and (b) such other parties in interest as (i) determined by the Debtors, in their sole discretion, including upon a party in interest's written request to the Debtors that is reasonably related to the administration of the Chapter 11 Cases, or (ii) ordered by this Court after appropriate notice and a hearing; provided that any receiving party pursuant to the foregoing shall not transfer or otherwise provide such document(s) to any person or entity not permitted by the Debtors or such order of this Court.  The Debtors shall inform the U.S. Trustee promptly after denying any request for such information pursuant to this Order.

6.	Upon request of a party in interest, the Court may, upon a showing of good cause, release some or all of the information that is being redacted pursuant to the authority granted by this Order.  All parties' rights in this regard are reserved.

7.	To the extent a party in interest files a document on the docket in these Chapter 11 Cases that is required to be served on creditors whose information is sealed pursuant to this Order, such party in interest should contact counsel for the Debtors, who shall work in good faith, with the assistance of their claims and noticing agent, to effectuate the service on such party's behalf.

8.	The Debtors shall not be required to serve hard copies of the Individual Retail Customer Pleadings upon the Customers who would otherwise be served with such hard copy notices or pleadings; *provided* that the Debtors shall instead provide notices and service of

the Individual Retail Customer Pleadings to the Customers via email using the email address maintained by the Debtors in their books and records. <u>Notwithstanding anything herein or in the Motion to the contrary, no Complaint or other pleading filed in an adversary proceeding shall be treated as an Individual Retail Customer Pleading under this Order.</u>

9. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

11. The Debtors and the claims and noticing agent are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

12. The court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.