**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: September 8, 2023 at 11:00 a.m. (ET)<br>Objection Deadline: August 7, 2023 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) EXTENDING
TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL
AFFAIRS AND (II) GRANTING RELATED RELIEF**

Peer Street, Inc. and its debtor affiliates, as debtors and debtors in possession in the above- captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (a) extending the deadline to file their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "**Schedules and Statements**"), through and including August 23, 2023, without prejudice to the Debtors' ability to request additional time should it become necessary to do so; and (b) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30194662.6

**JURISDICTION AND VENUE**

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

5. On June 26, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On July 14, 2023, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "**Committee**") [D.I. 84].

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of*

*David M. Dunn in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 3] (the "**First Day Declaration**"). [2]

## BASIS FOR RELIEF REQUESTED

7. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within fourteen days of the Petition Date. Under Local Rule 1007-1(b), the deadline is automatically extended to the date that is twenty-eight (28) days after the Petition Date, not including the Petition Date, if (a) the Debtors' bankruptcy petitions are accompanied by a list of all of the Debtors' creditors and their addresses, in accordance with Local Rule 1007-2, and (b) the total number of creditors in the Chapter 11 Cases exceeds 200.  *See* Del. Bankr. L.R. 1007-1(b); Fed. R. Bankr. P. 9006(a).  Here, the Debtors' bankruptcy petitions were filed with a list of the Debtors' potential creditors and their addresses, in accordance with Local Rule 1007-2 (the "**Creditors List**"), and the Creditors List includes more than 200 potential creditors.  Accordingly, by operation of Local Rule 1007-1(b), the deadline for the Debtors to file the Schedules and Statements is automatically extended to July 24, 2023, which is twenty-eight (28) days after the Petition Date.

8. Pursuant to Bankruptcy Rules 1007(a)(5) and 1007(c), the Court has authority to further extend the time required for filing the Schedules and Statements "for cause."  Fed. R. Bankr. P. 1007(a)(5), 1007(c).  Here, the Debtors respectfully submit that good and sufficient cause exists to further extend the deadline for the filing of the Schedules and Statements as requested herein, based on (a) the size and complexity of the Debtors' business, (b) the number of potential creditors of the Debtors, who the Debtors' professional advisors have been in daily communication

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

with since the filing of the Chapter 11 Cases, and (c) the numerous burdens imposed by the Debtors' chapter 11 efforts, particularly in the early days of the Chapter 11 Cases. To prepare their Schedules and Statements, the Debtors must compile a significant amount of financial information from books, records, and documents relating to their assets, contracts, and claims of creditors. This information is voluminous, and assembling the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors. The magnitude of that task, when taken together with the Debtors' transition into chapter 11 and the ongoing burdens of operating the Debtors' business day to day, supports an extension of the deadline set forth in the Bankruptcy Code and Bankruptcy Rules for filing the Schedules and Statements. Moreover, the relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties in interest. Rather, the extension requested herein will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which in turn will promote efficient administration of the Chapter 11 Cases.

9. Considering the amount of work entailed in completing the Schedules and Statements, combined with the competing demands on the Debtors' employees and professionals in their efforts to stabilize business operations during the initial postpetition period, including with respect to the Debtors' ongoing marketing and sale process, the Debtors respectfully submit that cause exists to extend the deadlines to complete the Schedules and Statements. Allowing the Debtors to focus their attention on stabilizing their operations at the outset of the Chapter 11 Cases, rather than consuming the time and resources of the Debtors and their professionals with the completion of the Schedules and Statements, will provide a substantial benefit to the Debtors' business, their estates, and all parties in interest.

10. Further, during any additional time that the Debtors are permitted to spend preparing the Schedules and Statements, creditors, and other interested parties will still have a high level of visibility into the Debtors' financial affairs.

11. Based on the above, the Debtors submit that there is good and sufficient cause for granting the requested extension of time. The Debtors therefore request that the Court extend the initial twenty-eight-day period for an additional thirty (30) days, without prejudice to the Debtors' right to request further extensions, for cause shown.[3]

## NOTICE

12. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to Magnetar Financial LLC, as agent for the prepetition secured lender; and (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

[*Remainder of page left intentionally blank*]

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion before the expiration of the current deadline to file the Schedules and Statements automatically extends such deadline until such time as the Court rules on this Motion. *See* Del. Bankr. L.R. 9006-2.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 24, 2023

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| /s/ S. Alexander Faris | P. Bradley O'Neill (admitted *pro hac vice*) |
| Joseph Barry (Del. Bar No. 4221) | Caroline Gange (admitted *pro hac vice*) |
| Ryan M. Bartley (Del. Bar No. 4985) | 1177 Avenue of the Americas |
| S. Alexander Faris (Del. Bar No. 6278) | New York, New York 10036 |
| Shella Borovinskaya (Del. Bar No. 6758) | Telephone: (212) 715-9511 |
| Rodney Square | Facsimile: (212) 715-8000 |
| 1000 North King Street | Email: boneill@kramerlevin.com |
| Wilmington, Delaware 19801 | cgange@kramerlevin.com |
| Telephone: (302) 571-6600 | |
| Facsimile: (302) 571-1253 | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |
| Email: jbarry@ycst.com | |
| rbartley@ycst.com | |
| afaris@ycst.com | |
| sborovinskaya@ycst.com | |
| | |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | |