# EXHIBIT A

## Revised Proposed Final Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 8 & 39** |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a) AND 366 OF
THE BANKRUPTCY CODE, (A) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES,
(B) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE
PAYMENT, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING
ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a) and 366(b) of the Bankruptcy Code, (a) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of prepetition invoices, (b) deeming the Utility Companies adequately assured of future payment, and (c) establishing Assurance Procedures for determining additional adequate assurance of future payment and authorizing the Debtors to provide additional adequate assurance of future payment to the Utility Companies; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30543450.3

Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Subject to the Assurance Procedures set forth below, no Utility Company may (a) alter, refuse, terminate, or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Utility Deposit, as a condition to the Debtors receiving such Utility Services.

3. To the extent not already done, the Debtors shall promptly deposit, as adequate assurance for the Utility Companies, the Utility Deposit into a segregated account maintained at a bank that has entered into a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee for the District of Delaware (the "**Utility Deposit Account**") to be maintained during the pendency of these chapter 11 cases as provided for herein.

4. Subject to the Assurance Procedures set forth below, the Utility Deposit constitutes adequate assurance of future payment to the Utility Companies under section 366 of the Bankruptcy Code (the "**Adequate Assurance**").

5. The following Assurance Procedures are approved in all respects:

    a. Any Utility Company desiring assurance of future payment for utility service beyond the Adequate Assurance must serve a request

        (an "**Additional Assurance Request**") so that it is received by the following: (i) Peer Street, Inc., 2121 Park Place, Suite 250, El Segundo, California 90245 (Attn: Ellen Coleman); (ii) proposed counsel to the Debtors, (a) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Shella Borovinskaya (sborovinskaya@ycst.com)), and (b) Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Rose H. Bagley (rbagley@kramerlevin.com)); and (iii) proposed counsel to the Official Committee of Unsecured Creditors (the "**Committee**") appointed in these chapter 11 cases, (a) Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Lorenzo Marinuzzi (lmarinuzzi@mofo.com), Benjamin Butterfield (bbutterfield@mofo.com), Raff Ferraioli (rferraioli@mofo.com) and Martha E. Martir (mmartir@mofo.com)), and (b) Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, Delaware 19801 (Attn: Jennifer R. Hoover (jhoover@beneschlaw.com), Kevin M. Capuzzi (kcapuzzi@beneschlaw.com), and John C. Gentile (jgentile@beneschlaw.com)).

b.     Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iv) describe any deposits, prepayments, or other security currently held by the requesting Utility Company; and (v) explain why the requesting Utility Company believes the Adequate Assurance is not sufficient adequate assurance of future payment.

c.     Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have thirty (30) days from the date of receipt of such request (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Debtors and the applicable Utility Company also may agree to extend the Resolution Period.

d.     The Debtors may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of this Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments, and/or other forms of security, if the Debtors believe such additional assurance is reasonable. Without

       the need for any notice to, or action, order, or approval of, this Court, the Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

   e. If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code, which Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these chapter 11 cases that is not less than twenty-one (21) days after the Resolution Period or such other date and time agreed to by the parties.

   f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services, the commencement of these chapter 11 cases, or any objections to the Adequate Assurance, or requiring the Debtors to furnish any additional deposit or other security for the continued provision of services.

   g. The Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request, subject to such Utility Company's right to seek a modification of the Adequate Assurance under section 366(c)(3) of the Bankruptcy Code.

6. The Debtors are authorized, as necessary, to provide a copy of this Final Order to any Utility Company not listed on the Utility Service List (each, an "**Additional Utility Company**," and collectively, the "**Additional Utility Companies**") as such Utility Companies are identified. Promptly upon providing a copy of this Final Order to an Additional Utility Company, the Debtors shall increase the Utility Deposit by an amount equal to approximately two (2) weeks of the Debtors' estimated aggregate utility expense for such Additional Utility Company subsequent to the Petition Date. The Additional Utility Companies shall be subject to the terms of

this Final Order, including the Assurance Procedures, as of the date of service of the notice of addition of such Additional Utility Company to the Utility Service List.

7. Each Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agree to an alternative assurance of payment with the Utility Company; or (b) this Court enters an order, after a Determination Hearing, requiring that additional adequate assurance of payment be provided to the Utility Company.

8. If any utility account with a Utility Company becomes a Closed Account during the course of these chapter 11 cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Utility Deposit by withdrawing from the Utility Deposit Account the amount deposited with respect to such Closed Account upon either (a) obtaining the affected Utility Company's consent to do so or (b) filing with this Court and serving upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto. Upon the effective date of a chapter 11 plan in these chapter 11 cases, the Debtors may close the Utility Deposit Account without the need for any notice to, or action, order, or approval of, this Court.

9. Nothing in this Final Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List or is served with a copy of the interim order on the Motion previously entered by this Court, this Final Order or the Motion.

10. All time periods referenced in this Final Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. Nothing in this Final Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors, their estates, or any party in interest (including the Committee) with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

12. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.