# EXHIBIT A

**Revised Proposed Final Order**

30600115.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 10 & 40 |

**FINAL ORDER (A) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS; (B) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 1107(a), and 1108 of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors, in their discretion, to pay, in the ordinary course of business, Critical Vendor Claims; and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30543422.3

157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Subject to the terms of this Final Order, the Debtors are authorized, but not directed, in the exercise of their reasonable business judgment, to pay Critical Vendor Claims in an amount not to exceed $125,000.00 in the aggregate (including amounts paid pursuant to the Interim Order), respectively, unless otherwise ordered by this Court.

3. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims in the ordinary course of business when due, not on an accelerated basis; *provided, however*, that any Critical Vendor that accepts payment pursuant to the authority granted in this Final Order must agree to supply the Services to the Debtors post-petition on Customary Trade Terms (as defined below) or on such other favorable terms as are acceptable to the Debtors. If a creditor is paid on account of a prepetition obligation, then the Official Committee of Unsecured Creditors (the "**Committee**") shall be provided with copies of any underlying agreements or written verifications related to such creditor's Customary Trade Terms and, as applicable, any new trade agreements related thereto.

4. Any Critical Vendor that accepts payment pursuant to the authority granted in this Final Order shall be deemed to agree to the terms and provisions of this Final Order. The Debtors shall provide a copy of this Final Order to any Critical Vendor to whom a payment is made pursuant to this Final Order.

30543422.3

5.  Neither the Debtors nor any other party in interest (including the Committee) concedes that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order are valid, and the Debtors and the Committee expressly reserve the right to contest the extent, validity, or perfection or seek the avoidance of all such liens.

6.  The Debtors shall condition the payment of Critical Vendor Claims on the agreement of a Critical Vendor to continue supplying the Services to the Debtors on terms that are as or more favorable to the Debtors as the most favorable trade terms, practices, and programs in effect between the Critical Vendor and the Debtors in the six (6) month period preceding the Petition Date (the "**Customary Trade Terms**"), or such other trade terms as are agreed to by the Debtors and the Critical Vendor.

7.  The Debtors may, in their sole discretion, declare a Trade Agreement with an individual Critical Vendor terminated, together with the other benefits to the Critical Vendor as contained in this Final Order, on the date the Debtors deliver notice to the Critical Vendor that the Critical Vendor (a) has not complied with the terms and provisions of the Trade Agreement or (b) has failed to continue to provide Customary Trade Terms to the Debtors.

8.  If a Trade Agreement is terminated as set forth above or a Critical Vendor who has received payment of a prepetition claim later refuses to continue to supply the Services to the Debtors on Customary Trade Terms during the pendency of these chapter 11 cases, the Debtors may declare (a) that the payment of such Critical Vendor Claim is a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover in cash from such Critical Vendor (including by setoff against postpetition obligations), or (b) that the Critical Vendor shall immediately return the payment of its Critical Vendor Claim without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets or any type whatsoever ,

it being the explicit intention of this Court to return the parties to their position immediately prior to entry of this Final Order with respect to all prepetition claims.

9. The execution of a Trade Agreement by the Debtors shall not constitute a waiver of any cause of action, including any avoidance action that may be held by the Debtors.

10. The Debtors shall maintain a matrix summarizing (a) the name of each Critical Vendor paid on account of all prepetition and postpetition obligations, (b) the amount paid to each Critical Vendor on account of all prepetition and postpetition obligations, and (c) a brief description of the Critical Vendor payments. Commencing the week of July 31, 2023, and continuing throughout the duration of these chapter 11 cases, the Debtors shall provide the matrix to the advisors of the Committee, every week, commencing on the first Monday/on the last day of the month following the entry of this Final Order. In the event that there is a payment to a Critical Vendor (whether pursuant to an executed trade agreement or otherwise) (i) in excess of 25% of the estimation in the matrix, or (ii) to a Critical Vendor not previously included in the matrix in an amount greater than $10,000.00, then the Committee should receive five (5) days' notice of such executed trade agreement or payment, as the case may be. The Debtors shall not make any such payment if it is objected to by the Committee without further order of the Court.

11. Nothing herein shall prejudice the Debtors' rights to request additional authority to pay Critical Vendor Claims.

12. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Critical Vendor Claims that are dishonored or rejected.

13. Nothing in this Final Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission

30543422.3

as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors, their estates, or any party in interest (including the Committee) with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

14. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.