**Exhibit A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 60 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**" or the "**Firm**") as co-counsel to the Debtors, effective as of the Petition Date; and upon consideration of the Barry Declaration and the Dunn Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code because (a) Young Conaway has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the Barry Declaration, (b) Young Conaway is not a creditor, equity security holder, or insider of the Debtors, (c) none of Young Conaway's members or employees are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtors, and (d) Young Conaway does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ the firm of Young Conaway as their counsel on the terms set forth in the Application and the Barry Declaration, effective as of the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such

other orders as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these chapter 11 cases. Young Conaway shall make a reasonable effort to comply with the U.S. Trustee Guidelines.

    4. Young Conaway shall provide five (5) business days' notice to the Debtors, the U.S. Trustee, and the Creditors Committee in connection with any increase of its hourly rates occurring after the date of this Order. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

    5. Notwithstanding anything in the Application or the Declarations to the contrary, Young Conaway shall seek reimbursement from the Debtors' estates for its engagement related expenses at the firm's actual cost, subject to the provisions of Local Rule 2016-2(e).

    6. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

    7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.