# EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 61 |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, establishing procedures for interim compensation and reimbursement of expenses for professionals and official creditors' committee members (if any); and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30194561.8

the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in an order of this Court authorizing the retention of specific Professionals, all Professionals in these chapter 11 cases retained by the Debtors or the official creditors' committee appointed in these chapter 11 cases (the "**Committee**") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "**Compensation Procedures**"):

   a. On or after the 5th day of each calendar month following the month for which compensation is sought, each Professional may file an application (a "**Monthly Fee Application**") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by electronic or regular mail on each of the following parties (collectively, the "**Notice Parties**"):

      i. Peer Street, Inc., c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer;

      ii. proposed co-counsel to the Debtors, (a) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Joseph Barry, Esq. (jbarry@ycst.com), Ryan M. Bartley, Esq. (rbartley@ycst.com), and S. Alexander Faris, Esq. (afaris@ycst.com); and (b) Kramer Levin Naftalis & Levin LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: P. Bradley O'Neill, Esq. (boneill@kramerlevin.com);

      iii. the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov);

      iv. counsel to Magnetar Financial LLC as agent for the prepetition secured lenders: (a) Royer, Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, NY 10036, (Attn: Marc E. Hirschfield (mhirschfield@rccblaw.com)) and (b) Richards, Layton, & Finger, P.A., One Rodney Square, 920

    North King Street, Wilmington, DE 19801 (Attn: Russell C. Silberglied (silberglied@rlf.com)); and

  v. proposed counsel to the Committee appointed in these chapter 11 cases, (a) Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Lorenzo Marinuzzi (lmarinuzzi@mofo.com), Benjamin Butterfield (bbutterfield@mofo.com), Raff Ferraioli (rferraioli@mofo.com) and Martha E. Martir (mmartir@mofo.com)), and (b) Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, Delaware 19801 (Attn: Jennifer R. Hoover (jhoover@beneschlaw.com), Kevin M. Capuzzi (kcapuzzi@beneschlaw.com), and John C. Gentile (jgentile@beneschlaw.com).

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including a request for compensation earned or expenses incurred during any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2. Professionals may file their first Monthly Fee Application covering the period from the Petition Date through July 31, 2023 on or after August 5, 2023.

 b. Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "**Review Period**"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "**Notice of Objection**") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

 c. Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the fees and expenses requested in its Monthly Fee Application (each, a "**CNO**"). After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application. If a Notice of Objection was timely received and remains unresolved, a Professional may file a CNO with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application, and the Debtors are authorized and directed to pay the Professional an amount (the "**Reduced Monthly Payment**") equal to 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d. If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment. If, however, the parties are unable to reach a complete resolution of the objection within 10 days after service of the Notice of Objection, unless otherwise agreed by the parties, the objecting party shall file its objection (the "**Objection**") with the Court within 21 business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for a hearing on the matter, or (ii) forego filing a response to the Objection and seeking payment of the disputed amounts until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

e. At three-month intervals or such other intervals convenient to the Court (the "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, in connection with the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying the following:

   i. the Monthly Fee Applications that are the subject of the request;

   ii. the amount of fees and expenses requested;

   iii. the amount of fees and expenses paid to date and/or subject to an Objection;

   iv. the deadline for parties to file objections (the "**Additional Objections**") to the Interim Fee Application; and

   v. any other information requested by the Court or required by the Local Rules.

Additional Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 14th day following service of the applicable Interim Fee Application.

f. The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every three months, or at such other intervals

as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

g. The first Interim Fee Period will cover the period from the Petition Date through September 30, 2023. Each Professional must file and serve its first Interim Fee Application on or before October 20, 2023.

h. The pendency of an Objection or Additional Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

i. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures, nor (ii) the filing of or failure to file an Objection or Additional Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

3. Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Committee (excluding fees and expenses of counsel to individual committee members), with supporting documentation to Committee counsel, which counsel shall collect and submit such Committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of the Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

4. In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is employed and retained pursuant to an order allowing the Debtors' retention of professionals in the ordinary course of business and is not required to file fee applications in

accordance with the terms thereof, shall (a) apply for compensation for professional services rendered and for reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court and (b) will make a reasonable effort to comply with the requests from the Office of the United States Trustee for the District of Delaware for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.

5. The Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties entitled to notice shall be entitled to receive only notices of hearings on the Interim Fee Applications and Final Fee Applications.

6. Each member of the Committee, or any other official committee appointed by the U.S. Trustee, shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective official committee's counsel, which counsel will collect and submit such committee members' requests for reimbursement to the Debtors in accordance with the Compensation Procedures, to the extent reimbursement is permitted under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or other applicable law.

7. All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

8. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Professionals.

9. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.