# EXHIBIT A

## Revised Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 62 |

### ORDER AUTHORIZING (A) THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE AND (B) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to sections 105(a), 327, 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, (a) authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals on an "as needed" basis, without the submission of employment applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred by such Ordinary Course Professional, without the submission of fee applications for each Ordinary Course Professional, and (b) waiving certain information requirements of Local Rule 2016-2, at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

30506212.11

ny-2596507

such time as they would be applicable, in connection therewith; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Subject to the procedures set forth below, the Debtors are authorized, but not directed, to retain, effective as of the Petition Date, the professionals listed on Exhibits 1-A and 1-B attached hereto (collectively, the "**Ordinary Course Professionals**"), without the need to file employment applications for each Ordinary Course Professional.

3. At least fourteen (14) days before submitting invoices to the Debtors, each Ordinary Course Professional shall file with this Court, and serve upon (a) proposed co-counsel to the Debtors, (i) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, (Attn: Joseph M. Barry, Esq. (jbarry@ycst.com), Ryan M. Bartley, Esq. (rbartley@ycst.com), and S. Alexander Faris, Esq. (afaris@ycst.com)), and (ii) Kramer Levin Naftalis & Levin LLP, 1177 Avenue of the Americas, New York, NY 10036, (Attn: P. Bradley O'Neill, Esq. (boneill@kramerlevin.com)); (b) co-counsel to Magnetar Financial LLC (i) Royer Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, NY 10036,

(Attn: Marc E. Hirschfield, Esq. (mhirschfield@rccblaw.com)) and (ii) Richards, Layton, & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Russell C. Silberglied, Esq. (silberglied@rlf.com)), as agent for the prepetition secured lenders (the "**Agent**"); (c) proposed counsel to the Official Committee of Unsecured Creditors (the "**Committee**") appointed in these chapter 11 cases, (a) Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Lorenzo Marinuzzi (lmarinuzzi@mofo.com), Benjamin Butterfield (bbutterfield@mofo.com), Raff Ferraioli (rferraioli@mofo.com) and Martha E. Martir (mmartir@mofo.com)), and (b) Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, Delaware 19801 (Attn: Jennifer R. Hoover (jhoover@beneschlaw.com), Kevin M. Capuzzi (kcapuzzi@beneschlaw.com), and John C. Gentile (jgentile@beneschlaw.com); and (d) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov)) (collectively, the "**Notice Parties**"), a disclosure declaration of the proposed professional (the "**Declaration**") in substantially the form attached hereto as Exhibit 2, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest and the results of such search; (b) a description of the proposed scope of services to be provided by such Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; (e) whether the Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour (0.1) increments and, if it does not, the time increments the Ordinary Course Professional does maintain in the ordinary course of business; and (f) to the extent that such Ordinary Course Professional was not providing services as of the Petition Date, the date on which

30506212.11

3

ny-2596507

such services began postpetition. Each such Ordinary Course Professional shall periodically update its Declaration of Disinterestedness to the extent necessary to reflect new facts or circumstances relevant to its retention.

4. The Notice Parties and any other party in interest shall have fourteen (14) days after service of each Ordinary Course Professional's Declaration to object to the retention of such Ordinary Course Professional. Any objection shall be timely filed with this Court and served upon the relevant Ordinary Course Professional and the Notice Parties. If no timely objection is filed and served in respect of an Ordinary Course Professional, or if any objection is resolved or withdrawn, the Debtors shall be authorized to retain such Ordinary Course Professional on a final basis without further order of this Court. If any such objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors. If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

5. Absent further order of this Court, the Debtors may not make any payments to any Ordinary Course Professional unless and until such Ordinary Course Professional is authorized to be retained under the procedures set forth herein.

6. The Debtors are authorized in their reasonable discretion, without need for further hearing or order from this Court, to employ and retain professionals not currently listed on **Exhibits 1-A** and **1-B** hereto by filing with this Court, and serving on the other Notice Parties, a Supplemental Notice listing the name of such proposed additional Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with

the terms of this Order, including, without limitation, the procedures set forth in paragraphs 3, 4, and 5 hereof.  The Notice Parties and any other party in interest shall have fourteen (14) days after service of a Declaration to object to the retention of such professional.  Any objection will be handled pursuant to the procedures set forth in paragraphs 3, 4, and 5 hereof.  If no objection to the retention of the Ordinary Course Professional is filed and served, or all objections are resolved and/or withdrawn, the Debtors shall be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

