# EXHIBIT B

**Blackline**

30598854.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

### ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF PIPER SANDLER LOAN STRATEGIES, LLC AS EXCLUSIVE INTRODUCING BROKER FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE; AND (II) WAIVING THE INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(d)

Upon the Debtors' application (the "**Application**")[2] for entry of an order (this "**Order**") authorizing the employment and retention of Piper Sandler Loan Strategies, LLC ("**Piper Sandler**") as the Debtors' exclusive introducing broker, effective as of the Petition Date, as more fully described in the Application; and due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application and the relief requested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used, but not otherwise defined, herein have the meaning given to them in the Application.

therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Application and the Smith Declaration; and this Court having found and determined that (a) Piper Sandler does not hold or represent any interest adverse to the Debtors' estates ~~with respect to the matters upon which it is to be employed~~, (b) Piper Sandler is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code, and (c) employment of Piper Sandler is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor,

  **IT IS HEREBY ORDERED THAT:**

  1. The Application is GRANTED as set forth herein.

  2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, effective as of the Petition Date, to employ and retain Piper Sandler as their exclusive introducing broker in accordance with the terms and conditions set forth in the Application and the Retention Agreement attached to the Application as **Exhibit C**, subject to the terms of this Order.

  3. The terms of the Retention Agreement, including the compensation and expense reimbursement provisions and the indemnification provisions contained in the Retention Agreement and the attachment thereto, are ~~reasonable terms and conditions of employment and are~~ hereby approved pursuant to sections 327(a) and 328(a), as modified by this Order.

  4. Piper Sandler shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Retention Agreement, subject to Piper Sandler filing a final fee application, as applicable, seeking approval of the payment of

its fees and expenses, pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines.

5. Notwithstanding paragraph 3 of this Order and any provision to the contrary in the Application or the Retention Agreement, the U.S. Trustee shall have the right to object to Piper Sandler's request for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code~~; provided, however, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in this case to fees paid to comparable brokerage firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.~~.

6. The Indemnification Provisions set forth in the Retention Agreement are approved, subject during the pendency of the Chapter 11 Cases to the following:

   a. Piper Sandler shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Retention Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

   b. The Debtors shall have no obligation to indemnify Piper Sandler, or provide contribution or reimbursement to Piper Sandler, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Piper Sandler's gross negligence, fraud, willful misconduct, self-dealing or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of Piper Sandler's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Piper Sandler should not receive indemnity, contribution, or reimbursement under the terms of the Retention Agreement as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, Piper Sandler believes that it is entitled to the payment of any

amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Retention Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, Piper Sandler must file an application therefor in this Court, and the Debtors may not pay any such amounts to Piper Sandler before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Piper Sandler for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Piper Sandler.  All parties in interest shall retain the right to object to any demand by Piper Sandler for indemnification, contribution, or reimbursement.

7. In the event that Piper Sander seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Retention Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Piper Sandler's own applications, and these invoices and time records shall be subject to the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8. Notwithstanding any provision in the Retention Agreement to the contrary, there shall be no limitation on liability or contribution under the Retention Agreement or Indemnification Provisions.

9. Piper Sandler is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d).  In particular, Piper Sandler is authorized to maintain time records in ~~one hour~~**half-hour** (~~1.0~~**0.5**) increments setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors,

4

Piper Sander's personnel in administrative departments (including internal legal) shall not be required to keep time records, and Piper Sandler's professionals shall not be required to keep time records on a project category basis.

**10.     Notwithstanding anything to the contrary in the Application, the Smith Declaration, or the Retention Agreement, during the course of these Chapter 11 Cases, any provision in the Retention Agreement to the effect that Piper Sandler is not acting as a fiduciary of the Debtors shall have no force or effect.**

~~10~~**11**.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

~~11~~**12**.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

5