## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  July 28, 2023 at 10:00 a.m. (ET)**<br>**Objection Deadline:  At the Hearing** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL AN EXHIBIT RELATED TO THE DECLARATION OF DAVID DUNN IN SUPPORT OF THE DEBTORS' NON-INSIDER KEY EMPLOYEE RETENTION PROGRAM; AND (II) DIRECTING PARTIES TO REDACT CONFIDENTIAL INFORMATION IN ALL RELATED PLEADINGS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Seal Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to file under seal an exhibit (the "**KERP Exhibit**") to the *Declaration of David Dunn in Support of the Debtors' Non-Insider Key Employee Retention Program* [D.I. 126] (the "**Declaration**") filed in support of the Debtors' non-insider key employee retention program (the "**Retention Plan**") as more fully described in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Prepetition Wages, Salaries, and Other Compensation, (II) Authorizing Continuation of Employee Benefit Programs, (III) Authorizing Banks to Honor and Process*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

*Checks and Transfers Related to Such Employee Obligations, and (IV) Granting Related Relief* (the "**Wages Motion**"), filed on the Petition Date (as defined below).[2]

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2018.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Seal Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1(b).

## BACKGROUND

4.      On June 26, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration (defined below) or Wages Motion, as applicable.

has been appointed in these Chapter 11 Cases.  On July 10, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") [D.I. 84].

5.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of David M. Dunn in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 3] (the "**First Day Declaration**").

6.    Contemporaneously herewith, the Debtors have filed the Declaration and the KERP Exhibit which disclose: (i) names of the non-insider Retention Plan participants (collectively, the "**Eligible Employees**"), (ii) the Eligible Employees' titles, (iii) the Eligible Employees' target end date for employment, and (iv) the proposed Retention Plan payments for each Eligible Employees (collectively, the "**KERP Information**").  The Declaration and the KERP Exhibit have been filed under seal in accordance with the relief sought herein.

## RELIEF REQUESTED

7.    By this Seal Motion, the Debtors seek entry of an order substantially in the form of the Proposed Order, authorizing the Debtors to file the Declaration and the KERP Exhibit attached thereto under seal.  In addition, the Debtors request that the Court direct parties to redact confidential information in any pleadings that are filed that are related or responsive to the Wages Motion, or in response to the relief sought herein.

## PROPOSED KERP REDACTIONS

8.    Given the sensitive nature of the KERP Information, the Debtors seek to file the portions of the Declaration and the KERP Exhibit attached containing thereto KERP Information under seal.  Section 107(b) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

9.    Bankruptcy Rule 9018 provides the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

10.    If the Court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp*., 21 F.3d 24, 27 (2d. Cir. 1994) (emphasis in original).  Delaware courts have defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp*., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27–28).

11.    Here, the Declaration and the KERP Exhibit attached thereto contain sensitive non-public information that identifies the non-insider Eligible Employees, their positions, and the projected payments under the Retention Plan.  As discussed in greater detail in the Wages Motion, the Eligible Employees—all non-insider employees of the Debtors—are critical to the success of these Chapter 11 Cases, and their identities and compensation details constitute commercial information that must be protected.  If the KERP Information were publicly disclosed, competitors in the Debtors' industry would gain an unfair advantage because they could potentially use such information to lure the Debtors' uniquely-trained and qualified workforce away by offering enhanced compensation and benefits.

12.     As a business in the highly competitive real-estate technology industry, the Debtors are particularly vulnerable to the possible (if not likely) poaching of the Debtors' key employees, a result that the Debtors cannot afford while they pursue a value-maximizing sale of their business. Indeed, the Eligible Employees each play a pivotal role in preserving brand value and facilitating broad interest in the subject assets.

13.     As discussed further in the Wages Motion, the knowledge and skills of the Eligible Employees are essential to maximizing the value of the Debtors' estates during the duration of these Chapter 11 Cases.  The loss of any Eligible Employee at this challenging time would impair the Debtors' business operations and impede the Debtors' sale process.  Accordingly, the Debtors believe that it is critically important that any and all information that could be used to identify the Eligible Employees should not be publicly disclosed to ensure that as many key employees as possible elect to remain with the Debtors during the course of the Chapter 11 Cases.

14.     In addition, public disclosure of the KERP Information will likely cause harm or distress to the Debtors' workforce, thus lowering employee morale and further disrupting the Debtors' ordinary course business operations.  Publicly revealing this information may cause internal strife, resentment, and dissent among employees.  *See, e.g.*, *In re Brookstone Holdings Corp.*, Case No. 14-10752 (BLS) (Bankr. D. Del. May 12, 2014) [Docket No. 326] ("Employee compensation issues [are] a concern about exposure, embarrassment, and stress for these individuals . . . .").

15.     The Retention Plan was designed to properly incentivize the Eligible Employees to commit the substantial additional time and effort necessary to navigate these Chapter 11 Cases, conduct a successful sale process, and ensure that the Eligible Employees remain with the Debtors throughout the course of these Chapter 11 Cases to help manage the Debtors' ongoing operations,

administration of their estates and, ultimately, a strategic wind down of the Debtors' operations in a manner that will maximize the value for their assets.  If the Debtors are required to disclose the confidential information contained in the Declaration and the KERP Exhibit attached thereto, it could result in, among other things, employee departures and decreased employee morale, which would undercut the very purpose of the Retention Plan and cause substantial harm to the Debtors' estates, to the detriment of their creditors and other interested parties.

16.    For the above reasons, the Debtors respectfully request that the Court permit the Debtors to file the Declaration and the KERP Exhibit attached thereto under seal, thereby protecting the names, titles, and wage information of the Eligible Employees.  To the extent that parties file responsive pleadings to this Seal Motion or the Wages Motion, the Debtors respectfully request that the Court order such parties to redact any information regarding the names, titles, and wage information of the Eligible Employees in their pleadings without the need for further orders from the Court.

17.    The Debtors have provided or will provide an unredacted version of the Declaration and the KERP Exhibit to the Court, counsel to the Committee, counsel to Magnetar Financial, LLC, and the U.S. Trustee, on a confidential basis.

18.    The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(iv)(d), that it would be futile for the Debtors to confer with the Eligible Employees regarding the redaction of the KERP Information because such information is so inherently sensitive, and the proposed redactions sufficiently narrow, as to obviate the need to confer with the Eligible Employees about the scope and need for redaction.  A proposed redacted version of the Declaration and the KERP Exhibit attached thereto is being filed contemporaneously herewith.

## **<u>NOTICE</u>**

19.     The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) counsel to Magnetar Financial, LLC, and (iv) all parties that have filed a notice of appearance and request for service of papers pursuant to Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank.]*

30599691.2

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: July 26, 2023

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ S. Alexander Faris*

Joseph Barry (Del. Bar No. 4221)
Ryan M. Bartley (Del. Bar No. 4985)
S. Alexander Faris (Del. Bar No. 6278)
Shella Borovinskaya (Del. Bar No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  jbarry@ycst.com
        rbartley@ycst.com
        afaris@ycst.com
        sborovinskaya@ycst.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

P. Bradley O'Neill (admitted *pro hac vice*)
Caroline Gange (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9511
Facsimile:  (212) 715-8000
Email:  boneill@kramerlevin.com
        cgange@kramerlevin.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*