its collateral in cash. All disputes as to the applicable cash portion of the Lien Holder's bid will be determined at the sale hearing. Lien Holders shall not be required to submit a Good Faith Deposit, but will be required to tender the required cash portion and enter into a sale contract within 14 days of the Sale Order, and close within 14 days after execution of a sale contract.

18. If a Lien Holder ultimately is found to be a successful purchaser by credit bid and its claim or lien is ultimately determined to be invalid or transferred to the bankruptcy estate pursuant to 11 U.S.C. § 510(c), in whole or in part, then such Lien Holder will be obligated to pay cash to the bankruptcy estates to make up the difference between its valid/non-transferred lien and claim and its credit bid, or as otherwise set forth in any agreement with the Trustee or ordered by the Court.

19. A party asserting a Credit Bid Right must make a Credit Bid by the Bid Deadline, but will otherwise be considered a Qualified Bidder. The initial Credit Bid shall be in the form of a written Competing Contract duly executed by the Lien Holder in substantially the same form as the Stalking Horse Contract with changes only regarding the Property and contracts being purchased, the form of consideration, and changes acceptable to Trustee, together with a copy of such agreement marked to show the specific changes to the Stalking Horse Contract that the Potential Bidder requires (which marked copy may be an electronic comparison of the written Competing Contract submitted and the Stalking Horse Contract).

### I. Sale Hearing

20. A hearing to consider the Sale Motion for the Property and approval of the Successful Bid will be held on _____, 2022 at _:00 _.m. prevailing Central time (the "**Sale Hearing**"). The Sale Hearing will be a virtual hearing unless otherwise designated by the Bankruptcy Court. The Sale Hearing may be adjourned or rescheduled as ordered by the Bankruptcy Court without further notice to creditors and parties in interest other than by announcement by the Trustee of the adjourned date at the Sale Hearing. The Trustee may also request that the Bankruptcy Court set the Sale Hearing as an evidentiary hearing in order to determine any factual matters that may need to be established in order for the Court to approve the Sale.

21. The Trustee's presentation to the Bankruptcy Court for approval of the Successful Bid does not constitute the Trustee's acceptance of the Bid. The Trustee will be deemed to have accepted a Bid only when the Bid has been approved by Order of the Bankruptcy Court. Distribution of the sale proceeds will be taken up at the Sale Hearing(s) or such other date and time as may be directed by the Court and/or upon the agreement of the impacted parties.

### J. Objections

22. Objections, if any, to the Sale Motion shall be filed on the docket of the Bankruptcy Court on or before **5:00 p.m., prevailing Central time on** _____, **2022, or such other time as the Trustee may agree or as the Court may order** (the "**Objection Deadline**").

23. Objections to the Stalking Horse Contract shall be made on or before the hearing to approve the Bidding Procedures. If no objections to the Stalking Horse Contract are received prior

F-7

to the hearing on Bidding Procedures, then the Stalking Horse Contract shall not be subject to further objection, but will remain subject to higher bids and the auction process, if additional Qualified Bids are received by the Bid Deadline.

## MODIFICATIONS

The Trustee, after consultation with the applicable Lenders and the Committee, may (a) reject at any time before entry of an Order of the Bankruptcy Court approving the successful bid(s), any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interests of the Debtor's estates and its creditors, and (b) impose such other terms and conditions upon bidders as the Trustee determines to be in the best interests of the Debtor's estate in this case. Notwithstanding anything to the contrary herein, the procedures related to the Credit Bid Right may only be modified with the consent of the impacted Lien Holders. To the extent that any Lien Holder(s) consent is required under these Bid Procedures and such consent is withheld, Trustee shall have the right to pursue, and the Lien Holder(s) may oppose, approval from the Bankruptcy Court without the consent of the Lien Holder(s). Additionally, in those instances where consent is not required, but only consultation, nothing herein shall prohibit a Lender from seeking immediate Court intervention to the extent that after consultation with the Trustee, the Lender disagrees with the Trustee's proposed course of action.

