## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 9 & 33** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION WAGES, SALARIES, AND OTHER COMPENSATION, (II) AUTHORIZING CONTINUATION OF EMPLOYEE BENEFIT PROGRAMS, (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH EMPLOYEE OBLIGATIONS, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(4), and 507(a)(5) of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors, in accordance with their stated policies and in their discretion, to pay, honor, or otherwise satisfy the Employee Wages and Benefits, including amounts and obligations related to the period prior to the Petition Date, and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is GRANTED on a final basis as set forth herein.

2.    The Debtors are authorized, in their reasonable discretion, to pay, honor, or otherwise satisfy amounts and obligations on account of the Employee Wages and Benefits in the ordinary course of their business, including, without limitation, any amounts and obligations related to the period prior to the Petition Date; *provided, however*, that:  (a) no payment to any Employee or Independent Contractor on account of Unpaid Wages shall exceed, in the aggregate, the $15,150.00 statutory cap provided for under section 507(a)(4) of the Bankruptcy Code; and (b) with respect to the Employee Wages and Benefits set forth in the table immediately below, the Debtors shall not pay any prepetition obligations on account of such Employee Wages and Benefits in excess of the applicable amounts set forth therein, unless required by applicable state law; and (c) the Debtors shall not cash out any prepetition obligations on account of Paid Time Off, unless applicable state law requires such cash-out payment.

| **Employee Wages and Benefits** | **Aggregate Amount** |
| --- | --- |
| Unpaid Wages | $130,000.00 |
| Payroll Processor Fees | $1,000.00 |
| Employee Expenses | $30,000.00 |

30543329.4

| Wage Deductions | $15,000.00 |
|---|---|
| Trust Fund Taxes and Payroll Taxes | $52,500.00 |
| Retention Plan | $880,000.00 |
| Workers' Compensation Program | $600.00 |

3.    Subject to Paragraph 2 of this Final Order, the Debtors are authorized, in their reasonable discretion, in the ordinary course of their business and consistent with past practices, to (a) continue to pay, honor, or otherwise satisfy Unpaid Wages, Payroll Processor Fees, Employee Expenses, and FTO obligations; (b) withhold, and remit to the applicable third-parties, Wage Deductions, Trust Fund Taxes, and Payroll Taxes; and (c) administer the Employee Benefits and the Workers' Compensation Program.

4.    The Debtors are authorized, but not directed, to continue the Retention Plan with respect to Eligible Employees who are not "insiders" (as defined by section 101(31) of the Bankruptcy Code, an "**Insider**") on a postpetition basis in the ordinary course of business; *provided, that,* nothing in this Final Order shall authorize the Debtors to make any payments prohibited under section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any bonus or severance obligations to or on behalf of any Insider or violate or permit a violation of section 503(c) of the Bankruptcy Code.  The Debtors shall provide written notice to the Committee five (5) business days in advance of any severance payment.

5.    The Debtors shall provide to counsel to the Committee a report, in a mutually acceptable form, on a monthly basis (no later than the seventh (7th) day of the month following the previous month's end) that sets forth a schedule of amounts paid related to the Retention Plan.  The first such monthly report shall be for the period from June 26, 2023 to July 31, 2023 and will be provided by August 7, 2023.

6.      Nothing in this Final Order shall be deemed to authorize the payment of any amounts subject to section 503(c) of the Bankruptcy Code.

7.      Nothing in this Final Order:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors, their estates, or the Committee with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

8.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: July 28th, 2023
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

30543329.4