## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. D.I. 134** |

### NOTICE OF FILING OF DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL, MCMICHAEL TAYLOR GRAY, LLC

PLEASE TAKE NOTICE that, on July 27, 2023, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered the *Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of the Local Rule 2016-2* [Docket No. 134] (the "**OCP Order**").[2]

PLEASE TAKE FURTHER NOTICE that, in accordance with the procedures set forth in the OCP Order, the Debtors hereby file the disclosure declaration of Diana Theologou of McMichael Taylor Gray, LLC, attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that any objections to the retention of McMichael Taylor Gray, LLC must be filed with the Court, and at the same time served upon the Debtors, on or before **August 22, 2023 at 4:00 p.m. (ET)**.

*[Signature Page Follows]*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]  All capitalized terms not otherwise defined herein have the meaning ascribed to them in the OCP Order.

Case 23-10815-LSS    Doc 186    Filed 08/07/23    Page 2 of 8

Dated: August 7, 2023

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Shella Borovinskaya
Joseph Barry (Del. Bar No. 4221)
Ryan M. Bartley (Del. Bar No. 4985)
S. Alexander Faris (Del. Bar No. 6278)
Shella Borovinskaya (Del. Bar No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  jbarry@ycst.com
          rbartley@ycst.com
          afaris@ycst.com
          sborovinskaya@ycst.com

*Co-Counsel to the Debtors and Debtors in Possession*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
P. Bradley O'Neill (admitted *pro hac vice*)
Caroline Gange (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9511
Facsimile:  (212) 715-8000
Email:  boneill@kramerlevin.com
          cgange@kramerlevin.com

*Co-Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | <u>**Objection Deadline**</u>: <u>**August 22, 2023 at 4:00 p.m. (ET)**</u> |

## <u>DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL</u>

1.      I, Diana Theologou hereby declare that the following is true to the best of my knowledge, information and belief:

2.      I am a Managing Attorney of McMichael Taylor Gray, LLC (the "**Firm**") which maintains offices at 3550 Engineering Drive, Suite 260, Peachtree Corners, GA 30092 and 7470 Technology Drive, Ste P, Frederick, MD 21703

3.      This Declaration is submitted in connection with the order (the "**OCP Order**") of the United States Bankruptcy Court for the District of Delaware dated July 27, 2023, authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (these "**Chapter 11 Cases**").

4.      The Firm is a legal services firm.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

5.      The Firm has represented and advised the Debtors regarding foreclosure matters since February 1, 2022.

6.      As of the Petition Date, the Firm held a retainer in the amount of $0.00

7.      The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") with respect to such matters.  Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: Foreclosure and Eviction Services related to the foreclosure of loans.

8.      The Firm's current customary hourly rates, subject to change from time to time, are $300.00 per hour.  For ordinary foreclosure matters, the firm follows the Fannie Mae Approved Fee Schedule.

9.      The Firm keeps in the ordinary course of business time records in one-tenth-of-an-hour (0.1) increments.

10.      To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee, or any person employed by the Office of the United States Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

11.      To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any professional thereof has any connection with, or currently represents, any of the Debtors' creditors or other parties in interest with respect to the matters upon which it is to be engaged.

30529596.1

12.    In addition, although unascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates.  The Firm does not and will not represent any such entity in connection with these pending Chapter 11 Cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates.  I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such representation impair the Firm's ability to represent the Debtors in these Chapter 11 Cases.

13.    The Firm's process of ascertaining whether it holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders consists of the following:  the firm maintains a conflict of interest protocol that is ran prior to accepting a referral on a foreclosure matter.

14.    In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matter in which the Firm will be engaged.

15.    In the past year, the Firm has been paid $151,735.79 by the Debtors in respect of services rendered to the Debtors comprised of approximately $113,0801.84 in costs and $38,653.95 in fees.  In addition, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received.  The Firm is currently owed $19,045.71 on account of prepetition services comprised of $6,100.00 in fees and $12,945.71 in costs.

30529596.1

16.     I also understand the limitations on compensation and reimbursement of expenses under the OCP Order.  Specifically, the Firm understands that in the event its fees and expenses exceed a total of $70,000.00 per month on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of the Court.

17.     Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of the Court.

18.     The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

19.     The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

20.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*[Signature page follows]*

30529596.1

/s/ Diana C. Theologou
Diana C. Theologou, Esq.
Managing Attorney
McMichael Taylor Gray, LLC
7470 Technology Way, Suite P
Frederick, MD 21703
(470) 480-1820

Mailing Address:
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

30529596.1