**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. D.I. 134** |

**NOTICE OF FILING OF DISCLOSURE DECLARATION OF ORDINARY COURSE**
**PROFESSIONAL, HOULIHAN LOKEY FINANCIAL ADVISORS, INC.**

**PLEASE TAKE NOTICE** that, on July 27, 2023, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered the *Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of the Local Rule 2016-2* [Docket No. 134] (the "**OCP Order**").[2]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the procedures set forth in the OCP Order, the Debtors hereby file the OCP Declaration of Martin Lawlor of Houlihan Lokey Financial Advisors, Inc., attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any objections to the retention of Houlihan Lokey Financial Advisors, Inc., made by the Notice Parties must be filed with the Court, and at the same time served upon the Debtors, on or before **August 23, 2023 at 4:00 p.m. (ET)**.

*[Signature Page Follows]*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]   All capitalized terms not otherwise defined herein have the meaning ascribed to them in the OCP Order.

Dated: August 8, 2023

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Shella Borovinskaya
Joseph Barry (Del. Bar No. 4221)
Ryan M. Bartley (Del. Bar No. 4985)
S. Alexander Faris (Del. Bar No. 6278)
Shella Borovinskaya (Del. Bar No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  jbarry@ycst.com
        rbartley@ycst.com
        afaris@ycst.com
        sborovinskaya@ycst.com

*Co-Counsel to the Debtors and
Debtors in Possession*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
P. Bradley O'Neill (admitted *pro hac vice*)
Caroline Gange (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9511
Facsimile:  (212) 715-8000
Email:  boneill@kramerlevin.com
        cgange@kramerlevin.com

*Co-Counsel to the Debtors and
Debtors in Possession*

# **EXHIBIT A**

## **Declaration**

30645815.1

30623894.5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline**: August 23, 2023 at 4:00 p.m. (ET) |

**DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL**

1.      I, Martin Lawlor, hereby declare that the following is true to the best of my knowledge, information and belief:

2.      I am an employee of Houlihan Lokey Financial Advisors, Inc. (the "**Firm**") which maintains offices at 245 Park Avenue, 20th Floor, New York, NY 10167.

3.      This Declaration is submitted in connection with the order (the "**OCP Order**") of the United States Bankruptcy Court for the District of Delaware dated July 27, 2023, authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (these "**Chapter 11 Cases**").

4.      The Firm is not a legal services firm.

5.      The Firm has, pursuant to an engagement agreement dated September 21, 2022 (the "**Engagement Agreement**") with PS Funding Inc. and PS Portfolio-ST1, LLC

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

30623894.5

(the "**Engaging Debtors**"), provided conclusions regarding the range of fair values of a portfolio of mortgage loans and related assets held by PS Portfolio-ST1, LLC to assist the Engaging Debtors in their determination of the fair value of such investments for financial reporting purposes since August 2022.

6.    As of the Petition Date, the Firm has not held a retainer.

7.    The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") with respect to such matters.

8.    The Firm's current customary rates, subject to change from time to time, consist of fixed fees per valuation report per valuation period ranging from $3,500 to $9,000 plus reasonable and documented out-of-pocket expenses not to exceed $500 per month without the prior written approval of the Engaging Debtors, including, but not limited to, (i) travel-related and certain other expenses, without regard to volume-based or similar credits or rebates Houlihan Lokey may receive from, or fixed-fee arrangements made with, travel agents, airline or other vendors, and (ii) research, database and similar information charges paid to third party vendors, and postage, telecommunication and duplicating expenses, to perform client-related services that are not capable of being identified with, or charged to, a particular client or engagement in a reasonably practicable manner, based upon a uniformly applied percentage of the fees and expenses of Houlihan Lokey.

9.    To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee, or any person employed by the Office

30623894.5

of the United States Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

10.    To determine its connections with parties in interest in the Case, Houlihan Lokey relied upon a list of entities that were identified to Houlihan Lokey by the Debtors and their representatives (each individually, an "**Interested Party**", and collectively, the "**Interested Parties**"). The Interested Parties are set forth on **Annex 1** attached hereto.

11.    I, or one or more of my designees, reviewed a report that was based on a comparison of the list of Interested Parties contained on Annex 1 against Houlihan Lokey's client management information system.  This report listed Houlihan Lokey Group (as defined below) clients that have engaged a member of the Houlihan Lokey Group pursuant to a written engagement letter to provide services for which the Houlihan Lokey Group has received, or is expected to receive, fees, which clients (to the extent they have engaged a member of the Houlihan Lokey Group in the past three years (as of the date such report was generated)) are identified in **Annex 2** attached hereto.  **Annex 2** is based solely upon the information contained in the aforementioned report and may not include information to the extent not included in, or not reflected in the results of Houlihan Lokey's review of, such report, or not otherwise identified by Houlihan Lokey.

