**<u>EXHIBIT B</u>**

**Declaration of Lorenzo Marinuzzi**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF LORENZO MARINUZZI IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PEER STREET, INC., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORRISON & FOERSTER LLP AS COUNSEL EFFECTIVE AS <u>OF JULY 13, 2023</u>

I, Lorenzo Marinuzzi, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a partner in the law firm of Morrison & Foerster LLP ("<u>Morrison & Foerster</u>" or the "<u>Firm</u>"), with offices at 250 West 55th Street, New York, New York 10019, among other locations, and I am duly authorized to make this declaration (the "<u>Declaration</u>") on behalf of Morrison & Foerster.  I am an attorney duly admitted and in good standing to practice before the Bar of the State of New York, the United States Court of Appeals for the Second Circuit, and the United States District Court for the Southern and Eastern Districts of New York.  There are no disciplinary proceedings pending against me.

2.      I submit this declaration pursuant to Section 1103 of Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2014 of the Federal Rules of Bankruptcy

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

Procedure (the "<u>Bankruptcy Rules</u>") and Local Rules 2014-1 in support of the accompanying application (the "<u>Application</u>")[2] of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Peer Street, Inc., *et al.* (collectively, the "<u>Debtors</u>"), for entry of an order authorizing the retention and employment of Morrison & Foerster as counsel to the Committee, effective as of July 13, 2023.

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon Morrison & Foerster's completion of further analysis or as additional information becomes available to Morrison & Foerster, a supplemental declaration will be submitted to the Court. Subject to the approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, Morrison & Foerster intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, plus reimbursement of actual, necessary expenses and other charges incurred by Morrison & Foerster during the Chapter 11 Cases.

## <u>SERVICES TO BE PROVIDED</u>

4.      With offices in New York, Los Angeles, San Francisco, San Diego, and Washington, D.C., among other locations both domestic and in Europe and Asia, Morrison & Foerster is an internationally recognized law firm. Morrison & Foerster has extensive general legal experience and knowledge and, in particular, has substantial expertise in the field of creditors' rights and business reorganization under Chapter 11 of the Bankruptcy Code. That expertise includes representing official creditors' committees in large and complex bankruptcy cases. For example, the professionals that will be primarily responsible for this engagement have represented

---

[2]    Capitalized terms not defined herein shall have the meanings given to them in the Application.

official creditors' committees in the bankruptcies of Clovis Oncology, Inc., Valaris plc, Murray Energy Holdings Co., Westmoreland Coal Company, Cloud Peak Energy Inc., Armstrong Energy, Inc., Peabody Energy Corp., Walter Energy, Inc., Patriot Coal Corp., Windstream Holdings, Inc., Northwest Airlines, Aloha Airlines, Eclipse Aviation, Gemini Air Group, Global Aviation Holdings, Hawaiian Airlines, Independence Air, Mesa Air Group, the NORDAM Group, U.S. Airways, Energy Future Holdings Corp., Avaya, Inc., 21st Century Oncology Holdings, Inc., and UCI International, LLC, among others. Since the Committee's appointment, Morrison & Foerster has been working closely with the Debtors and other parties in interest to become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these Chapter 11 Cases. I believe that Morrison & Foerster is well qualified to represent the Committee in these proceedings in an efficient and timely manner and that the employment of Morrison & Foerster to provide the services described herein, and other such services as may be necessary for the Committee to satisfy its obligations to the Debtors' unsecured creditor constituency, is appropriate and in the best interests of the Debtors' estates and their creditors.

5.      In connection with these Chapter 11 Cases and subject to orders of this Court, the Committee has requested court authorization to retain Morrison & Foerster as counsel for the Committee, to provide a range of services to the Committee,[3] including, but not limited to, the following:

(a)   advising the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

(b)   assisting and advising the Committee in its consultation with the Debtors relative to the administration of these Chapter 11 Cases;

---

[3]  By separate application the Committee has filed an application to retain Benesch as Delaware counsel to the Committee. Morrison & Foerster will coordinate the division of responsibilities with Benesch throughout the engagement to ensure that there is no duplication of services rendered on the Committee's behalf.

(c)   attending meetings and negotiating with the representatives of the Debtors and other parties in interest;

(d)   assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

(e)   assisting and advising the Committee in connection with any sale of the Debtors' assets pursuant to Section 363 of the Bankruptcy Code;

(f)   assisting the Committee in the review, analysis, and negotiation of any Chapter 11 plan(s) of reorganization or liquidation that may be filed and assisting the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any such plan(s);

(g)   taking all necessary action to protect and preserve the interests of the Committee, including: (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

(h)   generally preparing on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses, and papers in support of positions taken by the Committee;

(i)   appearing, as appropriate, before this Court, the appellate courts, and the U.S. Trustee, and protecting the interests of the Committee before those courts and before the U.S. Trustee; and

(j)   performing all other necessary legal services in these cases as may be directed by the Committee.

