**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: August 31, 2023, at 4:00 p.m. (ET)**<br>**Hearing Date: September 8, 2023, at 11:00 a.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP AS DELAWARE COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
*NUNC PRO TUNC* TO JULY 14, 2023**

The Official Committee of Unsecured Creditors (the "**Committee**") of Peer Street, Inc., *et al.* (the "**Debtors**") submits this application (the "**Application**"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2014(a), Rule 2016 and Rule 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 and Rule 2016-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the employment and retention of Benesch, Friedlander, Coplan & Aronoff LLP ("**Benesch**") as Delaware counsel to the Committee *nunc pro tunc* to July 14, 2023. The Declaration of Jennifer R. Hoover in support of this Application is attached hereto as **Exhibit B** (the "**Hoover Declaration**"). The Declaration of Chris Aristides in support of this Application is attached hereto

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

23019828

as **Exhibit C** (the "**Aristides Declaration**"). In further support of this Application, the Committee respectfully represents as follows:

## BACKGROUND

1.  On June 26, 2023 (the "**Petition Date**"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (this "**Court**").

2.  On July 10, 2023 (the "**Committee Formation Date**"), the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee currently consists of seven members.[2] On July 13, 2023 (the "**Retention Date**"), the Committee selected Morrison & Foerster LLP ("**Morrison & Foerster**") to serve as counsel to the Committee. On July 14, 2023, the Committee also selected Benesch to serve as Delaware counsel to the Committee. On July 17, 2023, the Committee selected Dundon Advisers ("**Dundon**") to serve as its financial advisor.

3.  Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors continue to operate their businesses as debtors-in-possession. No trustee or examiner has been appointed in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**").

## JURISDICTION AND VENUE

4.  The United States District Court for the District of Delaware (the "**District Court**") has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the Amended Standing Order of Reference from the District Court, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper before this Court

---

[2] The members of the Committee are: (1) Aristides Family Trust (2002); (2) Michael Corbett; (3) Fixed Income Fund of the Carolinas, LLC; (4) Gregory Ricks; (5) IBI SBL Investments, LP; (6) Yi Wang; and (7) Lihua Zhai.

pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

5.      The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(a), and 5002, and Local Rules 2014-1 and 2016-1.

## RELIEF REQUESTED

6.      By this Application, the Committee respectfully requests the entry of an order authorizing the employment and retention of Benesch as its Delaware counsel to perform the services described more thoroughly herein in connection with the Debtors' chapter 11 cases, *nunc pro tunc* to July 14, 2023. The Committee request that the Court approve the retention of Benesch in accordance with the terms and conditions set forth herein and in the Hoover Declaration.

## BASIS FOR RELIEF

### A.    Benesch's Eligibility to Serve as Delaware Counsel.

7.      Section 328(a) of the Bankruptcy Code provides that a committee appointed under section 1102 may, with the Court's approval, "employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment . . . ." 11 U.S.C. § 328(a). Section 1103(b) provides that an attorney employed to represent a committee under section 1102 "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103(b). However, "[r]epresentation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." *Id*.

3

8. In connection with its proposed retention by the Committee in these Chapter 11 Cases, Benesch researched its computer client database to determine whether it has any relationships with any of the entities in the categories on Schedule 1 attached to the Hoover Declaration. Benesch's conflict database includes the names of: (i) current and former clients and where practical, the known affiliates of those clients, (ii) current and former adverse parties, and (iii) certain current and former related parties in matters upon which Benesch has been or is currently engaged.

9. Benesch maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Benesch to make and maintain these records. It is the policy of Benesch that no new matter be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related adverse parties. Accordingly, it is Benesch's regular practice to update its database for every new matter undertaken by Benesch.

10. Moreover, through a firm-wide email on July 17, 2023, Benesch solicited information from its attorneys to determine whether any attorneys employed by Benesch are related to any of the Bankruptcy Judges in this District, the U.S. Trustee for Region 3, or any person known by Benesch to be employed in the Wilmington Office of the U.S. Trustee. Benesch also solicited information from its attorneys to determine if any attorneys employed by Benesch (i) are investors of the Debtors, or (ii) were, within two years of the Petition Date, a director, officer, or employee of the Debtors. No such connections were discovered, except as set forth in the Hoover Declaration.

11. To the best of the Committee's knowledge, except as otherwise set forth in the Hoover Declaration, Benesch neither holds nor represents any interest adverse to the Committee and is a "disinterested person" within the meaning of Bankruptcy Code sections 327(a) and 101(14) as it (a) does not hold or represent an interest adverse to the Committee, the Debtors, or the estates in the Chapter 11 Cases; (b) is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code; and (c) has no connection with the Committee, the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee in these Chapter 11 Cases, except as may be disclosed in the Hoover Declaration.

