**<u>EXHIBIT A</u>**

(Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**RE: D.I. _____** |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BENESCH,
FRIEDLANDER, COPLAN & ARONOFF LLP AS DELAWARE COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
*NUNC PRO TUNC* TO JULY 14, 2023**

Upon the application (the "**Application**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for an order, pursuant to sections 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), authorizing the Committee to employ and retain Benesch, Friedlander, Coplan & Aronoff LLP ("**Benesch**") as the Committee's Delaware counsel in these cases, *nunc pro tunc* to July 14, 2023 (the "**Retention Date**"); and upon the declaration of Jennifer R. Hoover (the "**Hoover Declaration**"); and it appearing that due and proper notice of the Application has been given; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Application in this district is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that Benesch is eligible for retention pursuant to sections 328 and 1103 of the Bankruptcy Code in that Benesch does not represent or hold any interest adverse to the Debtors as to the matters upon which Benesch has been and is to be employed, and that Benesch is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, and that it shall not, while employed by the Committee, represent any other entity having an adverse interest in connection with these cases; and it appearing that to the Court that there is just cause for the relief granted herein; and after due deliberation, and sufficient cause appearing therefore; it is hereby ORDERED that:

1.      The Application is granted and approved as set forth herein effective as of July 14, 2023.

2.      Pursuant to sections 328 and 1103(a) of the Bankruptcy Code, the Committee is authorized to employ and retain Benesch as its Delaware counsel in these Chapter 11 Cases, on the terms and conditions set forth in the Application and the Hoover Declaration.

3.      Benesch shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Benesch also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective November 12, 2013*, both in connection with this Application and the interim and final fee applications to be filed by Benesch in these Chapter 11 Cases.

4.      Notwithstanding anything to the contrary in the Application, Benesch shall not seek reimbursement of any fees or costs from the estate arising from the defense of any of Benesch's monthly fee statements or fee applications in these Chapter 11 Cases.

5.      Benesch shall provide ten (10) business days' notice to the Debtors and U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

6.      To the extent that this order is inconsistent with the Application or the Declarations, the terms of this order shall govern.

7.      The Committee and Benesch are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this order in accordance with the Application, including, without limitation, executing any additional or supplemental documents incidental to the relief granted herein.

8.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9.      The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

10.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this order.