**EXHIBIT B**

(Declaration of Jennifer R. Hoover)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered) |

**DECLARATION OF JENNIFER R. HOOVER IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
*NUNC PRO TUNC* TO JULY 14, 2023**

I, Jennifer R. Hoover, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am a Partner at Benesch, Friedlander, Coplan & Aronoff LLP ("**Benesch**"), which maintains offices for the practice of law at, among other places,1313 North Market Street, Suite 1201, Wilmington, Delaware 19801. I am an attorney-at-law, duly admitted and in good standing to practice in the States of Delaware and New Jersey and the Commonwealth of Pennsylvania, as well as the United States District Court for the District of Delaware, among other federal courts.

2. I submit this declaration in connection with the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors (collectively, the "**Debtors**") for an order authorizing the retention of Benesch as its Delaware counsel, *nunc pro tunc* to July 14, 2023, and to provide the disclosures

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

required under section 1103 of title 11 of the United States Code 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2014(a), 2016(a) and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). All statements made herein are true and correct to the best of my knowledge, information, and belief, and are the result of my direct knowledge or the knowledge of other attorneys at Benesch that have reported such statement to me.

3.  All terms not otherwise defined herein have the meanings ascribed to such terms in the Application.  Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.  To the extent that any information disclosed herein requires amendment or modification upon Benesch's completion of further analysis or as additional information becomes available to Benesch, a supplemental declaration will be submitted to the Court.

4.  All terms not otherwise defined herein have the meanings ascribed to such terms in the Application.

## **Benesch's Disinterestedness**

5.  Neither I, Benesch, nor any partner, counsel, associate, or other attorney at Benesch, insofar as I have able to ascertain, has in the past represented the Debtors or any Potential Party in Interest (as defined below), except as hereinafter set forth.

6.  Benesch maintains and systematically updates its conflict database system in the regular course of its business, and it is the regular practice of Benesch to make and maintain these records.  It is the policy of Benesch that no new matter be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict database system

the information necessary to check each such matter for any potential conflict of interest, including the identity of the prospective client, the matter, and the related and adverse parties.  Accordingly, it is Benesch's regular practice to update its database for every new matter undertaken by Benesch.

7.      In preparing this Declaration, we have used the above-described procedures established by Benesch to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by an official committee under the Bankruptcy Code.  In that regard, Benesch reviewed a list supplied by the Debtors of names and entities who may be parties in interest in these Chapter 11 Cases, including, *inter alia*, the Debtors and those parties identified in the schedules hereto and summarized in the chapter below (collectively, the "**Potential Parties in Interest**").  A list of the Potential Parties in Interest is attached hereto as **Schedule 1** hereto.

8.      Moreover, through a firm-wide email, Benesch solicited information from its attorneys to determine whether any attorneys employed by Benesch are related to any of the Bankruptcy Judges in this District, the U.S. Trustee for Region 3, or any person known by Benesch to be employed in the Wilmington Office of the U.S. Trustee.  Benesch also solicited information from its attorneys to determine if any attorneys employed by Benesch (i) are investors of the Debtors or (ii) were, within two years of the Petition Date, a director, officer, or employee of the Debtors.  No such connections were discovered, other than (i) a Benesch partner, Gregory W. Werkheiser, is married to Rachel L. Werkheiser, who, is currently a career law clerk for Judge J. Kate Stickles, who is currently a Bankruptcy Judge for the U.S. Bankruptcy Court for the District of Delaware and (ii) a Benesch partner, Michael A. Vatis, is a college classmate of Judge Brendan L. Shannon, who is currently a Bankruptcy Judge for the U.S. Bankruptcy Court for the District of Delaware.

9. Insofar as we have been able to ascertain, Benesch has in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to the Debtors or these Chapter 11 Cases, certain Potential Parties in Interest, including, without limitation, those entities set forth on **Schedule 2**, attached hereto, (a) who are current clients or are affiliates, or thereof or (b) who have been represented by Benesch within the last two years. Except as set forth in Schedule 2, I do not believe that any single matter is a major engagement that, alone or in the aggregate with other engagements for the same entity, involves the billing of fees in excess of one percent (1%) of Benesch's fees billed over the past twelve months.

