**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>Ref Docket Nos. 28 & 110 |

**DECLARATION OF DAVID M. DUNN IN SUPPORT OF THE DEBTORS'**
**MOTION TO ELECTRONICALLY SERVE INDIVIDUAL RETAIL CUSTOMERS**

      I, David M. Dunn, hereby declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, to the best of my knowledge and belief, that:

      1.    I am the Chief Restructuring Officer of Peer Street, Inc., a Delaware corporation ("**PSI**" and, together with the above-captioned affiliates as debtors and debtors in possession "**Peer Street**" or the "**Debtors**"). I am also a Principal of Province, LLC ("**Province**"), a nationally recognized financial advisory firm focusing on restructurings, growth opportunities, and fiduciary-related services. I am duly authorized to make and submit this declaration (this "**Declaration**") in support of the *Debtors' Motion for Entry of an Order (A) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Individual Retail Customers, (B) Authorizing the Debtors to Provide Individual Retail Customers with Electronic Service, and (C) Granting Certain Related Relief* [D.I. 28] (the "**Motion**").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

30613224.3

2. The Debtors operate an online platform through which individuals investing in real-estate debt and offer three (3) "Retail" products: (1) Fractional; (2) Pocket; and (3) Portfolio (the "**Retail Products**").[3] The Customers invest in the Retail Products through the Debtors' online platform (the "**Peer Street Platform**"). As of the Petition Date, there were approximately 10,600 Customers signed up on the Peer Street Platform with investments in the Retail Products.[4] All Customers provided Peer Street with their electronic mail addresses when registering for the Peer Street Platform.

3. Upon registering for the Peer Street Platform, the Customers agreed to Peer Street's Terms of Use (the "**Terms of Use**").[5] The "Customer Communications" provision of the Terms of Use provides that "[b]y accepting these Terms, you expressly consent to be contacted by [Peer Street], our agents, representatives, affiliates . . . for any and all purposes, at any . . . electronic address you provide or at which you may be reached. You agree that we may contact you in any way."

4. Additionally, pursuant to each of the agreements governing Peer Street's relationships with its Customers with respect to specific products (the "**Customer Agreements**"), Peer Street's Customers agreed to receive communications from Peer Street via electronic means unless applicable law requires otherwise.

5. Serving the Customers with the Individual Retail Customer Pleadings electronically at the email address provided to Peer Street when each Customer signed up on the Peer Street Platform is consistent with the Debtors' historic practices. . The Debtors keep accurate

---

[3] A detailed description of the Retail Products is set forth in the *Declaration of David M. Dunn in Support of the Chapter 11 Filing and First Day Pleadings* [D.I. 3] (the "**First Day Declaration**"), which is fully incorporated herein by reference.

[4] The Debtors' books and records lack physical mailing addresses for approximately 620 Customers.

[5] The Debtors' Terms of Service are available at https://www.peerstreet.com/content/terms.

records of the Customers' email addresses, and Customers must provide Peer Street with notice any time their email addresses change pursuant to the Customer Agreements. In the ordinary course of its business, and in reliance on the Terms of Use and the Customer Agreements, Peer Street communicated with its Customers via email. These communications included, among other things, notices of any material changes or amendments to the underlying real estate securities in which the Customers have chosen to invest and allocation opt-out notices when customers are enrolled in Peer Street's automated investing program. Accordingly, I believe that the Customers will expect to be served with important notices, such as the Individual Retail Customer Pleadings, at the email address provided directly by them and which they update in accordance with the terms of the Customer Agreements. On the other hand, serving the Customers via regular First Class mail in accordance with the Bankruptcy Rules would be very costly.

## **Conclusion**

6.     In light of the foregoing, for the reasons stated herein and in the Motion, the relief sought in the Motion with respect to electronic service of the Individual Retail Customer Pleadings is warranted under the circumstances and is consistent with the terms governing communications between Peer Street and the Individual Retail Customers.

Dated:  August 14, 2023                                           */s/ David M. Dunn*

                                                         David M. Dunn
                                                         Chief Restructuring Officer