# EXHIBIT A

**Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:** September 1, 2023 at 4:00 p.m. (ET) |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

1. I, Gerald D. Davis, hereby declare that the following is true to the best of my knowledge, information and belief:

2. I am a shareholder of Trenam Law (the "**Firm**") which maintains offices at 200 Central Avenue, Suite 1600, St. Petersburg, Florida 33701 and also in Tampa, Florida.

3. This Declaration is submitted in connection with the order (the "**OCP Order**") of the United States Bankruptcy Court for the District of Delaware dated June 27, 2023, authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (these "**Chapter 11 Cases**").

4. The Firm is a legal services firm.

5. The Firm has represented and advised the Debtors as legal counsel with respect to Florida mortgage foreclosure since March 2021.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30529596.1

6. As of the Petition Date, the Firm held a retainer in the amount of $0.00.

7. The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: mortgage foreclosure, workout and related legal service related to loan secured with Florida real property and unsecured loans.

8. The Firm's current customary hourly rates, subject to change from time to time, are described as follows:

| TKPR Name | Rack Rate | Discounted Rate to Peer Street | |
|---|---|---|---|
| Camero, Nicole | 270.00 | 240.00 | (Associate) |
| Davis, Gerald D. | 595.00 | 450.00 | (Partner) |
| Drushal, Amy L. | 570.00 | 414.00 | (Partner) |
| Fears, Stanton | 405.00 | 380.00 | (Associate) |
| Hoeppner, Ofelia | 250.00 | 193.50 | (Paralegal) |
| Lieb, Stephanie C. | 475.00 | 355.50 | (Partner) |
| McCabe, Kyle, F. | 300.00 | 202.50 | (Associate) |
| Muhs, Bradley, A. | 425.00 | 292.50 | (Partner) |
| Yatsco, Tanya, A. | 245.00 | 189.00 | (Paralegal) |

In the normal course of business, the Firm revises its regular hourly rates and advises that, effective July 1st of each year, the aforementioned rates will be revised to the regular hourly rates that will be in effect at that time less the agreed discount.

9. The Firm keeps in the ordinary course of business time records in one-tenth-of-an-hour (0.1) increments.

10. To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to

these Chapter 11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee, or any person employed by the Office of the United States Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

11. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any professional thereof has any connection with, or currently represents, any of the Debtors' creditors or other parties in interest with respect to the matters upon which it is to be engaged.

12. In addition, although unascertainable at this time after due inquiry, by virtue of the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities and individuals that are creditors of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these pending Chapter 11 Cases and does not have any relationship with any creditor that would be adverse to the Debtors or their estates. I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such representation impair the Firm's ability to represent the Debtors in these Chapter 11 Cases.

13. The Firm's process of ascertaining whether it holds or represents an interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders consists of the following: Not applicable.

14. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matter in which the Firm will be engaged.

15. In the past year (8/16/2022 to 8/15/2023), the Firm has been paid $82,267.08 in attorney's fees and $17,612.10 in reimbursed litigation costs by the Debtors in respect of services rendered to the Debtors. In addition, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $17,467.65 in attorney's fees and $1,765.73 in unreimbursed litigation costs advanced by the Firm related to or on account of prepetition services.

16. I also understand the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event its fees and expenses exceed a total of $25,000 per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of the Court.

17. Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of the Court.

18. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

19. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

20. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

TRENAM LAW

/s/ Gerald D. Davis

Gerald D. Davis, Esq.
Florida Bar No. 764698
gdavis@trenam.com  bshepard@trenam.com
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Tel: (727) 896-7171