**Exhibit B**

10976517v.2

# Snell & Wilmer

600 ANTON BLVD, SUITE 1400
COSTA MESA, CA  92626-7689
714.427.7000 P
714.427.7799 F

**Eric S. Pezold**
(714) 427-7414
epezold@swlaw.com

June 21, 2023

**VIA E-MAIL TO: SGOLDSTEIN@SCHORR-LAW.COM**

Stephanie C. Goldstein, Esq.
Schorr Law
1901 Avenue of the Starts, Suite 615
Los Angeles, CA 90067

Re:    **1035 5th Street, Santa Monica, CA 90403**

Dear Ms. Goldstein:

This office represents PSF REO, LLC, owner of the above-referenced property located at 1035 5th Street, Santa Monica, CA 90403 ("Property"), and its predecessor-in-interest, PS Funding, Inc. (together, "PSF"). Please allow this correspondence to serve as a response to your letter dated June 12, 2023, wherein you indicate that your clients George Gabriel ("Gabriel") and MGM Gabriel & Associates, Inc. ("MGM") continue to assert an ownership interest in the Property despite the foreclosure sale held on March 21, 2023.

MGM's continued claim of ownership is the latest in a series of efforts to delay, frustrate and impede PSF's collection and enforcement of a $3.65M loan made to MGM in 2019. After failing to make the payment that came due in December 2021, MGM failed to repay the entire loan balance by the January 1, 2022, maturity date. After commencing foreclosure proceedings by recording a notice of default in March 2022, which you acknowledge your client received, MGM then engaged in a series of fraudulent bankruptcy filings designed to frustrate PSF's loan enforcement efforts.

Specifically, just two days prior to the then-scheduled trustee's sale, MGM executed a deed of trust in favor of Strategic Equity Ventures, LLC ("SEV"), in the amount of $200,000, which was recorded on August 29, 2022, as Document No. 20220857321. SEV then filed a voluntary chapter 11 bankruptcy case, U.S. Bankruptcy Court for the Central District of California Case No. 2:22-bk-14746-BB, in order to obtain the benefit of the automatic stay of 11 U.S.C. § 362(a) to stay the trustee's sale. The Bankruptcy Court ultimately granted relief from the automatic stay with a finding that the bankruptcy case was part of scheme to hinder, delay and defraud creditors. On or about September 25, 2022, MGM similarly executed a deed of trust in favor of Chris Lamont,

# Snell & Wilmer

Stephanie C. Goldstein, Esq.
June 21, 2023
Page 2

which was recorded on September 27, 2022, as Document No. 20220938397. Mr. Lamont likewise filed a bankruptcy case, Case No. 1:23-bk-10340-VK. That case was summarily dismissed.

It should be noted that both of these deeds of trust were signed by Gabriel, in his capacity as CEO of MGM. It should also be noted that neither of these alleged deeds of trust were notarized by "L. Conn," the notary referenced in your correspondence. Nor was the deed of trust executed by MGM in favor of PS Funding.

During the pendency of these various junior deeds of trust and bankruptcy cases, MGM, by and through Gabriel, entered into a forbearance agreement with PS Funding and several amendments to the same. There, MGM not only acknowledged the debt, but reaffirmed it and, moreover, released any and all claims against PS Funding. It is completely false and disingenuous for your client to now claim that it continues to have an ownership interest in the Property.

Moreover, the timing of your letter and MGM's claim is highly irregular. Even assuming, *arguendo*, that MGM first learned of the loan made by PS Funding in 2022 when the notice of default was recorded (which is untrue), MGM waited *more than a year* to come forward. In fact, MGM waited until PSF's sale of the Property was imminent and only now brings this dishonest and deceitful claim. This is clearly staged to deter the closing of PSF's sale of the Property and comes on the heels of MGM promising to tie the Property up in litigation.

Please be advised that should your client proceed with filing litigation or recording a lis pendens, PSF will seek an award against MGM and Gabriel for its costs and attorneys' fees in enforcing its rights to the Property. PSF also reserves all rights to assert a claim for quiet title, removal of cloud on title, slander of title and cancellation of instruments, and all remedies associated therewith, including actual, treble and punitive damages. Should the imminent sale of the Property be cancelled on account of your letter or intended litigation, PSF reserves all rights to assert any and all applicable claims against MGM and Gabriel including, without limitation, tortious interference with contractual relations and intentional interference with prospective economic advantage, for which it will seek actual, treble and punitive damages.

Please immediately confirm your client's withdrawal of their unmeritorious claims.

Sincerely,

Snell & Wilmer

Eric S. Pezold

4869-7485-9626.1