## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PEER STREET, INC., *et al.*[1] | Case No. 23-10815 (LSS) |
| Debtors. | **Hearing Date: September 29, 2023, at 4:00 p.m. (ET)**<br>**Objections Due: September 14, 2023, at 10:00 a.m. (ET)** |

## NOTICE OF RABBI SHLOMO BRAUN'S, 1567 56TH STREET LLC'S, AND 1569 56TH STREET LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO: ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE** that on August 28, 2023, Rabbi Shlomo Braun, 1567 56th Street LLC, and 1569 56th Street LLC (collectively, "Braun") filed *Rabbi Shlomo Braun's, 1567 56th Street LLC's, and 1569 56th Street LLC's Motion for Relief from the Automatic Stay* (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). A copy of the Motion is being served contemporaneously herewith.

**PLEASE TAKE FURTHER NOTICE** a hearing to consider the Motion will be held on **September 29, 2023 at 10:00 a.m. (EST)** at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 2, Wilmington, Delaware 19801 before The Honorable Laurie Selber Silverstein, United States Bankruptcy Judge for the District of Delaware (the "Hearing").

---

[1] The Debtors in these chapter 11 cases (the "Bankruptcy Cases"), along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion must be filed and served so as to be received by the undersigned counsel on or before **September 14, 2023, at 4:00 p.m. (EST)**.

**PLEASE TAKE FURTHER NOTICE** that if you fail to respond in accordance with this notice, the Bankruptcy Court may grant the relief requested in the Motion without further notice or hearing.

Dated: August 31, 2023

By: */s/ Alessandra Glorioso*
Alessandra Glorioso (DE Bar No. 5757)
DORSEY & WHITNEY (DELAWARE) LLP
300 Delaware Avenue
Suite 1010
Wilmington, DE  19801
Telephone: (302) 425-7171
Facsimile: (302) 425-7177
E-mail: glorioso.alessandra@dorsey.com

-and-

Samuel S. Kohn (admitted *pro hac vice*)
Rachel P. Stoian (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
E-mail: kohn.sam@dorsey.com
        stoian.rachel@dorsey.com

*Counsel to Rabbi Shlomo Braun, 1567 56th Street LLC, and 1569 56th Street LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PEER STREET, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>**Hearing Date: September 29, 2023, at 10:00 a.m. (ET)**<br>**Objections Due: September 14, 2023, at 4:00 p.m. (ET)** |

**RABBI SHLOMO BRAUN'S, 1567 56TH STREET LLC'S, AND 1569 56TH STREET LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Rabbi Shlomo Braun, 1567 56th Street LLC, and 1569 56th Street LLC (collectively, "Braun"), by and through their undersigned counsel, hereby bring this motion (the "Motion") seeking entry of an order pursuant to section 362(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code") modifying the automatic stay to permit Braun to: (1) answer and defend against two pending foreclosure actions commenced by Debtor PS Funding, Inc. ("PS Funding") in New York Supreme Court, Kings County ("State Court"), under index nos. 503623/2021 and 503948/2021 (collectively, the "Foreclosure Actions"); (2) continue prosecuting *1567 56th Street, LLC, et al v. Arthur Spitzer, et al.*, Case No. 1:22-cv-04873-KAM-RML (E.D.N.Y.) (the "Federal Action") with respect to certain claims against non-debtor defendants; and (3) take any other actions as necessary to effect a final judgment on the Non-Debtor Claims (as defined below) in the Federal Action, including ensuring that the Braun Residence is free from any encumbrance with

---

[1] The Debtors in these chapter 11 cases (the "Bankruptcy Cases"), along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

respect to the PS Mortgages, and respectfully sets forth and represents as follows:

