## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

## STATEMENT OF FINANCIAL AFFAIRS
## FOR PS WAREHOUSE II, LLC

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and together with the Schedules, collectively, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statement of Limitations, Methodology and Disclaimer regarding the Schedules and Statements (collectively, the "**Global Notes**")[2] pertain to, are incorporated by reference in, and compose an integral part of, all of the Schedules and Statements. These Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[3]

The Schedules and Statements have been prepared based on information provided by the Debtors' Chief Restructuring Officer, other management personnel, and their professional advisors, and are unaudited and subject to potential adjustment. In preparing the Schedules and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Declaration of David M. Dunn in Support of Chapter 11 Filing and First Day Pleadings* [D.I. 3].

[3]    These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements.  The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to the Debtors' chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

**Description of the Cases and "As of" Information Date**. On June 26, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code to conduct a sale process for substantially all of their assets pursuant to section 363 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close thereto as reasonably practicable under the circumstances.

**Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors.

**Recharacterization**. Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Accounts Payable and Disbursement Systems**. The Debtors maintain a cash management system (the "**Cash Management System**") to collect and disburse funds in the ordinary course. A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Interim and Final Orders, Pursuant to Sections 105(a), 345, 363, 364, 503(b), 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rule 2015, and Local Rule 2015-2, (A) Authorizing and Approving Continued Use of Cash Management System, (B) Authorizing Use of Prepetition Bank Accounts and Business Forms, (C) Authorizing Continued Performance of Intercompany Transactions in the Ordinary Course of Business and Granting Administrative Expense Status for Postpetition Intercompany Claims and Intercompany Loans, (D) Waiving the Requirements of Section 345(b) on an Interim Basis, and (E) Granting Certain Related Relief* [Docket No. 11] filed on the Petition Date.

30629248.12

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) current or former directors, officers, or persons in control of the Debtors; (b) relatives of current or former directors, officers, or persons in control of the Debtors; (c) a partnership in which the Debtor is a general partner; or (d) an affiliate of the Debtors.  Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to:  (a) any such person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

Prior to the Petition Date, the Debtors engaged:  Province, LLC ("**Province**") to provide David M. Dunn to serve as the Debtors' Chief Restructuring Officer.  As such, Province and Mr. Dunn have been included on Statement 4.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

　　　　a.　　**Current Market Value – Net Book Value**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all estate assets.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value of such assets.

　　　　b.　　**First Day Orders**.  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "**First Day Order**," and collectively, the "**First Day Orders**"), the Debtors and their estates are authorized to pay certain pre-petition claims, including, without limitation, certain claims relating to employee wages and benefits, claims for taxes and fees, claims of vendors, claims related to customer programs, and claims related to insurance programs.  The Debtors have not included certain claims of this nature in the Schedules and Statements to the extent that such claims were paid under the First Day Orders.

　　　　c.　　**Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Schedules and Statements.  The Debtors and their estates reserve all rights with respect to any such setoffs.

     d.      **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

     e.      **Leases**.  In the ordinary course of business, the Debtors lease certain equipment from certain third-party lessors for use in the maintenance of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

     f.      **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve all rights with respect to the assertion of any such claims.

**Unknown or Undetermined Amounts**.  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information available at the time of filing the Schedules and Statements.  If additional information becomes available or further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

**Estimates**.  The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.

**Claims Description**.  The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority, or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

**Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "**Guaranties**") with respect to the Debtors' contracts and leases may not be included on Schedule H.  Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property**.  As set forth above, the Debtors and their estates are authorized to pay certain pre-petition claims pursuant to the First Day Orders.

The Debtors maintain their books and records on an accrual basis.  Accordingly, certain terms listed in Schedule A/B, Part 2, are listed in the Debtors' books and records as prepayments or deposits, but are, in fact, payments made for certain future expenses or invoices.

Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, intellectual property laws).  The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have (including, but not limited to, patent infringement), and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

With respect to REO Properties owned as of the Petition Date, the value of the REO Property listed on Schedule A/B item 55 for the Debtor that owns the particular REO Property is calculated based on the unpaid debt associated with the mortgage on such property.  Actual market value of such real property may vary.

Intercompany receivables are not included on Schedule A/B item 11, and are instead included on A/B item 77 for each of the Debtors.

Debtor Peer Street, Inc. is the parent of a consolidated tax group that includes all of the Debtors, except for Peer Street Opportunity Investors II, LP.  Consequently, the Debtors maintain net operating losses from consolidated or combined tax filings made by Peer Street, Inc., and those net operating losses are only listed under Schedule A/B, Part 11, Item 72 for Peer Street, Inc. The Debtors reserve all rights to assert that the net operating losses are property of a different Debtor. Additionally, the net operating losses for the year 2022 are not included as they have yet to be calculated.

**Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.

Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document, or instrument related to any such claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The Debtors have included on Schedule D claims held by certain taxing authorities that are secured by a tax lien against REO properties owned by certain of the Debtors, notwithstanding a lack of recourse against the Debtor-entity that owns such property. Despite the scheduling of a taxing authority's claim in this way, nothing in these Global Notes or the Schedules and Statements shall constitute an admission that the Debtors have personal liability for such claim or that the taxing authority has any recourse against any of the Debtors.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies, and other parties that may hold security deposits.

Except as specifically stated herein, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to, and are not reflective of any payments made by the Debtors subsequent to the Petition Date.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

**Part 2**. Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts. Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of the Petition Date. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Part 2 of Schedule E/F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

The Debtors have used commercially reasonable efforts to include all creditors on Part 2 of Schedule E/F. The amounts listed for liabilities on Schedule E/F may be exclusive of certain contingent and unliquidated amounts.

30629248.12

To the extent that they have been paid, the Debtors have not listed on Part 2 of Schedule E/F, among others, certain unsecured employee wage or benefit claims claims related to the Debtors' insurance programs for which the Debtors have been granted authority to pay pursuant to a First Day Order. The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these chapter 11 cases. Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these chapter 11 cases.

As described below, Peer Street Funding LLC ("**Funding LLC**") has identified on Schedule E/F claims that individual retail customers may have based on cash held in the Debtors' FBO Retail Customer Account. The Debtors reserve the right to amend or remove these claims from Funding LLC's Schedule E/F to the extent customers are later permitted to withdraw funds from the FBO Retail Customer Account.

**Customers who have purchased RWNs (also referred to as the "Pocket" product) through the Peer Street Platform have been identified on the schedules of Funding LLC. To allow claimants to reconcile their records with the Debtors', the amount listed for each customer's claim represents the customer's initial cash investment in such notes, but the proper amount of each claim will be determined by the recovery on the underlying loans, and thus is subject to change.**

**Customers who have purchased MPDNs (also referred to as the "fractional loan" product) through the Peer Street Platform have been identified on the schedules of Funding LLC. TO allow claimants to reconcile their records with the Debtors', the amount listed for each customer's claim represents the customer's initial cash investment in such notes, but the proper amount of each claim will be determined by the recovery made on the underlying loans, and thus is subject to change.**

**Customers who have purchased PDNs (also referred to as the "Portfolio" product) through the Peer Street Platform have been identified on the schedules of PS Portfolio – ST1, LLC. To allow claimants to reconcile their records with the Debtors', the amount listed for each customer's claim represents the customer's initial cash investment in such notes, but the proper amount of each claim will be determined by the recovery made on the underlying loans and changes in Net Asset Value, and thus is subject to change.**

**The Debtors expressly reserve the right to amend the amount set forth for any customer's claim based on the amounts recovered on the underlying loans or for any other reason impacting the amount of such customer's claim.**

<u>**Schedule G – Executory Contracts and Unexpired Leases**</u>. Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule G. Omission of a contract, lease, or other agreement from Schedule G does not constitute an admission that such omitted contract, lease, or other agreement is not an executory contract or

unexpired lease.  Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases, and other agreements to which the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule G at this time.  Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable.  The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements that may not be listed on Schedule G.

Additionally, the Debtors maintain certain insurance programs.  The Debtors and their estates reserve all rights in connection with such insurance programs.

All rights, claims, and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved.  The Debtors and their estates hereby reserve all rights to:  (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G;  (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary.

## <u>NOTES FOR STATEMENTS</u>

<u>**Statements 3 and 4**</u>.  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days prior to filing, except for those made to insiders or in connection with the bankruptcy, which are reflected on Statements 4 and 11, respectively.  Statement 4 has been presented on a gross payment basis.  Actual amounts received by the parties listed on Statement 4 may differ based upon withholding and other tax obligations.  Additionally, Funding LLC's Statement 4 includes transfers of Funding LLC's recoveries on the loans underlying the MPDNs, RWNs, and PDNs to the FBO Retail Customer Account on behalf of and for the benefit of Insiders of the Debtors.

<u>**Statement 7**</u>.  The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

<u>**Statement 21**</u>.  Funding LLC receives funds from customers of the Peer Street Platform into a custodial bank account at Wells Fargo Bank, N.A. titled FBO ("for the benefit of") Retail Clients (the "**FBO Retail Customer Account**") pending investment direction from the customers (the "**FBO Cash**").  The Debtors assert that they do not have any equitable or beneficial ownership of the FBO Cash deposited into the FBO Retail Customer Account.  Accordingly, Funding LLC's Statement 21 identifies all of the cash held in the FBO Retail Customer Account.  As described above, Funding LLC's Schedule E/F specifies what the Debtors' books and records reflect as each individual customer's uninvested cash on the Peer Street Platform.

