# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES
## FOR PSF TX 4 LLC

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and together with the Schedules, collectively, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statement of Limitations, Methodology and Disclaimer regarding the Schedules and Statements (collectively, the "**Global Notes**")[2] pertain to, are incorporated by reference in, and compose an integral part of, all of the Schedules and Statements. These Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[3]

The Schedules and Statements have been prepared based on information provided by the Debtors' Chief Restructuring Officer, other management personnel, and their professional advisors, and are unaudited and subject to potential adjustment. In preparing the Schedules and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Declaration of David M. Dunn in Support of Chapter 11 Filing and First Day Pleadings* [D.I. 3].

[3]     These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements.  The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation.  The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.  The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

**Reservation of Rights**.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to the Debtors' chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

**Description of the Cases and "As of" Information Date**.  On June 26, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code to conduct a sale process for substantially all of their assets pursuant to section 363 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close thereto as reasonably practicable under the circumstances.

**Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors.

**Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Accounts Payable and Disbursement Systems**.  The Debtors maintain a cash management system (the "**Cash Management System**") to collect and disburse funds in the ordinary course.  A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Interim and Final Orders, Pursuant to Sections 105(a), 345, 363, 364, 503(b), 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rule 2015, and Local Rule 2015-2, (A) Authorizing and Approving Continued Use of Cash Management System, (B) Authorizing Use of Prepetition Bank Accounts and Business Forms, (C) Authorizing Continued Performance of Intercompany Transactions in the Ordinary Course of Business and Granting Administrative Expense Status for Postpetition Intercompany Claims and Intercompany Loans, (D) Waiving the Requirements of Section 345(b) on an Interim Basis, and (E) Granting Certain Related Relief* [Docket No. 11] filed on the Petition Date.

30629248.12

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) current or former directors, officers, or persons in control of the Debtors; (b) relatives of current or former directors, officers, or persons in control of the Debtors; (c) a partnership in which the Debtor is a general partner; or (d) an affiliate of the Debtors.  Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to:  (a) any such person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

Prior to the Petition Date, the Debtors engaged:  Province, LLC ("**Province**") to provide David M. Dunn to serve as the Debtors' Chief Restructuring Officer.  As such, Province and Mr. Dunn have been included on Statement 4.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

      a.      **Current Market Value – Net Book Value**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all estate assets.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value of such assets.

      b.      **First Day Orders**.  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "**First Day Order**," and collectively, the "**First Day Orders**"), the Debtors and their estates are authorized to pay certain pre-petition claims, including, without limitation, certain claims relating to employee wages and benefits, claims for taxes and fees, claims of vendors, claims related to customer programs, and claims related to insurance programs.  The Debtors have not included certain claims of this nature in the Schedules and Statements to the extent that such claims were paid under the First Day Orders.

      c.      **Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Schedules and Statements.  The Debtors and their estates reserve all rights with respect to any such setoffs.

d.    **Credits and Adjustments**.    Claims of creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances or other adjustments due from such creditors to the Debtors.    The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

e.    **Leases**.    In the ordinary course of business, the Debtors lease certain equipment from certain third-party lessors for use in the maintenance of their business.    Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

f.    **Executory Contracts and Unexpired Leases**.    The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.    Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.    The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages.    The Debtors and their estates reserve all rights with respect to the assertion of any such claims.

**Unknown or Undetermined Amounts**.    Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**.    The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information available at the time of filing the Schedules and Statements.    If additional information becomes available or further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.    Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

**Estimates**.    The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.    The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

**Classifications**.    Listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.

**Claims Description**.    The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority, or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

**Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "**Guaranties**") with respect to the Debtors' contracts and leases may not be included on Schedule H.  Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property**.  As set forth above, the Debtors and their estates are authorized to pay certain pre-petition claims pursuant to the First Day Orders.

The Debtors maintain their books and records on an accrual basis.  Accordingly, certain terms listed in Schedule A/B, Part 2, are listed in the Debtors' books and records as prepayments or deposits, but are, in fact, payments made for certain future expenses or invoices.

Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, intellectual property laws).  The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have (including, but not limited to, patent infringement), and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

With respect to REO Properties owned as of the Petition Date, the value of the REO Property listed on Schedule A/B item 55 for the Debtor that owns the particular REO Property is calculated based on the unpaid debt associated with the mortgage on such property.  Actual market value of such real property may vary.

Intercompany receivables are not included on Schedule A/B item 11, and are instead included on A/B item 77 for each of the Debtors.

Debtor Peer Street, Inc. is the parent of a consolidated tax group that includes all of the Debtors, except for Peer Street Opportunity Investors II, LP.  Consequently, the Debtors maintain net operating losses from consolidated or combined tax filings made by Peer Street, Inc., and those net operating losses are only listed under Schedule A/B, Part 11, Item 72 for Peer Street, Inc. The Debtors reserve all rights to assert that the net operating losses are property of a different Debtor. Additionally, the net operating losses for the year 2022 are not included as they have yet to be calculated.

**Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.

Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document, or instrument related to any such claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The Debtors have included on Schedule D claims held by certain taxing authorities that are secured by a tax lien against REO properties owned by certain of the Debtors, notwithstanding a lack of recourse against the Debtor-entity that owns such property. Despite the scheduling of a taxing authority's claim in this way, nothing in these Global Notes or the Schedules and Statements shall constitute an admission that the Debtors have personal liability for such claim or that the taxing authority has any recourse against any of the Debtors.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies, and other parties that may hold security deposits.

Except as specifically stated herein, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to, and are not reflective of any payments made by the Debtors subsequent to the Petition Date.

### Schedule E/F – Creditors Who Have Unsecured Claims.

**Part 2**. Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts. Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of the Petition Date. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Part 2 of Schedule E/F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

The Debtors have used commercially reasonable efforts to include all creditors on Part 2 of Schedule E/F. The amounts listed for liabilities on Schedule E/F may be exclusive of certain contingent and unliquidated amounts.

To the extent that they have been paid, the Debtors have not listed on Part 2 of Schedule E/F, among others, certain unsecured employee wage or benefit claims claims related to the Debtors' insurance programs for which the Debtors have been granted authority to pay pursuant to a First Day Order.  The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these chapter 11 cases.  Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these chapter 11 cases.

As described below, Peer Street Funding LLC ("**Funding LLC**") has identified on Schedule E/F claims that individual retail customers may have based on cash held in the Debtors' FBO Retail Customer Account.  The Debtors reserve the right to amend or remove these claims from Funding LLC's Schedule E/F to the extent customers are later permitted to withdraw funds from the FBO Retail Customer Account.

**Customers who have purchased RWNs (also referred to as the "Pocket" product) through the Peer Street Platform have been identified on the schedules of Funding LLC.  To allow claimants to reconcile their records with the Debtors', the amount listed for each customer's claim represents the customer's initial cash investment in such notes, but the proper amount of each claim will be determined by the recovery on the underlying loans, and thus is subject to change.**

**Customers who have purchased MPDNs (also referred to as the "fractional loan" product) through the Peer Street Platform have been identified on the schedules of Funding LLC.  TO allow claimants to reconcile their records with the Debtors', the amount listed for each customer's claim represents the customer's initial cash investment in such notes, but the proper amount of each claim will be determined by the recovery made on the underlying loans, and thus is subject to change.**

**Customers who have purchased PDNs (also referred to as the "Portfolio" product) through the Peer Street Platform have been identified on the schedules of PS Portfolio – ST1, LLC.  To allow claimants to reconcile their records with the Debtors', the amount listed for each customer's claim represents the customer's initial cash investment in such notes, but the proper amount of each claim will be determined by the recovery made on the underlying loans and changes in Net Asset Value, and thus is subject to change.**

**The Debtors expressly reserve the right to amend the amount set forth for any customer's claim based on the amounts recovered on the underlying loans or for any other reason impacting the amount of such customer's claim.**

<u>**Schedule G – Executory Contracts and Unexpired Leases**</u>.  Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule G.  Omission of a contract, lease, or other agreement from Schedule G does not constitute an admission that such omitted contract, lease, or other agreement is not an executory contract or

unexpired lease.  Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases, and other agreements to which the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule G at this time.  Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable.  The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements that may not be listed on Schedule G.

Additionally, the Debtors maintain certain insurance programs.  The Debtors and their estates reserve all rights in connection with such insurance programs.

All rights, claims, and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved.  The Debtors and their estates hereby reserve all rights to:  (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary.

## NOTES FOR STATEMENTS

**Statements 3 and 4**.  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days prior to filing, except for those made to insiders or in connection with the bankruptcy, which are reflected on Statements 4 and 11, respectively.  Statement 4 has been presented on a gross payment basis.  Actual amounts received by the parties listed on Statement 4 may differ based upon withholding and other tax obligations.  Additionally, Funding LLC's Statement 4 includes transfers of Funding LLC's recoveries on the loans underlying the MPDNs, RWNs, and PDNs to the FBO Retail Customer Account on behalf of and for the benefit of Insiders of the Debtors.

