August 28th, 2023

Michael Olin
10 Willowbrook Dr
Framingham, MA 01702

FILED

2023 SEP -8  AM 9:58

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Chief Judge Laurie Selber Silberstein
U.S. Bankruptcy Court
824 North Market St, 6th Floor
Wilmington, DE 19801

RE: Case 23-10815 (PeerStreet bankruptcy)

Honorable Chief Judge Silberstein:

This letter constitutes a request for your assistance to protect my secured loan investments with PeerStreet, Inc. and its affiliated companies with respect to their bankruptcy proceedings. I noticed several individual investors on PeerStreet have written in seeking your support. I would like you to be aware that I, like others, have also modified a letter submitted by another investor and that I am not a legal professional.

I have invested in secured mortgage loans on PeerStreet for the past 2 years, typically making $1,000-$2,000 individual investments in various mortgage loans on properties in multiple states in order to diversify my account and limit risk. These investments were made with the understanding that each investment was secured with a first position lien on the underlying real estate per the website's FAQ response found at https://info.peerstreet.com/faqs/what-investor-protections-does-peerstreet-have-in-place/, of which the text is copied and pasted below:

> What investor protections does PeerStreet have in place?
>
> By Rebekah Jack  Posted March 11, 2019  In
>
> Investments in loans are held in a bankruptcy-remote entity that is separate from our primary corporate entity. In the unlikely event PeerStreet no longer remains in business, a third-party "special member" will step in to manage pending loan investments and ensure that investors continue to receive interest and principal payments. Additionally, from the time funds are received in an investor account until an investment closes (but not while funds are invested), investor funds are held in an Investors Trust Account with Wells Fargo and FDIC insurance of up to $250,000.

As such, I invested in the notes with the reasonable expectation that my risk was solely based on the performance of the underlying mortgagor, and that I was not in any way exposed to the risk of PeerStreet as a fintech business or any of its other lines of business through its affiliated companies. My understanding was the only exposure I had to PeerStreet directly was in its ability to service the loans and

to represent myself and the other PeerStreet investors when loans went into foreclosure to ensure the highest possible recovery on my investment.

I am writing with the intention of advocating for both myself and any other investors in a similar situation who have been impacted by the PeerStreet bankruptcy filing. As an investor with PeerStreet, I invested my funds in real estate backed loans through their platform with the understanding that they were secured by the underlying collateral. All PeerStreet investors were led to believe that we were exposed to the reisk of the real estate market and specific performance of the notes in which we invested, but not the risk of a PeerStreet failure. Given the bankruptcy filing and the proposed sale of all mortgage assets as outlined in Docket filing numbers 11 and 18, I am very concerned about the preservation of my rights as a secured creditor and the associated impact on the value of my investments. In the case of my investments, as indicated in the most recent statement attached hereto, most of the notes are performing and current. Any sale at a discount from face value would result in an immediate loss when it is highly likely my investment could be made whole if the investments were serviced by a third party "special member" as indicated above in the event of a PeerStreet bankruptcy and or the discontinuation of their operations.

Please kindly consider the following for the protection of my investments:

1. Preservation of Secured Loan Investments: As a secured creditor, I request the court ensure the proper handling and preservation of the underlying collateral associated with my loan investments. Any potential sale or disposition of these assets will be conducted fairly and transparently to maximize the recovery for and protect the interests of secured creditors. Secured creditors would receive a higher claim on the available assets in the case of default or bankruptcy.
2. Transparency and clear communication. I respectfully ask that the Court provide regular updates and pertinent information related to the bankruptcy proceedings, especially on any required actions I should take as a secured creditor. Please feel free to contact me directly with any updates or requests for clarification required to ensure the maximum protection of funds which I believed were invested conservatively and safely.

Thank you for your attention and consideration.

*Michael Olin*

Michael Olin
Email: mike.olin@gmail.com
Phone: 617-504-1346

Attached: July 2023 PeerStreet statement



Michael Olin
10 Willowbrook Dr
Framingham MA 01702

**Statement Date** July 01, 2023 - July 31, 2023
**Account Type** Individual
**Account Number** 

## Monthly Overview

| Total Account Value | Earnings This Statement |
|---|---|
| $8,527.70 | $3.30 |

### Account Summary

| | 07/01/23 | Net change | 07/31/23 |
|---|---|---|---|
| Investable Cash | $0.00 | $0.00 | $0.00 |
| Cash Awaiting Loan Closing | $0.00 | $0.00 | $0.00 |
| Invested Loan Principal | $7,521.00 | $0.00 | $7,521.00 |
| Invested Pocket Principal | $1,003.40 | $3.30 | $1,006.70 |
| Account Total | $8,524.40 | $3.30 | $8,527.70 |

### Earning Summary

| | This Period | Year to Date |
|---|---|---|
| Interest [2] | $0.00 | $356.42 |
| Fees [3] | $0.00 | $10.00 |
| Gain On Sale | $0.00 | $0.00 |
| Charge-Off | $0.00 | $0.00 |
| Other | $0.00 | $0.00 |
| Pocket Interest | $3.30 | $23.47 |
| Total | $3.30 | $389.89 |

[2] Interest includes all interest you earned from loans (i.e. regular, promotional, and default interest). Pocket Interest is separated out.
[3] Fees are your earnings from borrowers who paid extra fees on their loan (e.g. late fee, prepayment penalty, extension fee).

### Loan Positions

**Active Investments**

| Loan | Yield | Start Date | Maturity Date | Principal Investment Initial | Outstanding | Payments This Period Earnings | Principal |
|---|---|---|---|---|---|---|---|
| Chicago, IL Acquisition #208 | 7.750% | 09/27/22 | 10/01/23 | $2,500.00 | $2,500.00 | $0.00 | $0.00 |
| Monsey, NY Acquisition #7 | 11.000% | 12/01/22 | 12/01/23 | $1,931.00 | $1,931.00 | $0.00 | $0.00 |
| Denham Springs, LA Acquisition | 8.750% | 12/08/22 | 11/01/23 | $1,026.00 | $1,026.00 | $0.00 | $0.00 |
| Tarzana, CA Acquisition #5 | 8.250% | 01/13/23 | 10/01/23 | $2,064.00 | $2,064.00 | $0.00 | $0.00 |
| Total | | | | $7,521.00 | $7,521.00 | $0.00 | $0.00 |

**Pending Investments**
None

**Past Investments**
None

### Transaction History

No transactions

### Pocket Transaction History

| Date | Transaction | Amount | Account Total |
|---|---|---|---|
| 07/01/23 | Beginning Balance | — | $1,003.40 |
| 07/01/23 | Interest from Pocket 1-month | $3.30 | $1,006.70 |
| 07/31/23 | Ending Balance | — | $1,006.70 |