**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br><u>Hearing Date</u>: Sept. 29, 2023 at 10:00 a.m. (ET)<br><u>Objection Deadline</u>: Sept. 22, 2023 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE
PROTECTIONS OF 11 U.S.C. § 362; (II) DEEMING *LIS PENDENS*
VOID *AB INITIO*; AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a), 362, and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), enforcing the Bankruptcy Code's automatic stay provisions and granting such other further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

30673387.6

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105, 362, and 541 of the Bankruptcy Code.

## PRELIMINARY STATEMENT[2]

2.  This Motion was necessitated by the actions of a serial litigant against the Debtors – Sean Tarpenning – who, after the Petition Date, filed a *Lis Pendens*[3] against property in Kansas City, Missouri that was acquired by the Debtors – through a bankruptcy court ordered and authorized sale – free and clear of all liens, claims, and encumbrances, which is titled in the Debtors' name. Mr. Tarpenning knows that the Debtors are currently under contract to sell the Kansas City, Missouri property as a part of their ordinary course REO property sale business.[4] However, seemingly intent on delaying or preventing the closing of that sale, Mr. Tarpening – in violation of the automatic stay – filed the *Lis Pendens*, thereby improperly clouding title and preventing the sale, much to the detriment of the Debtors and their estates. Mr. Tarpenning is well aware of the automatic stay; not only does he have knowledge of the bankruptcy process through

---

[2] Terms used but not defined in this Preliminary Statement shall have the meaning ascribed to them *infra*.

[3] The *Lis Pendens* is attached hereto as **Exhibit B.**

[4] The Property constitutes one of the Debtors' REO properties. As set forth in the First Day Declaration, the Debtors continue to market and sell REO properties in the ordinary course of business. *See* First Day Decl., ¶ 33; *see also* 6/28/23 Hr'g Tr. at 10:6-11 ("[The Debtors] engage[] in REO sales. So in the ordinary course of . . . business, some of the properties that were subject to the mortgages or subject to foreclosure, they then, become quote, unquote, real estate owned or 'REO properties'"); *Id*. at 16-18 ("[S]elling the [REO] propert[ies] is part of [the Debtors'] ordinary course of business").

30673387.6

2

personal experience, but he has actively participated in these chapter 11 cases. His action – filing the *Lis Pendens* – is a textbook example of a willful violation of the automatic stay.

## BACKGROUND

### I. General

3. On June 26, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. These chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code

4. On July 10, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors [D.I. 84] (the "**Committee**"). No requests have been made for the appointment of a trustee or examiner.

5. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the *Declaration of David M. Dunn in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**") [D.I. 3].[5]

### II. Mr. Tarpenning and the Kansas City Property

6. Mr. Tarpenning and the Debtors have a history.[6] Mr. Tarpenning was the principal of US Real Estate Equity Builder, LLC and its affiliate, US Real Estate Equity Builder

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[6] As set forth in the Verified Petition (defined below), Mr. Tarpenning and the Debtors had an extensive business

30673387.6

3

Dayton, LLC (together, "**USREEB**"), who were borrowers under several mortgages owned and/or serviced by Debtor PS Funding, Inc. ("**PSFI**"). US Real Estate Equity Builder, LLC was the borrower – and Mr. Tarpenning was the guarantor – under a mortgage on, and secured by, commercial property located at 440 East 63rd Street, Kansas City, Missouri 64110 (the "**Property**").[7]  Around August 2019, US Real Estate Equity Builder, LLC defaulted on the mortgage secured by the Property.

7. On November 19, 2019, Mr. Tarpenning, individually and as a member of 1 Big Red, LLC, 1 Big Blue, LLC, and USREEB, filed a Verified Petition (the "**Verified Petition**") in the Circuit Court of Jackson County, Missouri at Kansas City, against PSFI, among others, asserting claims for breach of contract, breach of fiduciary duty, accounting, quiet title, negligent misrepresentations, fraudulent misrepresentations, and tortious interference with contracts and business expectancy arising out of lending transactions among the parties, including transactions in connection with the Property. A copy of the Verified Petition is attached to the *Lis Pendens* as Exhibit A. *See* **Exhibit B**.

