# EXHIBIT A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Ref Docket No. \_\_\_** |

## ORDER (I) ENFORCING THE PROTECTIONS OF 11 U.S.C. § 362; (II) DEEMING *LIS PENDENS* VOID *AB INITIO*; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**"), pursuant to sections 105(a), 362, and 541 of title 11 of the United States Code, 11 U.S.C. 101, *et. seq* (the "**Bankruptcy Code**"), (i) enforcing the protections of 11 U.S.C. § 362; (ii) deeming the *Lis Pendens* void *ab initio*; and (iii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C § 157(b); and venue being proper in this district pursuant to 28 U.S.C §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

30673387.6

and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all other parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the *Lis Pendens* was filed in violation of the automatic stay; and the Court having determined that the *Lis Pendens* was filed in violation of the Sale Order; and the Court having determined that the *Lis Pendens* is invalid; and upon the proceedings had before the Court, if any; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The filing and recordation of the *Lis Pendens* (defined below) against the property located at 440 East 63rd Street, Kansas City, Missouri 64110, legally known as Lots 3, 4, 5, and 6, Block 1, ASTOR PLACE, a subdivision in Kansas City, Jackson County, Missouri (the "**Property**") after the commencement of the chapter 11 cases is a violation of 11 U.S.C. § 362.

3. The *lis pendens* (the "**Lis Pendens**") filed in the 16th Judicial District Circuit Court, Kansas City, Missouri, on July 24, 2023, identified by Instrument Number 2023E0052166, in connection with the litigation captioned *US Real Estate Equity Builder LLC v. Aloha Capital, LLC*, Case No. 1916-CV31526, in which PSFI is a named defendant, is hereby deemed void *ab initio*.

4. Sean Tarpenning and his affiliates, successors, assigns, agents, and related parties are expressly prohibited from taking or causing others to take any actions in violation of 11 U.S.C. § 362, including but not limited to: (1) commencing or continuing a judicial, administrative, or other action or proceeding against the Debtors or the Property that was or could

have been commenced prior to the Petition Date, or recovering a claim against the Debtors or the Property that arose prior to the Petition Date; (2) obtaining possession of property of the estate or of property from the estate, including the Property, or exercising control over property of the estate, including the Property; or (3) taking action to create, perfect, or enforce any lien against the Property.

5. Any actions taken in violation of this Order shall be deemed void and shall have no legal force or effect.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.