# EXHIBIT A

DORSEY REVISIONS 10/10/2023

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PEER STREET, INC., *et al.*[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 316** |

**ORDER GRANTING RABBI SHLOMO BRAUN'S, 1567 56TH STREET LLC'S, AND 1569 56TH STREET LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon the motion [D.I. 316] (the "Motion")[2] of Rabbi Shlomo Braun, 1567 56th Street LLC, and 1569 56th Street LLC (collectively, "Braun") seeking entry of an order pursuant to section 362(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code") modifying the automatic stay to permit Braun to: (1) answer and defend against two pending foreclosure actions commenced by Debtor PS Funding, Inc. ("PS Funding") in New York Supreme Court, Kings County ("State Court"), under index nos. 503623/2021 and 503948/2021 (collectively, the "Foreclosure Actions"); (2) continue prosecuting *1567 56th Street, LLC, et al v. Arthur Spitzer, et al.*, Case No. 1:22-cv-04873-KAM-RML (E.D.N.Y.) (the "Federal Action") with respect to certain claims against non-debtor defendants; and (3) take any other actions as necessary to effect a final judgment on the Non-Debtor Claims in the Federal Action, including ensuring that the Braun Residence is free from any encumbrance with respect to the PS Mortgages; and upon the

---

[1] The Debtors in these chapter 11 cases (the "Bankruptcy Cases"), along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion and the Reply.

4859-5459-1356\9

Declaration of Alessandra Glorioso in Support of the Motion [D.I. 317]; and upon the Debtors' objection to the Motion [D.I. 416]; and upon Braun's reply in further support of the motion [D.I. 438] and the Declaration of Alessandra Glorioso in support of same [D.I. 439]; and upon the hearing on the Motion on September 29, 2023 (the "Hearing"); and this Court possessing jurisdiction over this matter, and venue in this District being proper, and notice of the Motion having been sufficient, and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor; for the reasons set forth on the record at the Hearing; it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1. The motion is GRANTED as set forth herein.

2. There is cause to modify the stay pursuant to Bankruptcy Code § 362(d)(1) as set forth herein.

3. Effective 90 days from the date of this Order (the "Stay Period") and without need for further notice, hearing, or order, Braun is hereby granted relief from the automatic stay to (a) continue the Federal Action solely with respect to the following claims for relief set forth in the First Amended Complaint in the Federal Action: (i) the First Claim for Relief; (ii) the Second Claim for Relief, other than a determination of damages due from PS Funding; (iii) the Fourth Claim for Relief; and (iv) the Fifth Claim for Relief (with all claims asserted by Braun in the Federal Action other than claims described in (i)-(iv) being the "Stayed Claims"); and (b) to fully defend itself in each of the Foreclosure Actions, including pursuing and obtaining discovery from the Debtors and asserting and prosecuting counterclaims against the Debtors, *provided, however*, that to the extent one of PS Funding or Braun asserts against the other any claims or counterclaims in the Foreclosure Actions following the expiration of the Stay Period seeking a monetary award

(each such claim a "Monetary Claim"), the prosecution of such Monetary Claim shall be, and hereby is, stayed pursuant to section 362 of the Bankruptcy Code subject to stipulation of the Debtors and Braun or further order of this Court.

4. All parties in the Federal Action are prohibited from prosecuting or defending the Stayed Claims, which remain subject to the automatic stay pursuant to section 362 of the Bankruptcy Code until further order of this Court.

5. The parties are directed to enter into and file:

   a. in the Federal Action, a stipulation tolling any deadlines pursuant to court orders, court rules, the Federal Rules of Civil Procedure, or statutes regarding Stayed Claims, including with respect to any pending dispositive motions brought by PS Funding or Braun; and

   b. in each of the Foreclosure Actions, a stipulation (a) staying the Foreclosure Actions during the Stay Period, and (b) tolling any court-ordered or statutory deadlines during the Stay Period, in each case consistent with this Order, so that no party is prejudiced by staying the Foreclosure Actions.

6. To the extent the District Court enters a final judgment in Braun's favor on the Forgery and Fraudulent Encumbrance claims, Braun is hereby granted relief from the automatic stay to make filings with county, state, or other government offices in order to take any other legal action, as necessary, to give effect to such final judgment, including ensuring that the Braun Residence is free from any encumbrance with respect to the PS Mortgages and the Braun Residence is freely alienable by Braun.

7. This Order does not prevent Braun from seeking further relief from the automatic stay in connection with the Foreclosure Actions, the Federal Action, or otherwise.

4859-5459-1356\9

4

8. The fourteen-day stay period imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived with respect to the relief granted herein.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

4859-5459-1356\9