## EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. ~~—————~~ **644 and 686** |

### ORDER (A) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM (INCLUDING FOR CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND PROOFS OF INTEREST IN OPPFUND AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to sections 105(a), 501, 502, 503, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7), 3003(c), and 5005(a), and Local Rule 2002-1, (a) establishing deadlines by which creditors (as defined in section 101(10) of the Bankruptcy Code) may file proofs of claim (the "**Proofs of Claim**") in these chapter 11 cases, (b) establishing related procedures for filing Proofs of Claim, (c) approving the form and scope of the Bar Date Notice, (d) approving mailing procedures with respect thereto, and (e) granting additional relief; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund, GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO, LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4, LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, unless otherwise noted.

appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      This Court hereby approves (a) the forms of (i) the Bar Date Notice, (ii) the Proof of Claim Form, (iii) the Customer Notice, (iv) the Customer Claim Form, and (v) the Publication Notice, (vi) the Administrative Expense Bar Date Notice, and (vii) the Request for Payment form, substantially in the forms attached to this Order as Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, Exhibit 5, Exhibit 6, and Exhibit 7, respectively, and (b) the manner of providing notice of the Bar Dates as described in the Motion.

**Proofs of Claim and Customer Claims**

3.      Pursuant to Bankruptcy Rule 3003(c)(2), with respect to any creditor who seeks to assert a claim related to the MPDNs or RWNs issued by Debtor Peer Street Funding LLC ("**PSFLLC**"), any claim related to the PDNs issued by Debtor PS Portfolio-ST1, LLC ("**Portfolio**"); any claim for Uninvested Cash; or with respect to any party who seeks to assert a limited partnership interest in Peer Street Opportunity Investors II, LP ("**OppFund**") (such creditor or interest holder, a "**Customer**") that is (a) not identified on Schedule 1 to the Customer Notice, (b) is incorrectly identified on Schedule 1 to the Customer Notice, or (c)

identified on Schedule 1 to the Customer Notice but against the wrong Debtor, such Customer must file a Customer Claim Form on or prior to 5:00 p.m. (prevailing Eastern Time) on the date (the "**Customer Bar Date**") that is thirty (30) days after service of the Customer Notice.  For the avoidance of doubt, customers may use the Customer Claim Form to also assert General Claims that are subject to paragraph 4 below.

4.      Pursuant to Bankruptcy Rule 3003(c)(2), except for claims subject to the Customer Bar Date, any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date (a "**General Claim**") and whose claim is (a) not listed on the Debtors' schedules of assets and liabilities (collectively, the "**Schedules**"), (b) listed on the Schedules as disputed, contingent, or unliquidated, or (c) is listed on the Debtors' Schedules but against the wrong Debtor, must file a Proof of Claim on or prior to 5:00 p.m. (prevailing Eastern Time) on the date (together with the Customer Bar Date, the "**General Bar Date**") that is thirty (30) days after service of the Bar Date Notice.

5.      Notwithstanding paragraphs 3 and 4 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is ~~December 26, 2023~~February 1, 2024 at 5:00 p.m. (prevailing Eastern Time) (the "**Governmental Bar Date**").

6.      Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is

thirty (30) days following service of an order approving such rejection (the "**Rejection Damages Bar Date**").

7.    If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (a) the applicable Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended (the "**Amended Schedules Bar Date**," and together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, each a "**Bar Date**," and collectively, the "**Bar Dates**").

8.    Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit), that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code), and unsecured non-priority claims, including any claims on account of Note Repayments or Uninvested Cash (the holder of all such claims, the "**Claimant**"), must properly file a Proof of Claim or Customer Claim (as applicable) on or before the applicable Bar Date in order to share in the Debtors' estates.

9.    All Claimants (except for Customers filing a Customer Claim) must submit (by overnight mail, courier service, hand delivery, regular mail, in person, or electronically through the online Proof of Claim Form available at https://cases.stretto.com/PeerStreet/ an original, written Proof of Claim that substantially

conforms to the Proof of Claim Form so as to be **actually received** by Stretto, the Debtors' claims and noticing agent, by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:   Peer Street, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

10.     All Customers seeking to file either (a) a claim for Note Repayment or Uninvested Cash or (b) proof of interest on account of a limited partnership interest in OppFund (such claim or interest, a "**Customer Claim**") must submit (by overnight mail, courier service, hand delivery, regular mail, in person, or electronically through the online Customer Claim Form available at https://cases.stretto.com/PeerStreet/ an original, written Customer Claim Form that substantially conforms to the Customer Claim Form so as to be **actually received** by Stretto, the Debtors' claims and noticing agent, by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:   Peer Street, Inc., et al. Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

11.     A Proof of Claim and/or Customer Claim Form must satisfy all of the following requirements to be considered properly and timely filed in these chapter 11 cases:

a.     Each Proof of Claim must:

i.    be legible;

ii.   include a General Claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion);

iii.  set forth with specificity the legal and factual basis for the alleged General Claim;

iv.   conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and

v.    be signed by the General Claimant, or by an authorized agent or legal representative of the General Claimant on behalf of the

5

        General Claimant, whether such signature is an electronic signature or is ink.

b.     Each Customer Claim Form must:

    i.    be legible;

    ii.    include a Customer Claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion);

    iii.    set forth with specificity the basis for the alleged claim for Note Repayment, including: (i) each MPDN, RWN, or PDN the Customer holds; (ii) the serial number the Debtors assigned to each such Note; (iii) with respect to an MPDN, the location of the property securing the Underlying Loan, and (iv) the amount of the investment in each Note;

    iv.    in the case of Uninvested Cash, to the extent the Customer disputes the amount identified on the Customer Notice, set forth the amount of Uninvested Cash that the Customer is claiming;

    v.    if a Customer is asserting that they hold a limited partnership interest in OppFund, the Customer must specify on the Customer Claim Form the aggregate dollar amount of the Customer's investment in OppFund as of June 26, 2023;

    vi.    if a Customer is asserting a General Claim using the Customer Claim Form, (a) include a General Claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion) and (b) identify the Debtor against which such General Claim is asserted;

    vii.    vi. conform substantially with the Customer Claim Form provided by the Debtors; and

    viii.    vii. be signed by the Customer, or by an authorized agent or legal representative of the Customer on behalf of the Customer, whether such signature is an electronic signature or is ink.

c.     Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) set forth with specificity: (a) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (b) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (c) the value of the goods the Claimant contends the

Debtors received in the twenty (20) days before the Petition Date; and (d) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

d.    Proofs of Claim or Customer Claim Forms signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Customer Claim Forms or Proofs of Claim or Customer Claim Forms sent by facsimile or electronic mail will not be accepted.

e.    Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (23-10815 (LSS)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Peer Street, Inc.

f.    A Customer filing a Customer Claim Form must ~~be filed~~indicate the Debtor against ~~PSFLLC if only related to a~~which each claim for Note Repayment ~~under an MPDN or RWN, or if related to Uninvested Cash~~is asserted. A Customer Claim Form ~~must be filed against Portfolio if it is only related to a Note Repayment under a PDN. A Customer Claim Form~~ asserting ownership of a limited partnership interest in OppFund must be filed against OppFund. A Customer Claim asserted against more than one Debtor may be filed against any of PSFLLC, Portfolio, or OppFund (as applicable). If a Customer seeks to assert a General Claim using the Customer Claim Form, the Customer must indicate the Debtor against which the General Claim is asserted. Unless otherwise ordered by the Court, each Customer Claim Form may assert a General Claim against **only one (1)** Debtor. Customers seeking to assert General Claims against more than one Debtor must file separate Proofs of Claim for each other Debtor against which a General Claim is Asserted. A Customer Claim Form may be filed on the claims register of any Debtor against whom a claim is asserted; *provided that* if a Customer uses the General Claim Form to assert a General Claim against one of the Debtors, the Customer Claim Form must be filed on the claims register of the Debtor against which a General Claim is asserted.

