UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED

2024 APR 18 AM 10: 32

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

PEER STREET, INC., et al.[1]

Debtors.

Chapter 11
Case No. 23-10815 (LSS)

## OBJECTION TO JOINT CHAPTER 11 PLAN

1. Rivka Braun and Ahron Braun ("Braun") filed timely proofs of claim, recorded as numbers 3092 and 3098.

### Standing to Object

2. Braun's proof of claim arises from the Debtors funding of a theft of title in which Braun's ownership to the property addressed as 138 Nobility Court ("Nobility Property") located in Toms River, New Jersey, County of Ocean. Braun did not receive any consideration for the loss of title, despite that the Debtors to have misrepresented that the mortgage was to purchase title from Braun. What happened to Braun is as an exception under 11 U.S. Code § 523.

3. Braun's title was registered with the County Clerk as instrument 2019079082 in the exclusive name of Rivka Braun. Braun's ownership to the Nobility Property was a purchase from Michaelanne Dietlmeier and Robert Dietlmeier in the amount of $560,000, without any financing or mortgage from anyone. Immediately, upon purchase of

---

[1] The Debtors in these chapter 11 cases (the "Bankruptcy Cases"), are: Peer Street, Inc.; PS Funding, Inc.; PeerStreet Licensing, Inc.; Peer Street Opportunity Fund GP, LLC; Peer Street Funding LLC; PSF REO LLC; PS Options LLC; PS Warehouse, LLC; PS Warehouse II, LLC; Peer Street Opportunity Investors II, LP; PS Portfolio-ST1, LLC; PSF Ohio, LLC; PSF TX 1, LLC; PSF TX 2, LLC; PSF TX 4 LLC.

Page 1

the Nobility Property, Braun took possession of the property, moved into the Nobility Property and resides in it to date.

4. At all relevant times, the Braun had clear title to the Nobility Property with no encumbrances.

5. On or about August 1, 2019, the signature of Rivka Braun was forged by someone transferring title to 138 Nobility from Rivka Braun to shell LLC, 138 Nobility LLC ("theft"). Judah Weisz notarized the forgery.

6. On or about August 1, 2019, a mortgage for $427,000 was originated by 703 Funding A LLC, a subsidiary of Rosa Funding LLC and was purportedly funded by Debtors PS Funding. Abraham Teitelbaum was the title agent for the theft. Dekel Abstract LLC registered the theft and its mortgage.

7. Isidor Bleier and Josh Weinfeld originated the mortgage on the Nobility theft for 703 Funding LLC. On August 5, 2019, BSD Realty Holdings Inc. received $50,000 mortgage. On August 6, 2019, Defendant BSD received an additional $8,073.92. Where the other $368,926.08 went, or if it was even funded, is currently unknown to Braun.

8. On July 30, 2020, the Debtors assigned the mortgage on the theft to U.S. Bank Trust National Association in its individual capacity and as owner trustee of LH-NP-Strat Delaware Owner Trust ("assignee").

9. On September 20, 2020, the assignee for Debtors commenced foreclosure proceedings.

10. The Brauns were not named as parties to the foreclosure proceeding.

11. At the foreclosure proceeding, the assignee falsely represented that Debtors provided the mortgage to purchase the property from the Braun.

12. However, at no time did the Braun sell the property to the anyone or receive any consideration for such transfer of title.

13. On February 21, 2023, the title to 138 Nobility Court was auctioned off by the Sheriff for Ocean County for $651,000.

14. As a direct result of the forgoing theft of Brauns title, the Brauns were required to repurchase the property from the party who purchased the property at the auction for the amount of $750,000.

15. The Brauns were required to obtain a mortgage to repurchase the property and such mortgage accumulates interest and by the time of payoff the Brauns will be required to pay the over $900,000 to regain the full and clean title to the property.

16. At no time did Braun receive any consideration for the transfer of title or its mortgage or any proceeds from the auction.

17. This mortgage on the Nobility Property was the first of a long series of mortgages that the Debtors funded that originated by Rosa Funding LLC and 703 Funding A LLC.

