**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
|     Peer Street, Inc., *et al.,*[1] | Case No. 23-10815 (LSS) |
|                        Debtors. | (Jointly Administered) |
| | **RE: D.I. 1048** |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS IN SUPPORT OF CONFIRMATION OF THE DEBTORS' PLAN**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Peer Street, Inc., *et al.* (collectively, "<u>Peer Street</u>" or the "<u>Debtors</u>"), by and through its undersigned counsel, hereby files this statement (the "<u>Statement</u>") in support of the *Amended Combined Disclosure Statement and Joint Chapter 11 Plan for Peer Street, Inc., and its Affiliated Debtors* [Docket No. 1048] (the "<u>Plan</u>").[2]  In support of this Statement, the Committee respectfully represents as follows:

**STATEMENT**

1.     The Committee strongly supports confirmation of the Plan.[3]

2.     As this Court is aware, the Debtors commenced these chapter 11 cases with a strategy to sell substantially all of their assets.  These assets included the Peer Street loan portfolio—*i.e.*, the mortgage loans that underpin the "fractional notes" and other investments held by Peer Street customers.  The proposed sale prompted formal and informal objections,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

[3] The Committee incorporates by reference the arguments raised in the Debtors' *Memorandum of Law in Support of Confirmation of the Amended Combined Disclosure Statement and Joint Chapter 11 Plan for Peer Street, Inc., and its Affiliated Debtors* [Docket No. 1052], including the Debtors' responses to the various objections.

ny-2721513

including from the Committee and the Pacific Creditors (the Debtors' largest unsecured creditor and MPDN holder), as well as numerous retail investors who expressed their concerns with this strategy in the hundreds of letters filed to the docket.

3. The Committee, which is comprised of seven sophisticated creditors with claims across all of Peer Street's investment products, made clear early in these cases that its primary aim was ensuring that Peer Street investors were not short-changed. Ultimately, upon the advice of its legal and financial professionals, and in consultation with the Pacific Creditors and hundreds of other Peer Street investors, the Committee determined that a managed "run-off" of the Debtors' loan portfolio was the most value-maximizing option available and in the best interests of creditors and the Debtors' estates.

4. To effectuate the pivot towards a managed run-off, the Committee worked collaboratively with the Debtors, the Pacific Creditors, other Peer Street investors that voiced concern about the Debtors' original strategy, and Magnetar. Those efforts culminated in the Plan. The Plan provides for the orderly run-off of the Debtors' loan portfolio, managed by experienced affiliates of the Pacific Creditors with oversight from an independent, third-party Plan Administrator and an Advisory Committee comprised of three members of the Committee. The run-off will be funded by the Funding Pool, an internal funding pool mechanism contemplated by the Plan.

5. A critical issue for the Committee has been ensuring that the Plan allocates costs fairly among Peer Street investors and distributes the assets associated with each Peer Street investment product to the corresponding investors. The Plan achieves precisely that result. In other words, investor recoveries will not be shared or pooled across investment products or among investors in different real properties. Instead, Peer Street investors will be entitled to

2

receive their ratable share of 100% of the net proceeds attributable to the particular Peer Street investment product that they chose to invest in.

6.      The Committee believes that the managed run-off contemplated by the Plan is in the best interests of all stakeholders.   Notably, the Committee's constituents voted overwhelmingly in favor of the Plan, and as set forth in the voting report [Docket No. 1051], all Peer Street investor classes have accepted the Plan.  The resolution of these Chapter 11 Cases embodied by the Plan also enjoys the support of the Debtors' other major stakeholders, including the Pacific Creditors and Magnetar.

7.      The Committee believes that the Plan complies with the applicable requirements of the Bankruptcy Code, is in the best interests of the estates, and is the best possible outcome under the circumstances for Peer Street's investors and creditors.  Accordingly, the Committee urges the Court to confirm the Plan.[4]

*[Remainder of this page intentionally left blank]*

---

[4] The Committee reserves the right to amend or supplement this Statement based upon any unresolved objections or facts or arguments that come to light prior to or at the hearing on confirmation of the Plan.

ny-2721513

Dated: April 24, 2024
Wilmington, Delaware

Respectfully submitted,

*/s/ Jennifer R. Hoover*
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com

-and-

Lorenzo Marinuzzi (admitted *pro hac vice*)
Benjamin Butterfield (admitted *pro hac vice*)
Raff Ferraioli (admitted *pro hac vice*)
Darren Smolarski (admitted *pro hac vice*)
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
lmarinuzzi@mofo.com
bbutterfield@mofo.com
rferraioli@mofo.com
dsmolarski@mofo.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

4