## EXHIBIT A

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 1047** |

### ORDER PURSUANT TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 9019 AUTHORIZING PS FUNDING, INC.'S ENTRY INTO SETTLEMENT AGREEMENT WITH RABBI SHLOMO BRAUN, 1567 56TH STREET, LLC AND 1569 56TH STREET, LLC

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in these chapter 11 cases (these "**Chapter 11 Cases**") for entry of an order (this "**Order**"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing Debtor PS Funding, Inc.'s entry into the Settlement and Release Agreement, attached hereto as **Exhibit 1**; and the Court having determined that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn:  David Dunn, Chief Restructuring Officer.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Delaware dated as of February 29, 2012; and the Court having determined that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and the Court having determined that venue of these Chapter 11 Cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and is an appropriate exercise of the Debtors' business judgment; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is GRANTED, as set forth herein.

2.     The Settlement and Release Agreement is approved.

3.     The Settling Parties are authorized and empowered to take such actions as may be necessary or appropriate to implement the terms of this Order and the Settlement and Release Agreement, and to perform their respective obligations under the terms of the Settlement and Release Agreement.

4.     Upon the entry of this Order, except with respect to provisions that became effective upon execution of the Settlement and Release Agreement pursuant to the terms of the Settlement and Release Agreement, the Settlement and Release Agreement shall be binding on and shall inure to the benefit of the Settling Parties thereto and their respective successors and assigns, including, for the avoidance of doubt, any subsequently appointed representative on behalf the Debtors' estates.

5.      Within five (5) days of the date of this Order, the Proof of Claim filed by the Braun Parties as Claim No. 3101 shall be deemed withdrawn and expunged from the Debtors' claims register.

6.      The Debtors and Stretto, Inc., the Debtors' claims and noticing agent, are authorized and empowered to take any actions necessary to carry out the terms of this Order.

7.      This Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of the Settlement and Release Agreement and this Order.

# **EXHIBIT 1**

### **Settlement and Release Agreement**

# Settlement and Release Agreement

This Settlement and Release Agreement dated April 17, 2024 (the "Settlement and Release Agreement") is entered between Rabbi Shlomo Braun, 1567 56th Street, LLC and 1569 56th Street, LLC (collectively, the "Braun Parties") and PS Funding, Inc. ("PS Funding") together with its affiliates, Peer Street, Inc., PeerStreet Licensing, Inc. Peer Street Opportunity Fund GP, LLC, Peer Street Funding LLC, PSF REO LLC, PS Options LLC, PS Warehouse, LLC, PS Warehouse II, LLC, Peer Street Opportunity Investors II, LP, PS Portfolio-ST1, LLC PSF Ohio, LLC, PSF TX 1, LLC, PSF TX 2, LLC, and PSF TX 4 LLC (collectively, the "PSFI Parties" or the "Debtors,") and The Chartwell Law Offices, LLP ("Chartwell" and, together with the Braun Parties and the PSFI Parties, the "Settling Parties").

# Recitals

**WHEREAS**, on or about February of 2021, PS Funding commenced foreclosure actions against the Braun Parties and other defendants, including Arthur Spitzer and 1567 56 NY LLC (the "Spitzer LLC"), in New York Supreme Court, Kings County (the "State Court"), under index nos. 503623/2021 and 503948/2021 (collectively, the "Foreclosure Actions"), seeking foreclosure of the properties at 1567 56th Street and 1569 56th Street in Brooklyn New York (together, the "Braun Properties");

**WHEREAS,** on August 24, 2023, the Braun Parties filed notices of appeal of orders entered by the State Court granting the relief of adding Rabbi Braun as a party in the Foreclosure Actions (the "Notices of Appeal");

**WHEREAS**, on August 17, 2022, the Braun Parties commenced an action captioned as *1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun v. Arthur Spitzer, Josh Weinfeld, Isidore Bleier, BSD Realty Holdings Inc., 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz*, in the United States District Court for the Eastern District of New York (Case No. 1:22-cv-04873-KAM-RML), seeking declaratory and injunctive relief to quiet title, and money damages, including for alleged RICO violations under 18 U.S.C. § 1962(c) (the "Federal Action," and together with the Foreclosure Actions and the FDCPA Action (as defined below), the "Actions" );

