**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 1047** |

**ORDER PURSUANT TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 9019
AUTHORIZING PS FUNDING, INC.'S ENTRY INTO
SETTLEMENT AGREEMENT WITH RABBI SHLOMO BRAUN,
1567 56TH STREET, LLC AND 1569 56TH STREET, LLC**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in these chapter 11 cases (these "**Chapter 11 Cases**") for entry of an order (this "**Order**"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing Debtor PS Funding, Inc.'s entry into the Settlement and Release Agreement, attached hereto as **Exhibit 1**; and the Court having determined that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is c/o Province, LLC 2360 Corporate Circle, Suite 340, Henderson, NV 89074, Attn: David Dunn, Chief Restructuring Officer.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

31640392.2

Delaware dated as of February 29, 2012; and the Court having determined that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that it may enter a final order consistent with Article III of the United States Constitution; and the Court having determined that venue of these Chapter 11 Cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and is an appropriate exercise of the Debtors' business judgment; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Settlement and Release Agreement is approved.

3. The Settling Parties are authorized and empowered to take such actions as may be necessary or appropriate to implement the terms of this Order and the Settlement and Release Agreement, and to perform their respective obligations under the terms of the Settlement and Release Agreement.

4. Upon the entry of this Order, except with respect to provisions that became effective upon execution of the Settlement and Release Agreement pursuant to the terms of the Settlement and Release Agreement, the Settlement and Release Agreement shall be binding on and shall inure to the benefit of the Settling Parties thereto and their respective successors and assigns, including, for the avoidance of doubt, any subsequently appointed representative on behalf the Debtors' estates.

5. Within five (5) days of the date of this Order, the Proof of Claim filed by the Braun Parties as Claim No. 3101 shall be deemed withdrawn and expunged from the Debtors' claims register.

6. The Debtors and Stretto, Inc., the Debtors' claims and noticing agent, are authorized and empowered to take any actions necessary to carry out the terms of this Order.

7. This Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of the Settlement and Release Agreement and this Order.

**Dated: June 3rd, 2024**
**Wilmington, Delaware**

*/s/ Laurie Selber Silverstein*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

31640392.2

3