7. The Debtors are authorized, but not directed, to pay to each Ordinary Course Professional, in the manner customarily made by the Debtors and without any application to this Court by any Ordinary Course Professional, one hundred percent (100%) of each such Ordinary Course Professional's fees and expenses; *provided, however*, that subject to further order of the Court, the Debtors shall not pay any individual Ordinary Course Professional listed on **Exhibit 1-A** to the Proposed Order in excess of $25,000 per month, on average, over the prior rolling three-month period, for post-petition compensation and reimbursement of post-petition expenses, and similarly, the Debtors shall not pay any individual Ordinary Course Professional listed on **Exhibit 1-B** to the Proposed Order in excess of $70,000 per month, on average, over the prior rolling three-month period, for post-petition compensation and reimbursement of post-petition expenses (each an "**OCP Cap**," and together, the "**OCP Caps**").  Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered and expenses incurred, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

8. If an Ordinary Course Professional exceeds an OCP Cap, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary

Course Professional's fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of this Court, *provided, however*, that if an Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour (0.1) increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved or withdrawn, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains its time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors. No Ordinary Course Professional shall be required to submit interim or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded the OCP Cap.

9. Within thirty (30) days after the last day of each three month period during these chapter 11 cases, the Debtors shall file with this Court and serve upon the Notice Parties a statement (the "**OCP Statement**") that includes the following information for each Ordinary Course Professional: (a) the name of each Ordinary Course Professional; (b) the aggregate amounts paid per month as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered. The first OCP Statement is due on October 30, 2023 for the period from the Petition Date through and including September 30, 2023.

10. Notwithstanding anything else herein, nothing in this Order shall prevent the U.S. Trustee or the Committee from seeking a determination from the Court (a) requiring an Ordinary Course Professional to file a separate retention application under section 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Cap.

30506212.11

6

ny-2596507

11. For the avoidance of doubt, this Order shall not apply to any professional retained by the Debtors or the Committee pursuant to a separate order of the Court.

12. Nothing in this Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors, their estates, or any other party in interest (including the Committee) with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

13. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## EXHIBIT 1-A

## Ordinary Course Professionals Subject to $25,000 Cap

| Ordinary Course Professional | Mailing Address | Services Provided |
|---|---|---|
| Armanino LLP | 50 West San Fernando St., Suite 500, San Jose, CA 95113 | Audit & Tax Advice |
| Brothers Smith LLP | 2033 N Main St., Suite 720 Walnut Creek, CA 94596 | California Elder Abuse Counsel |
| Cannon Law, LLC | P.O. Box 678, Lewis Center, OH 43035 | REO/Foreclosure Counsel |
| Cole-Frieman & Mallon LLP | One Sansome St., Suite 1895, San Francisco, CA 94104 | OppFund Outside Counsel |
| Cruikshank Ersin, LLC | Northside Tower 6065 Roswell Rd. NE, Suite 680, Atlanta, GA 30328 | REO/Foreclosure Counsel |
| Diaz Anselmo & Associates LLC | 1771 W. Diehl Rd., Suite 120, Naperville, IL 60563 | REO/Foreclosure Counsel |
| Ford & Paulekas, LLP | 280 Trumbull St., Hartford, CT 06103 | REO/Foreclosure Counsel |
| Fox Rothschild LLP | 2000 Market St., 20th Floor, Philadelphia, PA 19103 | Defense Counsel in RICO Action |

| **Ordinary Course Professional** | **Mailing Address** | **Services Provided** |
|---|---|---|
| Frenkel Lambert Weiss & Gordon | 53 Gibson St., Bay Shore, NY 11706 | REO/Foreclosure Counsel |
| Friedman Vartolo LLP | 1325 Franklin Ave., Suite 160, Garden City, NY 11530 | New York CEMA[1] Counsel |
| Houlihan Lokey Financial Advisors | 10250 Constellation Blvd, 5th Floor Los Angeles, CA 90067 | Valuation of "PS Portfolio" Assets |
| Marinosci Law Group | 275 W. Natick Rd., Suite 500, Warwick, RI 2886 | REO/Foreclosure Counsel |
| Roach & Lin, P.C. | 6901 Jericho Turnpike, Suite 240, Syosset, NY 11791 | REO/Foreclosure Counsel |
| Sandberg Phoenix | 600 Washington Ave., St. Louis, MO 63101 | REO/Foreclosure Counsel |
| Schwegman Lundberg Woessner | 1600 TCF Tower, 121 South Eighth St., Minneapolis, MN 55402 | Patent Counsel |
| Sirlin, Lesser & Benson, P.C. | 123 South Broad St., Suite 2100, Philadelphia PA, 19109 | REO/Foreclosure Counsel |