### Back-Up Bidders

If any Auction Participant whose Qualified Bid is a Successful Bid (a "**Successful Bidder**") fails to consummate the Transaction because of a breach or failure to perform on the part of such Successful Bidder, or for any reason other than the failure of the Bankruptcy Court to approve the terms of the Transaction, the Auction Participant that had submitted the next highest or otherwise best Qualified Bid for the same asset or assets of the estates at the Auction or prior to the Auction (the "**Back-Up Bidder**")[6] will be deemed to be the Successful Bidder, and Trustee will be authorized to consummate the Transaction with such Auction Participant without further order of the Bankruptcy Court, and such Qualified Bid shall thereupon be deemed the Successful Bid; provided that upon being notified that its Qualified Bid has become the Successful Bid, the Auction Participant submitting such Qualified Bid shall within three (3) business days after such notification provide a Good Faith Deposit (unless such Auction Participant previously shall have provided a Good Faith Deposit that shall not have been returned as described below). Upon providing such Good Faith Deposit, such Auction Participant shall be deemed the Successful Bidder. If any Auction Participant fails to consummate the Transaction because of a breach or failure to perform on the part of such Auction Participant (including, without limitation, the failure to timely deposit the Good Faith Deposit), the process described above may continue with other Auction Participants in decreasing order of the Qualified Bids as determined by Trustee, until an Auction Participant shall consummate the Transaction.

### Disposition of Good Faith Deposit

---

[6] Including the Stalking Horse Purchaser as provided in the Stalking Horse Contract

F-8

24. Except as otherwise provided in the Stalking Horse Contract, the Good Faith Deposit of the Successful Bidder(s), or a Back-Up Bidder that consummates a transaction in place of a Successful Bidder as provided for herein, shall be retained by Trustee and applied toward the payment of the Successful Bid(s) at the closing of the Transaction. If any Successful or Back-Up Bidder fails, for any reason other than Bankruptcy Court denial of the Transaction, to close a Transaction, then the Good Faith Deposit shall be retained by Debtor's estate as partial damages for the failure to consummate the Transaction (the "**Forfeited Good Faith Deposit**"). The Good Faith Deposit of all Qualified Bidders (other than the Successful Bidder(s), a Back-Up Bidder that consummates a Transaction in place of a Successful Bidder as provided for herein, or a Successful Bidder or a Back-Up Bidder that forfeits its deposit as liquidated damages as provided for herein) will be returned, without interest, to each such Qualified Bidder within ten (10) business days after the closing of all proposed Transactions approved by the Bankruptcy Court at the Sale Hearing. For the avoidance of doubt, any Forfeited Good Faith Deposit shall be deemed property of the Debtor's bankruptcy estate and not subject to any liens.

## SCHEDULE 1.21

### List of Excluded Property

1. Servers and other computer equipment for which the Seller has an interest.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | ) |
| | ) |
| | ) |
| **US Real Estate Equity Builder, LLC, and** | ) Case No. 20-21358-11 |
| **US Real Estate Equity Builder Dayton, LLC,** | ) |
| | ) (Jointly Administered) |
| **Debtors.** | ) |

**ORDER APPROVING BIDDING PROCEDURES FOR THE SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (B) AUTHORIZING THE DEBTORS' ENTRY INTO A STALKING HORSE AGREEMENT, (C) ESTABLISHING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) APPROVING THE FORM AND MANNER OF RELATED NOTICES, AND (E) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE, AND (F) RELATED RELIEF PURSUANT TO 11 U.S.C. § 105**