12.    Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for a "connection", has been defined.  I am therefore uncertain what this Court may consider a "connection" requiring disclosure.

13.    Given the large number of Interested Parties, despite the efforts described herein, I am unable to state with certainty that every connection has been disclosed in this Declaration. In particular, among other things, members or certain employees of the Houlihan

30623894.5

Lokey Group may have connections with Interested Parties or persons who are beneficial owners, affiliates, equity holders and/or sponsors of certain Interested Parties; persons whose beneficial owners, affiliates, equity holders and/or sponsors are Interested Parties; and persons who otherwise have connections with certain Interested Parties.  Furthermore, the Debtors may have had, or currently have, customers, creditors, lenders, equity owners, competitors, and other parties with whom they maintain business relationships that are parties in interest (but are not listed as Interested Parties), and with whom the Houlihan Lokey Group may have had, or may currently or in the future have, connections. In addition, new parties may become parties in interest and the Houlihan Lokey Group may have had, or may currently or in the future have, connections with such new parties in interest.

14.  In addition:

a)  From time to time, Houlihan Lokey's Financial Restructuring Group, may have represented, and may in the future represent, certain parties in interest in matters unrelated to the Case, either individually or as part of a representation of a committee or group of creditors, lenders, equity owners or other interest holders. This work is unrelated to the financial services that Houlihan Lokey intends to provide to the Debtor.

b)  In addition to its Financial Restructuring Group, Houlihan Lokey and the other subsidiaries of its direct parent company, Houlihan Lokey, Inc., that are engaged in providing investment banking and financial advisory services globally (collectively, and together with Houlihan Lokey, Inc., the "**Houlihan Lokey Group**") provide services to a wide range of institutions and individuals and may have had, or may currently or in the future have, investment banking or financial advisory relationships with certain parties in interest.

c)  In the ordinary course of business, members or certain employees (or relatives of such employees) of the Houlihan Lokey Group, as well as investment funds in which any of them may have financial interests or with which they may co-invest, but over whose investment decisions such members or employees have no control, may (i) acquire, hold or sell, long or short positions, or trade or otherwise effect transactions, in debt, equity, and other securities and financial instruments (including bank loans and other obligations) of, or investments in, the Debtors or

4

30623894.5

certain other parties in interest or have other relationships with such parties, and/or (ii) have mortgages, consumer loans, investment, brokerage accounts, or other banking, brokerage, or other customer relationships with institutions that are parties in interest or with funds sponsored by or affiliated with such parties.  With respect to any such securities, financial instruments, investments, and/or customer relationships, all rights in respect of such securities, financial instruments, investments, and/or customer relationships, including any voting rights, will be exercised by the holder of the rights, in its sole discretion.

d)  HL Finance, LLC, a direct subsidiary of Houlihan Lokey, Inc., acts as an arranger of syndicated loans for corporate entities and, in connection with such activities, may contract with third-party investors that may provide commitments with respect to certain syndicated loans arranged by HL Finance, LLC. The third-party investors are unrelated to and are not affiliates of the Houlihan Lokey Group; the Houlihan Lokey Group does not engage in asset management activities. HL Finance and certain employees of the Houlihan Lokey Group may have arranged, may currently be arranging or may in the future arrange, syndicated loans for entities that may be or become parties in interest in matters unrelated to these chapter 11 cases, and third-party investors that provided commitments with respect to such syndicated loans may be or become parties in interest.

e)  The Firm, a direct subsidiary of Houlihan Lokey, Inc., among other things, provides valuation opinions on the securities, derivatives, and other financial instruments (which may include securities, derivatives, or other financial instruments of the Debtors) held by various business development companies, private equity funds, hedge funds, and other investment funds, primarily for financial reporting purposes, through its Portfolio Valuation and Fund Advisory Group.  Moreover, there is an "Information Wall" between Houlihan Lokey's Portfolio Valuation and Fund Advisory Group and Houlihan Lokey's Financial Restructuring Group. This "Information Wall" includes technological barriers and policies and procedures designed to prevent confidential, non-public information and work product from being improperly shared.

f)  In the ordinary course of their business, members of the Houlihan Lokey Group from time to time discuss issues concerning stressed and distressed companies with such companies, their creditors and their prospective creditors that are clients of the firm, that are referred to the firm in light of Houlihan Lokey's reputation for covering such companies and/or relevant industry expertise, or with which the firm may otherwise be in contact. At the time of those contacts, typically it is not known whether any of these companies will actually file for