## **PROFESSIONAL COMPENSATION**

6.      Morrison & Foerster intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, established by the Executive

4

Office for the United States Trustee (the "U.S. Trustee Guidelines"), and any other applicable procedures and orders of the Court (collectively, the "Fee Guidelines").

7.      Morrison & Foerster's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  These hourly rates are based on a variety of factors, including seniority, distinction, and expertise in one's field, and are subject to periodic adjustments to reflect economic and other conditions.[4]  I believe that these rates are reasonable and comparable to the rates charged by other firms of similar standing in the legal market.  In particular, Morrison & Foerster's standard hourly rates for matters that may be implicated in these Chapter 11 cases will range as follows:

| Billing Category | 2023 U.S. Range |
| --- | --- |
| Partners and Senior Of Counsel | $1,200 to $2,050 |
| Of Counsel | $1,050 to $1,650 |
| Associates | $710 to $1,130 |
| Paraprofessionals | $340 to $560 |

8.      Consistent with the Firm's policy with respect to its other clients, Morrison & Foerster will also seek to be reimbursed, subject to the Court's approval, for all actual out-of-pocket expenses incurred by Morrison & Foerster on the Committee's behalf, such as travel expenses, "working meals" and transportation, computer-assisted legal research, photocopying, postage, overnight courier expenses, printing, transcripts, filing fees, messengers, and similar items.  Morrison & Foerster intends that all requests for reimbursement of expenses will be consistent with the Fee Guidelines.

---

[4]   As set forth in the proposed order, Morrison & Foerster will provide ten (10) business days' notice to the Committee, the Debtors, and the U.S. Trustee before implementing any periodic increases, and will file such notice with the Court.

ny-2599171

9.      The Committee and Morrison & Foerster expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court, recognizing that, in the course of these Chapter 11 Cases, there may be unforeseeable fees and expenses that will need to be addressed by the Committee and Morrison & Foerster.

10.     No promises were received by Morrison & Foerster, any partner, any attorney who is "of counsel" to Morrison & Foerster, or any associate of Morrison & Foerster, as to compensation in connection with these Chapter 11 Cases, other than in accordance with the provisions of the Bankruptcy Code. Neither Morrison & Foerster, nor any partner of Morrison & Foerster, any attorney who is "of counsel" to Morrison & Foerster, or any associate of Morrison & Foerster, has any agreement with any other entity to share with such entity any compensation received by Morrison & Foerster in connection with these Chapter 11 Cases.

## DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS

11.     In connection with its proposed retention by the Committee in these Chapter 11 Cases, Morrison & Foerster undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Committee. Specifically, Morrison & Foerster obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these Chapter 11 Cases (the "Potential Interested Parties") and such parties are listed on **Schedule 1**, attached hereto.

12.     Morrison & Foerster's New Business Department, under the supervision of attorneys in Morrison & Foerster's Business Restructuring & Insolvency Group, conducted an internal search in Morrison & Foerster's computerized conflict database for its connections to the

ny-2599171

entities listed on **Schedule 1**, attached hereto.  In addition, after Morrison & Foerster identified all potential client relationships with the Potential Interested Parties over the past three calendar years, Morrison & Foerster circulated a survey email to the billing, supervising, and/or other relationship attorney at Morrison & Foerster with respect to such clients asking for a response as to whether the attorney was aware of any connection between Morrison & Foerster's representation of such clients and the Debtors and these Chapter 11 Cases, and that inquiry did not reveal any connections. Additionally, to the extent that I have been able to ascertain that Morrison & Foerster has been retained within the last three years to represent any of the Potential Interested Parties (or their affiliates, as the case may be) in matters unrelated to these Chapter 11 Cases, such facts are disclosed on **Schedule 2**, attached hereto.