12. Benesch advised the Committee, and as disclosed in the Hoover Declaration, that Benesch may have in the past represented or opposed, may currently represent or oppose, and may in the future represent or oppose, certain parties in interest in these cases in matters wholly unrelated to the Debtors and/or these Chapter 11 Cases. Benesch has not (except as may be disclosed in the Hoover Declaration) and will not represent any such parties, or any of their affiliates or subsidiaries, in these Chapter 11 Cases.

13. Benesch has further advised the Committee that it appears in many cases, proceedings, and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent parties in interest in these Chapter 11 Cases.

14. To the extent that Benesch discovers any connections with any interested party or enters into any new relationships with any interested party, the Committee understands that Benesch will promptly supplement its disclosures to the Court.

15. The Committee therefore respectfully submits that Benesch satisfies the applicable standards to represent the Committee as Delaware counsel in these Chapter 11 Cases.

**B.     Benesch's Qualifications.**

16. Benesch is particularly well suited for the type of representation that the Committee requires because of Benesch's substantial experience appearing before courts in this District and its substantial experience representing committees and other interested parties in complex bankruptcy cases. Benesch's experience representing creditors' committees in other chapter 11 bankruptcy cases before this Court as lead counsel or Delaware counsel include, among others, the following: *Ruby Pipeline, L.L.C.; Alto Maipo Delaware, LLC*; *SC SJ Holdings, LLC*; *The Hertz Corporation*; *Dura Automotive Systems LLC*; *FTD Companies, Inc.*; *American Tire Distributors, Inc.*; *Charming Charlie Holdings, Inc.*; *iON Worldwide Inc.*; *Designline Corporation*; *Micromed Technologies, Inc.*; and *MFM Industries, Inc.*

17. The Committee has determined that Benesch has the resources and experience necessary to assist Morrison & Foerster and deal effectively and efficiently with many of the potential legal issues that may arise in the context of the Debtors' Chapter 11 Cases. Further, Benesch's appearance before this Court for the applications, motions, and other matters that may arise in these cases will be efficient and cost-effective for the Debtors' estates. The Committee therefore believes that Benesch's employment as Delaware counsel with Morrison & Foerster as lead counsel is in the best interest of the Debtors, their estates and their constituents, and desires that Benesch represent it as Delaware counsel in connection with these cases.

**C.     Benesch's Scope of Employment as Delaware Counsel to the Committee.**

18. To specifically disclose the division of labor and to avoid unnecessary duplication of services, subject to the Court's approval of the Application, Morrison & Foerster and Benesch

have discussed the appropriate scope of services of both firms, and the firms have developed a working plan to ensure that there is no duplication of services rendered on behalf of the Committee.

19. The services Benesch has rendered and may be required to render for the Committee, include, without limitation, the following:

a. in conjunction with Morrison & Foerster, providing legal advice where necessary with respect to the Committee's powers and duties and strategic advice on how to accomplish the Committee's goals, bearing in mind that the Court relies on Delaware counsel such as Benesch to be involved in all aspects of the bankruptcy proceedings;

b. drafting, reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

c. assisting and advising the Committee in its consultation with Morrison & Foerster and the U.S. Trustee relative to the administration of these cases;

d. drafting, filing, and serving documents as requested by Morrison & Foerster and the Committee;

e. assisting the Committee and Morrison & Foerster, as necessary, in the investigation (including through discovery) of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation, or a sale of the Debtors' assets;

f. compiling and coordinating delivery to the Court and the U.S. Trustee information required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any applicable U.S. Trustee guidelines and/or requests;

g. appearing in Court and at any meetings of creditors on behalf of the Committee in its capacity as Delaware counsel with Morrison & Foerster;

h. monitoring the case docket and coordinating with Morrison & Foerster and any other professional retained by the Committee on matters impacting the Committee;

i. participating in calls with the Committee;

j. preparing, updating and distributing critical dates memoranda and working group lists;

> k.  handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these cases and coordinating with Morrison & Foerster on any necessary responses; and
>
> l.  providing additional support to Morrison & Foerster, other Committee professionals, and the Committee, as requested.

The services described in this paragraph are designed to limit any unnecessary duplication of services with Morrison & Foerster and Dundon. To the extent that Benesch is assigned by the Committee, in consultation with Morrison & Foerster, to perform additional services as requested by the Committee that may be necessary and proper in these proceedings and that are materially different from the above-described services, Benesch will file a supplemental declaration in accordance with Bankruptcy Rule 2014, disclosing both the nature of its expanded employment and the reasons supporting the additional duties and responsibilities.