10. As part of its practice, Benesch appears in many cases, proceedings, and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties in interest in these Chapter 11 Cases. I have advised the Committee that Benesch does not have any relationship with any such entities that would be adverse to the Committee or its interests in the matters upon which Benesch is to be employed or otherwise cause Benesch to be a disinterested person. From time to time, Benesch has referred work to other professionals involved in these Chapter 11 Cases. Likewise, certain such professionals have referred work to Benesch. However, none of these referrals create an interest as contemplated in the definition of "disinterested person" in the Bankruptcy Code.

11. The information required to be included on **Schedule 1** (and, therefore, potentially **Schedule 2**) may have changed without our knowledge and may change during the pendency of these Chapter 11 Cases. Accordingly, if Benesch discovers any information that is contrary to or pertinent to the statements made herein, Benesch will promptly disclose such information to the Court by filing and serving a supplemental declaration. To the extent that Benesch discovers any

connection with any interested party or enters into any new relationship with any interested party, Benesch will promptly supplement its disclosure to the Court.

12. Except as set forth herein and as supplemented by **Schedule 2**, and based upon the information available to me, neither I, Benesch, nor any partner, counsel, associate, or other attorney thereof, insofar as I have been able to ascertain, (a) is a creditor, an equity security holder, or an insider of the Debtors, (b) is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors, or (iii) has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Based upon the information available to me, I believe that Benesch is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13. To the extent an issue arises in connection with any clients that, in the view of Benesch, could give rise to an actual or potential conflict, the Committee will utilize conflicts counsel to address such issue.

14. Benesch believes that its representation of the parties covered herein and as set forth on **Schedule 2** has not affected and will not affect its representation of the Committee in these Chapter 11 Cases. Further, the Committee has agreed to waive any actual or potential conflicts of interest that may arise from Benesch's representation of parties-in-interest described herein and as set forth on **Schedule 2** in matters unrelated to the Debtors, the Committee, or these Chapter 11 Cases. To the extent that any employee of Benesch has a relationship that, in the view of Benesch, could give rise to an actual or potential conflict, an ethical screen will be put in place to ensure that such employee does not have access to information related to Benesch's representation of the Committee.

15. No promises have been received by Benesch, or by any partner, counsel, associate, or other attorney thereof, as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Benesch has no agreement with any other entity to share with such entity any compensation received by Benesch.

## Compensation

16. Benesch intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any Order entered in these Chapter 11 Cases governing the compensation of professionals, and any applicable U.S. Trustee guidelines, including the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**Revised U.S. Trustee Fee Guidelines**"), as adopted on June 11, 2013.

17. Benesch will seek compensation on an hourly basis for the services it renders, plus reimbursement of actual and necessary expenses and other charges that it incurs. Attorneys and paraprofessionals of Benesch bill their time in one-tenth hour increments. Benesch has advised the Committee that its ordinary hourly rates for manner such as these range from $395 to $995 per hour for partners, from $245 to $605 per hour for associates, and from $110 to $375 per hour for paraprofessionals. As part of its ordinary business practice, Benesch reviews and adjusts its rates yearly effective October 1 of each year. Other attorneys and paralegals will render services to the Committee as needed. The primary attorneys and paralegal that will work on this representation and their respective hourly rates are included in the following chart.

| Professional | Position | Rate |
|---|---|---|
| Jennifer R. Hoover | Partner | $815 per hour |
| Kevin M. Capuzzi | Partner | $640 per hour |
| John C. Gentile | Associate | $525 per hour |
| Juan Martinez | Associate | $405 per hour |
| LouAnne Molinaro | Paralegal | $370 per hour |

18.     The hourly rates set forth in the ranges disclosed above are Benesch's standard hourly rates for work of this nature both inside and outside of the bankruptcy context. [2]

19.     The rates indicated in the Application and this Declaration are set at a level designed to fairly compensate Benesch for the work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments to reflect economic and other conditions. Benesch has advised the Committee, and the Committee understands, that the hourly rates set forth above are subject to periodic adjustments on October 1 each year as part of its ordinary business practice. Benesch will advise the Committee of any additional rate increases once they are established and when any other rate change becomes effective during Benesch's engagement.