## PRELIMINARY STATEMENT

1.      Braun has been the victim of a fraudulent scheme to defraud Braun out of title to both houses of a duplex that Rabbi Shlomo Braun and his family have called home since the 1970s (the "Braun Residence"). The Braun Residence is comprised of two fully connected real properties known as and located at 1567 and 1569 56th Street, Brooklyn, New York. The Braun Residence is owned by entities that themselves are wholly owned by Rabbi Braun – 1567 56th Street, LLC ("1567 LLC") and 1569 56th Street, LLC ("1569 LLC"). In August 2019, a stranger named Arthur Spitzer forged Rabbi Braun's signature on deeds with respect to the Braun Residence (the "Forged Deeds"), and thereafter obtained two mortgage loans of $1.2 million each from PS Funding, secured by the Braun Residence (the "PS Mortgages"). Rabbi Braun only discovered this scheme five months later. The Braun Residence is now subject to two Foreclosure Actions. There is no order currently staying the Foreclosure Actions. To the extent the automatic stay prevents Braun from asserting claims in defense of the Foreclosure Actions, Rabbi Braun and his family are defenseless against the possibility of wrongful eviction from their home of over fifty years.

2.      Prior to the filing of these Bankruptcy Cases, Braun commenced the Federal Action against Mr. Spitzer, PS Funding, and the various entities and individuals that played a role in the scheme (such as the notary of the Forged Deeds and the title company), seeking, among other relief, a judgment declaring that the Forged Deeds are void *ab initio*, expunging the PS Funding mortgages from the Braun Residence, and seeking monetary damages. When PS Funding and certain of its affiliates (collectively, the "Debtors") sought bankruptcy protection, the automatic stay went into effect, staying the Federal Action and leaving unresolved whether the Forged Deeds and PS Mortgages are valid. The Debtors have represented to the Braun's counsel that the PS

Mortgages are not part of the Debtors' marketed assets, indicating the PS Mortgages are not necessary for the Debtors' reorganization. However, the Debtors have also asserted that the automatic stay applies to the entirety of the Federal Action. Thus, the uncertainty regarding the automatic stay currently stands between Rabbi Braun and determination of a key fact needed to prevent his and his family's eviction and permit Braun to engage in estate planning with respect to the Braun Residence.

3.      Braun seeks a modification of the automatic stay to permit Braun to answer and defend against the Foreclosure Actions, and particularly to prevent Rabbi Braun's and his family's eviction from the Braun Residence. Braun further requests that the automatic stay be modified to permit Braun to continue the Federal Action against non-debtor parties relating to Braun's forgery claims, and prosecute those claims to determination. Braun submits that there is ample cause to grant the foregoing relief pursuant to Bankruptcy Code Section 362(d)(1) and respectfully requests that the Motion be granted.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are Bankruptcy Code § 362(d)(1), Rules 4001(a) and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-1 and 9013-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware.

## RELEVANT BACKGROUND

### A.    The Braun Residence

7.    Rabbi Braun a septuagenarian over the age of 75 and his family have resided in the Braun Residence since the 1970s. The Braun Residence is a duplex comprised of two conjoined houses – 1567 56th Street, Brooklyn, New York (the "1567 Property") and 1569 56th Street, Brooklyn, New York (the "1569 Property").

8.    Since August 4, 2014, 1567 LLC has been the sole owner of the 1567 Property.

9.    Since June 15, 2016, 1567 LLC has been the 60% owner and 1569 LLC has been the 40% owner of the 1569 Property.

10.    Prior to the fraudulent scheme detailed in Section B below, the Braun Residence was wholly unencumbered.

11.    As of the date hereof, Rabbi Braun lives in the 1567 Property with one tenant, and Rabbi Braun's son, his niece, and one tenant live in the 1569 Property.

12.    Rabbi Braun is at a stage in his life where time is of the essence to attend to matters of estate planning, but he cannot do so as a result of the fraudulent scheme detailed below.

### B.    The Fraudulent Scheme and the Resulting Foreclosure Actions

13.    In or around August 2019, Mr. Spitzer – a total stranger to Braun – forged signatures of Rabbi Braun on the Forged Deeds which were notarized by Judah Weisz, an employee of Dekel Abstract LLC ("Dekel Abstract"), notwithstanding the fact that Rabbi Braun never appeared before Mr. Weisz and certainly did not execute the Forged Deeds. The Forged Deeds purported to transfer the Braun Residence to 1567 56 NY LLC (the "Spitzer LLC").