**Disclosures concerning participation interests and payments on certain notes.**

As described at Docket Nos. 3 (the "**First Day Declaration**") and 257 (the "**Bid Procedures Reply**"), in the ordinary course of business, Debtor PS Funding, Inc. ("**PSFI**") has sold loans and participations in loans to other Debtors. In addition, and also in the ordinary course of business, Debtors Warehouse I, Warehouse II, Opp Fund, and Funding LLC may have subsequently sold participations in loans that it owned to other Debtors. The chart below lists the aggregate amounts of such transactions in the one-year period prior to the Petition Date. The Debtors believe that this information may be responsive to Statements 4 and 30.

| Transaction | PSFI | Funding LLC | Warehouse I | Warehouse II | Opp Fund | Portfolio LLC |
|---|---|---|---|---|---|---|
| **Aggregate Amount Transacted in the last year by:** | | | | | | |
| Sales of Loans by PSFI | | | | | | $2,047,286 |
| Sales of Participations by PSFI | | $90,793,312 | $89,994,733 | $4,672,480 | $32,273,256 | $264,180 |
| Sales of Participation by Funding LLC | $167,879 | | | | | |
| Sales of Participation by Warehouse I | $92,770,625 | | | | | |
| Sales of Participation by Warehouse II | $4,672,479 | | | | | |
| Sales of Participation by Opp Fund | $33,082,343 | | | | | |

The below chart identifies the payments made by PSFI to each of the Debtor-lenders on account of loans sold and participations in the one-year period prior to the Petition Date.

| Transaction | Aggregate Amount |
|---|---|
| PSFI to Warehouse I | $131,803,225 |
| PSFI to Warehouse II | $4,672,480 |
| PSFI to Funding LLC | $235,863,021 |
| PSFI to Portfolio | $2,088,324 |
| PSFI to OppFund | $51,234,224 |

As described in the First Day Declaration and Bid Procedures Reply, in the ordinary course of their respective businesses, Debtor Funding LLC made loans to Debtors Warehouse I and Warehouse II, and Debtor Opp Fund made loans to PSFI. The chart below lists the aggregate amounts of such transactions in the one-year period prior to the Petition Date. The Debtors believe that this information may be responsive to Statements 4 and 30. In the one year prior to the Petition Date, the following loan transactions took place.

| Transaction | Amounts Borrowed | Amounts Repaid |
|---|---|---|
| Warehouse Loans from Funding LLC to Warehouse I | $27,837,936 | $28,967,567 |
| Warehouse Loans from Funding LLC to Warehouse II | $1,380,299 | $72,554 |
| OppFund Loan from Opp Fund to PSFI | $32,642,965 | $51,234,224 |

As described in the First Day Declaration and Bid Procedures Reply, Debtor Funding LLC issued to non-debtor third parties Mortgage Payment Dependent Notes ("**MPDNs**") and Redeemable Warehouse Notes ("**RWNs**") and Debtor Portfolio LLC issued Payment Dependent Notes ("**PDNs**").  More than 68,000 such notes were outstanding as of the Petition Date, and holders were entitled to monthly or quarterly payment of interest on such notes, and repayment of the principal amount at maturity or the redemption date, as applicable.  Given the sheer volume of payments, the Debtors have not individually listed the amounts paid in the 90 day period prior to the Petition Date in response to Statement 3.

| Transaction | Issuer | Amount Paid |
|---|---|---|
| Payments to Holders of MPDNs | Funding LLC | $66,719,387 |
| Payments to Holders of RWNs | Funding LLC | $7,849,516 |
| Payments to Holders of PDNs | Portfolio LLC | $1,415,969 |

30629248.12

**Fill in this information to identify the case:**

Debtor name: PS Warehouse II, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10823

☐ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From<br>1/1/2023    to    Filing Date | ☑ Operating a business<br><br>☐ Other | $30,598.73 |
| **For prior year:** | From<br>1/1/2022    to    12/31/2022 | ☑ Operating a business<br><br>☐ Other | $1,816.04 |
| **For the year before that:** | From    to | ☐ Operating a business<br><br>☐ Other | |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From    to    Filing Date | | |
| **For prior year:** | From    to | | |
| **For the year before that:** | From    to | | |

**Part 2:** **List Certain Transfers Made Before Filing for Bankruptcy**

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 | | | ☐ Secured debt |
| | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 | | | ☐ Secured debt |
| Relationship to debtor | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.

Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | | | |
| | Last 4 digits of account number | | |

## Part 3:  Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** _____ **Case number** _____ | _____ | Name _____ Street _____ City ____ State ____ Zip ____ | ☐ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address _____ Street _____ City ____ State ____ Zip ____ | Case title _____ Case number _____ Date of order or assignment _____ | Court name and address Name _____ Street _____ City ____ State ____ Zip ____ |

## Part 4:  Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 Recipient's name _____ Street _____ City ____ State ____ Zip ____ Recipient's relationship to debtor _____ | _____ | _____ | _____ |

## Part 5:  Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

## Part 6:  Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |
| _____<br>Email or website address | | | |
| _____<br>Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| _____<br>Trustee | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| _____<br>Relationship to debtor | | | |

| Part 7: | Previous Locations |
| --- | --- |

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | | | Dates of occupancy | |
| --- | --- | --- | --- | --- |

14.1

| Street | | | From | to |
| --- | --- | --- | --- | --- |
| 2121 Park Place, Suite 250 | | | 1/27/2017 | 6/26/2023 |
| City | State | Zip | | |
| El Segundo | CA | 90245 | | |

| Part 8: | Health Care Bankruptcies |
| --- | --- |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |

15.1

| Street | | | | |
| --- | --- | --- | --- | --- |
| City | State | Zip | Location where patient records are maintained(if different from facility address). If electronic, identify any service provider | How are records kept? Check all that apply: ☐ Electronically ☐ Paper |

| Part 9: | Personally Identifiable Information |
| --- | --- |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.

        Does the debtor have a privacy policy about that information?

        ☐ No

        ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

        ☐ No. Go to Part 10.

        ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
| --- | --- |

Has the plan been terminated?

☐ No

☐ Yes

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name _____<br><br>Street _____<br><br>City _____ State ____ Zip ____ | _____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other<br><br>_____ | _____ | _____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 Name _____<br><br>Street _____<br><br>City _____ State ____ Zip ____ | Address _____<br><br>_____ | _____ | ☐ No<br>☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name _____<br><br>Street _____<br><br>City _____ State ____ Zip ____ | Address _____<br><br>_____ | _____ | ☐ No<br>☐ Yes |

## Part 11:    Property the Debtor Holds or Controls that the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

## Part 12:    Details About Environmental Information

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1  Case Number | Name<br>Street<br>City    State    Zip | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1  Name<br>Street<br>City    State    Zip | Name<br>Street<br>City    State    Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City    State    Zip | City    State    Zip | | |

---

**Part 13:**    **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN |
| | | **Dates business existed** |
| | | From             to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| Ellen Coleman<br>840 Apollo St., Suite 100<br>El Segundo, CA 90245 | From             to<br>1/28/2019         Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 | |
| Armanino LLP<br>2700 Camino Ramon #350<br>San Ramon, CA 94583 | From             to<br>3/11/2015         Present |

Debtor    PS Warehouse II, LLC
          Name

Case number *(if known)* 23-10823

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1** Brian Chi<br>840 Apollo St., Suite 100<br>El Segundo, CA 90245 | |
| **26c.2** Davis Quan<br>840 Apollo St., Suite 100<br>El Segundo, CA 90245 | |
| **26c.3** Ellen Coleman<br>840 Apollo St., Suite 100<br>El Segundo, CA 90245 | |
| **26c.4** Eugene Molchan<br>840 Apollo St., Suite 100<br>El Segundo, CA 90245 | |
| **26c.5** Jenna Kim<br>840 Apollo St., Suite 100<br>El Segundo, CA 90245 | |
| **26c.6** Nadezda Travnikova<br>840 Apollo St., Suite 100<br>El Segundo, CA 90245 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| **26d.1** |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 PS Funding, Inc.<br>840 Apollo St., Suite 100<br>El Segundo, CA 90245 | Member | 100% |
| 28.2 Brewster Johnson<br>840 Apollo St., Suite 100<br>El Segundo, CA 90245 | President | N/A |
| 28.3 Christine Wilson (IncServ)<br>Address on File | Special Member | N/A |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 | | From          to |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |

| Relationship To Debtor |
|---|
| |

**31.** **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1  Peer Street, Inc. | EIN  46-4348584 |

**32.** **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**Fill in this information to identify the case:**

Debtor name: PS Warehouse II, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10823

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.
I declare under penalty of perjury that the foregoing is true and correct.

Executed on
9/5/2023

/s/ David M. Dunn                                      David M. Dunn
Signature of individual signing on behalf of debtor    Printed name

Chief Restructuring Officer
Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☑ No
☐ Yes