**Statement 7**.  The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

**Statement 21**.  Funding LLC receives funds from customers of the Peer Street Platform into a custodial bank account at Wells Fargo Bank, N.A. titled FBO ("for the benefit of") Retail Clients (the "**FBO Retail Customer Account**") pending investment direction from the customers (the "**FBO Cash**").  The Debtors assert that they do not have any equitable or beneficial ownership of the FBO Cash deposited into the FBO Retail Customer Account.  Accordingly, Funding LLC's Statement 21 identifies all of the cash held in the FBO Retail Customer Account.  As described above, Funding LLC's Schedule E/F specifies what the Debtors' books and records reflect as each individual customer's uninvested cash on the Peer Street Platform.

**Disclosures concerning participation interests and payments on certain notes.**

As described at Docket Nos. 3 (the "**First Day Declaration**") and 257 (the "**Bid Procedures Reply**"), in the ordinary course of business, Debtor PS Funding, Inc. ("**PSFI**") has sold loans and participations in loans to other Debtors. In addition, and also in the ordinary course of business, Debtors Warehouse I, Warehouse II, Opp Fund, and Funding LLC may have subsequently sold participations in loans that it owned to other Debtors. The chart below lists the aggregate amounts of such transactions in the one-year period prior to the Petition Date. The Debtors believe that this information may be responsive to Statements 4 and 30.

| Transaction | PSFI | Aggregate Amount Transacted in the last year by: | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | Funding LLC | Warehouse I | Warehouse II | Opp Fund | Portfolio LLC |
| Sales of Loans by PSFI | | | | | | $2,047,286 |
| Sales of Participations by PSFI | | $90,793,312 | $89,994,733 | $4,672,480 | $32,273,256 | $264,180 |
| Sales of Participation by Funding LLC | $167,879 | | | | | |
| Sales of Participation by Warehouse I | $92,770,625 | | | | | |
| Sales of Participation by Warehouse II | $4,672,479 | | | | | |
| Sales of Participation by Opp Fund | $33,082,343 | | | | | |

The below chart identifies the payments made by PSFI to each of the Debtor-lenders on account of loans sold and participations in the one-year period prior to the Petition Date.

| Transaction | Aggregate Amount |
| --- | --- |
| PSFI to Warehouse I | $131,803,225 |
| PSFI to Warehouse II | $4,672,480 |
| PSFI to Funding LLC | $235,863,021 |
| PSFI to Portfolio | $2,088,324 |
| PSFI to OppFund | $51,234,224 |

As described in the First Day Declaration and Bid Procedures Reply, in the ordinary course of their respective businesses, Debtor Funding LLC made loans to Debtors Warehouse I and Warehouse II, and Debtor Opp Fund made loans to PSFI. The chart below lists the aggregate amounts of such transactions in the one-year period prior to the Petition Date. The Debtors believe that this information may be responsive to Statements 4 and 30. In the one year prior to the Petition Date, the following loan transactions took place.

| Transaction | Amounts Borrowed | Amounts Repaid |
|---|---|---|
| Warehouse Loans from Funding LLC to Warehouse I | $27,837,936 | $28,967,567 |
| Warehouse Loans from Funding LLC to Warehouse II | $1,380,299 | $72,554 |
| OppFund Loan from Opp Fund to PSFI | $32,642,965 | $51,234,224 |

As described in the First Day Declaration and Bid Procedures Reply, Debtor Funding LLC issued to non-debtor third parties Mortgage Payment Dependent Notes ("**MPDNs**") and Redeemable Warehouse Notes ("**RWNs**") and Debtor Portfolio LLC issued Payment Dependent Notes ("**PDNs**").  More than 68,000 such notes were outstanding as of the Petition Date, and holders were entitled to monthly or quarterly payment of interest on such notes, and repayment of the principal amount at maturity or the redemption date, as applicable.  Given the sheer volume of payments, the Debtors have not individually listed the amounts paid in the 90 day period prior to the Petition Date in response to Statement 3.

| Transaction | Issuer | Amount Paid |
|---|---|---|
| Payments to Holders of MPDNs | Funding LLC | $66,719,387 |
| Payments to Holders of RWNs | Funding LLC | $7,849,516 |
| Payments to Holders of PDNs | Portfolio LLC | $1,415,969 |

**Fill in this information to identify the case:**

Debtor name: PSF TX 4 LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10829

☐ **Check if this is an amended filing**

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | | |
|---|---|---:|
| 1a. **Real property:** | | $742,500.00 |
| | Copy line 88 from Schedule A/B | |
| 1b. **Total personal property:** | | $0.00 |
| | Copy line 91A from Schedule A/B | |
| 1c. **Total of all property:** | | $742,500.00 |
| | Copy line 92 from Schedule A/B | |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)  $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | | |
|---|---|---:|
| 3a. **Total claim amounts of priority unsecured claims:** | | $0.00 |
| | Copy the total claims from Part 1 from line 5a of Schedule E/F | |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** | | $742,500.00 |
| | Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | |

**4. Total Liabilities**  $742,500.00
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: PSF TX 4 LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10829