8. On October 2, 2020, Mr. Tarpenning filed chapter 11 bankruptcy petitions for USREEB in the District of Kansas (the "**Kansas Bankruptcy Court**") (Case No. 20-21358) (the "**USREEB Bankruptcy**"). At the time, the Property was owned by USREEB (whose principal was Mr. Tarpenning), and became the property of USREEB's bankruptcy estates in the USREEB Bankruptcy. *See* D.I. 135 (As Mr. Tarpenning himself explains, "[t]he property was an

---

relationship, whereby the Debtors loaned Mr. Tarpenning's businesses no less than $6,000,000 in connection with various real estate transactions. Mr. Tarpenning guaranteed said loans. Verified Petition, ¶¶ 23, 27. Mr. Tarpenning, through USREEB and various other closely held entities, operated a business pursuant to which he purchased residential or commercial properties, remodeled or repaired those properties using loans obtained from PSFI and others, subsequently placed tenants in the properties, and then sold the properties.

[7] The Property is legally described as "Lots 3, 4, 5, and 6, Block 1, ASTOR PLACE, a subdivision in Kansas City, Jackson County, Missouri." Sale Order, ¶ 2.

30673387.6

4

asset in Kansas bankruptcy Case No. 20-21358 and subject to a Stalking Horse bidding process. PSF Funding, Inc. [*sic*] was the highest bidder.").

9. On November 23, 2020, the Office of the United States Trustee moved to remove Mr. Tarpenning as USREEB's principal and for the appointment of a chapter 11 trustee (the "**Trustee Motion**") to oversee the USREEB Bankruptcy; the creditors' committee and individual creditors supported the Trustee Motion.[8] In support of the Trustee Motion, the Office of the United States Trustee asserted that Mr. Tarpenning and/or the USREEB debtors were: (a) commingling debtor and non-debtor funds, (b) using cash collateral without court approval or lender consent, (c) facing federal and state securities investigations based on Mr. Tarpenning's alleged misstatements; and (d) that Mr. Tarpenning's dealings casted doubt on his trustworthiness and capabilities as a fiduciary and a manager.

10. On November 27, 2020, USREEB – still controlled by Mr. Tarpenning – objected to the Trustee Motion.

11. On December 1, 2020, the Kansas Bankruptcy Court granted the Trustee Motion over USREEB's objection, and on December 2, 2020, Eric L. Johnson was appointed as the chapter 11 trustee responsible for overseeing the USREEB Bankruptcy (the "**Chapter 11 Trustee**").

12. On June 25, 2021, the Kansas Bankruptcy Court entered an order (the "**Settlement Order**"), attached hereto as **Exhibit D**, which approved a global settlement of the claims asserted in the Verified Petition among USREEB, the Chapter 11 Trustee, and PSFI, among others. In exchange for valuable consideration, the Settlement Order provided for "the release of

---

[8] The Trustee Motion also sets forth troubling details about Mr. Tarpenning's criminal record. A copy of the Trustee Motion is attached hereto as **Exhibit C**.

all claims against [the] Lenders[,]" including PSFI by USREEB. Settlement Order, § C. Upon information and belief, Mr. Tarpenning, in his individual capacity and on behalf of 1 Big Red, LLC and 1 Big Blue, LLC, was the only plaintiff in the Verified Petition who was not a party to the global settlement.

13. On April 15, 2022, the Chapter 11 Trustee filed a motion in the USBREEB Bankruptcy seeking to sell the Property free and clear of all liens, claims and encumbrances. On July 1, 2022, Mr. Tarpenning filed an objection to the Chapter 11 Trustee's motion in his individual capacity and separately on behalf of 1 Big Red, LLC ("1 Big Red also asserts a purported mechanic's lien on the Property . . . such lien is defective on its face . . . ."). *See* Sale Order ¶ 24.