g.    Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one (1)** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Peer Street, Inc. For the avoidance of doubt, the foregoing provision does <u>not</u> apply to

Customer Claims, which are governed pursuant to the foregoing subparagraph (f).

h.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

i.  Each Proof of Claim (including supporting documentation) and Customer Claim Form must be filed so as to be **actually received** by Stretto on or before the applicable Bar Date as follows:  electronically through the interface available at https://cases.stretto.com/PeerStreet/, or if submitted through non-electronic means, by U.S. Mail or other hand delivery system to, Peer Street, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

j.  Proofs of Claim or Customer Claim Forms sent by facsimile or electronic mail will not be accepted.

k.  Claimants wishing to receive acknowledgment that their Proofs of Claim or Customer Claim Forms were received by Stretto must submit (i) a copy of the Proof of Claim Form or Customer Claim Form (in addition to the original Proof of Claim Form or Customer Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

l.  For the avoidance of doubt, Customer Claims or interests in OppFund may only be asserted using the Customer Claim Form. If~~Except as otherwise set forth in this Order, if~~ a Claimant or Interest Holder believes that it holds both a Customer Claim (and/or an interest in OppFund) and a General Claim, then it must use the Proof of Claim Form to assert its General Claim.

12.  Proofs of Claim and Customer Claim Forms sent to Stretto by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these chapter 11 cases.

13.  Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim or Customer Claim Form (as applicable) on or before the applicable Bar Date solely with respect to such claim:

a.  a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District

of Delaware or Stretto in a form substantially similar to Official Bankruptcy Form No. 410;

b.      a General Claim that is listed on the Debtors' Schedules if and only if (i) such General Claim is not scheduled as "disputed," "contingent," or "unliquidated," (ii) the holder of such General Claim agrees with the amount, nature, and priority of the claim as set forth in the Schedules, **and** (iii) the creditor agrees with respect to the identified Debtor;

c.      a Customer Claim identified on the schedule to a Customer Notice if and only if (i) the holder of such Customer Claim agrees with the amount, nature, and priority of the claim set forth therein, **and** (ii) the holder of such Customer Claim agrees with respect to the identified Debtor;

d.      an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code) which administrative expenses are subject to other provisions of this Order;

e.      an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

f.      a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court;

g.      a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

h.      a claim of any Debtor against another Debtor;

i.      any fees payable to the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") under 28 U.S.C. § 1930;

j.      a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

k.      any claims for indemnification, contribution, or reimbursement held by any current officer, director, member or manager; and

l.      any claim by the Prepetition Secured Parties, as set forth in paragraph 22 of the *Final Order (A) Authorizing the Prepetition Borrowers' Use of Cash Collateral; (B) Granting Adequate Protection to the Prepetition Secured Parties; and (C) Granting Related Relief* (the "**Final Cash Collateral Order**") [D.I. 293].

14.     Notwithstanding the above, holders of limited partnership interests in

OppFund are **not** required to file a Customer Claim Form to assert such interest if the Customer

agrees with the principal amount of their OppFund investment as of June 26, 2023 identified in Schedule 1 to the Customer Notice.

15.     Any Claimant exempted from filing a Proof of Claim or a Customer Claim Form pursuant to **paragraph 13** or **paragraph 14** above must still properly and timely file a Proof of Claim or Customer Claim Form for any other claim that does not fall within the exemptions provided by **paragraph 13** or **paragraph 14** above.

16.     Except as set forth herein, any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "**Interest Holder**") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, *however*, that any Interest Holder of a limited partnership interest in OppFund must comply with the provisions of this Order and the Customer Notice; *provided further* that any Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest against all Debtors other than OppFund. For the avoidance of doubt, the deadline for an Interest Holder to assert an ownership interest in OppFund is the General Bar Date.

17.     Within five (5) business days after entry of this Order, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form (the "**Bar Date**

**Package**"), by first class United States mail, postage prepaid (or equivalent service), to the following parties:

a.    all known potential General Claimants and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding General Claims;

b.    all parties that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of this Order;

c.    all parties that have filed Proofs of Claim in these chapter 11 cases as of the date of this Order;

d.    all known holders of equity securities in the Debtors as of the date of this Order;

e.    all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date, as identified in the Schedules;

f.    all known parties to litigation with the Debtors as of the date of this Order;

g.    any applicable regulatory authorities;

h.    the Internal Revenue Service;

i.    all known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

j.    the Securities and Exchange Commission; and

k.    the United States Attorney for the District of Delaware.

18.    Within five (5) business days after entry of this Order, the Debtors shall serve the Customer Notice, together with a copy of the Customer Claim Form (the "**Customer Package**") by first class United States mail, postage prepaid (or equivalent service) or by electronic mail pursuant to the *Order (A) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Individual Retail Customers, (B) Authorizing the Debtors to Provide Individual Retail Customers with Electronic Service, and (C) Granting Related Relief* [D.I. 294], to all Customers who, as of the Petition Date, (i) owned an MPDN, PDN, or RWN, (ii) had

11

Uninvested Cash in PSFLLC's FBO Retail Customer Account, and/or (iii) held limited partnership interests in OppFund.

19.    In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Package and the Customer Notice Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Date to known Claimants.

20.    Pursuant to Bankruptcy Rule 2002(*l*), the Debtors shall cause the Publication Notice to be published once in USA Today (or other similar national publication) as soon as practicable after entry of this Order but no later than twenty-one (21) days before the General Bar Date, and in such other local newspapers or publications, if any, as the Debtors deem appropriate.    Such form and manner of publication notice is hereby approved and authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to unknown Claimants.

21.    Properly filing an original, written Proof of Claim that substantially conforms to the Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; *provided*, *however*, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

22.    Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant, including any Customer, that is required to file a Proof of Claim or Customer Claim Form in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order with respect to a particular claim against the Debtors, or with respect to a limited partnership interest in OppFund, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor or

12

Interest Holder in OppFund with respect to such claim or OppFund interest for purposes of voting and distribution.

**Administrative Expense Claims**

23.     Except as otherwise provided herein, each person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units, that holds or wishes to assert an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code, other than a claim arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors' estates, which claim arose during the period from the Petition Date through the date of the entry of this Order (each, an "**Administrative Expense Claim**") must file a request for allowance of such Administrative Expense Claim (a "**Request for Payment**"), substantially in the form attached hereto as Exhibit 7, **no later than 4:00 p.m. (Eastern Time) on the first business day that is thirty (30) days following entry of this Order** (such date, the "**Administrative Expense Bar Date**").

24.     A Request for Payment with respect to Administrative Expense Claims that arose between the Petition Date and the date of the entry of this Order shall be deemed timely and properly filed only if it is actually received by Stretto no later than the Administrative Expense Bar Date via first class mail, overnight delivery service, or hand delivery to the following addresses:

| *If by First-Class Mail, Hand Delivery, or Overnight Courier::* | | *With a transmitted copy to:* |
|---|---|---|
| Peer Street, Inc., et al. Claims Processing c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602 | Taylor, LLP | Joseph Barry S. Alexander Faris Young Conaway Stargatt & 1000 North King Street Wilmington, Delaware 19801 |

25.     The Debtors and Stretto shall **not** be required to accept a Request for Payment sent by facsimile, telecopy, or electronic mail transmission.

26.     Each Request for Payment must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in English; (iii) denominate the asserted claim in lawful currency of the United States as of the Administrative Expense Bar Date; (iv) indicate the particular Debtor against which the claim is asserted; and (v) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available. Documentation should include both evidence of the nature of the Administrative Expense Claim asserted as well as evidence of the date on which the Administrative Expense Claim arose. A separate Request for Payment is required to be filed against each Debtor for which an Administrative Expense Claim is being asserted.