18. On February 12, 2024, Rosa Funding LLC filed a proof of claim for $372,835.00 under claim number 2732, stating that it funded a mortgage under a B Piece plan.

19. Under a B Piece plan, the Debtors retained a large amount of the actual mortgage a security on the collateral that was originated by Rosa Funding as an originator of

the first mortgage. Braun now learned that the amount of $372,835.00 sought by Rosa Funding actually is the $368,926.08 difference of the mortgage purportedly funded by the Debtors on the Nobility Property but was actually retained by the Debtors themselves.

### The Scam by the Debtors

20.     The key to understanding all scams and frauds is that the bad guy never plays with their own money, the perpetrator always uses money either belonging to others (third party) or taken from others (third party). Where there is no risk of real skin in the game, the ponzi scheme, kiting, and similar frauds the crook will easily play the game of catch me if you can. Too often, the victim is by then at the mercy of others to catch up with the crook.

21.     At all relevant times, Debtor PS Funding Inc., a purported hedge fund, an off shoot of the Debtors PeerStreet Inc. ("PeerStreet") came about from an effort to induce laymen to invest their life savings under the lucrative promises of generating yield high returns as profit from commercial mortgages. PeerStreet misrepresented itself as offering a marketplace where lending companies can obtain funding for commercial mortgages. Meanwhile, these purported lenders were crowdfunded by laymen with no understanding of how commercial mortgages work and the required due diligence. The Debtors misrepresented to the laymen investors that its mortgages are legit and based on genuine title. From its start, the Debtors marketed themselves to be too good to be true, a real estate environment where its investors never lost money.

22.     In order to induce laymen investors, the Debtors needed to gain the confidence as a legitimate business with an influx of commercial mortgages. The appearance of a portfolio of mortgages was essential to inducing laymen to invest their life

saving with Debtors. The ponzi scam had two functions that worked hand-in-hand, a system generating a portfolio of commercial mortgages and a system to embezzle money from laymen investors through a series of phony mortgages.

23. To generate commercial mortgages, the Debtors had a scheme of claiming title to multiple real estate properties regardless of whether the Debtors had genuine title. In New York and New Jersey, Josh Weinfeld and Isidor Bleier worked together with Arthur Spitzer, using the names Rosa Funding LLC, 703 Funding A LLC and Adar Funding LLC as agents of the Debtors. Weinfeld functioned as the formal agent of Debtors originating mortgages. Bleier functioned as the person ensuring that each mortgage has the paperwork necessary to create the illusion of genuine title. In that vein, Bleier would secure mortgages under the B-Piece plan that were originated by Weinfeld and Bleier ensured that the mortgages were paid for its first three months. This gave laymen investors the false image that these mortgages were preforming well.

24. For that, the Debtors whitewashed these commercial mortgages as legit where Abraham Teitelbaum acted as the title insurance agent creating title insurance for each theft of title and mortgage, Dekel Abstracts LLC registered and distributed the fraudulent title. Judah Weisz, as an employee of Dekel, prepared the fictitious paper of genuine title and notarized the forgery of the victim.

25. Then came the embezzling part. Dekel would distribute the money of each mortgage to Josh Weinfeld, Isidor Bleier, Arthur Spitzer, Rosa Funding LLC and 703 Funding A LLC. The amounts each party would receive on each mortgage were far beyond the 2 or 3 points that mortgage originators earn on a mortgage. That way the money from the

laymen investors through a series of phony mortgages was embezzled by individuals associated with Debtors like Josh Weinfeld and Isidor Bleier and Arthur Spitzer. In other words, the mortgages were not used to purchased real estate, but to create commercial paper as a medium to steal money from laymen investors.

26. Most of the documents regarding this claim are already in the possession of the Debtors. Nonetheless, the supporting documents for this claim are voluminous and the Brauns can refurnish them upon request.