**WHEREAS**, on June 26, 2023, the Debtors filed voluntary Chapter 11 petitions for relief in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, on August 31, 2023, the Braun Parties filed an FDCPA suit in the Supreme Court of New York, for the County of New York, under the index number 158686/2023 (the "FDCPA Action"), against Chartwell, which is currently pending in the Supreme Court of New York, for the County of New York and the United States District Court for the Southern District of New York;

**WHEREAS,** on August 31, 2023, the Braun Parties filed a motion for relief from the automatic stay [Docket No. 316] (the "Stay Relief Motion"). Pursuant to the Stay Relief Motion, the Braun Parties sought to lift the automatic stay under section 362(a) of the Bankruptcy Code to continue prosecuting certain claims asserted in Federal Action against non-Debtor defendants;

**WHEREAS,** on October 16, 2023, the Bankruptcy Court entered an order granting the Braun Parties certain relief from the automatic stay, as set forth in that certain Order Granting Rabbi Shlomo Braun's, 1567 56th Street LLC's and 1569 56th Street LLC's Motion for Relief From the Automatic Stay [Docket No. 508] (the "Stay Relief Order");

**WHEREAS,** on February 20, 2024, the Braun Parties filed their proof of claim against PS Funding which was assigned as claim number 3101, asserting damages caused by PS Funding and its affiliates of an amount of not less than $7,500,000 (the "Proof of Claim");

**WHEREAS**, on March 13, 2024, the Bankruptcy Court entered an order which, among other things, approved the Combined Disclosure Statement and Joint Chapter 11 Plan of the Debtors (the "Chapter 11 Plan") and scheduled a hearing on April 26, 2024 (the "Confirmation Hearing"), to consider, among other things, an order confirming the Chapter 11 Plan (the "Confirmation Order");

WHEREAS, on April 16, 2024, Rabbi Braun filed a ballot on the Chapter 11 Plan which ballot (a) rejected to accept the Chapter 11 Plan (the "Rejection Vote") and (b) elected to opt-out of the releases in section 14.1(c) of the Chapter 11 Plan (the "Opt-Out Election");

**WHEREAS**, in order to avoid the costs, risks and uncertainty of litigation regarding the claims and causes of action by and against each of the respective Settling Parties, the Settling Parties have agreed to settle all claims they may have against each other.

**NOW, THEREFORE**, for good and valuable consideration, the receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## Settlement Agreement

1.      Within five (5) business days of the date this Settlement and Release Agreement is executed by the Settling Parties, the Debtors shall file a motion with the Bankruptcy Court for approval of this Settlement and Release Agreement.

2.      This Settlement and Release Agreement shall become effective as of the date that an order entered by the Bankruptcy Court approving this Settlement and Release Agreement becomes a final, non-appealable order (the "Effective Date"), *provided*, *however*, that the provisions of paragraph 7 hereof shall be immediately effective upon the Settling Parties' mutual execution of this Settlement and Release Agreement and shall not be conditioned on approval by the Bankruptcy Court.

3.      Within five business days after the Effective Date, the PSFI Parties and the Braun Parties shall enter into and file with a request for approval by the State Court, a stipulation in the form attached hereto as Exhibit A, containing the following terms: (i) the PSFI Parties will discontinue the Foreclosure Actions as against Rabbi Braun, (ii) the PSFI Parties will forego any foreclosure or collection against any of the Braun Properties, (iii) the PSFI Parties will file with the City Register of the City of New York the requisite filings to remove any and all liens and encumbrances on the Braun Properties, and (iv) the PSFI Parties will file with the Clerk of Kings County, New York, a cancellation of notice of pendency on the Braun Properties.  However, the PSFI Parties may continue the Foreclosure Actions or file and/or pursue any other lawsuits, claims or remedies against any party that is not a Braun Party or released in paragraph 8 hereof, including,

but not limited to, Arthur Spitzer and Spitzer LLC. Simultaneously with the stipulation to discontinue the Foreclosure Actions, Rabbi Braun will voluntarily withdraw the Notices of Appeal.