---

[1] CEMA stands for "Consolidation, Extension and Modification Agreement" and is an option available to New York residents looking to refinance their mortgage.

| **Ordinary Course Professional** | **Mailing Address** | **Services Provided** |
|---|---|---|
| Stern & Eisenberg | 500 Creek View Rd., Suite 304, Newark, DE 19711 | REO/Foreclosure Counsel |
| Stoll Keenon Ogden PLLC | P.O. Box 11969, Lexington, KY 40579 | REO/Foreclosure Counsel |
| The Margolin & Weinreb Law Group LLP | 165 Eileen Way, Suite 101, Syosset, NY 11791 | REO/Foreclosure Counsel |
| Trenam Law | 200 Central Ave., Suite 1600, St. Petersburg, FL 33701 | REO/Foreclosure Counsel |
| Van Winkle Buck Wall Starnes and Davis PA | 11 North Market St., Asheville, NC 28801 | REO/Foreclosure Counsel |
| Wilson Sonsini Goodrich & Rosati | P.O. Box 742866, Los Angeles, CA 90074 | Securities Counsel |

## EXHIBIT 1-B

**Ordinary Course Professionals Subject to $70,000 Cap**

| Ordinary Course Professional | Mailing Address | Services Provided |
|---|---|---|
| Burr & Forman LLP | P.O. Box 830719, Birmingham, AL 35283 | REO/Foreclosure Counsel |
| Latimer LeVay Fyock LLC | 55 West Monroe St., Suite 1100, Chicago, IL 60603 | REO/Foreclosure Counsel |
| Law Offices of Tae H. Whang, LLC | 185 Bridge Plaza North, Suite 201, Fort Lee, NJ 07024 | REO/Foreclosure Counsel |
| McMichael Taylor Gray, LLC | 3550 Engineering Dr., Suite 260, Peachtree Corners, GA 30092 | REO/Foreclosure Counsel |
| Snell & Wilmer LLP | 600 Anton Blvd, Suite 1400, Costa Mesa, CA 92626<br><br>400 E. Van Buren St., Suite 1900, Phoenix, AZ 85004 | Employment and General Litigation Counsel |
| The Chartwell Law Offices, LLP | 970 Rittenhouse Rd., Suite 300, Eagleville, PA 19403 | REO/Foreclosure Counsel |

# EXHIBIT 2

**Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:** _____ |

### DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

1. I, _____, hereby declare that the following is true to the best of my knowledge, information and belief:

2. I am a _____ of _____ (the "**Firm**") which maintains offices at [address].

3. This Declaration is submitted in connection with the order (the "**OCP Order**") of the United States Bankruptcy Court for the District of Delaware dated _____, 2023, authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (these "**Chapter 11 Cases**").

4. The Firm [is / is not] a legal services firm.

5. The Firm has represented and advised the Debtors as _____ with respect to _____, since [insert date].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30506212.11

ny-2596507

6. As of the Petition Date, the Firm held a retainer in the amount of $_____.

7. The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: [Insert description].

8. The Firm's current customary [hourly] rates, subject to change from time to time, are $_____. In the normal course of business, the Firm revises its regular [hourly] rates and advises that, effective _____ of each year, the aforementioned rates will be revised to the regular [hourly] rates that will be in effect at that time.[2]

9. The Firm keeps in the ordinary course of business time records in one-tenth-of-an-hour (0.1) increments. [If the firm does not keep time in one-tenth-of-an-hour increments, explain how time records are kept.]

10. To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee, or any person employed by the Office of the United States Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

11. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any professional thereof has any connection with, or currently represents, any of the Debtors' creditors or other parties in interest with respect to the matters upon which it is to be engaged.

---

[2] [Disclose billing rates for Debtors if different from firm's customary rates.]

12. In addition, although unascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these pending Chapter 11 Cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates. I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such representation impair the Firm's ability to represent the Debtors in these Chapter 11 Cases.

13. The Firm's process of ascertaining whether it holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders consists of the following: _____.

14. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matter in which the Firm will be engaged.

15. In the past year, the Firm has been paid $_____ by the Debtors in respect of services rendered to the Debtors. In addition, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $_____ on account of prepetition services. [For non-legal firms: The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

16. I also understand the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event its fees and expenses exceed a total of $[___],000 per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of the Court.

17. Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of the Court.

18. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

19. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

20. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                      _____
                                                      [NAME]
                                                      [ADDRESS]