At a hearing on [_____, 2022] (the "Bid Procedures Hearing"), this Court considered the Motion For Entry Of Order (I) (A) Establishing Bidding Procedures For The Sale Debtors' Assets, (B) Authorizing The Debtors' Entry Into A Stalking Horse Agreement And Approving The Reimbursable Expenses (C) Establishing Procedures For The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (D) Approving The Form And Manner Of Related Notices, and (E) Scheduling A Hearing To Consider The Proposed Sale; (II) (A) Authorizing And Approving The Sale Of Debtors' Assets Free And Clear Of All Liens, Claims, Encumbrances, And Interests, (B) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (III) Granting Related Relief Pursuant To 11

KC 18424137.1

In the U.S. Bankruptcy Court
District of Kansas
Case No 20-21358-11
*Order Approving Bidding Procedures For The Sale Of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, (B) Authorizing The Debtors' Entry Into A Stalking Horse Agreement, (C) Establishing Procedures For The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (D) Approving The Form And Manner Of Related Notices, And (E) Scheduling A Hearing To Consider The Proposed Sale, And (F) Related Relief Pursuant To 11 U.S.C. § 105*

U.S.C. § 105 [Docket No. ____] (the "Motion")[1] filed by Eric L. Johnson, Chapter 11 Trustee (the "Trustee"). Based on the arguments and evidence at the Bid Procedures Hearing, the Court hereby finds and determines that:

1. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. As reflected in the Certificate of Service [Docket No. ____] filed with respect to the Bid Procedures Hearing, notice of the Motion and of the Bid Procedures Hearing were served on the interested parties (the "Notice"). The Notice is reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion for the Bid Procedures Hearing is necessary. A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded under the circumstances.

3. The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion. Such good and sufficient reasons were set forth in the Motion and on the record at the Bid Procedures Hearing and are incorporated by reference herein and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

4. The bid procedures in the form attached as **Exhibit A** (the "Bid Procedures"), are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' estates.

---

[1] Capitalized terms that are not defined herein shall have the meanings given to them in the Bid Procedures.

KC 18424137.1

In the U.S. Bankruptcy Court
District of Kansas
Case No 20-21358-11
*Order Approving Bidding Procedures For The Sale Of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, (B) Authorizing The Debtors' Entry Into A Stalking Horse Agreement, (C) Establishing Procedures For The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (D) Approving The Form And Manner Of Related Notices, And (E) Scheduling A Hearing To Consider The Proposed Sale, And (F) Related Relief Pursuant To 11 U.S.C. § 105*

5. The form of Purchase and Sale Agreement between Trustee, as seller, and Dutton Ranch, LLC, as purchaser (the "Stalking Horse Agreement") in **Exhibit B**, or as modified in the discretion of the Trustee is also fair, reasonable and appropriate and is designed to maximize the value of Debtors' estates.

6. The service of the notice of the Bid Procedures, the Sale Hearing (as defined below), the Objection Deadline (as defined below), the respective dates, times and places for an Auction (as defined below), if required under the Bid Procedures, substantially in the form attached as **Exhibit C** (the "Transaction Notice"), is adequate and reasonably calculated to provide due, proper, and timely notice to all interested parties of, among other things, the entry of this Order, the Bid Procedures, the Auction (if required under the Bid Procedures), the Sale Hearing, the Sale Motion (as defined below), the proposed Transaction(s), including the sale of Debtors' estates' right, title and interest in, to and under the Property free and clear of any and all liens, claims, encumbrances, and interests, and the procedure for objecting thereto. Except as otherwise set forth herein, no other or further notice is necessary.

7. The procedure for objecting to the Transaction(s) is fair, reasonable, and appropriate.

8. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

KC 18424137.1

In the U.S. Bankruptcy Court
District of Kansas
Case No 20-21358-11
*Order Approving Bidding Procedures For The Sale Of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, (B) Authorizing The Debtors' Entry Into A Stalking Horse Agreement, (C) Establishing Procedures For The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (D) Approving The Form And Manner Of Related Notices, And (E) Scheduling A Hearing To Consider The Proposed Sale, And (F) Related Relief Pursuant To 11 U.S.C. § 105*

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. All objections to the relief requested in the Motion, if any, that have not been withdrawn, waived, or settled as announced to the Court at the Bid Procedures Hearing are denied and overruled in their entirety on the merits.