30623894.5

bankruptcy, or if any of these creditors and/or prospective creditors will serve on any future official committee appointed in any such future bankruptcy case, or even be a creditor of the relevant estate in the event of a future bankruptcy.  It is also Houlihan Lokey's customary practice to communicate with and, when appropriate or requested, send materials to one or more of the 50 largest unsecured creditors identified by a debtor and who are, therefore, potential members of a creditors' committee.

g) Members or certain employees of the Houlihan Lokey Group may have business associations with certain parties in interest, including attorneys, accountants, investment bankers, financial advisors, financial consultants and other professional advisors, some of whom may represent certain of the parties in interest or be parties in interest. Members of the Houlihan Lokey Group may have appeared, or may currently or in the future appear, in numerous cases, proceedings or transactions involving, had or have mutual clients with, or had or have referral relationships with, these professionals. Furthermore, members of the Houlihan Lokey Group have been, and may currently or in the future be, represented or advised by accountants, auditors, attorneys, law firms and other professionals, some of whom may be involved in these chapter 11 cases. In addition, members of the Houlihan Lokey Group may have worked, or may currently or in the future work, with, for or opposite other professionals involved in these chapter 11 cases in matters unrelated to these chapter 11 cases.

h) Certain employees of the Houlihan Lokey Group may have been formerly employed by other investment banking, financial services or other professional services firms that are among, or represent other parties that are among, certain of the parties in interest. While employed by other firms, certain professionals presently employed by the Houlihan Lokey Group may have represented certain parties in interest.

i) Members of the Houlihan Lokey Group may be involved in litigation from time to time that may have involved, or may currently or in the future involve, entities that may be parties in interest. Also, certain of the parties in interest may have been, or may currently or in the future be, vendors or insurers of members of the Houlihan Lokey Group and/or have corporate or other business relationships with members of the Houlihan Lokey Group.

15.    In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matter in which the Firm will be engaged.

30623894.5

16.     In the past year, the Firm has been paid $28,000 by the Engaging Debtors in respect of services rendered to the Engaging Debtors.  In addition, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received.

17.     I also understand the limitations on compensation and reimbursement of expenses under the OCP Order.  Specifically, the Firm understands that in the event its fees and expenses exceed a total of $25,000 per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of the Court.

18.     Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of the Court.

19.     The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

20.     The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

30623894.5

21.     I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

                                        */s/ Martin Lawlor*
                                        Martin Lawlor
                                        245 Park Avenue, 20th Floor
                                        New York, NY 10167

30623894.5

**Annex 1**

**List of Potential Parties in Interest**

30623894.5

**Debtors**
Peer Street Funding LLC
Peer Street Opportunity Fund, GP, LLC
Peer Street Opportunity Investors II, LP
Peer Street, Inc.
PeerStreet Licensing, Inc.
PS Funding, Inc.
PS Options LLC
PS Portfolio-ST1, LLC
PS Warehouse II, LLC
PS Warehouse, LLC
PSF Ohio, LLC
PSF REO, LLC
PSF TX 1, LLC
PSF TX 2, LLC
PSF TX 4 LLC

**Debtors' Advisors**
Kramer Levin Naftalis & Frankel LLP
Piper Sandler Companies
Province, LLC
Stretto, Inc.
Wilson Sonsini Goodrich & Rosati
Young Conaway Stargatt & Taylor, LLP

**Banks**
Pacific Premier Bank
Wells Fargo & Company

**Lenders**
Magnetar Capital
Small Business Administration

**Material Vendors & Contract Counterparties**
Allied Universal Security Systems
Area Wide Realty Corp.
CDW
CES Limited LLC
CloudFlare, Inc.
Control Air Enterprises LLC
**Insurance Providers**
Chubb Group of Insurance Companies
Lloyd's of London
Lloyd's of London (K2 Financial Ltd)
North American Capacity Insurance Co./Arch Specialty Insurance Co.

CoreLogic Credco LLC

Datasite LLC
DMS Facility Services
FCI Lender Services, Inc.
First American Data & Analytics
First American Mortgage Solutions, LLC
Fox & Roach, LP
Gibbs Realty & Auction Co., Inc.
Kirby Condominium Association, Inc.
Land Gorilla, Inc.
More Property Management Inc.
Surferside Villas HOA
The Wursta Corporation
Thomson Reuters
Trinity Inspection Services LLC
Trustpoint Technologies, Inc.