13.     Morrison & Foerster and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent, entities that may be parties in interest in these Chapter 11 Cases in connection with matters unrelated to the Debtors and these Chapter 11 Cases.  Morrison & Foerster has searched on its electronic database for its connection to the entities listed on **Schedule 1**, attached hereto.  The information listed on **Schedule 1** may have changed without our knowledge and may change during the pendency of these Chapter 11 Cases.  Accordingly, Morrison & Foerster will update this Declaration as necessary and when Morrison & Foerster becomes aware of additional material information.  The following is a list of the categories that Morrison & Foerster has searched:

    a)  Debtors;

    b)  Debtors' Advisors;

    c)  Banks;

    d)  Lenders;

e)  Material Vendors & Contract Counterparties;

f)  Top 20 Unsecured Creditors;

g)  Insurance Providers;

h)  Lenders;

i)  Landlords;

j)  Utility Companies;

k)  Directors & Officers;

l)  Equity Holders;

m)  Government Agencies/Taxing Authorities;

n)  Judges and Court Staff; and

o)  Office of the United States Trustee.

14.    Listed on **Schedule 2** to this Declaration are the results of Morrison & Foerster's conflicts searches of the above-listed entities.[5]  This search revealed that certain Potential Interested Parties are or may be currently represented by Morrison & Foerster.  Based on the results of this search, and through direct inquiries with Morrison & Foerster attorneys, Morrison & Foerster determined that the representation of the Interested Parties disclosed on **Schedule 2** hereto

---

[5]    As a general matter, Morrison & Foerster discloses active representations as well as inactive representations if (a) there was time billed within the three (3) years of the date of the disclosure, or (b) if the representation was ended within three (3) years of the date of the disclosure, but does not disclose connections if time was billed prior to such dates.  The list generated from Morrison & Foerster's conflicts search system is over-inclusive.  Whether an actual client relationship exists can only be determined by reference to the documents governing Morrison & Foerster's representation rather than its potential listing in Morrison & Foerster's conflicts search system.  As referenced in **Schedule 2**, the term "active representation" means an entity listed as a client in Morrison & Foerster's conflicts search system to whom time was posted in the 2023 calendar year and for which the client representation remains open.  As referenced in **Schedule 2**, the term "inactive representation" means an entity listed as a client in Morrison & Foerster's conflicts search system to whom time was posted (a) during the 2020, 2021, or 2022 calendar years, but not the 2023 calendar year, or (b) during the 2020, 2021, or 2022 calendar years, but for which the client representation has been closed.  **Schedule 2** does not disclose connections to "co-clients" if such entities are not otherwise clients with an "active representation" or an "inactive representation."  If a Morrison & Foerster client was a "hit" for more than one Potential Interested Party Searched, then that representation is only disclosed once on **Schedule 2**.

8

concerned matters in which such clients were not adverse to the Debtors, the Debtors' estates, or the members of the Committee.

15.    For the avoidance of doubt, Morrison & Foerster will not commence a cause of action in these Chapter 11 Cases against the entities listed on **Schedule 2** that are clients with an "active representation" (including entities listed below under the "Specific Disclosures" section of this Declaration) unless Morrison & Foerster has an applicable waiver on file or first receives a waiver from such entity allowing Morrison & Foerster to commence such an action.  To the extent that a waiver does not exist or is not obtained from such entity, and it is necessary for the Committee to commence an action against that entity, the Committee will be represented in such particular matter by Benesch or other conflicts counsel.

16.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Morrison & Foerster, nor any partner or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed by the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware, except as disclosed on **Schedule 2** or otherwise described herein.

## SPECIFIC DISCLOSURES

17.    As specifically set forth below and in the attached **Schedule 2**, Morrison & Foerster represents certain of the Potential Interested Parties in ongoing matters unrelated to the Debtors and these Chapter 11 Cases.  None of the representations described herein are materially adverse to the interests of the Debtors' estates.

18.    Morrison & Foerster currently represents, and in the past represented, Wells Fargo Bank NA, and certain of its affiliates (collectively, "Wells Fargo"), the Debtors' cash management

ny-2599171

bank, in a variety of its matters.  Morrison & Foerster's representations of Wells Fargo, in the aggregate, accounted for less than one percent of Morrison & Foerster's fee receipts for the 2022 calendar year.  All of Morrison & Foerster's current and prior representations of Wells Fargo have been unrelated to the Debtors and these Chapter 11 Cases.  I do not believe that Morrison & Foerster's representation of Wells Fargo precludes Morrison & Foerster from meeting the disinterestedness standard under the Bankruptcy Code.

19.     Morrison & Foerster currently represents, and has in the past represented, Piper Sandler Companies (collectively, "Piper Sandler"), the Debtors' investment banker, in a variety of its matters.  Morrison & Foerster's representations of Piper Sandler, in the aggregate, accounted for less than one percent of Morrison & Foerster's fee receipts for the 2022 calendar year.  All of Morrison & Foerster's current and prior representations of Piper Sandler have been unrelated to the Debtors and these Chapter 11 Cases.  I do not believe that Morrison & Foerster's representation of Piper Sandler precludes Morrison & Foerster from meeting the disinterestedness standard under the Bankruptcy Code

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

20.     The following is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

| **Question 1:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
|---|---|
| Response: | No. |
| **Question 2:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question 3:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months |

10

prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:        Morrison & Foerster did not represent the Committee prior to these Chapter 11 Cases.