**D.  Benesch's Professional Compensation.**

20.  Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 328(a). Subject to this Court's approval and in accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the Committee requests that Benesch be compensated on an hourly basis for the work it performs, plus reimbursement of the actual and necessary expenses that Benesch incurs.

21.  Benesch has advised the Committee that its ordinary hourly rates for manner such as these range from $395 to $995 per hour for partners, from $245 to $605 per hour for associates, and from $110 to $375 per hour for paraprofessionals. The primary attorneys and paralegal that will work on this representation and their respective hourly rates are included in the following chart. As part of its ordinary business practice, Benesch reviews and adjusts its rates yearly

effective October 1 of each year. Other attorneys and paralegals will render services to the Committee as needed.

| Professional | Position | Rate |
|---|---|---|
| Jennifer R. Hoover | Partner | $815 per hour |
| Kevin M. Capuzzi | Partner | $640 per hour |
| John C. Gentile | Associate | $525 per hour |
| Juan Martinez | Associate | $405 per hour |
| LouAnne Molinaro | Paralegal | $370 per hour |

22. The ranges of hourly rates set forth above are Benesch's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Benesch for the work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are subject to periodic adjustment to reflect economic and other conditions Benesch has advised the Committee, and the Committee understands, that the hourly rates set forth above are subject to periodic adjustments on October 1 each year as part of its ordinary business practice. Benesch will file a supplemental affidavit with the Court describing any increase to the Debtors, the Committee, and the U.S. Trustee.

23. Benesch did not receive any retainer from the Debtors, the Committee, or any other entity in these Chapter 11 Cases. Other than as set forth herein, there is no proposed arrangement to compensate Benesch. Benesch has not shared, nor agreed to share, (a) any compensation it has received or may receive with any other party or person, other than with the partners and associates of Benesch, or (b) any compensation another person or party has received or may receive. Benesch has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, any order entered in these Chapter 11 Cases governing the compensation of professionals, and any applicable U.S. Trustee guidelines.

24. The Committee believes the compensation arrangements with Benesch are consistent with, and typical of, arrangements entered into by Benesch and other law firms with respect to rendering similar services for clients such as the Committee. The Committee, therefore, respectfully requests entry of an order, substantially in the form submitted herewith, authorizing the retention and employment of Benesch as Delaware counsel to the Committee.

25. By separate application, the Committee is also seeking approval to employ Morrison & Foerster. The Committee believes that if the employment of Morrison & Foerster and Benesch are approved by this Court, these firms have allocated and will allocate their delivery of services to the Committee so as to limit unnecessary duplication of services. It is the carefully considered view of the Committee that, considering the complexity of these cases, the timing of the Committee's appointment, the pace of these cases and the various interests involved, representation of the Committee by Morrison & Foerster and Benesch is necessary, advisable and in the best interests of the Committee and these estates.

E. *Nunc Pro Tunc* **Relief.**

26. The Committee requests that Benesch's retention be made effective as of July 14, 2023, in order to allow Benesch to be compensated for the work it performed for the Committee as of and following the date it was retained and prior to the Court's consideration and approval of this Application. Due to the size, short timeline, and complex nature of these Chapter 11 Cases, as well as the significant relief sought by the Debtor during the early stages of Chapter 11 Cases, there was an immediate need for Benesch to perform services for the Committee upon its retention. The Committee submits that under the circumstances, and to avoid the irreparable harm to the

Debtors' estates that may occur if Benesch is not immediately retained, retroactive approval to July 14, 2023, the date of Benesch's retention, is warranted. *See, e.g.*, F/S Airlease II, Inc. v. Simon *(In re F/S Airlease II, Inc.)*, 844 F.2d 99, 105 (3d Cir. 1988), *cert denied*, 488 U.S. 852 (1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989).

### Notice

27. Notice of this Application has been given to: (a) proposed counsel to the Debtors; (b) the U.S. Trustee; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). The Committee submits that, in light of the nature of the relief requested herein, no other or further notice is necessary.

28. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form submitted herewith and grant such other and further relief as is just and proper.

Dated: August 10, 2023

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PEER STREET, INC., *ET AL.***

By: */s/ Chris Aristides*
Chris Aristides, Aristides Family Trust (2002), solely in his capacity as Chair of the Official Committee of Unsecured Creditors of Peer Street, Inc., *et al.*