20.     In addition to the hourly billing rates set forth above, Benesch customarily charges its clients for all costs and expenses incurred, including telephone and telecopier charges, mail and express mail charges, hand delivery charges, document processing, photocopying and print copy

---

[2] Benesch has national practices in commercial bankruptcy, corporate litigation, intellectual property litigation, healthcare, entity law and commercial transactions, among others. The hourly rates reflected in the ranges disclosed herein are Benesch's standard hourly rates for engagements in those practice areas. In addition, Benesch is a full-service national law firm. While Benesch generally charges its standard hourly rates in its regional practice areas, occasionally certain Benesch attorneys will agree to reduce rates for those representations. Benesch also occasionally accepts representations with alternative fee structures, such as contingent, mixed-contingent, flat fee and blended-hourly.

charges, travel expenses, expenses for "working meals," computerized research and transcription costs. Benesch has advised the Committee that it would charge such costs and expenses in accordance, and only to the extent consistent, with the Local Rules.

21. Benesch has not received any retainer from the Debtors, the Committee, or any other entity in these Chapter 11 Cases. Other than set forth herein, there is no proposed arrangement to compensate Benesch. Benesch has not shared, nor agreed to share, (a) any compensation it has received or may receive with any other party or person, other than with the partners and associates of Benesch, or (b) any compensation another person or party has received or may receive.

22. Benesch intends to make reasonable efforts to comply with the Revised U.S. Trustee Fee Guidelines. Benesch also intends to work cooperatively with the U.S. Trustee to address any concerns with Benesch's Application and to respond to any further information requests.

23. Pursuant to Part D.1 of the Revised U.S. Trustee Fee Guidelines, Benesch is seeking employment as Delaware counsel to the Committee and hereby provides the following responses set forth below:

| Question | Answer | Further Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |

| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. | Not applicable. Benesch did not represent the Committee during the prepetition period. | N/A |
|---|---|---|
| Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? | Benesch is developing a budget and staffing plan that will be presented to the Committee in conjunction with Morrison & Foerster (as defined below) | N/A |

24. Pursuant to Part F. of the Revised U.S. Trustee Fee Guidelines, Benesch is proposed to serve as Delaware counsel for the Committee with primary counsel, Morrison & Foerster. Morrison & Foerster has primary responsibility for the services disclosed in its retention application. To disclose the division of labor and to avoid unnecessary duplication of services, subject to the Court's approval of the Application, the services Benesch has rendered and may be required to render for the Committee in these Chapter 11 Cases, include, without limitation, the following:

   a. in conjunction with Morrison & Foerster, providing legal advice where necessary with respect to the Committee's powers and duties and strategic advice on how to accomplish the Committee's goals, bearing in mind that the Court relies on Delaware counsel such as Benesch to be involved in all aspects of the bankruptcy proceedings;

   b. drafting, reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

   c. assisting and advising the Committee in its consultation with Morrison & Foerster and the U.S. Trustee relative to the administration of these cases;

   d. drafting, filing, and serving documents as requested by Morrison & Foerster and the Committee;

   e. assisting the Committee and Morrison & Foerster, as necessary, in the investigation (including through discovery) of the acts, conduct, assets,

9

      liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation, or a sale of the Debtors' assets;

    f.    compiling and coordinating delivery to the Court and the U.S. Trustee information required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any applicable U.S. Trustee guidelines and/or requests;

    g.    appearing in Court and at any meetings of creditors on behalf of the Committee in its capacity as Delaware counsel with Morrison & Foerster;

    h.    monitoring the case docket and coordinating with Morrison & Foerster and any other professional retained by the Committee on matters impacting the Committee;

    i.    participating in calls with the Committee;

    j.    preparing, updating and distributing critical dates memoranda and working group lists;

    k.    handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these cases and coordinating with Morrison & Foerster on any necessary responses; and

    l.    providing additional support to Morrison & Foerster, other Committee professionals, and the Committee, as requested.

25.    By reason of the foregoing, I believe Benesch is eligible for employment and retention by the Committee pursuant to section 1103 of the Bankruptcy Code and the applicable Bankruptcy Rules, *nunc pro tunc* to July 14, 2023.