14.    On or about August 26, 2019, PS Funding funded the PS Mortgages based on the Forged Deeds, listing Mr. Spitzer and the Spitzer LLC as the borrowers.

15.     Braun understands that documentation with respect to the PS Mortgages was originated by Rosa Funding LLC, together with its members Josh Weinfeld and Isidor Bleier, while PS Funding funded the PS Mortgages. Dekel Abstract, with its owner Abraham Teitelbaum, coordinated the effort to record the Forged Deeds and the PS Mortgages.

16.     In February 2021, PS Funding commenced the Foreclosure Actions, seeking to foreclose on the PS Mortgages and the Braun Residence, but not listing Rabbi Braun, 1567 LLC, or 1569 LLC as parties to such actions.

17.     On July 20 and 21, 2023, after commencing these Bankruptcy Cases, PS Funding filed amended complaints in the Foreclosure Actions, now naming Rabbi Braun as a defendant. Copies of the Amended Verified Complaints (without exhibits) filed in the Foreclosure Actions are collectively annexed as Exhibit "A" to the Declaration of Alessandra Glorioso in support of the Motion, filed concurrently herewith (the "Glorioso Decl.").

18.     On August 21, 2023, in discussions around Braun's request for consensual relief regarding the automatic stay, Debtors' counsel represented to Braun's counsel that the Foreclosure Actions would be stayed. Copies of email correspondence between Braun's and Debtors' counsel are collectively annexed as Exhibit "B" to the Glorioso Decl.

19.     As of the date hereof, there is no order staying proceedings in the Foreclosure Actions.

20.     A determination of Braun's forgery claim in the Federal Action is crucial to Braun's defense in the Foreclosure Actions and prevention of the eviction of Rabbi Braun and his family from their home.

**C.      The Federal Action and Braun's Attempts to Rectify the Fraud**

21.      On August 17, 2022, Braun commenced the Federal Action in the District Court for the Eastern District of New York (the "<u>District Court</u>"), asserting claims against Mr. Spitzer, Mr. Weinfeld, Mr. Bleier, BSD Realty Holdings Inc., Spitzer LLC, Dekel Abstract, Mr. Teitelbaum, Rosa Fund LLC, and Mr. Weisz (collectively, the "<u>Non-Debtors</u>"), and PS Funding.

22.      On March 3, 2023, Braun filed a First Amended Complaint in the Federal Action which is the operative of the complaint and sets forth the follow claims for relief:

> a.   *First Claim for Relief* – Declaratory and injunctive relief to quiet title and money damages against Mr. Spitzer and Spitzer LLC pursuant to N.Y. Real Property Actions and Proceedings Law ("<u>N.Y. RPAPL</u>") Articles 8 and 15.

> b.   *Second Claim for Relief* – Declaratory and injunctive relief to quiet title and money damages against Mr. Spitzer, Mr. Weinfeld, Mr. Bleier, Spitzer LLC, Rosa Funding, and PS Funding pursuant to N.Y. RPAPL Articles 8 and 15.

> c.   *Third Claim for Relief* – Money damages from all defendants for RICO violations under 18 U.S.C. § 1962(c).

> d.   *Fourth Claim for Relief* – Money damages from Mr. Weisz for misconduct in notarizing forged signatures pursuant to N.Y. Executive Law 135.

> e.   *Fifth Claim for Relief* – Money damages from Dekel Abstract, Mr. Teitelbaum, and Mr. Weisz for malfeasance and fraudulent practice with respect to real property records pursuant to N.Y. RPAPL § 330.

A copy of the First Amended Complaint is annexed as <u>Exhibit "C"</u> to the Glorioso Decl.

23.      As a result of the PS Funding's bankruptcy filing, as detailed below, the District Court stayed the Federal Action solely as to PS Funding and directed that the matter proceed in all other respects, but the Debtors represented to Braun that they disagree with the Federal Court's determination. *See* Glorioso Decl. Ex. B, p. 10.

**D.      The Bankruptcy and the Stay's Impact on the Foreclosure Actions and the Federal Action**

24.      On June 26, 2023, the Debtors filed voluntary Chapter 11 petitions for relief in the Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>" or this "<u>Court</u>").