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

**2. Cash on hand**

| 2.1 | |
| --- | --- |
| | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| --- | --- | --- | --- |
| 3.1 | | | |
| | | | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| 4.1 | |
| --- | --- |
| | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $0.00 |
| --- |

### Part 2:    Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | Current value of debtor's interest |
|---|---|

7.1 _____    $0.00

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

8.1 _____    $0.00

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.    $0.00

---

## Part 3:  Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

11a.  90 days old or less:    _____ − _____ = ........ ➜    $0.00
         face amount                doubtful or uncollectible accounts

11b.  Over 90 days old:    _____ − _____ = ........ ➜    $0.00
         face amount                doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $0.00

---

## Part 4:  Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

14.1 _____    _____    $0.00

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                % of ownership:

15.1 _____   _____   _____   $0.00

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____    _____    $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                    $0.00

**Part 5:    Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 _____ | _____ | _____ | _____ | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 _____ | _____ | _____ | _____ | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 _____ | _____ | _____ | _____ | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 _____ | _____ | _____ | _____ | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                    $0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes       Book value _____   Valuation method _____   Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 7:  Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 | | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| | $0.00 |
|---|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 8:  Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description
Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |

**49. Aircraft and accessories**

49.1 _____  _____  _____  $0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____  _____  _____  $0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 9: | Real Property |
|---|---|

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  7410 Sni A Bar Rd, Kansas City, MO 64129 | Owned | $742,500.00 | Unpaid Balance | $742,500.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$742,500.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 11:    All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71. Notes receivable**

Description (include name of obligor)

71.1

|  |  | - |  | = | ➜ | $0.00 |
|---|---|---|---|---|---|---|
|  | total face amount |  | doubtful or uncollectible amount |  |  |  |

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1

Tax year _____    $0.00

**73. Interests in insurance policies or annuities**

73.1

_____    $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

_____    $0.00

Nature of Claim _____

Amount requested _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

_____    $0.00

Nature of Claim _____

Amount requested _____

**76. Trusts, equitable or future interests in property**

76.1

_____    $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

None    $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    $0.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 |  |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 |  |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 |  |
| **83. Investments.** Copy line 17, Part 4. | $0.00 |  |

Debtor    PSF TX 4 LLC
         Name

Case number *(if known)* 23-10829

**84. Inventory.** Copy line 23, Part 5.                                          $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6.                  $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy         $0.00
line 43, Part 7.

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.                 $0.00

**88. Real property. Copy line 56, Part 9.**                            ➔    $742,500.00

**89. Intangibles and intellectual property..** Copy line 66, Part 10.            $0.00

**90. All other assets.** Copy line 78, Part 11.                                  $0.00

**91. Total. Add lines 80 through 90 for each column**    91a.    $0.00    91b.    $742,500.00

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.              $742,500.00

**Fill in this information to identify the case:**

Debtor name: PSF TX 4 LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10829

☐ **Check if this is an amended filing**

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A*<br>**Amount of Claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** |
|---|---|---|

2.1

Date debt was incurred?

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**

☐ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**

**Describe the lien**

**Is the creditor an insider or related party?**

☐ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

$0.00

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$0.00

| Part 2: | List Others to Be Notified for a Debt That You Already Listed |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

**Fill in this information to identify the case:**

Debtor name: **PSF TX 4 LLC**

United States Bankruptcy Court for the: **District of Delaware**

Case number: **23-10829**

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | **Total claim** | **Priority amount** |
|---|---|---|---|

2.1

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

_____

**Specify Code subsection of PRIORITY unsecured claim:**

11 U.S.C. § 507(a) (__)

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

Total claim: _____   Priority amount: $0.00

## Part 2:  List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

3.1

Peer Street Funding LLC
840 Apollo St., Suite 100
El Segundo, CA 90245

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Intercompany Payable

**Is the claim subject to offset?**

☑ No

☐ Yes

$742,500.00

## Part 3:  List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line | |
| | ☐ Not listed. Explain | |

## Part 4:  Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $742,500.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $742,500.00 |

**Fill in this information to identify the case:**

Debtor name: PSF TX 4 LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10829

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Schedule G:    Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1 **State what the contract or lease is for and the nature of the debtor's interest**
_____

**State the term remaining**
_____

**List the contract number of any government contract**
_____

_____

**Fill in this information to identify the case:**

Debtor name: PSF TX 4 LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10829

☐ **Check if this is an amended filing**

Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

**Fill in this information to identify the case:**

Debtor name: PSF TX 4 LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-10829

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 9/5/2023 | /s/ David M. Dunn |
| Executed on | Signature of individual signing on behalf of debtor |
| | David M. Dunn |
| | Printed name |
| | Chief Restructuring Officer |
| | Position or relationship to debtor |