14. On July 27, 2022, the Kansas Bankruptcy Court overruled Mr. Tarpenning's objections (including 1 Big Red, LLC's objection) and entered an order (the "**Sale Order**") authorizing the sale of the Property to PSFI through a partial credit bid free and clear of all liens, claims and encumbrances. *See* **Exhibit E**.

15. The Sale Order provides that the sale of the Property to PSFI was:

> free and clear of all liens, claims, encumbrances, and other interests . . . and effective transfer of the Property . . . will vest [PSFI] with all of the Debtor's rights, title, and interest in and to the Property free and clear of all liens, claims, encumbrances, and other interests . . . which have, or could have, been asserted by the Debtor, its creditors, or other holders of such liens, claims, encumbrances, and other interests.

Sale Order, ¶ 21. In other words, the Sale Order authorized PSFI to acquire the Property free and clear of the claims asserted in the Verified Petition.

16. The Sale Order also contains findings that PSFI would not have agreed to purchase the Property if the sale was not free and clear of all liens, claims, encumbrances, and

30673387.6

6

other interests "of any kind or nature whatsoever," or if PSFI would or could "be liable for any of such liens, claims, encumbrances, and other interests . . . ." Sale Order, ¶ 25.

17. Setting forth its conclusions of law, the USREEB Bankruptcy Court explicitly held that:

> "the transfer of the Property to the Purchaser . . . vest[s] the Purchaser with all rights, title, and interest of the Debtor's estate in and to the Property . . . ***and [shall] be free and clear of liens, <u>claims</u>, encumbrances, and other interests*** . . . including, without limitation, mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens – including, without limitation, mechanics', materialmens' and other consensual and nonconsensual liens and statutory lien*s* – judgments, demands, encumbrances, rights of first refusal, offsets, contracts, rights of recovery, claims for reimbursement, contribution, indemnity, exoneration, products liability, alter-ego, environmental, or tax, decrees of any Court or foreign or domestic governmental entity, or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, debts arising in any way in connection with any agreements, acts, or failures to act, of the Debtor, its estate, or its predecessors or affiliates, claims (as that term is defined in the Bankruptcy Code), reclamation claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, ***whether arising prior to or subsequent to the commencement of these cases***, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under doctrines of successor liability . . . ."

Sale Order ¶ 50 (emphasis added). Notably, the Sale Order also prohibited and enjoined all persons from "taking any action to or adversely affect[ing] or interfere[ing] with . . . the Purchaser's title to or use and enjoyment of the Property." Sale Order ¶ 51. Finally, the Sale Order provides that, "on and after the closing date . . . ***all persons or entities holding liens, claims, encumbrances, or***

*other interests of any kind and nature with respect to the Property are hereby forever barred and estopped from asserting such liens, claims, encumbrances, or other interests of any kind or nature against Purchaser, their successors or assigns, or the Property*." Sale Order ¶ 53 (emphasis added).

18. On August 31, 2022, as evidenced by a recorded Trustee's Deed, the Chapter 11 Trustee transferred the Property to PSFI's designee, Debtor PSF TX 1, LLC. *See* **Exhibit F**.

19. On July 6, 2023, PSF TX 1, LLC signed an agreement to sell the Property. The Property is under contract and the sale was originally scheduled for August 15, 2023.[9]

### III. The *Lis Pendens* and the Demand Letter

20. On July 24, 2023, Mr. Tarpenning filed the *Lis Pendens* against the Property in violation and disregard of the Sale Order and the automatic stay. The *Lis Pendens* constitutes a cloud on the Property's title,[10] which is interfering with Debtor's contract to sell the Property, as the prospective buyer will not close on the sale of the Property with the *Lis Pendens* pending.