27.     The establishment of the Administrative Expense Bar Date shall not have any effect on any prior bar date order, or be deemed to have extended or otherwise affected any other deadlines for filing claims that have been established in these chapter 11 cases by the Court. For the avoidance of doubt, the Administrative Expense Bar Date does not apply to (i) claims arising under section 503(b)(9) of the Bankruptcy Code for the value of goods received by the Debtors in the ordinary course of the Debtors' business within the twenty (20) days prior to the commencement of these chapter 11 cases or (ii) prepetition claims, each of which are subject to the Proof of Claim and/or Customer Claim procedures set forth in this Order.

28.     Notwithstanding anything to the contrary in this Order or the Motion, the following claims shall be excepted from this Order and are not required to be filed on or before the Administrative Expense Bar Date:

a.    any Administrative Expense Claims that have (a) been previously paid or (b) otherwise been satisfied;

b.    Administrative Expense Claims previously filed with Stretto or the Court;

c.    Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date by the following professionals only: (a) Kramer Levin Naftalis & Frankel LLP; (b) Young Conaway Stargatt & Taylor, LLP; (c) Province, LLC; (d) Stretto; (e) Piper Sandler Loan Strategies, LLC; (f) Morrison & Foerster LLP; (g) Benesch, Friedlander, Coplan & Aronoff LLP; (h) IslandDundon LLC; and (i) any person or entity retained under the *Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of the Local Rule 2016-2* [D.I. 134];

d.    any claim of a current officer, member, or manager of the Debtors for indemnification, contribution, or reimbursement;

e.    any claims for fees payable to the Clerk of the Court;

f.    any fees payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717;

g.    any claim by a governmental unit for a tax or penalty described in section 503(b)(1)(B) and (C) of the Bankruptcy Code, as provided for in section 503(b)(1)(D) of the Bankruptcy Code;

h.    the Prepetition Secured Parties (as defined in the Final Cash Collateral Order);

i.    any claim that is asserted against a person or entity that is not one of the Debtors; and

j.    Administrative Expense Claims arising after the date that this Order is entered.

29.    Within five (5) business days after entry of this Order, the Debtors, directly or through the Claims Agent, shall serve the Administrative Expense Bar Date Notice, substantially in the form attached hereto as Exhibit 6, and the Request for Payment form, substantially in the form attached hereto as Exhibit 7, which forms are hereby approved, by first-class mail, postage prepaid, on the following parties:

a.    the U.S. Trustee;

b.   all persons or entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002;

c.   all persons or entities that have filed claims against the Debtors;

d.   all known persons or entities that have entered into a transaction with the Debtors on or after the Petition Date, or that are known to hold, or that the Debtors believe may assert that they hold, a right to payment under section 503(b) of the Bankruptcy Code against the Debtors;

e.   all parties to executory contracts and unexpired leases of the Debtors;

f.   all persons or entities employed by the Debtors on or after the Petition Date;

g.   the attorneys of record to all parties with litigation pending against the Debtors;

h.   the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, all taxing authorities for the jurisdictions in which the Debtors conducted business, and all other applicable governmental units; and

i.   except for employees terminated before the Petition Date and all former (as of the Petition Date) officers and directors of the Debtors, all other parties in the Debtors' creditor matrix not included above.

30.   Within five (5) days after entry of this Order, the Debtors will also cause the Administrative Expense Bar Date Notice and the Request for Payment form to be posted on the website established by Stretto for these chapter 11 cases at: https://cases.stretto.com/peerstreet/.

31.   Any person or entity purportedly holding an Administrative Expense Claim against the Debtors that is required to file a Request for Payment but fails to do so properly or timely in accordance with this Order, shall not, absent further order of the Court, participate in any distribution in these chapter 11 cases on account of such purported Administrative Expense Claim.

32.   Nothing contained in this Order or in the Motion, the Publication Notice, or the Bar Date Notice is intended or should be construed as a waiver of any of the Debtors' rights, including, without limitation, their rights to:  (a) dispute, or assert offsets or defenses

16

against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend the Schedules.  In addition, nothing contained in this Order or in the Motion, the Publication Notice, or the Bar Date Notice is intended to be an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

33.     The provisions of this Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

34.     All Claimants who desire to rely on the Schedules with respect to filing a Proof of Claim in these chapter 11 cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

35.     The Debtors and Stretto are authorized to take any and all actions necessary to effectuate the relief granted herein.

36.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

37.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

17

**<u>EXHIBIT 1</u>**

**Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINE FOR THE FILING
## OF PROOFS OF GENERAL CLAIMS, INCLUDING FOR CLAIMS
## ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**THE GENERAL BAR DATE IS 5:00 P.M. (PREVAILING EASTERN TIME) ON [\*]**

TO:    ALL HOLDERS OF POTENTIAL GENERAL CLAIMS AGAINST THE DEBTORS
(AS LISTED BELOW)

Please take notice that on June 26, 2023 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

Please take further notice that on [●], 2023, the Court entered an order (the "**Bar Date Order**")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of any General Claim, including requests for payment pursuant to section 503(b)(9)[3] of the Bankruptcy Code (the "**Proofs of Claim**").  As used in this Notice, a "**General Claim**" means any claim against the Debtors (as defined in section 101(5) of the Bankruptcy Code),[4] other than a claim for (i) repayment of notes issued by the Peer Street Issuers

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund, GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO, LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4, LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order, unless otherwise noted.

[3]    Section 503(b)(9) of the Bankruptcy Code provides:

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

[4]    Section 101(5) of the Bankruptcy Code defines a "claim" as (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed,



in accordance with the notes' terms or (ii) uninvested cash held on a "for the benefit of" basis for the Debtors' customers (such claims, "**Customer Claims**").

For your convenience, enclosed with this notice (this "**Notice**") is a Proof of Claim Form, which identifies on its face the amount, nature, and classification of your General Claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (collectively, the "**Schedules**"). If the Debtors believe that you hold General Claims against more than one (1) Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "**creditor**" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units, and the United States Trustee. In addition, the terms "**persons**," "**entities**," and "**governmental units**" are defined in sections 101(41), 101(15), and 101(27) of the Bankruptcy Code, respectively.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A GENERAL CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**General Information About the Debtors' Cases**. The Debtors' cases are being jointly administered under case number 23-10815 (LSS). No trustee or examiner has been requested in these chapter 11 cases, and no committees have been appointed.

**Individual Debtor Information**. The last four digits of each Debtor's federal tax identification number are set forth below. The Debtors' mailing address is c/o Province, LLC, 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

| Debtor | Case No. | EID# (Last 4 Digits) |
|---|---|---|
| Peer Street, Inc. | 23-10815 (LSS) | 8584 |
| PS Funding, Inc. | 23-10815 (LSS) | 3268 |
| PeerStreet Licensing, Inc. | 23-10815 (LSS) | 9435 |
| Peer Street Opportunity Fund, GP, LLC | 23-10815 (LSS) | 8491 |
| Peer Street Funding LLC | 23-10815 (LSS) | 9485 |
| PSF REO, LLC | 23-10815 (LSS) | 1013 |
| PS Options LLC | 23-10815 (LSS) | 8584 |
| PS Warehouse, LLC | 23-10815 (LSS) | 5663 |
| PS Warehouse II, LLC | 23-10815 (LSS) | 9252 |

---

is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

| Debtor | Case No. | EID# (Last 4 Digits) |
|---|---|---|
| Peer Street Opportunity Investors II, LP | 23-10815 (LSS) | 1586 |
| PS Portfolio-ST1, LLC | 23-10815 (LSS) | 1868 |
| PSF Ohio, LLC | 23-10815 (LSS) | 9485 |
| PSF TX 1, LLC | 23-10815 (LSS) | 9485 |
| PSF TX 2, LLC | 23-10815 (LSS) | 2415 |
| PSF TX 4, LLC | 23-10815 (LSS) | 9485 |

 **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

**1.    THE BAR DATES**

 The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "**Bar Dates**"):

 a.    ***General Bar Date***.  Except as expressly set forth in this Notice, all entities (except governmental units) holding General Claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim ***by 5:00 p.m., prevailing Eastern time on [●]***.  Except as expressly set forth in this Notice, the General Bar Date applies to all types of claims against the Debtors that arose on or prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

 b.    ***Governmental Bar Date***.  All governmental units holding General Claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by ~~December 26, 2023~~February 1, 2024 *at 5:00 p.m., prevailing Eastern Time*.  The Governmental Bar Date applies to all governmental units holding General Claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose on or prior to the Petition Date, including governmental units with General Claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

 c.    ***Rejection Damages Bar Date.***  Unless otherwise ordered by the Court, all entities holding General Claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors are required to file Proofs of Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.

 d.    ***Amended Schedules Bar Date.***  If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a General Claim listed in the Schedules, to change the nature or classification of a General Claim against the Debtors reflected in the Schedules, or to add a new

General Claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled General Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one (21) days from the date on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court).