### Basis for Rejecting the Plan

27. In ECF #2, p. 6 of the first day affidavit, the Debtors admit that the Debtor PS Funding Inc. has its own assets over $220.2 million, of which $92.4 million were performing well and generating revenues. The other $127.8 million is not performing because the mortgages were not legit, the debt was never funded by a real loan.

28. Even the debtors admit in ECF 952, the "Combined Disclosure Statement And Joint Chapter 11 Plan For Peer Street, Inc., And Its Affiliated Debtors," PS Funding Inc currently has $207 million assets, and it is owned solely by PS Funding Inc. Page 127 shows that the liquation analysis of the plan diverts and transfers assets to other Debtors, who are in reality unsecured creditors of PS Funding Inc. Even more so, this liquidation analysis of the plan takes place before the liquidation and satisfaction of valid claims that Creditors have against the Debtor PS Funding Inc. This is simply a perverted use of Chapter 11.

29. More troubling, the assets of PS Funding Inc. are being distributed to other debtors who are subordinate as an insider to the claims of real Creditors. Impermissibly, the Debtors are using assets belonging to the Debtor PS Funding to pay for the debts incurred by

other Debtors; this is an impermissible use of the Chapter 11 reorganization. Where in the bankruptcy code are the Debtors allowed to use the bankruptcy process to enrich insiders at the expense of unliquidated creditors???? "It's considered unfair to give insiders payment priority over your other creditors, and creditors must receive payment according to the priority ranking system outlined in bankruptcy law." https://www.nolo.com/legal-encyclopedia/bankruptcy-trustee-preference-claims-prior-transfers.html.

### Reservation of Rights

30. The Brauns hereby reject the Combined Disclosure Statement and Plan.

31. We hereby opt out and elect not to grant the releases contained in Section 14.1 of the Combined Disclosure Statement and Plan.

32. The Brauns reserve the right to bring whatever claim is necessary to rectify the wrong that has been committed against them, including such suit against any participant of the Debtors who is responsible for the wrong that has been committed against the Brauns.

Dated: Toms River, NJ

April 18, 2024


Rivka Braun

Ahron Braun
138 Nobility Ct.
Toms River, NJ 08755

**Certificate of Service**

We hereby certify that on April 18, 2024, we emailed from our joint email ziporahjewelers@aol.com this attached objection to the Combined Disclosure Statement and Plan to the following individuals:

1. co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, Attn: Joseph M. Barry, Esq. at jbarry@ycst.com, Ryan M. Bartley, Esq. at rbartley@ycst.com, and S. Alexander Faris, Esq. at afaris@ycst.com;

2. co-counsel to the Debtors, Kramer Levin Naftalis & Levin LLP, Attn: P. Bradley O'Neill, Esq. at boneill@kramerlevin.com ;

3. the Office of the United States Trustee for the District of Delaware, Attn: Joseph Cudia, Esq. joseph.cudia@usdoj.gov;

4. counsel to the Prepetition Agent, Royer Cooper Cohen Braunfeld LLC, Attn: Marc E. Hirschfield at mhirschfield@rccblaw.com;

5. counsel to the Prepetition Agent, Richards, Layton & Finger, P.A., Attn: Russell C. Silberglied at Silberglied@rlf.com; and

6. co-counsel to the Official Committee of Unsecured Creditors, Morrison & Foerster LLP, Attn: Lorenzo Marinuzzi, Esq. at lmarinuzzi@mofo.com, Benjamin Butterfield, Esq. at bbutterfield@mofo.com, and Raff Ferraioli, Esq. at rferraioli@mofo.com; and

7. co-counsel to the Official Committee of Unsecured Creditors, Benesch, Friedlander, Coplan & Aronoff LLP, Attn: Jennifer R. Hoover, Esq. at jhoover@beneschlaw.com, Kevin M. Capuzzi, Esq. at kcapuzzi@beneschlaw.com, and John C. Gentile, Esq. at jgentile@beneschlaw.com.

Dated: Toms River, NJ

April 18, 2024

Rivka Braun

*[signature]*

Ahron Braun

*[signature]*