4.      Within five business days after the Effective Date, the PSFI Parties and the Braun Parties shall enter into and file with a request for approval by the Federal Court, a stipulation in the form attached hereto as Exhibit B, containing the following terms: the Braun Parties shall voluntarily dismiss PS Funding from the Federal Action, with prejudice, and not pursue any claim against the PSFI Parties or any person or entity released in paragraph 9 hereof.  For the sake of clarity, the Braun Parties may continue to pursue any and all clams they may have against Arthur Spitzer, Josh Weinfeld, Isidore Bleier, BSD Realty Holdings Inc., 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, and Jehuda Weisz or any other individual or entity named as a defendant in the Federal Action.

5.      Within five business days after the Effective Date, the Braun Parties shall voluntarily dismiss the FDCPA Action against Chartwell in each pending jurisdiction, with prejudice.

6.      Within five business days after the Effective Date, the Proof of Claim shall be deemed withdrawn, without any further action of any of the Settling Parties and no other or further claims shall be filed in the Bankruptcy Case by any of the Braun Parties or any person or entity granting a release in paragraph 9 hereof.

7.      The Braun Parties agree (a) not to file any objections to or vote on the Chapter 11 Plan or proposed Confirmation Order, (b) that the Rejection Vote is hereby deemed withdrawn, *provided*, *however*, that nothing set forth in this paragraph 7 shall be deemed to withdraw the Opt-Out Election (which Opt-Out Election shall be subject to the releases contained in this Settlement and Release Agreement on the Effective Date).

8.      Upon the Effective Date, and as consideration for entering into this Settlement and Release Agreement, each of the PSFI Parties, on behalf of themselves and their estates, predecessors, parent corporations, holding companies, subsidiaries, affiliates, successors and assigns, and all officers, directors, employees and attorneys do hereby release and hold harmless, cancel, forgive and forever discharge the Braun Parties and all their predecessors, parent corporations, holding companies, subsidiaries, affiliates, successors and assigns, members, employees, advisors and attorneys from all actions, claims, demands, damages, obligations, liabilities whether arising at law or in equity, whether known or unknown, matured or unmatured, whether direct or contingent, whether liquidated or unliquidated as of the date hereof.

9.      Upon the Effective Date, and as consideration for entering into this Settlement and Release Agreement, each of the Braun Parties, on behalf of themselves and their predecessors, parent corporations, holding companies, subsidiaries, affiliates, successors and assigns, and all officers, directors, employees and attorneys do hereby release and hold harmless, cancel, forgive and forever discharge the PSFI Parties and all their predecessors, parent corporations, holding companies, subsidiaries, affiliates, successors and assigns, members, directors officers, employees, advisors and attorneys from all actions, claims, demands, damages, obligations, liabilities whether arising at law or in equity, whether known or unknown, matured or unmatured, whether direct or contingent, whether liquidated or unliquidated as of the date hereof.

10.     Upon the Effective Date, and as consideration for entering into this Settlement and Release Agreement, Chartwell, on behalf of itself and its estates, predecessors, parent corporations,

holding companies, subsidiaries, affiliates, successors and assigns, and all officers, directors, employees and attorneys do hereby release and hold harmless, cancel, forgive, and forever discharge the Braun Parties and all their predecessors, parent corporations, holding companies, subsidiaries, affiliates, successors and assigns, members, employees, advisors and attorneys from all actions, claims, demands, damages, obligations, liabilities whether arising at law or in equity, whether known or unknown, matured or unmatured, whether direct or contingent, whether liquidated or unliquidated as of the date hereof.

11.     Upon the Effective Date, and as consideration for entering into this Settlement and Release Agreement, each of the Braun Parties, on behalf of themselves and their predecessors, parent corporations, holding companies, subsidiaries, affiliates, successors and assigns, and all officers, directors, employees and attorneys do hereby release and hold harmless, cancel, forgive and forever discharge Chartwell and all its predecessors, parent corporations, holding companies, subsidiaries, affiliates, successors and assigns, members, directors officers, employees, advisors and attorneys from all actions, claims, demands, damages, obligations, liabilities  whether arising at law or in equity, whether known or unknown, matured or unmatured, whether direct or contingent, whether liquidated or unliquidated as of the date hereof.