3. Trustee may proceed with the Transaction(s) in accordance with the Bid Procedures, which procedures are hereby approved in their entirety in the form attached hereto as **Exhibit A**. However, the consummation of the sale of the Property (as provided in the Stalking Horse Agreement) shall remain subject to the entry of an Order granting the Motion.

4. Potential Bidders must comply with all terms of the Bid Procedures in order to participate in the bidding process. All Bids must satisfy all of the requirements contained in the Bid Procedures.

5. The Trustee is authorized and directed to take any and all actions necessary or appropriate to implement the Bid Procedures. The process for submitting bids is fair, reasonable and appropriate and is designed to maximize recoveries for the benefit of Debtors' estates, their creditors and other parties in interest.

6. The form of Stalking Horse Agreement, in the form attached as **Exhibit B**, is approved in its entirety. Notwithstanding the foregoing, the Trustee shall have the right to modify the APA as appropriate in his sole discretion without further Order of this Court in order to consummate the Transaction(s).

KC 18424137.1

In the U.S. Bankruptcy Court
District of Kansas
Case No 20-21358-11
*Order Approving Bidding Procedures For The Sale Of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, (B) Authorizing The Debtors' Entry Into A Stalking Horse Agreement, (C) Establishing Procedures For The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (D) Approving The Form And Manner Of Related Notices, And (E) Scheduling A Hearing To Consider The Proposed Sale, And (F) Related Relief Pursuant To 11 U.S.C. § 105*

7. As further described below, the key dates for this Order and the Bid Procedures are as follows, with each of such dates being subject to extension by the Trustee:

| Event | Date and Time (if applicable) |
| --- | --- |
| Transaction Notice | Within 7 days of the entry of the Procedures Order. |
| Bid Deadline | 10 days after entry of the Procedures Order at 5:00 p.m. prevailing Central Time. |
| Auction | **13 days after the entry of the Procedures Order at 9:30 a.m. prevailing Central Time provided, however, if no Qualified Bid (other than the Stalking Horse) or Credit Bid has been submitted by the Bid Deadline, the Stalking Horse shall be deemed the Successful Bid and no Auction shall be conducted.** |
| Sale Objection Deadline | If Qualified Bids are received by the Bid Deadline, objections, if any, to the Sale Motion shall be filed on the docket of the Bankruptcy Court on or before **5 before 5:00 p.m., prevailing Central time on June 13, 2022**, or such other time as the Trustee may agree or as the Court may order. |
| Sale Hearing | **June 23, 2022 at 1:30 p.m. prevailing Central time or such other date and time as Court may order.** |
| Closing | **The Closing sale occur on or before the later of (a) June 1, 2022; (b) 14 days after the expiration of the Due Diligence Period; or (c) such date mutually agreed to by the Parties. The Closing will be deemed to have occurred at 12:01 a.m. Central Standard Time on the Closing Date, even though adjustments hereunder will be made as of 7:00 a.m. local time at the Property on the Closing Date.** |

KC 18424137.1

In the U.S. Bankruptcy Court
District of Kansas
Case No 20-21358-11
*Order Approving Bidding Procedures For The Sale Of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, (B) Authorizing The Debtors' Entry Into A Stalking Horse Agreement, (C) Establishing Procedures For The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (D) Approving The Form And Manner Of Related Notices, And (E) Scheduling A Hearing To Consider The Proposed Sale, And (F) Related Relief Pursuant To 11 U.S.C. § 105*

8. Any person desiring to submit a Bid for the Assets must comply with the Bid Procedures and shall not be permitted to participate at the Auction unless such person is an Auction Participant or is otherwise permitted to participate at the Auction under the Bid Procedures.