**Top 20 Unsecured Creditors**
Amir Golan
Anthony Levander
Anthony Minnuto
Carl A. & Amber Fricke Revocable Trust 06/23/09
Dan Venegoni
Edward Conrads
Elliott Abrams
Gregory Ricks
Invigorate Finance, LLC
Josh Tonderys
Joshua Fulton
Madalene Sullivan
Michael Corbett
Michael Harmon
"Pacific Premier Bank (SBA Paycheck Protection Program)"
Phillip Lay
Roopesh Sahu
Scott Maier
Steven Lange
Tamara Holloway

30623894.5

The Hartford Insurance Co.
First Insurance Funding

**Landlords**
2121 Park Place Fee Owner CA, LLC
LiquidSpace, Inc.

**Utility Companies**
Baltimore Department of Public Works
East Bay Municipal Utility District
KC Water
Narragansett Bar Commission
NYC Department of Environmental
Protection
Pawtucket Water Supply Board
PG&E
San Francisco Water Power Sewer

**Directors & Officers**
Brewster Johnson
David Dunn
David Eaton
Ellen Coleman
Ivona Smith
M. Freddie Reiss

**Equity Holders**
ACM Alamosa I LP
ACM Alamosa I-A LP
AH Parallel Fund IV, L.P., as nominee
Alpha Street Investment, LLC
Andreessen Horowitz Fund IV, L.P., as
nominee
Ang-Chih Kao
Baileyana Investments, LLC
Banyan Tree Capital LLC
Bawag P.S.K. Bank Für Arbeit Und
Wirtschaft Und Österreichische
Postsparkasse Aktiengesellschaft
Brewster Johnson
Colchis Opportunities Master Fund, L.P.
Diplomat Property Holdings Corp.
Dividend Capital Group, Inc. Pension Trust
Dragonland Global Investments Limited
ERES Peer Street, LLC

Evan Petrie and Jessica Petrie as
Community Property with the Right of
Survivorship
Felicis Ventures IV, L.P.
GMO GFF Limited Partnership
Greenline Community Growth Fund LLC
Harris Family Trust, dated October 14, 2002
Hollencrest Bayview Partners, LP
J.R. Johnson
Jeff Wilson
Jessica Geraty
Joaquin Hartman
Kevin Marshall
LB2 LLC
LF Ventures LLC
Liberty Ship I LLC
Marc Heenan
Michael L. McHargue
Michael Loop
Montage Ventures Fund I, L.P.
Moore Family Trust dtd 12-29-2010
Navitas Capital II, LP
Rapelye Alden Trust
Rembrandt Venture Partners Fund Three
L.P.
Robert P. Brennan Jr.
SCG Private Holdings, LLC
SM PeerStreet LLC
South Bay Financial Group II, LLC
The Campana Family Revocable Trust
The Joyce Family Trust dated February 25,
2004
The Kimberly and Amos Smith Trust
Thomas Fulton Scott Crosby
Thomvest Venture Capital SRL
Toba Capital Ventures Series of Toba
Capital LLC
Two Guys on the Beach, LLC
Weber Family Trust
WiL Fund II, L.P.

**Government Agencies/Taxing Authorities**
BED/GMEI Utility
California Department of Financial
Protection & Innovation / NMLS
California Secretary of State

30623894.5

City of El Segundo
FFEIC
Georgia Secretary of State
Illinois Secretary of State
Los Angeles County Tax Collector
Massachusetts Secretary of State
Missouri Secretary of State
New Jersey Department of Treasury
Rhode Island Secretary of State
State of Delaware - Division of Corporations
Surety Solutions, a Gallagher Company -
Swiss Re Corporate Solutions
United States Securities and Exchange
Commission (SEC)
United States Securities and Exchange
Commission (SEC) - SEC's Investment
Adviser Public Disclosure (IAPD)
Virginia State Corporation Commission
Washington Secretary of State

**Judges**
Dorsey, John T.
Goldblatt, Craig T.
Horan, Thomas M.
Owens, Karen B.
Shannon, Brendan L.
Silverstein, Laurie Selber
Stickles, J. Kate
Walrath, Mary F

**Office of the United States Trustee**
Andrew R. Vara
Benjamin Hackman
Christine Green
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley

30623894.5

# **Annex 2**

## **Details of Relationship Check**

30623894.5

Allied Universal Security Systems
Andreessen Horowitz Fund IV, L.P.,
Area Wide Realty Corp.
Bawag P.S.K. Bank Für Arbeit Und Wirtschaft Und Österreichische Postsparkasse Aktiengesellschaft
CES Limited LLC
CoreLogic Credco LLC
Datasite LLC
Kramer Levin Naftalis & Frankel LLP
Lloyd's of London (K2 Financial Ltd)
Magnetar Capital
Narragansett Bar Commission
Navitas Capital II, LP
PG&E
Province, LLC
Stretto, Inc.
Thomson Reuters
Trustpoint Technologies, Inc.
United States Securities and Exchange Commission (SEC)
Wells Fargo & Company
Wilson Sonsini Goodrich & Rosati
Young Conaway Stargatt & Taylor, LLP