**Question: 4**      Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:        The Committee and Morrison & Foerster expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court, recognizing that in the course of these Chapter 11 Cases there may be unforeseeable fees and expenses that will need to be addressed by the Committee and Morrison & Foerster.

## **AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS**

21.     Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) I believe that Morrison & Foerster is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, as required by Section 328 of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors, their estates, their creditors, or the Committee and the members thereof; (b) Morrison & Foerster does not represent any entity having an adverse interest in connection with the Chapter 11 Cases as required by Section 1103 of the Bankruptcy Code; and (c) Morrison & Foerster has no connection to the Debtors, their estates, their creditors, the Committee, and the members thereof, or other parties in interest, except as disclosed herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:  August 10, 2023              */s/ Lorenzo Marinuzzi*
                                    Lorenzo Marinuzzi

## Schedule 1[1]

The following lists contain the names of the reviewed entities as described more fully in the *Declaration of Lorenzo Marinuzzi in Support of Application of the Official Committee of Unsecured Creditors of Peer Street, Inc.,* et al., *for Entry of an Order Authorizing the Emplyoment and Retention of Morrison & Foerster LLP as Counsel Effective as of July 13, 2023* (the "Marinuzzi Declaration"). Where the names of the entities reviewed are incomplete or ambiguous, the scope of the search was intentionally broad and inclusive, and Morrison & Foerster LLP reviewed each entity in its records, as more fully described in the Marinuzzi Declaration, matching the incomplete or ambiguous name.

---

[1] The following list was provided to the Committee by Debtors' counsel. The Committee has not independently verified the contents of the list as being a complete and accurate list of all of the potential parties in interest, and the nature of their claims or interests in the Debtors and this Bankruptcy Case.

**Peer Street, Inc.**

*Potential Parties in Interest*

**Debtors**
Peer Street Funding LLC
Peer Street Opportunity Fund, GP, LLC
Peer Street Opportunity Investors II, LP
Peer Street, Inc.
PeerStreet Licensing, Inc.
PS Funding, Inc.
PS Options LLC
PS Portfolio-ST1, LLC
PS Warehouse II, LLC
PS Warehouse, LLC
PSF Ohio, LLC
PSF REO, LLC
PSF TX 1, LLC
PSF TX 2, LLC
PSF TX 4 LLC

**Debtors' Advisors**
Kramer Levin Naftalis & Frankel LLP
Piper Sandler Companies
Province, LLC
Stretto, Inc.
Wilson Sonsini Goodrich & Rosati
Young Conaway Stargatt & Taylor, LLP

**Banks**
Pacific Premier Bank
Wells Fargo & Company

**Lenders**
Magnetar Capital
Small Business Administration

**Material Vendors & Contract Counterparties**
Allied Universal Security Systems
Area Wide Realty Corp.
CDW
CES Limited LLC
CloudFlare, Inc.
Control Air Enterprises LLC
CoreLogic Credco LLC

Datasite LLC
DMS Facility Services
FCI Lender Services, Inc.
First American Data & Analytics
First American Mortgage Solutions, LLC
Fox & Roach, LP
Gibbs Realty & Auction Co., Inc.
Kirby Condominium Association, Inc.
Land Gorilla, Inc.
More Property Management Inc.
Surfside Villas HOA
The Wursta Corporation
Thomson Reuters
Trinity Inspection Services LLC
Trustpoint Technologies, Inc.

**Top 20 Unsecured Creditors**
Amir Golan
Anthony Levander
Anthony Minnuto
Carl A. & Amber Fricke Revocable Trust 06/23/09
Dan Venegoni
Edward Conrads
Elliott Abrams
Gregory Ricks
Invigorate Finance, LLC
Josh Tonderys
Joshua Fulton
Madalene Sullivan
Michael Corbett
Michael Harmon
"Pacific Premier Bank (SBA Paycheck Protection Program)"
Phillip Lay
Roopesh Sahu
Scott Maier
Steven Lange
Tamara Holloway

**Insurance Providers**
Chubb Group of Insurance Companies
Lloyd's of London
Lloyd's of London (K2 Financial Ltd)
North American Capacity Insurance
Co./Arch Specialty Insurance Co.
The Hartford Insurance Co.
First Insurance Funding