Dated: August 10, 2023                            **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

                                                          */s/ Jennifer R. Hoover*
                                                       Jennifer R. Hoover (No. 5111)

## Schedule 1

### Potential Parties in Interest

**Debtors**
Peer Street Funding LLC
Peer Street Opportunity Fund, GP, LLC
Peer Street Opportunity Investors II, LP
Peer Street, Inc.
PeerStreet Licensing, Inc.
PS Funding, Inc.
PS Options LLC
PS Portfolio-ST1, LLC
PS Warehouse II, LLC
PS Warehouse, LLC
PSF Ohio, LLC
PSF REO, LLC
PSF TX 1, LLC
PSF TX 2, LLC
PSF TX 4 LLC

**Debtors' Advisors**
Kramer Levin Naftalis & Frankel LLP
Piper Sandler Companies
Province, LLC
Stretto, Inc.
Wilson Sonsini Goodrich & Rosati
Young Conaway Stargatt & Taylor, LLP

**Banks**
Pacific Premier Bank
Wells Fargo & Company

**Lenders**
Magnetar Capital
Small Business Administration

**Material Vendors & Contract Counterparties**
Allied Universal Security Systems
Area Wide Realty Corp.
CDW
CES Limited LLC
CloudFlare, Inc.
Control Air Enterprises LLC
CoreLogic Credco LLC
Datasite LLC
DMS Facility Services
FCI Lender Services, Inc.
First American Data & Analytics
First American Mortgage Solutions, LLC
Fox & Roach, LP
Gibbs Realty & Auction Co., Inc.
Kirby Condominium Association, Inc.
Land Gorilla, Inc.
More Property Management Inc.
Surferside Villas HOA
The Wursta Corporation
Thomson Reuters
Trinity Inspection Services LLC
Trustpoint Technologies, Inc.

**Top 20 Unsecured Creditors**
Amir Golan
Anthony Levander
Anthony Minnuto
Carl A. & Amber Fricke Revocable Trust 06/23/09
Dan Venegoni
Edward Conrads
Elliott Abrams
Gregory Ricks
Invigorate Finance, LLC
Josh Tonderys
Joshua Fulton
Madalene Sullivan
Michael Corbett
Michael Harmon
"Pacific Premier Bank (SBA Paycheck Protection Program)"
Phillip Lay
Roopesh Sahu
Scott Maier
Steven Lange
Tamara Holloway

**Insurance Providers**
Chubb Group of Insurance Companies
Lloyd's of London
Lloyd's of London (K2 Financial Ltd)
North American Capacity Insurance Co./Arch Specialty Insurance Co.
The Hartford Insurance Co.
First Insurance Funding

**Landlords**
2121 Park Place Fee Owner CA, LLC
LiquidSpace, Inc.

**Utility Companies**
Baltimore Department of Public Works
East Bay Municipal Utility District
KC Water
Narragansett Bar Commission
NYC Department of Environmental Protection
Pawtucket Water Supply Board
PG&E
San Francisco Water Power Sewer

**Directors & Officers**
Brewster Johnson
David Dunn
David Eaton
Ellen Coleman
Ivona Smith
M. Freddie Reiss

**Equity Holders**
ACM Alamosa I LP
ACM Alamosa I-A LP
AH Parallel Fund IV, L.P., as nominee
Alpha Street Investment, LLC
Andreessen Horowitz Fund IV, L.P., as nominee
Ang-Chih Kao
Baileyana Investments, LLC
Banyan Tree Capital LLC
Bawag P.S.K. Bank Für Arbeit Und Wirtschaft Und Österreichische Postsparkasse Aktiengesellschaft
Brewster Johnson
Colchis Opportunities Master Fund, L.P.
Diplomat Property Holdings Corp.
Dividend Capital Group, Inc. Pension Trust
Dragonland Global Investments Limited