25.      On June 29, 2023, PS Funding filed notice of these Bankruptcy Cases in the Federal Action.

26.      On June 29, 2023, the District Court entered an order stating, "In light of [the] Notice of Bankruptcy Filing, this action is stayed as to Defendant PS Funding, Inc. only. Within 48 hours of when the stay may be lifted, parties shall promptly advise this Court of such. Briefing on Defendants' motions to dismiss shall otherwise proceed as previously Ordered on April 20, 2023."

27.      On July 13, 2023, in light of uncertainties around the interplay of the automatic stay and proceeding against non-debtor parties in the Federal Action, Braun filed a letter in the Federal Action requesting a status conference regarding the impact of bankruptcy on the Federal Action.

28.      On July 14, 2023, the District Court entered an oral order denying Braun's request for a status conference, which reiterated the June 29 order and stated, "This action shall proceed in all other respects, including existing motion practice deadlines" as to all parties other than PS Funding.

29.      On July 17, 2023, Braun filed a letter in the Federal Action requesting reconsideration of the District Court's July 14 order, based on Braun's concerns that PS Funding would take the position in these Bankruptcy Cases that prosecution regarding fraud in the Federal Action violates the automatic stay. Defendants Bleier, Weinfeld, Rosa Funding, Dekel Abstract, Teitelbaum and Weisz joined Braun's request.

30.     The District Court held a status conference on August 8, 2023, following which the District Court entered an order directing Braun to first, inform the Bankruptcy Court of the motion to dismiss briefing schedule in the Federal Action, and second, "to seek clarity from the bankruptcy court as to whether [Braun] would be violating the automatic stay were they to proceed with prosecuting the instant action in this court."

31.     In an effort to comply with the District Court's August 8 order, Braun initiated a meet-and-confer process with the Debtors that included telephone conferences and emails. Braun proposed that the Debtors stipulate to relief from stay to permit Braun to prosecute its forgery claims against the non-debtor defendants in the Federal Action. The Debtors responded by stating their position that "any pursuit of the litigation without the debtors could be prejudicial to the [D]ebtors." Glorioso Decl. Ex. B, p. 10.

32.     PS Funding has not filed any response to the District Court's orders, Braun's requests, or any other documents, in the Federal Action, since filing notice of these Bankruptcy Cases on June 29.

33.     Debtors' counsel has also informed that the Braun Residence and loans underlying the PS Mortgages are not among the assets the Debtors intend to sell in these bankruptcy cases. *Id.*

## RELIEF REQUESTED AND BASIS THEREFOR

34.     By this Motion, Braun requests that the automatic stay be modified for cause pursuant to Bankruptcy Code § 362(d)(1) to permit Braun to: (1) answer and defend against the Foreclosure Actions; (2) continue prosecuting the First Claim for Relief, the Second Claim for Relief except as to PS Funding, the Fourth Claim for Relief, and the Fifth Claim for Relief as set forth in the First Amended Complaint in the Federal Action (collectively, the "Non-Debtor

Claims") against the Non-Debtors; and (3) take any other actions as necessary to effectuate any final judgment in the Federal Action on account of the Non-Debtor Claims, including ensuring that the Braun Residence is free from any encumbrance with respect to the PS Mortgages.

## A.    Legal Standard

35.    Section 362 of the Bankruptcy Code provides that, upon filing of a petition for bankruptcy relief, certain actions against the bankruptcy debtor are automatically stayed, including the commencement or continuation of judicial or other proceeding against a debtor to recover a prepetition claim. 11 U.S.C. § 362(a). Section 362(d) of the Bankruptcy Code provides that bankruptcy courts shall, after notice and a hearing, grant relief from the automatic stay "for cause." *Id.* § 362(d).  While "cause" is not defined by the Bankruptcy Code, courts in the Third Circuit look to the following factors to determine the existence of cause to lift the stay to permit continuation of a civil suit:  (1) prejudice to the estate or the debtor, (2) hardship to the moving party resulting from maintenance of the stay weighed against hardship to the debtor, and (3) probability of success of the moving party on the merits. *Trump Entm't Resorts, Inc.*, 526 B.R. 116, 120-21 (Bankr. D. Del. 2015) (citing *Izzrelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992)).