21. The Debtors assume that Mr. Tarpenning filed the *Lis Pendens* to prevent or delay the sale of the Property from occurring. On July 27, 2023, Mr. Tarpenning filed a Request for Stay of Asset Sale [D.I. 135] (the "**Objection**") in connection with the Property, approximately two weeks prior to the scheduled closing.[11] The Objection notes that "[i]ssues related to th[e]

---

[9] An extension of the closing date has been signed and the buyer has indicated that it is willing and able to close as soon as the *Lis Pendens* is cleared.

[10] *See* Mo. Ann. Stat. § 527.260 ("In any civil action, based on any equitable right, claim or lien, affecting or designed to affect real estate, the plaintiff shall file for record, with the recorder of deeds of the county in which any such real estate is situated, a written notice of the pendency of the suit, stating the names of the parties, the style of the action and the term of the court to which such suit is brought, and a description of the real estate liable to be affected thereby; and the pendency of such suit shall be constructive notice to purchasers or encumbrancers, only from the time of filing such notice."). Notably, no *lis pendens* was required since, by virtue of the Sale Order, the claims in the Verified Petition cannot "affect" the Property.

[11] The Objection was treated as an objection to the Debtors' proposed bidding procedures and was addressed in the

30673387.6

8

[P]roperty are . . . subject to ongoing litigation against Peerstreet [*sic*] and others that is stayed because of the bankruptcies." Obj., ¶ 2. This statement is inaccurate. As detailed above, there are no "issues related to the Property" because the Property was sold free and clear of the claims asserted in the Verified Petition approximately one year prior to the filing of the chapter 11 cases. *See* n.10.

22. On August 8, 2023, promptly upon learning that Mr. Tarpenning filed the *Lis Pendens*, counsel to the Debtors demanded that Mr. Tarpenning remove the *Lis Pendens* and explained that the Debtors would take prompt legal action if the *Lis Pendens* was not removed. To date, Mr. Tarpenning has not removed the *Lis Pendens* and has not responded to counsel's demand, thereby necessitating this Motion.

## RELIEF REQUESTED

23. By this Motion, the Debtors seek entry of the Proposed Order (i) enforcing the provisions of section 362 of the Bankruptcy Code, (ii) deeming the *Lis Pendens* void *ab initio*; and (iii) granting such other relief that is just and proper.

## BASIS FOR RELIEF

### I. Mr. Tarpenning's Action in Filing the *Lis Pendens* is a Willful Violation of the Automatic Stay

24. The filing of these chapter 11 cases[12] triggered an automatic stay under section 362 of the Bankruptcy Code that enjoins all persons from, among other things: (i) commencing or continuing any judicial, administrative or other proceeding against the Debtors

---

*Debtors' Omnibus Reply to Objections to Bidding Procedures and Cash Management Motions; Docket Numbers 11 and 18* [D.I. 257]. A copy of the Objection will be included in the Court's hearing binder in connection with the hearing on this Motion.

[12] Upon the filing of PSF TX 1, LLC's chapter 11 case, the Property became, and remains, property of its estate. *See* 11 U.S.C. § 541 (providing that the commencement of a case under the Bankruptcy Code creates an estate comprised of all "legal or equitable interests of the debtor in property as of the commencement of the case.").

30673387.6

9

that was or could have been commenced before the chapter 11 cases were filed, or recovering upon a claim against any of the Debtors that arose before the commencement of the chapter 11 cases; (ii) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the chapter 11 cases; and (iii) exercising control over or attempting to obtain possession of property of the estate.  *See* 11 U.S.C. § 362.