2.      **PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.**

Any person or entity that has or seeks to assert a General Claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a request for payment under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim.  No deadline has yet been established for the filing of administrative claims other than claims under section 503(b)(9) of the Bankruptcy Code.  **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the applicable Bar Date**.

Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM.  A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

A.      **General Claims for Which No Proof of Claim Is Required to Be Filed.**

Notwithstanding the above, holders of the following claims are not required to file a Proof of Claim on or before the applicable Bar Date **solely with respect to any General Claim**:

a.      a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Stretto ("**Stretto**") in a form substantially similar to Official Bankruptcy Form No. 410;

b.      a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated," (ii) the holder of such claim

agrees with the amount, nature, and priority of the claim as set forth in the Schedules, **and** (iii) the creditor agrees with respect to the identified Debtor;

        c.     a Customer Claim arising from (i) any Notes issued by the Peer Street Issuers or (ii) Uninvested Cash;[5]

        d.     an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), which administrative expenses are subject to other provisions of the Bar Date Order;

        e.     an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

        f.     a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court;

        g.     a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

        h.     a claim of any Debtor against another Debtor;

        i.     any fees payable to the United States Trustee under 28 U.S.C. § 1930;

        j.     a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

        k.     any claims for indemnification, contribution, or reimbursement held by any current officer, director, member or manager; and

        l.     the Prepetition Secured Parties, as set forth in paragraph 22 of the Final Order (A) Authorizing the Prepetition Borrowers' Use of Cash Collateral; (B) Granting Adequate Protection to the Prepetition Secured Parties; and (C) Granting Related Relief (the "**Final Cash Collateral Order**") [D.I. 293].

        **Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to <u>paragraph A</u> above <u>must still properly and timely file</u> a Proof of Claim for any other General Claim that does not fall within the exemptions provided by <u>paragraph A</u> above.**  As set forth above, creditors are not required to file a Proof of Claim with respect to any amounts paid by the Debtors.

        B.     <u>**No Bar Date for Proof of Interest Other than OppFund.**</u>

        Except as set forth in the Bar Date Order, any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "**Interest Holder**") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, *however*, that any Interest Holder of a limited partnership interest

---

[5]    Claimants who wish to assert a Customer Claim must file a Customer Claim Form pursuant to the instructions in the Bar Date Order.  Any Claimant who fails to assert a Customer Claim may not be treated as a holder of any Customer Claim in connection with these chapter 11 cases.

in OppFund must comply with the provisions of the Bar Date Order and the Customer Notice; *provided further* that any Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest against all Debtors other than OppFund. For the avoidance of doubt, the deadline for an Interest Holder to assert an ownership interest in OppFund is the General Bar Date.

3. **WHEN AND WHERE TO FILE.**

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Stretto, the Debtors' claims and notice agent, by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

> Peer Street, Inc., et al. Claims Processing Center
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

Alternatively, Claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Stretto's website, https://cases.Stretto.com/PeerStreet/.

Proofs of Claim will be deemed timely filed only if **actually received** by Stretto on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim is submitted to Stretto by overnight mail, courier service, hand delivery, regular mail, in person, or through Stretto's website listed above.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (a) a copy of the Proof of Claim and (b) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Stretto).

4. **CONTENTS OF A PROOF OF CLAIM.**

With respect to preparing and filing a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a. Each Proof of Claim must: (i) be legible; (ii) include a General Claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such General Claim is converted to United States dollars, state the rate used in such conversion); (iii) set forth with specificity the legal and factual basis for the alleged General Claim; (iv) conform substantially

with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is ink.

b.      Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) set forth with specificity:  (1) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (2) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.      Each Proof of Claim must clearly identify the Debtor against which a General Claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (23-10174 (CTG)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Peer Street, Inc.

e.      Unless otherwise ordered by the Court, each Proof of Claim must state a General Claim against **only one (1)** Debtor, clearly indicate the Debtor against which the General Claim is asserted, and be filed on the claims register of such Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Peer Street, Inc.

f.      Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.      Each Proof of Claim must be filed, including supporting documentation so as to be **actually received** by Stretto on or before the applicable Bar Date as follows: electronically through the interface available at https://cases.stretto.com/PeerStreet/, or if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:  Peer Street, Inc., et al. Claims Processing Center c/o Stretto, 410 Exchange, Suite 100 Irvine, CA 92602.  Proofs of claim sent by facsimile or electronic mail will not be accepted.

h.     Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

i.     For the avoidance of doubt, Customer Claims may only be asserted using the Customer Claim Form.  If a Claimant believes that it holds both a Customer Claim and a General Claim, then it must use the Proof of Claim Form to assert its General Claim.

## 5.     **CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE BAR DATE.**

Any Claimant that is required to file a Proof of Claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular General Claim against the Debtors, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor with respect to such General Claim for purposes of voting and distribution.

## 6.     **CONTINGENT CLAIMS.**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to General Claims against the Debtors notwithstanding the fact that such General Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date.  Therefore, any person or entity that holds a General Claim or potential claim against the Debtors, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

## 7.     **THE DEBTORS' SCHEDULES.**

You may be listed as the holder of a General Claim against the Debtors in the Schedules.   The Schedules are available free of charge on Stretto's website at https://cases.stretto.com/PeerStreet/.  If you rely on the Schedules, it is your responsibility to determine that your General Claim is accurately listed in the Schedules.  As described above, if (a) you agree with the nature, amount and status of your General Claim as listed in the Schedules **and** (b) your claim is **NOT** described as "**disputed**," "**contingent**," or "**unliquidated**," then you are not required to file a Proof of Claim in these chapter 11 cases with respect to such General Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

## 8.     **RESERVATION OF RIGHTS.**

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend

or supplement the Schedules.  In addition, nothing contained herein of the Bar Date Order is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

*[Remainder of Page Intentionally Left Blank]*

9.    **ADDITIONAL INFORMATION.**

   The Schedules, the Proof of Claim Form, and Bar Date Order are available free of charge on Stretto's website at https://cases.stretto.com/PeerStreet/.  If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent, Stretto, by telephone at (833) 702-1320 (toll-free), (949) 541-9932 (international), or by email at PeerStreetInquiries@stretto.com.  If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses below.