12.     The Settling Parties agree that the automatic stay is fully lifted, to the extent necessary, for the Braun Parties to pursue any and all claims they may have against any party other than any Settling Party released hereunder, including the Settling Parties' members, directors, officers, employees, attorneys, successors, and assigns.

13.     For the sake of clarity, either Settling Party may seek attorneys fees or costs from third parties who are not included, or are explicitly excluded, from this Settlement and Release Agreement and/or that are released hereunder.

14.     This Settlement and Release Agreement is binding on the Settling Parties, its successors, agents, assignees and anyone with standing to stand in the shoes to assert the right or interest of either of the Settling Parties.

15.      This Settlement and Release Agreement is intended to be global and deemed to include any actions between the Settling Parties that are not disclosed herein.

16.     Each of the Parties hereto hereby represents that, except for the approval of this Stipulation by the Bankruptcy Court, no consent, approval or authorization of any third party is required for such Party's valid execution and performance of this Stipulation.

17.     This Settlement and Release Agreement shall constitute the entire agreement between the Settling Parties and shall supersede any previous negotiations, commitments, or writings with respect to any claims the Settling Parties may have against each other.

18.     Nothing contained or provided for herein shall be deemed to constitute a waiver or admission by any Party with respect to any rights, claims, defenses, or objections if the Bankruptcy Court does not enter an order approving this Settlement and Release Agreement, or such order does not become a Final Order.

19.     To the extent there are any inconsistencies between this Settlement and Release Agreement and Exhibit A or Exhibit B hereto, the terms of this Settlement and Release Agreement shall control.

*Execution Version*

[AUTHORIZED SIGNATORIES]

**The Braun Parties (as defined above)**          **The PSFI Parties (as defined above)**

By *Shlomo Braun*                                 By */s/ David Dunn*

Rabbi Shlomo Braun, individually and as sole      David Dunn, as Chief Restructuring Officer of
member of 1567 56th Street LLC and 1569           Peer Street, Inc.
56th Street LLC

**The Chartwell Law Offices, LLP**

By */s/ Matthew Burrows*

Matthew Burrows, Esq., on behalf of The
Chartwell Law Offices, LLP

## Exhibit A

**State Court Stipulations**

At Part _____ of the Supreme Court of New York held in Kings County, at the Supreme Courthouse thereof, on the _____ day of the month _____ 2024

PRESENT_____J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

|  |  |
|---|---|
| PS FUNDING, INC., | : |
| *Plaintiff,* | : |
| | : |
| -against- | : |
| | : |
| 1567 56 NY LLC, ARTHUR SPITZER, NEW YORK CITY – DEPARTMENT OF FINANCE, and SHLOMO BRAUN, | : |
| | : |
| *Defendants.* | : |

Index No: 503623/2021

**SO-ORDERED STIPULATION**

WHEREAS on February 15, 2021, Plaintiff PS Funding Inc. ("Plaintiff") filed this action to foreclose upon the real property 1567 56th Street, Brooklyn, NY by naming *1567 56 NY LLC, Arthur Spitzer, New York City – Department Of Finance, and Jane/John Doe Nos. 1-12*, under the index 503623/2021. (NYSCEF 1).

WHEREAS on February 15, 2021, Plaintiff filed a notice of pendency. (NYSCEF 2).

WHEREAS on June 10, 2022, the Plaintiff obtained a Referee Report and Computation to foreclose on 1567 56th Street, Brooklyn, NY in the amount of $1,599,233.38. (NYSCEF 32).

WHEREAS on July 25, 2022, the Plaintiff obtained an Order Confirming Referee Report and Judgment of Foreclosure Sale in the amount of $1,599,233.38 and $2,521 for costs and disbursements. (NYSCEF 45).