9. The Trustee will conduct an auction of the Property 13 days after the entry of this Order at 9:30 a.m. prevailing Central Time provided, however, if no Qualified Bid (other than the Stalking Horse) or Credit Bid has been submitted by the Bid Deadline, the Stalking Horse shall be deemed the Successful Bid and no Auction shall be conducted.

10. A final hearing (the "Sale Hearing") to consider the Motion with respect to the Property shall be held on **[June 23, 2022 at 1:30 p.m.]** prevailing Central time before the Honorable Judge Berger, United States Bankruptcy Judge, in a [live / virtual] format. The Sale Hearing may be adjourned or rescheduled as ordered by the Bankruptcy Court without further notice to creditors and parties in interest by announcement by the Trustee of the adjourned date at the Sale Hearing.

11. Objections, if any, to the Motion with respect to the sale of the Property shall be filed on the docket of the Court and served such that each objection is actually received by the following parties on or before 5:00 p.m., prevailing Central time on **[June 13, 2022]** (the "Objection Deadline"): (a) to counsel for Trustee (i) Andrea M. Chase, Spencer Fane LLP, 1000 Walnut, Suite 1400, Kansas City, MO 64106, achase@spencerfane.com, and (ii) Elizabeth M. Lally, Spencer Fane LLP, 13520 California Street, Suite 290, Omaha, NE 68154, elally@spencerfane.com; and (b) the Office of the United States Trustee, Richard Kear, 301 N. Main Street, Suite 1150, Wichita, KS 67202, richard.kear@usdoj.gov.

KC 18424137.1

In the U.S. Bankruptcy Court
District of Kansas
Case No 20-21358-11
*Order Approving Bidding Procedures For The Sale Of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, (B) Authorizing The Debtors' Entry Into A Stalking Horse Agreement, (C) Establishing Procedures For The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (D) Approving The Form And Manner Of Related Notices, And (E) Scheduling A Hearing To Consider The Proposed Sale, And (F) Related Relief Pursuant To 11 U.S.C. § 105*

12. Any person failing to timely file an objection to the Motion shall be barred from objecting to the Motion, including the sale of the Property in accordance with the Stalking Horse Agreement, free and clear of any and all liens, claims, encumbrances, and interests and will be deemed to consent to the Transaction(s), including the sale of the Debtors' Property in accordance with the Stalking Horse Agreement free and clear of any and all liens, claims, encumbrances, and other interests.

13. For cause shown, notwithstanding Bankruptcy Rules 6004, 6006, or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived.

14. The terms of this Order shall control to the extent of any conflict with the Motion or the Bid Procedures.

15. This Order shall become effective immediately upon its entry.

16. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

**IT IS SO ORDERED.**

### 

KC 18424137.1

In the U.S. Bankruptcy Court
District of Kansas
Case No 20-21358-11
*Order Approving Bidding Procedures For The Sale Of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, (B) Authorizing The Debtors' Entry Into A Stalking Horse Agreement, (C) Establishing Procedures For The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, (D) Approving The Form And Manner Of Related Notices, And (E) Scheduling A Hearing To Consider The Proposed Sale, And (F) Related Relief Pursuant To 11 U.S.C. § 105*

Submitted by:

SPENCER FANE LLP

By:  /s/ Elizabeth M. Lally

Elizabeth M. Lally (*pro hac vice*)
13815 FNB Parkway, Suite 200
Omaha, NE 68154
Phone: (402) 800-2299
Facsimile: (402) 965-8601
Email: elally@spenerfane.com

and

Eric L. Johnson           KS #20542
Andrea M. Chase          KS #26307
1000 Walnut St., Suite 1400
Kansas City, Missouri 64106-2140
Phone: 816-474-8100
Facsimile: 816-474-3216
Email: ejohnson@spencerfane.com
achase@spencerfane.com

COUNSEL FOR CHAPTER 11 TRUSTEE

KC 18424137.1