**Landlords**
2121 Park Place Fee Owner CA, LLC
LiquidSpace, Inc.

**Utility Companies**
Baltimore Department of Public Works
East Bay Municipal Utility District
KC Water
Narragansett Bar Commission
NYC Department of Environmental
Protection
Pawtucket Water Supply Board
PG&E
San Francisco Water Power Sewer

**Directors & Officers**
Brewster Johnson
David Dunn
David Eaton
Ellen Coleman
Ivona Smith
M. Freddie Reiss

**Equity Holders**
ACM Alamosa I LP
ACM Alamosa I-A LP
AH Parallel Fund IV, L.P., as nominee
Alpha Street Investment, LLC
Andreessen Horowitz Fund IV, L.P., as
nominee
Ang-Chih Kao
Baileyana Investments, LLC
Banyan Tree Capital LLC
Bawag P.S.K. Bank Für Arbeit Und
Wirtschaft Und Österreichische
Postsparkasse Aktiengesellschaft
Brewster Johnson

Colchis Opportunities Master Fund, L.P.
Diplomat Property Holdings Corp.
Dividend Capital Group, Inc. Pension Trust
Dragonland Global Investments Limited
ERES Peer Street, LLC
Evan Petrie and Jessica Petrie as
Community Property with the Right of
Survivorship
Felicis Ventures IV, L.P.
GMO GFF Limited Partnership
Greenline Community Growth Fund LLC
Harris Family Trust, dated October 14, 2002
Hollencrest Bayview Partners, LP
J.R. Johnson
Jeff Wilson
Jessica Geraty
Joaquin Hartman
Kevin Marshall
LB2 LLC
LF Ventures LLC
Liberty Ship I LLC
Marc Heenan
Michael L. McHargue
Michael Loop
Montage Ventures Fund I, L.P.
Moore Family Trust dtd 12-29-2010
Navitas Capital II, LP
Rapelye Alden Trust
Rembrandt Venture Partners Fund Three
L.P.
Robert P. Brennan Jr.
SCG Private Holdings, LLC
SM PeerStreet LLC
South Bay Financial Group II, LLC
The Campana Family Revocable Trust
The Joyce Family Trust dated February 25,
2004
The Kimberly and Amos Smith Trust
Thomas Fulton Scott Crosby
Thomvest Venture Capital SRL
Toba Capital Ventures Series of Toba
Capital LLC
Two Guys on the Beach, LLC
Weber Family Trust
WiL Fund II, L.P.

30461019.3
2

**Government Agencies/Taxing Authorities**
BED/GMEI Utility
California Department of Financial
Protection & Innovation / NMLS
California Secretary of State
City of El Segundo
FFEIC
Georgia Secretary of State
Illinois Secretary of State
Los Angeles County Tax Collector
Massachusetts Secretary of State
Missouri Secretary of State
New Jersey Department of Treasury
Rhode Island Secretary of State
State of Delaware - Division of Corporations
Surety Solutions, a Gallagher Company -
Swiss Re Corporate Solutions
United States Securities and Exchange
Commission (SEC)
United States Securities and Exchange
Commission (SEC) - SEC's Investment
Adviser Public Disclosure (IAPD)
Virginia State Corporation Commission
Washington Secretary of State

Jane Leamy
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Michael Panacio
Nyanquoi Jones
Ramona Harris
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Timothy J. Fox, Jr.

**Judges**
Dorsey, John T.
Goldblatt, Craig T.
Horan, Thomas M.
Owens, Karen B.
Shannon, Brendan L.
Silverstein, Laurie Selber
Stickles, J. Kate
Walrath, Mary F

**Office of the United States Trustee**
Andrew R. Vara
Benjamin Hackman
Christine Green
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley

30461019.3

**List of Potential Interested Parties**

(See attached)

**Schedule 2**

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a Morrison & Foerster Client | Status |
|---|---|---|
| DATASITE LLC | DATASITE LLC | Active Representation |
| PG & E CORP | PACIFIC GAS & ELECTRIC CO | Active Representation |
| PIPER SANDLER COMPANIES | PIPER SANDLER COMPANIES | Active Representation |
| THOMSON REUTERS | THOMSON REUTERS FOUNDATION (P) | Active Representation |
| WELLS FARGO & CO | WELLS FARGO SECURITIES LLC<br>SHANGHAI COMMERCIAL BANK LTD<br>WELLS FARGO BANK NA<br>WELLS FARGO BANK NA REAL ESTATE CAPITAL MARKETS<br>WELLS FARGO & CO | Active Representation<br>Active Representation<br>Active Representation<br>Inactive Representation<br><br>Active Representation |