ERES Peer Street, LLC
Evan Petrie and Jessica Petrie as Community Property with the Right of Survivorship
Felicis Ventures IV, L.P.
GMO GFF Limited Partnership
Greenline Community Growth Fund LLC
Harris Family Trust, dated October 14, 2002
Hollencrest Bayview Partners, LP
J.R. Johnson
Jeff Wilson
Jessica Geraty
Joaquin Hartman
Kevin Marshall
LB2 LLC
LF Ventures LLC
Liberty Ship I LLC
Marc Heenan
Michael L. McHargue
Michael Loop
Montage Ventures Fund I, L.P.
Moore Family Trust dtd 12-29-2010
Navitas Capital II, LP
Rapelye Alden Trust
Rembrandt Venture Partners Fund Three L.P.
Robert P. Brennan Jr.
SCG Private Holdings, LLC
SM PeerStreet LLC
South Bay Financial Group II, LLC
The Campana Family Revocable Trust
The Joyce Family Trust dated February 25, 2004
The Kimberly and Amos Smith Trust
Thomas Fulton Scott Crosby
Thomvest Venture Capital SRL
Toba Capital Ventures Series of Toba Capital LLC
Two Guys on the Beach, LLC
Weber Family Trust
WiL Fund II, L.P.

**Government Agencies/Taxing Authorities**
BED/GMEI Utility
California Department of Financial Protection & Innovation / NMLS
California Secretary of State
City of El Segundo
FFEIC
Georgia Secretary of State
Illinois Secretary of State
Los Angeles County Tax Collector

Massachusetts Secretary of State
Missouri Secretary of State
New Jersey Department of Treasury
Rhode Island Secretary of State
State of Delaware - Division of Corporations
Surety Solutions, a Gallagher Company - Swiss Re Corporate Solutions
United States Securities and Exchange Commission (SEC)
United States Securities and Exchange Commission (SEC) - SEC's Investment Adviser Public Disclosure (IAPD)
Virginia State Corporation Commission
Washington Secretary of State

**Judges and Court Staff**
Dorsey, John T.
Goldblatt, Craig T.
Horan, Thomas M.
Owens, Karen B.
Shannon, Brendan L.
Silverstein, Laurie Selber
Stickles, J. Kate
Walrath, Mary F.
Lora Johnson
Cacia Batts
Una O'Boyle – Clerk of Court
Laurie Capp
Al Lugano
Danielle Gadson
Joan Ranieri
Lora Johnson
Marquietta Lopez
Nickita Barksdale
Rachel Bello
Robert Cavello
Laura Haney
Demitra Yeager
Claire Brady
Jill Walker
Paula Subda
Amanda Hrycak
Catherine Farrell

**Office of the United States Trustee**
Andrew R. Vara
Benjamin Hackman
Christine Green
Denis Cooke

Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Michael Panacio
Nyanquoi Jones
Ramona Harris
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Timothy J. Fox, Jr.

**Schedule 2**

**Schedule of Parties-In-Interest
that Benesch, Friedlander, Coplan & Aronoff, LLP
Currently Represents and/or Has Formerly Represented**

| **Interested Party** | **Relationship to Debtors** | **Description of Relationship** |
|---|---|---|
| East Bay Municipal Utilities District | Utility Provider | Benesch formerly represented the interested party or an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases |
| Navitas Capital II, LP | Equity Holder | Benesch represents the interested party or an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases |
| Wells Fargo | Cash Management Bank/ Certain Current or Former Customer | Benesch represents the interested party or an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases |
| The Hartford Financial Services Group | Insurance Provider | Benesch formerly represented the interested party or an affiliated entity of the interested party in matters unrelated to the Debtors' Chapter 11 Cases |
| Young Conway Stargatt & Taylor, LLP; Kramer Levin; Province LLC | Debtors' Professionals | As part of its practice, Benesch appears in many cases, proceedings, and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties in interest in these Chapter 11 Cases.  I have advised the Committee that Benesch has not and will not represent any such entities in relation to the Debtors' Chapter 11 Cases and Benesch does not have any relationship with any such entities that would be adverse to the Committee or their interests in the matters upon which Benesch is to be employed or otherwise cause Benesch to be a disinterested person. From time to time, Benesch has referred work to other professionals involved in these Chapter 11 Cases. Likewise, certain of those professionals have referred work to Benesch.  However, none of these referrals create an interest as contemplated in the definition of "disinterested person" in the Bankruptcy Code. |