36.    Bankruptcy courts in the Third Circuit also apply what are referred to as the "*Sonnax* factors" in determining whether there is cause to lift the automatic stay:

> 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the

9

expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of the harms.

*In re SCO Grp., Inc.*, 395 B.R. 852, 857 (Bankr. D. Del. 2007) (quoting *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1287 (2d Cir. 1990)). "Not all of the *Sonnax* Factors are relevant in every case, and 'cause' is a broad and flexible concept that must be determined on a case-by-case basis." *In re HBL SNF, LLC*, 635 B.R. 725, 733 (Bankr. S.D.N.Y. 2022) (citation omitted).

37.     Once a movant makes a prima facie case for relief from the automatic stay, the burden of going forward and the burden of persuasion shifts to the party opposing relief on all issues, except for the issue of whether the debtor has equity in the subject property, if applicable. 11 U.S.C. § 362(g).

**B.     Cause Exists to Grant Braun Relief from the Automatic Stay to Answer and Otherwise Defend itself in the Foreclosure Actions**

38.     As set forth above and below, there is ample cause to modify the automatic stay pursuant to Bankruptcy Code § 362(d)(1) to permit Braun to answer and otherwise defend against the Foreclosure Actions. While actions initiated *by* a debtor are ordinarily not stayed in bankruptcy, the assertion of counter- and cross-claims against a debtor is arguably stayed. *See ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) (distinguishing affirmative defenses from counter-claims in observing that affirmative defenses do not violate the automatic stay). Here, Braun would be substantially prejudiced if it were not able to vigorously defend itself in the Foreclosure Actions.

39.     ***Prejudice to the Estate or the Debtor.*** The Debtors advised that they were no longer prosecuting the Foreclosure Actions and have not included either the PS Mortgages or the Braun Residence among the assets subject of Debtors' sale process in these bankruptcy cases. This

demonstrates that the Debtors have little interest in the PS Mortgages and the Braun Residence that could be prejudiced if Braun was permitted to vigorously defend against the Foreclosure Actions.

40. ***Hardship to the Moving Party Resulting from Maintenance of the Stay Weighed Against Hardship to the Debtor.*** Notwithstanding having indicated an intention to cease prosecuting the Foreclosure Actions, PS Funding filed the Amended Verified Complaints naming Rabbi Braun as a defendant after commencing these Bankruptcy Cases and there is no order in the Foreclosure Actions staying proceedings. Braun is thus extremely likely to be substantially prejudiced if the stay is not modified to permit Braun to answer and otherwise defend itself fully in the Foreclosure Actions while PS Funding is permitted to prosecute such actions. Indeed, Rabbi Braun and his family are at grave risk of being evicted from their family home of fifty years on the basis of a fraud perpetrated by third parties, that is, through no fault of their own. Moreover, Rabbi Braun has carried all of the costs associated with the Braun Residence notwithstanding the forgery. If Braun is unable to vigorously defend against the Foreclosure Actions to the extent necessary, Rabbi Braun and his family will be substantially prejudiced and potentially deprived of their home.

41. ***Probability of Success on the Merits.*** The Foreclosure Actions are premised on the PS Mortgages which, in turn, are premised upon the Forged Deeds. The house of cards will fall if Braun is permitted to fully and completely defend against the Foreclosure Actions, and Braun should be permitted to do so. *See Citibank N.A. v. Burns*, 187 A.D.3d 839, 849 (N.Y. App. Div. 2020) ("A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid." (quotation and citation omitted)).

42.     ***The Sonnax Factors.*** The relevant *Sonnax* factors weigh in favor of modifying the automatic stay to permit Braun to answer and otherwise defend itself in the Foreclosure Actions. To the extent this Court also grants the balance of the relief requested in this Motion and allows resolution of the forgery claims, authorizing Braun to defend itself in the Foreclosure Actions will permit complete resolution of the respective rights of Braun and PS Funding with respect to the PS Mortgages and the Braun Residence. Resolution of the Foreclosure Actions would not prejudice other creditors, but rather clarify the extent of the Debtors' estates.  Finally, the balance of harms weigh in favor of permitted Braun to defend against a wrongful foreclosure of Rabbi Braun's longtime family home.