25. The protections contained in section 362 of the Bankruptcy Code are self- executing.  The automatic stay constitutes a fundamental debtor protection, which, in combination with other provisions of the Bankruptcy Code, provides the Debtors with the essential "breathing spell" necessary to enable the Debtors' smooth and orderly transition into chapter 11. *See, e.g., Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) ("The automatic stay . . . gives a bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions . . . It permits a bankrupt to attempt a repayment or reorganization plan.") (citations omitted).  As someone who has availed himself of the bankruptcy process on multiple occasions,[13] Mr. Tarpenning is surely aware of these protections.

26. The filing of the *Lis Pendens* after the commencement of the Debtors' chapter 11 cases is a violation of the automatic stay and is *void ab initio* under applicable law. *See In re Okedokun*, 593 B.R. 469, 529 (Bankr. S.D. Tex. 2018), subsequently aff'd and remanded, 968 F.3d 378 (5th Cir. 2020) (finding that creditor who filed *lis pendens* knowing that debtor claimed interest in the property willfully violated the automatic stay by taking action to exercise control over property of the estate); *see also In re Brooks-Hamilton*, 348 B.R. 512, 524-25 (Bankr. N.D. Cal. 2006) ("[T]he recordation of a lis pendens against property of the estate is a violation of

---

[13] 1 Big Red, LLC also filed for bankruptcy protection in the United States Bankruptcy Court for the District of Kansas.  *See In re 1 Big Red, LLC*, Case No. 21-20044-RDB.

30673387.6

10

11 U.S.C. § 362(a)(6) (prohibiting an act to collect, assess, or recover a claim against the debtor)" (*citing In re Edwards*, 214 B.R. 613, 619 (9th Cir. BAP 1997)); *In re Carr*, Case No. 18-80386, 2019 WL 7840665, at * 1 (Bankr. M.D.N.C. Nov. 18, 2019) (raising issue of whether creditor's filing of *lis pendens* postpetition was a violation of the automatic stay *sua sponte* and holding that filing of *lis pendens* after the debtors filed for bankruptcy relief is a violation of the automatic stay provided in 11 U.S.C. § 362(a)(1) and void *ab initio*); *In re Crumrine*, 261 B.R. 669, 671 n.1 ("[T]he postpetition recording of a lis pendens violates the automatic stay.") (emphasis removed); *In re CNN Dev. Corp.*, 112 B.R. 1, 2 (Bankr. D.R.I. 1990) (finding that filing notice of *lis pendens* subsequent to debtor's chapter 11 petition is an act in violation of the automatic stay and is therefore deemed void); *In re Thornburg*, 277 B.R. 719, 730 (Bankr. E.D. Tex. 2002) (holding that the provisions of 11 U.S.C. § 362(a) apply to the filing of a notice of lis pendens, and finding that, "on the date of the filing of the Notice of Lis Pendens, the Debtor was protected by the automatic stay which was still in effect . . . " and also finding that, "[f]iling a notice of lis pendens is a judicial action or proceeding as contemplated under 11 U.S.C. § 362(a)[,]" and that the "filing of the notice of lis pendens constitutes an 'act to create, perfect, or enforce against property of the debtor . . . [and] is an act to collect, assess, or recover a claim . . .'") (*citing* 11 U.S.C. § 362(a)(5) and (6)). The *Thornburg* Court also found the filing of the *lis pendens* void *ab initio*.

27. Mr. Tarpenning filed the *Lis Pendens* against property of the Debtors' estates after the commencement of the chapter 11 cases in violation of the automatic stay and protections set forth in 11 U.S.C. § 362, as discussed above. Mr, Tarpenning filed the invalid *Lis Pendens* (concerning claims that were barred and estopped by the Sale Order) in an attempt to exercise control over the Property to seemingly delay or preclude the sale from closing. Mr. Tarpenning's attempts to interfere with the sale of the Property – in violation of the automatic

stay – warrant the Court finding the *Lis Pendens* void *ab initio* and granting the Debtors such other relief as is just and proper.