Dated: December [\_\_], 2023

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| | P. Bradley O'Neill (*pro hac vice*) |
| */s/ DRAFT*      | Caroline Gange (*pro hac vice*) |
| Joseph Barry (Del. Bar No. 4221) | 1177 Avenue of the Americas |
| Ryan M. Bartley (Del. Bar No. 4985) | New York, New York 10036 |
| S. Alexander Faris (Del. Bar No. 6278) | Telephone:  (212) 715-9511 |
| Shella Borovinskaya (Del. Bar No. 6758) | Facsimile:  (212) 715-8000 |
| Rodney Square | Email:  boneill@kramerlevin.com |
| 1000 North King Street |    cgange@kramerlevin.com |
| Wilmington, Delaware 19801 | |
| Telephone:  (302) ~~571-6600~~576-3566 | *Co-Counsel to the Debtors and* |
| Facsimile:  (302) 571-1253 | *Debtors in Possession* |
| Email:  jbarry@ycst.com | |
|    rbartley@ycst.com | |
|    afaris@ycst.com | |
|    sborovinskaya@ycst.com | |
| | |
| *Co-Counsel to the Debtors and* | |
| *Debtors in Possession* | |

**EXHIBIT 2**

**Proof of Claim Form**



**Fill in this information to identify the case:**

Name of Debtor & Case Number:

- [ ] Peer Street, Inc. (Case No. 23-10815)
- [ ] Peer Street Opportunity Fund, GP, LLC (Case No. 23-10816)
- [ ] PS Funding, Inc. (Case No. 23-10817)
- [ ] Peer Street Funding LLC (Case No.23-10818)
- [ ] PeerStreet Licensing, Inc. (Case No. 23-10819)
- [ ] PSF REO LLC (Case No. 23-10820)
- [ ] PS Options LLC (Case No. 23-10821)
- [ ] PS Warehouse, LLC (Case No. 23-10822)

- [ ] PS Warehouse II, LLC (Case No. 23-10823)
- [ ] Peer Street Opportunity Investors II, LP (Case No. 23-10824)
- [ ] PS Portfolio-STI, LLC (Case No. 23-10825)
- [ ] PSF Ohio, LLC (Case No. 23-10826)
- [ ] PSF TX 1, LLC (Case No. 23-10827)
- [ ] PSF TX 2, LLC (Case No. 23-10828)
- [ ] PSF TX 4 LLC (Case No. 23-10829)

**United States Bankruptcy Court for the District of Delaware**

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| 1. | Who is the current creditor? | Name of the current creditor (the person or entity to be paid for this claim) _____ | |
| | | Other names the creditor used with the debtor _____ | |
| 2. | Has this claim been acquired from someone else? | ☐ No<br>☐ Yes.  From whom? _____ | |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name _____<br><br>Number     Street<br><br>City             State        ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br>Name _____<br><br>Number     Street<br><br>City             State        ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |
| 4. | Does this claim amend one already filed? | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known) _____          Filed on _____<br>                                                                                      MM  / DD  / YYYY | |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ | |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**7. How much is the claim?**  $_____ . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    _____
                    MM  /  DD  /  YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        _____
            First name              Middle name              Last name

Title       _____

Company     _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     _____
            Number          Street

            _____
            City                              State      ZIP Code

Contact phone    _____        Email    _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                              12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/peerstreet/claims/

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

 **Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

## Exhibit 3

**Customer Notice**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

**NOTICE TO HOLDERS OF (I) CLAIMS FOR (A) MORTGAGE PAYMENT DEPENDENT NOTES, REDEEMABLE WAREHOUSE NOTES AND PAYMENT DEPENDENT NOTES AND (B) UNINVESTED CASH CONCERNING CLAIMS BAR DATE AND STATEMENT OF CLAIM AND AMOUNTS; AND (II) LIMITED PARTNERSHIP INTERESTS IN PEER STREET OPPORTUNITY INVESTORS II, LP**

> **Please Take Notice:  This notice applies only to (1) claims for the repayment of notes issued by the Peer Street Issuers in accordance with the notes' terms ("Note Repayment"); (2) uninvested cash held on a "for the benefit of" (FBO) basis for you ("Uninvested Cash"); and (3) ownership of limited partnership interests in Peer Street Opportunity Investors II, LP ("OppFund").  If you have a claim against a Debtor for any amount other than Note Repayment or Uninvested Cash, you should file a separate Proof of Claim on the Proof of Claim Form attached to the Bar Date Order (as defined below).**

This notice (this "**Notice**") relates to Uninvested Cash held with Peer Street Funding LLC ("**PSFLLC**") and the following investment products:

- Mortgage Payment Dependent Notes ("**MPDNs**") issued by PSFLLC;

- Redeemable Warehouse Notes ("**RWNs**") issued by PSFLLC, also referred to as the "Pocket" product;

- Payment Dependent Notes ("**PDNs**," and together with the MPDNs and the RWNs, the "**Notes**") issued by PS Portfolio-ST1, LLC ("**Portfolio**, and together with PSFLLC, the "**Peer Street Issuers**"); and

- Limited partnership interests in Peer OppFund.

On June 26, 2023 (the "**Petition Date**"), the entities listed in footnote 1 (the "**Debtors**") filed for chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

2



On December [●], 2023, the Bankruptcy Court entered an order (the "**Bar Date Order**")[2] establishing certain dates by which parties holding claims against the Debtors as of the Petition Date must file proofs of their claim against the respective Debtor ("**Proofs of Claim**").  Additionally, the Bar Date Order establishes a deadline by which holders of interests in OppFund must assert proof of their interest in OppFund.

*Attached hereto as Exhibit 1 is a schedule identifying the Notes that the Debtors' records reflect that you have invested in and, if applicable, your ownership interest in OppFund*.  To the extent applicable, **Exhibit 1** identifies for each Note you have invested in, the Series of Note, related property address (if related to an MPDN), and the principal amount of each such Note and interest accrued thereon and unpaid as of June 26, 2023.  Additionally, if applicable, **Exhibit 1** identifies your ownership interest in OppFund as of June 26, 2023.  The Debtors' records further reflect that (i) each Customer Claim for an MPDN is a non-priority, general unsecured claim against PSFLLC, (ii) each Customer Claim for an RWN is a non-priority, general unsecured claim against PSFLLC, and (iii) each Customer Claim for a PDN is a non-priority, general unsecured claim against Portfolio.  Subject to the terms of the applicable Note and related documentation, you will be entitled to an allowed general unsecured claim in connection with the Debtors' bankruptcy cases in the amount(s) identified on **Exhibit 1** hereto.

*If you have Uninvested Cash in your account at PSFLLC, Exhibit 1 also reflects the amount of that cash as of November 30, 2023.[3]*

*IF YOU AGREE WITH THE INFORMATION LISTED ON EXHIBIT 1, AND YOU AGREE THAT YOUR CLAIM FOR NOTE REPAYMENT IS A GENERAL UNSECURED CLAIM AGAINST THE APPLICABLE DEBTOR IDENTIFIED HEREIN, THEN NO FURTHER ACTION BY YOU IS REQUIRED TO PROVE YOUR CLAIM FOR UNINVESTED CASH AND NOTE REPAYMENT OR TO PROVE YOUR INTEREST IN OPPFUND (IF APPLICABLE).*

*If you do not believe Exhibit 1 accurately or completely reflects your claims for Uninvested Cash and Note Repayment, or if you do not believe that Exhibit 1 accurately reflects your holding of limited partnership interests in OppFund, you must complete and return Exhibit 2 to reflect what you believe are your claims for Uninvested Cash and Note Repayment or OppFund limited partnership interests.*

If you assert a claim against any of the Debtors other than the amounts you claim are due to you for Note Repayment or Uninvested Cash (a "**General Claim**") in which you invested, then you may assert a General Claim against **only one (1)** Debtor using the Customer Claim Form.  If you assert any additional claims against other Debtors, you **must** file a proof of claim utilizing the Proof of Claim Form attached to the Bar Date Order.  You may access information concerning the process for filing a General Claims here:  https://cases.stretto.com/peerstreet/.

**[Remainder of page intentionally left blank.]**

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order, unless otherwise noted.

[3]    On October 18, 2023, the Bankruptcy Court entered an order allowing all Customers to withdraw up to 95% of their Uninvested Cash (the "**FBO Order**") [D.I. 517].  If you have Uninvested Cash withdrawable pursuant to the FBO Order, the Debtors encourage you to withdraw such Uninvested Cash as soon as possible.