WHEREAS on August 17, 2022, Rabbi Shlomo Braun, and his entities 1567 56th Street LLC and 1569 56th Street LLC ("Braun Parties") filed a federal action contesting as a forgery the deed, dated August 20, 2019, showing title of 1567 56 NY LLC. The caption is *1567 56th Street,*

31558435.1

Page 1

*LLC, 1569 56th Street, LLC, and Shlomo Braun v. Arthur Spitzer, Josh Weinfeld, Isidore Bleier,*

*BSD Realty Holdings Inc., 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa*

*Funding LLC, PS Funding, Inc., and Jehuda Weisz*, EDNY 1:22-cv-04873 ("federal action").

WHEREAS on September 22, 2022, Plaintiff sought by motion to file a supplemental summons and amended complaint to add Rabbi Shlomo Braun as a party. (NYSCEF 47).

WHEREAS on June 26, 2023, Plaintiff filed for bankruptcy protection in the Bankruptcy Court of Delaware under the jointly administered action of Bankr. D. Del. *In Re: Peer Street Inc. et al*, 23-10815-LSS.

WHEREAS on July 14, 2023, the Court entered an order, dated June 9, 2023, granting leave to file a supplemental complaint adding "Shlomo Braun" as a party to the instant action. (NYSCEF 71).

WHEREAS on July 20, 2023, PS Funding Inc. filed a notice of entry of the order, dated June 9, 2023, granting leave to file and serve a supplemental summons and amended complaint adding "Shlomo Braun" as a party to the instant action. (NYSCEF 72).

WHEREAS on August 24, 2023, Rabbi Shlomo Braun filed a notice of appeal from the order, dated June 9, 2023, granting adding Shlomo Braun as a party to the instant action.

WHEREAS on August 31, 2023, Braun Parties, moved by notice of motion for relief from the bankruptcy stay to continue with the federal action and for relief for Rabbi Shlomo Braun to defend itself in the instant action.

WHEREAS on October 16, 2023, the Bankruptcy Court granted the motion for limited relief from the bankruptcy stay.

WHEREAS the plaintiff, PS Funding Inc., and defendant, Rabbi Shlomo Braun have reached a mutual resolution pursuant to a Settlement and Release Agreement, dated April 17, 2024 and approved by the Bankruptcy Court of Delaware on _____, 2024.

WHEREFORE the Plaintiff, PS Funding Inc., and Defendant, Rabbi Shlomo Braun mutually agree and jointly request that the Court approve this stipulation to (i) discontinue this action against Shlomo Braun with prejudice, (ii) forego any foreclosure or collection against 1569 56th Street, Brooklyn, NY, known by Block 5448 and Lot 50, (iii) file with the City Register of the City of New York the requisite filings to remove any and all liens and encumbrances on the Block 5448 and Lot 50 arising from CRFN 2019000306592 and CRFN 2019000306593, and (iv) cancel the notice of pendency on Block 5448 and Lot 50.

WHEREFORE this stipulation does not require the undersigned to sign the same copy. Any copy of this stipulation signed may be treated as an original.

WHEREFORE the plaintiff, PS Funding Inc., and defendant, Rabbi Shlomo Braun mutually request that the Cout so order this stipulation.

Dated: Brooklyn, NY
        _____, 2024

The Chartwell Law Offices, LLP
By: /s/ Matthew Burrows
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Tell: (212) 968-2300

Attorneys for PS Funding Inc.

Levi Huebner & Associates PC
By: /s/ Levi Huebner
488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tell: (212) 354-5555

Attorneys for Rabbi Shlomo Braun

31558435.1

**ORDERED** that this action be and hereby is discontinued as against Shlomo Braun with prejudice and that the caption of the action be amended accordingly;

**ORDERED** that Clerk of the County of Kings is directed to cancel the Notice of Pendency on Block 5448 and Lot 50;

**ORDERED** that the foreclosure proceedings are dismissed insofar as it seeks *in rem* collection against 1567 56th Street, Brooklyn, NY, known by Block 5448 and Lot 50 and is otherwise continued as an ordinary action for a money judgment against the remaining defendants;

**ORDERED** that either party may file this So-Order Stipulation with the City Register of the City of New York as a related property filing pursuant to Real Property Law § 329 to have certain instruments canceled of record related to liens and encumbrances on the property located in Kings County with the Block 5448 and Lot 50; and

**ORDERED** that the City Register of the City of New York remove any and all liens and encumbrances on the property located in Kings County with the Block 5448 and Lot 50 arising from the mortgage recorded as CRFN 2019000306592 and its assignment recorded as CRFN 2019000306593.