**C.      Braun Should Be Permitted to Prosecute to Determination the Non-Debtor Claims in the Federal Action Because the Stay Does Not Apply**

43.     In order to adequately defend itself in the Foreclosure Actions, Braun will require resolution of the Non-Debtor Claims which seek, among other things, a determination that the Forged Deeds are in fact forged and therefore void. Braun submits that continuation of the Federal Action should be permitted against the Non-Debtors because the automatic stay does not apply to claims against them, and preventing their prosecution serves only to prejudice Braun at the expense of protecting nothing of value to the estate.

44.     It is well settled that the automatic stay protects only the debtor. *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509-10 (3d Cir. 1997); *see In re Desa Holdings Corp.*, 353 B.R. 419, 425 (Bankr. D. Del. 2006) ("It is a tenet of bankruptcy law that the automatic stay provisions of § 362 of the Bankruptcy Code apply only to debtors and do not prevent litigation from proceeding against non-debtors."). Thus, "[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the

bankruptcy stay." *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204-06 (3d Cir.

1991) (staying one conversion claim against a debtor but not conversion claim against non-debtor).

45.     The Third Circuit permits the extension of the automatic stay to non-debtor parties

only in "unusual circumstances" which are found in two situations: (1) "where there is such

identity between the debtor and the third-party defendant that the debtor may be said to be the real

party defendant and that a judgment against the third-party defendant will in effect be a judgment

or finding against the debtor"; and (2) "where stay protection is essential to the debtor's efforts of

reorganization." *McCartney*, 106 F.3d at 510 (quotations and citations omitted). The Third Circuit

has explained that an action against a non-debtor party may be stayed where it "would interfere

with, deplete or adversely affect property of the estates". *Gerard v. W.R. Grace & Co. (In re W.R.

Grace & Co.)*, 115 F. App'x 565, 570 (3d Cir. 2004) (quotation and citation omitted). None of

these factors preclude continuing the action against the Non-Debtors.

46.     ***Identity of Interest.*** The Non-Debtor Claims are just that – claims against parties

*other than* debtor PS Funding. The claims themselves are premised on distinct legal theories.

Indeed, the Non-Debtor Claims focus principally on the actions and omissions of non-debtor co-

defendants relating to the creation and recording of, and the reliance on, the Forged Deeds in

effectuating the fraudulent scheme to deprive Braun of the Braun Residence while providing a

monetary benefit to the non-debtor facilitators of the fraud. *See In Trusted Transp. Solutions, LLC

v. Guar. Ins. Co.*, Civil Case No. 16-7094 (JS), 2018 U.S. Dist. LEXIS 79815 (D.N.J. May 11,

2018) (declining to extend stay as to non-debtor third party insurance broker on malpractice claims

relating to allegedly defective policy issued by debtor and highlighting separate legal existence

and separate legal theories).

47.    ***Essentialness to Debtors' Reorganization Efforts.*** The stated purpose of these bankruptcy cases is not to reorganize the Debtors' financial affairs, but to "monetize their assets, preserve liquidity, and maximize value for all stakeholders." Declaration of David M. Dunn in Support of Chapter 11 Filing and First Day Pleadings [D.I. 3] ¶ 62. The sale of the Debtors' assets is thus the Debtors' primary focus in these bankruptcy cases. The Braun Residence and the PS Mortgages are not being included in that sale process, demonstrating that the Debtors do not view them as necessary to their efforts in these bankruptcy cases. Even if PS Funding did have an interest in the PS Mortgages (which it does not), they are non-performing and represent but a small fraction of the Debtors' assets which are comprised of many hundreds of mortgages. Simply put, resolution of the Non-Debtor Claims would have a *de minimus* impact on the Debtors' bankruptcy cases and their efforts to reorganize.