**II.    The *Lis Pendens* Violates the Sale Order**

28.    The Sale Order authorized a sale of the Property free and clear of all "liens, claims, encumbrances, and other interests . . . which have, or could have, been asserted by the Debtor, its creditors, or other holders of such liens, claims, encumbrances, and other interests." Sale Order ¶ 21.  Moreover, the Sale Order provides, "on and after the closing date . . . all persons or entities holding liens, claims, encumbrances, or other interests of any kind and nature with respect to the Property ***are hereby forever barred and estopped from asserting such liens, claims, encumbrances, or other interests of any kind or nature against the Purchaser, their successors or assigns, or the Property.***"  Sale Order ¶ 53 (emphasis added).

29.    The Property was sold free and clear of the claims asserted in the Verified Petition because these claims constitute "claims which have . . . been asserted by the Debtor, its creditors, or other holders of such liens, claims, encumbrances, and other interests." *See* Sale Order ¶ 21.  The Sale Order barred Mr. Tarpenning from "asserting such . . . claims . . . against the Purchaser, their successors or assigns, or the Property." *See* Sale Order ¶ 53.  Accordingly, in addition to violating the automatic stay, Mr. Tarpenning's action in connection with filing the *Lis Pendens* violates the terms of the Sale Order.[14]

30.    For all of the foregoing reasons, the Court should find that filing the *Lis Pendens* was a violation of the automatic stay and the Sale Order and is void.

---

[14]    To the extent Mr. Tarpenning believes he has a valid claim against PSFI and/or PSF TX 1, LLC arising out of the facts set forth in the Verified Petition or in connection with the Property, Mr. Tarpenning's recourse is limited to filing a proof of claim. The Debtors reserve all rights to object to any proof of claim filed by Mr. Tarpenning and nothing herein shall be deemed a waiver of such rights or an admission as to the validity or amount of a claim.

30673387.6

**RESERVATION OF RIGHTS**

31. The Debtors reserve all rights to seek further relief in connection with the filing of the *Lis Pendens* and Mr. Tarpenning's actions in violation of the automatic stay, including but not limited to, relief pursuant to 11 U.S.C. § 362(k). *See In re Scungio Borst & Assoc., LLC*, 652 B.R. 644, 654-55 (Bankr. E.D. Pa. 2023) ("The Third Circuit has adopted a broad interpretation of the term 'individual' for purpose of § 326(k)(1), determining that it includes corporate debtors.") (*citing Cuffee v. Atlantic Bus. & Cmty. Dev. Corp. (In re Atlantic Bus. & Cmty. Corp.)*, 901 F.2d 325, 329 (3d Cir. 1990)).

**NOTICE**

Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to Magnetar Financial LLC, as agent for the prepetition secured lenders; (d) Mr. Sean Tarpenning, *pro se*; and (e) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other relief as is just and proper.

Dated: September 15, 2023

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| | P. Bradley O'Neill (admitted *pro hac vice*) |
| *Shella Borovinskaya* | Caroline Gange (admitted *pro hac vice*) |
| Joseph Barry (Del. Bar No. 4221) | 1177 Avenue of the Americas |
| Ryan M. Bartley (Del. Bar No. 4985) | New York, New York 10036 |
| S. Alexander Faris (Del. Bar No. 6278) | Telephone: (212) 715-9511 |
| Shella Borovinskaya (Del. Bar No. 6758) | Facsimile: (212) 715-8000 |
| Rodney Square | Email: boneill@kramerlevin.com |
| 1000 North King Street |        cgange@kramerlevin.com |
| Wilmington, Delaware 19801 | |
| Telephone: (302) 571-6600 | *Co-Counsel to the Debtors and* |
| Facsimile: (302) 571-1253 | *Debtors in Possession* |
| Email: jbarry@ycst.com | |
|       rbartley@ycst.com | |
|       afaris@ycst.com | |
|       sborovinskaya@ycst.com | |
| | |
| *Co-Counsel to the Debtors and* | |
| *Debtors in Possession* | |