*You should consult an attorney if you have any questions, including whether you should return Exhibit 2 or file a Proof of Claim for a General Claim.*

Dated: [___], 2023

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT_____*
Joseph Barry (Del. Bar No. 4221)
Ryan M. Bartley (Del. Bar No. 4985)
S. Alexander Faris (Del. Bar No. 6278)
Shella Borovinskaya (Del. Bar No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) ~~571-6600~~576-3566

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
P. Bradley O'Neill (*pro hac vice*)
Caroline Gange (*pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9511

*Co-Counsel to the Debtors and Debtors in Possession*

4



## **Exhibit 4**

**Customer Claim Form**



**Fill in this information to identify the case:**

Name of Debtor & Case Number:

*In re Peer Street, Inc.*, et al. (Case No. 23-10815)

**United States Bankruptcy Court for the District of Delaware**

# Customer Claim Form

**04/22**

Read the instructions before filling out this form. This form is for making a Customer Claim for payment in connection with the chapter 11 cases of Peer Street, Inc. *et al.* Pursuant to the notice you received with this form, this form is used to assert claims related to (i) mortgage payment dependent notes ("MPDNs") issued by Peer Street Funding LLC ("PSFLLC"); (ii) redeemable warehouse notes ("RWNs") issued by PSFLLC; (iii) Payment Dependent Notes ("PDNs," and together with MPDNs and RWNs, the "Notes") issued by PS Portfolio-ST1, LLC ("Portfolio"), and (iv) uninvested cash held on a "for the benefit of" (FBO) basis for you by PSFLLC. Additionally, this form must be used to assert ownership of a limited partnership interest in Peer Street Opportunity Investors II, LP ("OppFund").

*AS SET FORTH IN THE BAR DATE ORDER, IF YOU AGREE WITH THE INFORMATION LISTED ON __EXHIBIT 1__ TO THE CUSTOMER NOTICE, AND YOU AGREE THAT YOUR CLAIM FOR NOTE REPAYMENT IS A GENERAL UNSECURED CLAIM AGAINST THE APPLICABLE DEBTOR IDENTIFIED HEREIN, THEN __NO FURTHER ACTION BY YOU IS REQUIRED__ TO PROVE YOUR CLAIM FOR UNINVESTED CASH AND NOTE REPAYMENT OR TO PROVE YOUR INTEREST IN OPPFUND (IF APPLICABLE).*

**Part 1:** ~~Identify the Customer Claim~~ Identity of the Claimant

1. **Who is the current Customer?**

   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the ~~debtor~~ debtors (e.g., Username)

   Account number used with the ~~debtor~~ debtors

2. **Has this Customer Claim been acquired from someone else?**

   ☐ No
   ☐ Yes.  From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
   |---|---|
   | Name | Name |
   | Number      Street | Number      Street |
   | City      State      ZIP Code | City      State      ZIP Code |
   | Contact phone | Contact phone |
   | Contact email | Contact email |

4. **Does this claim amend one already filed?**

   ☐ No
   ☐ Yes. Claim number on court claims registry (if known) ____

   Filed on: ____ / ____ / ____
            MM   /  DD  /  YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☐ No
   ☐ Yes.  Who made the earlier filing? _____

| Part 2: | | Identify the Customer Claim | | | |
|---|---|---|---|---|---|
| 46. | **Do you own any MPDNs issued by PSFLLC?** | ☐ No ☐ Yes. | (please fill in the information below. If you need additional space, please use additional pages). | | |

☐ I agree that the MPDNs and associated amounts identified in the Customer Notice reflect all of my MPDN holdings.

| No.Description of MPDN (underlying property address, series, etc.) | Serial Number Assigned to MPDN | Amount of Investment as of 6/26/2023 | Against which Debtor do you assert a claim? |
|---|---|---|---|
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |

| 57. | **Do you own any RWNs issued by PSFLLC?** | ☐ No ☐ Yes. | (please fill in the information below. If you need additional space, please use additional pages). | | |
|---|---|---|---|---|---|

☐ I agree that the RWNs and associated amounts identified in the Customer Notice reflect all of my RWN holdings.

| No.Description of RWN | Description ofSerial Number Assigned to RWN | Serial Number Assigned to RWNAmount of Investment as of 6/26/2023 | Amount of Investment as of 6/26/2023Against which Debtor do you assert a claim? |
|---|---|---|---|
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | ☐ PSFLLC<br>☐ Other: _____ |

| | | | ☐ PSFLLC<br>☐ Other: _____ |
|---|---|---|---|
| | | | ☐ PSFLLC<br>☐ Other: _____ |
| | | | |
| | | | |

**68.** Do you own any PDNs issued by Portfolio?

☐ No
☐ Yes. (please fill in the information below. If you need additional space, please use additional pages).

☐ I agree that the PDNs and associated amounts identified in the Customer Notice reflect all of my PDN holdings.

| No. Description of PDN | Description of Serial Number Assigned to PDN | Serial Number Assigned to PDN Amount of Investment as of 6/26/2023 | Amount of Investment as of 6/26/2023 Against which Debtor do you assert a claim? |
|---|---|---|---|
| | | | ☐ Portfolio<br>☐ Other: _____ |
| | | | ☐ Portfolio<br>☐ Other: _____ |
| | | | ☐ Portfolio<br>☐ Other: _____ |
| | | | ☐ Portfolio<br>☐ Other: _____ |
| | | | ☐ Portfolio<br>☐ Other: _____ |
| | | | ☐ Portfolio<br>☐ Other: _____ |
| | | | ☐ Portfolio<br>☐ Other: _____ |
| | | | ☐ Portfolio<br>☐ Other: _____ |
| | | | ☐ Portfolio<br>☐ Other: _____ |
| | | | |
| | | | |

**79.** Do you claim any Uninvested Cash in PSFLLC's FBO Retail Customer Account?

☐ No
☐ Yes.

If yes, the value of the Uninvested Cash as of the date of this Claim is: _____

**810.** The MPDNs, PDNs, and RWNs provide that any claim under such documents is an unsecured, limited recourse claim against the applicable Peer Street Issuer. Nevertheless, if you contend that your Customer Claim is secured, check this box and complete this section.

☐ I assert a secured claim on account of some or all of the Notes identified above or in the Customer Notice.

What is your basis for perfection of a security interest? _____

Identify the property securing your claim. _____

| | | |
|---|---|---|
| **911. Do you assert that you hold a limited partnership interest in OppFund?** | ☐ No<br>☐ Yes. | If yes, the aggregate value of your investment in OppFund of June 26, 2023 is:<br>— |

☐ I agree that the aggregate value of my principal investment in OppFund as of June 26, 2023 is correctly identified in the Customer Notice.

**Part 3**

**Identify the General Claim. Only use this section to assert a General Claim against one of the Debtors (i.e., any claim other than a claim for Note Repayment or Uninvested Cash).**

**12. Against which Debtor do you assert your General Claim? If you are filing a General Claim, you must file this Customer Claim Form on the claims register of the Debtor indicated in this box.**

_____

**13. If you assert a General Claim (i.e., a claim unrelated to an MPDN, RWN, or PDN, or a claim for Uninvested Cash), how much is the claim?**    $_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**14. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**15. Is all or part of the General Claim secured?**

☐ No

☐ Yes.  The General Claim is secured by a lien on property.