So Ordered,

_____
J.S.C.

31558435.1

At Part _____ of the Supreme Court of New
York held in Kings County, at the Supreme
Courthouse thereof, on the _____ day of
the month _____ 2024

PRESENT_____J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

PS FUNDING, INC.,

                   *Plaintiff,*

-against-

1567 56 NY LLC, ARTHUR SPITZER, NEW
YORK CITY – DEPARTMENT OF FINANCE,
and SHLOMO BRAUN,

                   *Defendants.*

Index No:  503948/2021

**SO-ORDERED STIPULATION**

---

WHEREAS on February 18, 2021, Plaintiff PS Funding Inc. ("Plaintiff") filed this action to foreclose upon the real property 1569 56th Street, Brooklyn, NY by naming *1567 56 NY LLC, Arthur Spitzer, New York City – Department Of Finance, and Jane/John Doe Nos. 1-12*, under the index 503948/2021. (NYSCEF 1).

WHEREAS on February 18, 2021, Plaintiff filed a notice of pendency. (NYSCEF 2).

WHEREAS on June 10, 2022, the Plaintiff obtained a Referee Report and Computation to foreclose on 1569 56th Street, Brooklyn, NY in the amount of $1,635,321.20. (NYSCEF 38).

WHEREAS on August 17, 2022, Rabbi Shlomo Braun, and his entities 1567 56th Street LLC and 1569 56th Street LLC ("Braun Parties") filed a federal action contesting as a forgery the deed, dated August 20, 2019, showing title of 1567 56 NY LLC. The caption is *1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun v. Arthur Spitzer, Josh Weinfeld, Isidore Bleier, BSD Realty Holdings Inc., 1567 56 NY LLC, Dekel Abstract LLC, Abraham Teitelbaum, Rosa Funding LLC, PS Funding, Inc., and Jehuda Weisz*, EDNY 1:22-cv-04873 ("federal action").

WHEREAS on September 22, 2022, Plaintiff sought by motion leave to file and serve a supplemental summons and amended complaint to join Rabbi Shlomo Braun as a party to the action. (NYSCEF 47).

WHEREAS on June 26, 2023, Plaintiff filed for bankruptcy protection in the Bankruptcy Court of Delaware under the jointly administered action of Bankr. D. Del. *In Re: Peer Street Inc. et al*, 23-10815-LSS.

WHEREAS on July 14, 2023, the Court entered an order, dated June 9, 2023, granting leave to file and serve a supplemental summons and amended complaint adding "Shlomo Braun" as a party to the instant action.  (NYSCEF 71).

WHEREAS on July 20, 2023, PS Funding Inc. filed a notice of entry of the order, dated June 9, 2023, granting leave to file a supplemental complaint adding "Shlomo Braun" as a party to the instant action. (NYSCEF 72).

WHEREAS on August 24, 2023, Rabbi Shlomo Braun filed a notice of appeal from the order, dated June 9, 2023, granting adding "Shlomo Braun" as a party to the instant action.

WHEREAS on August 31, 2023, Braun Parties, moved by notice of motion for relief from the bankruptcy stay to continue with the federal action and for relief for Rabbi Shlomo Braun to defend itself in the instant action.

WHEREAS on October 16, 2023, the Bankruptcy Court granted the motion for limited relief from the bankruptcy stay.

WHEREAS the plaintiff, PS Funding Inc., and defendant, Rabbi Shlomo Braun have reached a mutual resolution pursuant to a Settlement and Release Agreement, dated April 17, 2024 and approved by the Bankruptcy Court of Delaware on _____, 2024.

31558435.1

WHEREFORE the Plaintiff, PS Funding Inc., and Defendant, Rabbi Shlomo Braun mutually agree and jointly request that the Court approve this stipulation to (i) discontinue this action against Shlomo Braun with prejudice, (ii) forego any foreclosure or collection against 1569 56th Street, Brooklyn, NY, known by Block 5448 and Lot 49, (iii) file with the City Register of the City of New York the requisite filings to remove any and all liens and encumbrances on the Block 5448 and Lot 49 arising from CRFN 2019000306604 and CRFN 2019000306605, and (iv) cancel the notice of pendency on Block 5448 and Lot 49.