**D.    To the Extent the Stay Applies to the Non-Debtor Claims, There is Cause to Grant Relief from the Automatic Stay to Permit the Federal Action to Continue and the Prosecution of Such Claims and to Effectuate Any Judgment on Account of Such Claims**

48.    ***Prejudice to the Estate or the Debtor.*** Prosecution of the Non-Debtor Claims is essential to determining the validity and extent of PS Funding's interest in the PS Mortgages and the Braun Residence and to liquidating Braun's claims against PS Funding. The Debtors have not included the PS Mortgages or the Braun Residence among the assets they are currently marketing for sale as part of these bankruptcy cases, a tacit acknowledgment that they have little (if any) value to the Debtors' bankruptcy estates and their reorganization efforts. Resolution of Braun's forgery claims will actually aid the estate in clarifying whether the PS Mortgages are estate property or add value to the estate in any way. Indeed, if Braun is successful in demonstrating that the Forged Deeds are in fact forged, the PS Mortgages will be void *ab initio*. *See Citibank*, 187 A.D.3d at 849. Additionally, the Debtors would be able to assert claims against Mr. Spitzer or

14

other Non-Debtor defendants. Whether through a plan or a different sale process, the Debtors cannot convey what they do not own, so determination of the merits of the Non-Debtor Claims is essential to prosecuting these Bankruptcy Cases by confirming the Debtors' rights with respect to the PS Mortgages and the Braun Residence. *See Barnhill v. Johnson*, 503 U.S. 393, 398 (1992) (observing that state law dictates property rights in bankruptcy).

49.     Understanding the extent of the claims against the Debtors through litigation of Braun's claims against PS Funding will enable the Debtors to better formulate a plan of reorganization (or liquidation, as the case may be).

50.     ***Hardship to the Moving Party Resulting from Maintenance of the Stay Weighed Against Hardship to the Debtor.***  This factor easily weighs in Braun's favor.  Rabbi Braun and his family are individuals whose home of five decades has been *stolen* as a result of fraud.  Rabbi Braun, a septuagenarian, generates income from renting portions of the Braun Residence to tenants and has paid all of the carrying costs with respect to the Braun Residence notwithstanding the fraud. Rabbi Braun is at a stage in his life where time is of the essence to complete estate planning, but is hamstrung from doing so until the Braun Residence is exonerated from the forgeries.

51.     Perhaps even more prejudicial to Braun is the fact that there is no court order staying Foreclosure Actions. While the individuals who victimized Braun took funds obtained from the PS Mortgages and moved on, PS Funding or its eventual successor may be more interested in depriving Rabbi Braun of his home and his livelihood by evicting the occupants of the  Braun Residence. As discussed above, Braun's defenses in the Foreclosure Action depend on resolution of the Non-Debtor Claims which relate to the forgery in the Federal Action. Rabbi Braun and his family face a serious risk of losing the Braun Residence, which the real estate website Zillow estimates is worth over $2.7 million and, most important, has been the family residence for

Rabbi Braun and his family for fifty years. This hardship pales in comparison to the Debtors' vague concerns that resolution of claims against non-debtors in the Federal Action "could be prejudicial."

52.     ***Probability of Success on the Merits.***  This factor weighs in Braun's favor, because the Forged Deeds were, in fact, forged, and the non-debtor defendants all ignored that reality and facilitated the theft of the Braun Residence and the encumbering of their value at the expense of Braun.

53.     ***The Sonnax Factors.*** The relevant *Sonnax* factors weigh in favor of granting Braun relief from stay to prosecute the Federal Action. As noted above, if relief is also granted with respect to the Foreclosure Actions and the Federal Action, then there can be a complete resolution of whether Rabbi Braun and his family can be evicted from their family home and whether the PS Mortgages are valid. Rather than interfere with the Bankruptcy Cases, resolution of the Non-Debtor Claims will clarify both the extent of property of the estates and claims against the estates. The Non-Debtor Claims principally involve the actions of the Non-Debtors, particularly with respect to the creation and utilization of the Forged Deeds in the creation of the PS Mortgages. There would be no equitable subordination or formation of a voidable lien resulting from the Federal Action. Braun is seeking to continue the Federal Action with respect to the Non-Debtor Claims, and will not be seeking discovery from the Debtors unless and until deemed necessary, in which case, Braun will seek further relief from this Court. Perhaps most important is the substantial harm that would befall Braun if not permitted to complete discovery with respect to and prosecute the forgery claims, as is essential to preventing Rabbi Braun's and his family's eviction from their familial residence of fifty years and permitting Rabbi Braun to attend estate planning or otherwise alienate the Braun Residence.