**Nature of property:**

☐    Real estate. If the General Claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                      $_____

**Amount of the General Claim that is secured:**     $_____

**Amount of the General Claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**16. Is this General Claim based On a lease?**   ☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**Part 4**    **Setoff and Priorities**

**17. Is the claim asserted in this Customer Claim Form subject to a right of setoff?**    ☐ No

| | ☐ Yes. Identify the property: _____ |
|---|---|
| **18.  Is all or part of the claim asserted in this Customer Claim Form entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No |

☐ Yes. *Check one:*                                     **Amount entitled to priority**

| | |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| **18.  Is all or part of the claim asserted in this Customer Claim Form entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $ _____ |
|---|---|---|

## Part 2:  Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and** | *Check the appropriate box:*<br><br>☐  I am the creditor.<br>☐  I am the creditor's attorney or authorized agent.<br>☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule<br>☐  3004. I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule<br><br>I understand that an authorized signature on this *Customer Claim Form* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Customer Claim Form* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. Executed on date _____<br>                  MM /  DD  /  YYYY<br><br>_____<br>   Signature<br><br>Print the name of the person who is completing and signing this claim:<br><br>Name  _____<br><br>Title  _____<br><br>Company  _____<br>      Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address  _____<br>      Number      Street<br>      _____<br>      City                  State    ZIP Code<br><br>Contact phone  _____    Email _____ |
|---|---|

**EXHIBIT 5**

**Publication Notice**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINE FOR THE FILING
## OF PROOFS OF GENERAL CLAIMS, INCLUDING FOR CLAIMS
## ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**THE GENERAL BAR DATE IS 5:00 P.M. (PREVAILING EASTERN TIME) ON [\*]**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On June 26, 2023 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). Please take further notice that on [●], 2023, the Court entered an order (the "**Bar Date Order**")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of any General Claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code (the "**Proofs of Claim**"), against the following Debtors:

| **Debtor** | **Case No.** | **EID#**<br>**(Last 4 Digits)** |
|---|---|---|
| Peer Street, Inc. | 23-10815 (LSS) | 8584 |
| PS Funding, Inc. | 23-10815 (LSS) | 3268 |
| PeerStreet Licensing, Inc. | 23-10815 (LSS) | 9435 |
| Peer Street Opportunity Fund, GP, LLC | 23-10815 (LSS) | 8491 |
| Peer Street Funding LLC | 23-10815 (LSS) | 9485 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund, GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO, LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4, LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order, unless otherwise noted.



| Debtor | Case No. | EID# (Last 4 Digits) |
|---|---|---|
| PSF REO, LLC | 23-10815 (LSS) | 1013 |
| PS Options LLC | 23-10815 (LSS) | 8584 |
| PS Warehouse, LLC | 23-10815 (LSS) | 5663 |
| PS Warehouse II, LLC | 23-10815 (LSS) | 9252 |
| Peer Street Opportunity Investors II, LP | 23-10815 (LSS) | 1586 |
| PS Portfolio-ST1, LLC | 23-10815 (LSS) | 1868 |
| PSF Ohio, LLC | 23-10815 (LSS) | 9485 |
| PSF TX 1, LLC | 23-10815 (LSS) | 9485 |
| PSF TX 2, LLC | 23-10815 (LSS) | 2415 |
| PSF TX 4, LLC | 23-10815 (LSS) | 9485 |

The Bar Date Order establishing the following bar dates for filing Proofs of Claim in these chapter 11 cases:

**The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "Bar Dates"):**

**General Bar Date**.  Except as expressly set forth in this Notice, all entities (except governmental units) holding General Claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, **including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code**, are required to file Proofs of Claim by **5:00 p.m., prevailing Eastern time on [●].**  Except as expressly set forth in this Notice, the General Bar Date applies to all types of claims against the Debtors that arose on or prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

**Governmental Bar Date**.  All governmental units holding General Claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by ~~December 26, 2023~~February 1, 2024 at 5:00 p.m., prevailing Eastern Time.  The Governmental Bar Date applies to all governmental units holding General Claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose on or prior to the Petition Date, including governmental units with General Claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

**Rejection Damages Bar Date**.  Unless otherwise ordered by the Court, all entities holding General Claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors are required to file Proofs of Claim by **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors**.

**Amended Schedules Bar Date**.  If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a


~~31016088.3~~
31016088.5

General Claim listed in the Schedules, to change the nature or classification of a General Claim against the Debtors reflected in the Schedules, or to add a new General Claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled General Claim by **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one (21) days from the date on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court)**.

**Entities That Must File Proofs of Claim by the Applicable Bar Date:** Any person or entity that has or seeks to assert a General Claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a request for payment under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.

**Entities Not Required to File Proofs of Claim by the Applicable Bar Date:** Holders of the following claims are not required to file a Proof of Claim on or before the applicable Bar Date **solely with respect to any General Claim**: (a) a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Stretto ("Stretto") in a form substantially similar to Official Bankruptcy Form No. 410; (b) a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated," (ii) the holder of such claim agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the creditor agrees with respect to the identified Debtor; (c) a Customer Claim arising from (i) any Notes issued by the Peer Street Issuers or (ii) Uninvested Cash; (d) an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), which administrative expenses are subject to other provisions of the Bar Date Order; (e) an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code; (f) a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court; (g) a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date; (h) a claim of any Debtor against another Debtor; (i) any fees payable to the United States Trustee under 28 U.S.C. § 1930; (j) a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date; (k) any claims for indemnification, contribution, or reimbursement held by any current officer, director, member or manager; and (l) the Prepetition Secured Parties, as set forth in paragraph 22 of the *Final Order (A) Authorizing the Prepetition Borrowers' Use of Cash Collateral; (B) Granting Adequate Protection to the Prepetition Secured Parties; and (C) Granting Related Relief* [D.I. 293].

**Procedures for Filing Proofs of Claim:** All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Stretto, the Debtors' claims and notice agent, by no later than 5:00 p.m. (prevailing Eastern Time) on or



before the applicable Bar Date at the following address: Peer Street, Inc., et al. Claims Processing Center, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. Alternatively, Claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Stretto's website, https://cases.Stretto.com/PeerStreet/. **Proofs of Claim will be deemed timely filed only if actually received by Stretto on or before the applicable Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.** Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim is submitted to Stretto by overnight mail, courier service, hand delivery, regular mail, in person, or through Stretto's website listed above.

**Consequences of Failure to File a Proof of Claim: Any Claimant that is required to file a Proof of Claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular General Claim against the Debtors, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor with respect to such General Claim for purposes of voting and distribution.**

**Additional Information:** The Schedules, the Proof of Claim Form, and Bar Date Order are available free of charge on Stretto's website at https://cases.stretto.com/PeerStreet/. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent, Stretto, by telephone at (833) 702-1320 (toll-free), (949) 541-9932 (international), or by email at PeerStreetInquiries@stretto.com. If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses below.

Dated: [__], 2023

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT*
Joseph Barry (Del. Bar No. 4221)
Ryan M. Bartley (Del. Bar No. 4985)
S. Alexander Faris (Del. Bar No. 6278)
Shella Borovinskaya (Del. Bar No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600576-3566

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
P. Bradley O'Neill (*pro hac vice*)
Caroline Gange (*pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9511

*Co-Counsel to the Debtors and Debtors in Possession*

4


31016088.3
31016088.5

## Exhibit 6

**Administrative Expense Bar Date Notice**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS

PLEASE TAKE NOTICE THAT on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the chapter 11 cases of the above-captioned debtors (collectively, the "**Debtors**"), entered an order (the "**Bar Date Order**") [D.I. ___] establishing [●] 2024, at 4:00 p.m. (Eastern Time) (the "**Administrative Expense Bar Date**") as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) must file requests for the allowance of an administrative expense claim under section 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), other than a claim arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors' estates, that may have arisen during the period from the Petition Date through and including [●], 2023 (an "**Administrative Expense Claim**"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

Pursuant to the terms of the Bar Date Order, and except as provided therein or herein, each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that holds or wishes to assert an Administrative Expense Claim against the Debtors' estates that may have arisen during the period set forth in the preceding paragraph must file a request for allowance of such Administrative Expense Claim (a "**Request for Payment**") on or before the Administrative Expense Bar Date.