WHEREFORE this stipulation does not require the undersigned to sign the same copy. Any copy of this stipulation signed may be treated as an original.

WHEREFORE the plaintiff, PS Funding Inc., and defendant, Rabbi Shlomo Braun mutually request that the Cout so order this stipulation.


Dated: Brooklyn, NY

_____, 2024

| | |
|---|---|
| The Chartwell Law Offices, LLP | Levi Huebner & Associates PC |
| By: /s/ Matthew Burrows | By: /s/ Levi Huebner |
| One Battery Park Plaza, Suite 701 | 488 Empire Boulevard, Suite 100 |
| New York, NY 10004-1445 | Brooklyn, NY 11225 |
| Tell: (212) 968-2300 | Tell: (212) 354-5555 |
| Attorneys for PS Funding Inc. | Attorneys for Rabbi Shlomo Braun |

31558435.1

**ORDERED** that this action be and hereby is discontinued as against Shlomo Braun with prejudice and that the caption of the action be amended accordingly;;

**ORDERED** that Clerk of Kings County is directed to cancel the Notice of Pendency on Block 5448 and Lot 49;

**ORDERED** that the foreclosure proceedings are dismissed insofar as it seeks *in rem* collection against 1569 56th Street, Brooklyn, NY, known by Block 5448 and Lot 49 and is otherwise continued as an ordinary action for a money judgment against the remaining defendants;

**ORDERED** that either party may file this So-Order Stipulation with the City Register of the City of New York as a related property filing pursuant to Real Property Law § 329 to have certain instruments canceled of record related to liens and encumbrances on the property located in Kings County with the Block 5448 and Lot 49; and

**ORDERED** that the City Register of the City of New York remove any and all liens and encumbrances on the property located in Kings County with the Block 5448 and Lot 49 arising from the mortgage recorded as CRFN 2019000306604 and its assignment recorded as CRFN 2019000306605.

So Ordered,

_____
J.S.C.

31558435.1

## Exhibit B

**Federal Action Stipulation**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1567 56TH STREET, LLC, 1569 56TH STREET, LLC, and SHLOMO BRAUN,<br><br><div align="right">*Plaintiffs,*</div><br>- against -<br><br>ARTHUR SPITZER, JOSH WEINFELD, ISIDORE BLEIER, 1567 56 NY LLC, DEKEL ABSTRACT LLC, ABRAHAM TEITELBAUM, ROSA FUNDING LLC, PS FUNDING, INC., and JEHUDA WEISZ,<br><br><div align="right">*Defendants.*</div> | Index:   1:22-cv-04873-KAM-RML<br><br>**REQUEST OF DISCONTINUANCE AS TO PS FUNDING, INC.** |

**WHEREAS** Plaintiffs 1567 56th Street, LLC, 1569 56th STREET, LLC, and Rabbi Shlomo Braun and Defendant PS Funding Inc., and have reached a mutual resolution pursuant to the Settlement and Release Agreement, dated April 17, 2024 and approved on _____ _____, 2024 by the Bankruptcy Court of Delaware *In Re: Peer Street Inc. et al*, 23-10815-LSS, in which PS Funding Inc. is jointly administered as a co-debtor.

**WHEREFORE** Plaintiffs 1567 56th Street, LLC, 1569 56th STREET, LLC, and Rabbi Shlomo Braun request that the Court So Order, pursuant to FRCP 41(2) that Defendant PS Funding Inc. be dismissed from this action with prejudice and that this action continue in its ordinary course against the remaining named Defendants.

Dated: Brooklyn, New York
_____, 2024

Respectfully submitted,

Levi Huebner & Associates PC

By: /s/ Levi Huebner
_____

488 Empire Boulevard, Suite 100

31558433.1

Page 1

Brooklyn, NY 11225
Tell: (212) 354-5555

*Attorneys for Plaintiffs*

31558433.1