54.     Braun thus submits that there is substantial cause to modify the automatic stay to permit Braun to prosecute the Non-Debtor Claims. Braun would be substantially prejudiced if barred from resolving the forgery claims, leaving Rabbi Braun and his family at risk of being evicted from their home.  Any prejudice to the Debtors is limited by the fact that the Debtors have recourse against non-Debtor defendants if the forgery claims re resolved in Braun's favor. Such determination is properly dictated by state law and this Court should permit the Federal Action to proceed with respect to the Non-Debtors without further delay. *See Barnhill*, 503 U.S. at 398.

**E.      There is Cause to Grant Relief from the Automatic Stay to Permit Braun to Make Filings or Take Other Actions Necessary to Reflect that the Braun Residences are Free from any Encumbrance with Respect to the PS Mortgages**

55.     In order for Braun to enjoy clear title to the Braun Residence, including the right to alienate them, Braun must be permitted to, after the District Court's entry of a final judgment determining the Forged Deeds were forged and are void *ab initio*, and after filing notice with this Court of such order and determination, make filings with county, state, or other government offices. This would require separate actions as necessary to effect a final judgment, including that the Braun Residence are free from any encumbrance with respect to the PS Mortgages. These tasks will have no bearing on the administration of these Bankruptcy Cases, other than to create a clear and consistent public record with respect to the Debtors' interests in the Braun Residence. The balance of harms weighs in Braun's favor, because the clear public record contemplated by the relief requested here will support Rabbi Braun's enjoyment of the Braun Residence and rights to alienate them. Braun thus submits that cause exists for the Court to grant such relief, which goes hand-in-hand with the other relief requested in this Motion.

## **REQUEST FOR WAIVER OF BANKRUPTCY RULE 4001(a)(3)**

56.     Bankruptcy Rule 4001(a)(3) provides that any order granting relief from stay will be stayed for fourteen (14) days unless the Court orders otherwise. Braun respectfully requests that this Court order otherwise and make any order granting the relief requested herein effective immediately so that Braun can proceed with defending itself in the Foreclosure Actions and prosecuting the Federal Action.

## **NO PRIOR REQUEST**

57.     No previous motion for the relief sought herein has been made to this or to any other court.

## **NOTICE**

58.     This Motion is being served on the following: (a) counsel to the Debtors and all other counsel of record; (b) the Office of the United States Trustee for the District of Delaware; and (c) any party that has requested notice under Bankruptcy Rule 2002.

*[remainder of page intentionally left blank]*

## CONCLUSION

59.     For the reasons set forth herein, Braun respectfully request the Court enter an Order (a) granting the Motion; (b) modifying the automatic stay pursuant to Bankruptcy Code § 362(d)(1) to permit Braun to (1) answer and defend against the Foreclosure Actions, (2) continue prosecuting the Non-Debtor Claims, and (3) take any other actions as necessary to effect a final judgment on the Non-Debtor Claims in the Federal Action, including ensuring that the Braun Residence is free from any encumbrance with respect to the PS Mortgages; and (c) granting such further relief as the Court deems just and necessary.

Dated: August 31, 2023

By: */s/ Alessandra Glorioso*
Alessandra Glorioso (DE Bar No. 5757)
DORSEY & WHITNEY (DELAWARE) LLP
300 Delaware Avenue
Suite 1010
Wilmington, DE  19801
Telephone: (302) 425-7171
Facsimile: (302) 425-7177
E-mail: glorioso.alessandra@dorsey.com

 -and-

Samuel S. Kohn (admitted *pro hac vice*)
Rachel P. Stoian (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
E-mail: kohn.sam@dorsey.com
        stoian.rachel@dorsey.com

*Counsel to Rabbi Shlomo Braun, 1567 56th Street LLC, and 1569 56th Street LLC*