Pursuant to the terms of the Bar Date Order, the Administrative Expense Bar Date DOES NOT apply to the following claims:[2]

    a.    any Administrative Expense Claims that have (i) been previously paid or (ii) otherwise been satisfied;

    b.    Administrative Expense Claims previously filed with Stretto or the Court;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2]    The Administrative Expense Bar Date does not apply to (i) claims arising under section 503(b)(9) of the Bankruptcy Code for the value of goods received by the Debtors in the ordinary course of the Debtors' business within the twenty (20) days prior to the commencement of their chapter 11 cases (a "**Section 503(b)(9) Claim**"); or (ii) prepetition claims. These claims, including Customer Claims, are subject to the Proofs of Claim and Customer Claims provisions of the Bar Date Order.



c.   Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date by the following professionals only: (a) Kramer Levin Naftalis & Frankel LLP; (b) Young Conaway Stargatt & Taylor, LLP; (c) Province, LLC; (d) Stretto; (e) Piper Sandler Loan Strategies, LLC; (f) Morrison & Foerster LLP; (g) Benesch, Friedlander, Coplan & Aronoff LLP; (h) IslandDundon LLC; and (i) any person or entity retained under the *Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of the Local Rule 2016-2* [D.I. 134];

d.   any claim of a current officer, member, or manager of the Debtors for indemnification, contribution, or reimbursement;

e.   any claims for fees payable to the Clerk of the Court;

f.   any fees payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717;

g.   any claim by a governmental unit for a tax or penalty described in section 503(b)(1)(B) and (C) of the Bankruptcy Code, as provided for in section 503(b)(1)(D) of the Bankruptcy Code;

h.   the Prepetition Secured Parties (as defined in the Final Cash Collateral Order);

i.   any claim that is asserted against a person or entity that is not one of the Debtors; and

j.   Administrative Expense Claims arising after the date that the Bar Date Order is entered.

**A CLAIMANT SHOULD CONSULT HIS OR HER ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A REQUEST FOR PAYMENT. NEITHER THE DEBTORS' ATTORNEYS, NOR STRETTO, NOR THE CLERK OF THE COURT CAN ADVISE THE CLAIMANT WHETHER THE CLAIMANT SHOULD FILE A REQUEST FOR PAYMENT.**

All original Requests for Payment in respect of Administrative Expense Claims that arose between the Petition Date and [●], 2023 must be filed so as to be actually received by the Claims Agent on or before the Administrative Expense Bar Date via first class mail, overnight delivery service, or hand delivery to:

| *If by First-Class Mail, Hand Delivery, or Overnight Courier:* | *With a transmitted copy to:* |
|---|---|
| Peer Street, Inc., et al. Claims Processing c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602 | Joseph Barry S. Alexander Faris Young Conaway Stargatt & Taylor, LLP 1000 North King Street Wilmington, Delaware 19801 |

Such Requests for Payment of Administrative Expense Claims will be deemed timely filed only if **actually received** by Stretto on or before the Administrative Expense Bar Date. Requests for Payment of Administrative Expense Claims may not be delivered by facsimile, telecopy, or electronic mail transmission.

Each Request for Payment must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in English; (iii) denominate the asserted claim in lawful currency of the United States as of the Administrative Expense Bar Date; (iv) indicate the particular Debtor against which the



claim is asserted; and (v) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date on which the administrative expense claim arose. A separate Request for Payment is required to be filed against each Debtor for which an Administrative Expense Claim is being asserted.

**ANY PARTY PURPORTEDLY HOLDING AN ADMINISTRATIVE EXPENSE CLAIM AGAINST THE DEBTORS THAT IS REQUIRED TO FILE A REQUEST FOR PAYMENT BUT FAILS TO DO SO PROPERLY OR TIMELY IN ACCORDANCE WITH THE BAR DATE ORDER SHALL NOT, ABSENT FURTHER ORDER OF THE COURT, PARTICIPATE IN ANY DISTRIBUTION IN THESE CASES ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIM.**

All parties in interest reserve the right to dispute, or to assert offsets, counterclaims, or defenses against, any Administrative Expense Claim, and nothing contained in the Bar Date Order or this Notice shall preclude any parties in interest from objecting to any claim on any grounds.

**THE FACT THAT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE EXPENSE CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE AN ADMINISTRATIVE EXPENSE CLAIM. <u>DO NOT FILE A REQUEST FOR PAYMENT UNLESS YOU HAVE AN ADMINISTRATIVE EXPENSE CLAIM.</u>**

This Notice is only a summary of the procedures for assertion of Administrative Expense Claims established by the Bar Date Order. All parties in interest should carefully review the Bar Date Order itself and the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware for additional information regarding the filing and treatment of Administrative Expense Claims.

Copies of the Bar Date Order may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is available at http://www.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov). In addition, electronic copies of the Bar Date Order may be viewed free of charge at https://cases.stretto.com/peerstreet/. Copies of the Bar Date Order may also be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (Eastern Time) at the office of the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801.

<table>
<tr><td>

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Joseph Barry (Del. Bar No. 4221)
Ryan M. Bartley (Del. Bar No. 4985)
S. Alexander Faris (Del. Bar No. 6278)
Shella Borovinskaya (Del. Bar No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) ~~571-6600~~576-3566
Facsimile:  (302) 571-1253
Email:  jbarry@ycst.com
      rbartley@ycst.com
      afaris@ycst.com
      sborovinskaya@ycst.com

</td><td>

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
P. Bradley O'Neill (*pro hac vice*)
Caroline Gange (*pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9511
Facsimile:  (212) 715-8000
Email:  boneill@kramerlevin.com
      cgange@kramerlevin.com

*Co-Counsel to the Debtors and Debtors in Possession*

</td></tr>
</table>

**Counsel for the Debtors and Debtors in Possession**

3



## <u>EXHIBIT 7</u>

## Request for Payment Form



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |

**REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

1.      Name of Claimant:_____

2.      Debtor against whom the Administrative Expense Claim is asserted (check one):

| CHECK ONLY ONE BOX PER CLAIM FORM | DEBTOR | CASE NO. |
|---|---|---|
| ☐ | Peer Street, Inc. | 23-10815 (LSS) |
| ☐ | Peer Street Opportunity Fund GP, LLC | 23-10816 (LSS) |
| ☐ | PS Funding, Inc. | 23-10817 (LSS) |
| ☐ | Peer Street Funding LLC | 23-10818 (LSS) |
| ☐ | PeerStreet Licensing, Inc. | 23-10819 (LSS) |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.



31016088.3
31016088.5

| CHECK ONLY ONE BOX PER CLAIM FORM | DEBTOR | CASE NO. |
|---|---|---|
| ☐ | PSF REO LLC | 23-10820 (LSS) |
| ☐ | PS Options LLC | 23-10821 (LSS) |
| ☐ | PS Warehouse, LLC | 23-10822 (LSS) |
| ☐ | PS Warehouse II, LLC | 23-10823 (LSS) |
| ☐ | Peer Street Opportunity Investors II, LP | 23-10824 (LSS) |
| ☐ | PS Portfolio-ST1, LLC | 23-10825 (LSS) |
| ☐ | PSF Ohio, LLC | 23-10826 (LSS) |
| ☐ | PSF TX 1, LLC | 23-10827 (LSS) |
| ☐ | PSF TX 2, LLC | 23-10828 (LSS) |
| ☐ | PSF TX 4, LLC | 23-10829 (LSS) |

3.    Nature and description of the Administrative Expense Claim (you may attach a separate summary: _____
_____
_____
_____

4.    Date(s) claim arose: _____

5.    Amount of Administrative Expense Claim: _____

6.    Documentation supporting the Administrative Expense Claim must be attached hereto.  Documentation should include both evidence of the nature of the Administrative Expense Claim asserted as well as evidence of the date or dates on which the Administrative Expense Claim arose.

Date: _____                    Signature: _____

                                                 Name: _____
                  _____

                                                 Address:_____
                  _____

                                                 _____
                  _____

                                                 _____


31016088.3
31016088.5

_____

                                                   _____

_____

                          Phone Number: _____

_____

                          Email: _____

_____

3

31016088.3
31016088.5