**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Peer Street, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10815 (LSS)<br><br>(Jointly Administered)<br><br>Related D.I. No.: 1277<br><br>**Reply Deadline**: December 12, 2024 at 4:00 p.m. (ET)<br>**Hearing Date**:   December 17, 2024 at 11:00 a.m. (ET) |

**PLAN ADMINISTRATOR'S OBJECTION TO MOTION TO**
**APPROVE MODIFIED CLAIMS PAYMENTS FOR THE OPT-OUT CLASS**

Elizabeth LaPuma, in her capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtors and debtors in possession, duly appointed pursuant to the confirmed *Amended Combined Disclosure Statement and Joint Chapter 11 Plan for Peer Street, Inc., and Its Affiliated Debtors* [Docket No. 1114, Ex. A] (the "Plan"), hereby files this objection (the "Objection") to the *Motion to Approve Modified Claims Payments for the Opt-Out Class* [Docket No. 1277] (the "Motion")[2] filed by Michael Ball (the "Movant"). In support of this Objection, the Plan Administrator respectfully represents as follows:

**OBJECTION**

1.    The Motion does not request any ascertainable relief that may be granted under the Bankruptcy Code. Rather, the Motion appears to assert—well after the Plan was proposed,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485).  The Debtors' service address is c/o ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: Elizabeth A. LaPuma, Plan Administrator.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

17082925/1

negotiated, approved by creditors and confirmed—unliquidated litigation claims (the "Litigation Claims") on behalf of some unidentified "class" of creditors that were deemed to have opted out of the third-party releases under section 14.1(c) of the Plan (the "Non-Releasing Creditors").[3] No such "class" exists. No motion to approve a class was filed. No class proof of claim was filed. No class representative or counsel has been proposed. To the extent the Motion is interpreted to now seek (months after the Plan went effective) authority to file a class proof of claim or otherwise assert prepetition claims on behalf of a class, the Motion should be summarily denied as both being time barred and for failing to meet the Third Circuit's stringent requirements the filing of a class claim.

2. By asserting the Litigation Claims on behalf of a large, unidentified "class" of creditors, the Motion appears to be an attempt by the Movant to enhance the Litigation Claims asserted against the Debtors' estates to encompass the claims of a wider class of creditors, seemingly to pressure the Plan Administrator to settle the Movant's personal Litigation Claims. These efforts must be denied. The merits of Movant's Litigation Claims must be considered, if at all, at the appropriate time in the claims administration process. Consideration of the Movant's general unsecured claims should not be permitted to skip ahead of other, similarly situated general unsecured simply because the Movant is a squeaky wheel.

3. The Plan Administrator recognizes, however, that the Movant is a *pro se* creditor whose pleadings may be construed liberally by the Court. As previously explained to the Movant,

---

[3] The Movant's request for relief against the Debtors on behalf of creditors who were deemed to opt out of the Plan's third-party releases suggest the Movant continues to misunderstand the Court's ruling at the May 16, 2024 hearing (the "May 16 Hearing") deeming objecting creditors to have opted out of the Plan's third-party releases. Whatever claims the Non-Releasing Creditors may have against third-parties (i.e., parties other than the Debtors, their estates and the other Released Parties) were preserved against such third-parties. Whatever claims the Non-Releasing Creditors may have against the Debtors and their estates will be administered in the course of the Debtors' Chapter 11 Cases, to the extent such creditors timely filed proofs of claim in these Chapter 11 Cases.

17082925/1

and discussed at the August 7, 2024 hearing (the "August Hearing") (*see* August 7, 2024 Hearing Tr. 52:20–21), the Movant's prepetition Litigation Claims should be considered in the ordinary course of the claims administration process. The Plan Administrator, therefore, proposes that the Motion should be treated as an amendment to the Movant's filed proof of claim and that the Litigation Claims asserted in the Motion (exclusively as they relate to the Movant's individual claims, and not the collective claims of some wider collection of creditors) be deemed to be in addition to the non-litigation Investment Claims[4] asserted under such filed proof of claim. The Movant's Litigation Claims will, subsequently, be considered in the ordinary course of the claims administration process (subject to any appropriate objections the Plan Administrator may raise to such Litigation Claims).

4. For the Court's consideration, attached hereto as **Exhibit A** is a proposed order sustaining the Plan Administrator's objection to the Motion, denying the relief sought in the Motion and ordering that the Motion (solely as the claims are asserted by the Movant on account of the damages allegedly suffered by the Movant) be deemed an amendment to the Movant's proof of claim (labeled Claim No. 1790 by the Claims Agent)[5] (the "Movant's POC") without prejudice to the Plan Administrator's rights to assert any appropriate objections to the amended claim in accordance with the Plan and Bankruptcy Code.

---

[4] The Movant has already received substantial interim recoveries on account his Investment Claims. The Movant holds MPDN Claims arising from approximately forty-five (45) distinct MPDNs. Approximately, thirty-two (32) of the properties underlying the Movant's MPDNs have been liquidated and the Movant already received (subject to reserves for the Disputed Claims Reserve) an initial interim distribution of approximately $21,173. The Movant is expected to receive additional funds on account of these already-liquidated MPDNs once the disputed claims are resolved (including the Movant's own redundant claim). The Movant is also expected to receive distributions on account of the remaining thirteen (13) MPDNs with underlying properties that have not yet been liquidated.

[5] The Movant also filed an earlier proof of claim in the same amount (labeled Claim No. 8). Claim No. 1790 indicated that it amended Claim No. 8 and, accordingly, the Plan Administrator intends on including Claim No. 8 in a future omnibus claims objection. The Plan Administrator also disagrees with the Movant's classification of his Investment Claims asserted in Claim No. 1790 and intends on submitting the appropriate objection. Accordingly, the Plan Administrator reserves all rights to submit the appropriate objections to the Movant's filed claims.

I. **Request for Class Claims Should Be Denied.**

5. Insofar as the Motion seeks to assert prepetition Litigation Claims against the Debtors on behalf of a purported "Opt-Out Class" of Non-Releasing Creditors, the Motion should be summarily denied as being time-barred and for failing to satisfy the requirements for filing class claims.

6. Permitting the Movant to assert the Litigation Claims on behalf of all Non-Releasing Creditors at this late stage, after the General Bar Date passed and the Plan became effective, would prejudice the Debtors' other creditors. The Movant has been an active participant in the Chapter 11 Cases.[6] As the Movant is well aware, the Plan was the product of months-long negotiations between the Debtors, the Official Committee of Unsecured Creditors, the United States Trustee and various creditor bodies, and resulted in a complex claim classification structure and winddown process whereby the Debtors' Loan Assets would be wound down, allowed claims for investments in the Debtors' various investment products (collectively, the "Investment Claims") would be satisfied from the proceeds of such Loan Assets and allowed general unsecured claims would be paid from any remaining available Distributable Cash on a debtor-by-debtor basis. The Movant was also well aware of the Bar Date Order[7] and February 22, 2024 General Bar Date for asserting claims that arose prior to the Petition Date, and the Movant timely filed two proofs of claim asserting Movant's Investment Claims.

---

[6] The Plan Administrator reminds the Court that the Movant filed a motion seeking similar relief in connection with confirmation of the Plan, then seeking the creation of an "investor subclass" that would receive distributions of 100% of their MPDN investments notwithstanding the Plan's treatment of MPDN Claims. *See Motion to Approve the Creation of an Investor Subclass to the Combined Disclosure Statement and Joint Chapter 11 Plan for Peer Street, Inc. and Its Affiliated Debtors: Docket Numbers 904, 941, and 943* [Docket No. 1023] (the "MPDN Subclass Motion"). The Court denied the MPDN Subclass Motion at the May 16 Hearing, finding that such an "investor subclass" was not required (nor could it be imposed) and that such Non-Releasing Creditors have the claims that they have. *See* May 16, 2024 Hearing Tr. 11:224-12:5.

[7] The Movant was served with the Bar Date Order by electronic mail and first-class mail on January 23, 2024. *See Affidavit of Service* [Docket No. 807].

7. Nevertheless, Movant did not file the Motion seeking to assert the Litigation Claims on behalf of all Non-Releasing Creditors until August 16, 2024, approximately six months after the General Bar Date, two months after the Plan was confirmed and a month and a half after the Plan became effective. The Movant had ample opportunity to request certification of a class or authority to file a class claim before the General Bar Date so that the impact of such a class could be considered during the formation of and voting on the Plan. The Movant did not do so. Permitting the Movant to do so at this late stage, so long after the General Bar Date (as well as the Plan's Effective Date), would unfairly prejudice the Debtors' other creditors, who timely filed their claims and voted on the Debtors' Plan based on its representations regarding creditor recoveries.

8. Even if the Motion had been timely filed (which it was not), the Court should still summarily deny the Movant's request to assert the Litigation Claims on behalf of a purported class of Non-Releasing Creditors for failing to satisfy requirements for asserting a class claim in bankruptcy. *See* Fed. R. Civ. P. 23; Fed. R. Bankr. P. 7023; *see also In re Chaparral Energy, Inc.*, 571 B.R. 642, 646 (Bankr. D. Del. 2017), *aff'd*, No. BR 16-11144 (LSS), 2019 WL 4643849 (D. Del. Sept. 24, 2019) (adopting and applying the three-factor framework for determining whether the Court, in its discretion, should extend Bankruptcy Rule 7023 to the claims administration process from *In re Musicland Holding Corp.*, 362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007) (the "Musicland Factors")).

9. The Motion fails to meet the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure (the "Federal Rules") and Bankruptcy Rule 7023. The Motion fails to address any of the requirements for class certification under Federal Rule 23(a), specifically concerning the requirements of numerosity, commonality, typicality and fair and adequate representation. Nor does the Motion, which was filed by a *pro se* creditor, nominate

or otherwise address the requirement for the appointment of class counsel. *See* Fed. R. Civ. P. 23(g).

10. The Musicland Factors also, at this stage of the Debtors' Chapter 11 Cases, warrant denial of the Motion. The purported class was not certified prior to the Petition Date (nor has one been certified or requested to be certified to date). All putative class members—the Non-Releasing Creditors who were deemed to opt out of the Plan's third-party releases by objecting to confirmation of the Plan—received service during these Chapter 11 Cases and Movant fails to even allege that any did not receive service. Indeed, several Non-Releasing Creditors filed their own, individual proofs of claim. Finally, class certification at this stage, well after the General Bar Date passed and the Plan was confirmed, will adversely affect the administration of these Chapter 11 Cases for the reasons discussed above.

11. Overruling the Motion and denying Movant's request to assert the Litigation Claims on behalf of all Non-Releasing Creditors will not prejudice the purported Non-Releasing Creditors. As the Court noted at the May 16 Hearing, all of the Non-Releasing Creditors were deemed to have opted out of the Plan's third party releases and, to the extent they are direct claims, their claims for damages other than their Investment Claims were preserved against any third-parties (such as the Debtors' former directors and officers). *See* May 16, 2024 Hearing Tr. 11:21-12:2. Similarly, to the extent any such creditors timely filed proofs of claim in these Chapter 11 Cases (such as the Movant), their individual claims against the Debtors' estates are preserved and will be administered in the process set forth in and approved under the Plan and Confirmation Order.

12. Accordingly, the Plan Administrator respectfully requests that the Court summarily deny and overrule the Motion to the extent it seeks to, at this late stage, form a class of Non-

Releasing Creditors or to permit the Movant to assert a class claim on behalf of such Non-Releasing Creditors. To the extent the Court wishes to further consider such relief, the Plan Administrator respectfully asks that the Court permit supplemental briefing on the issue.

## II. **Movant's Individual Litigation Claims Should be Considered as Part of His Claim.**

13. To the extent the Motion seeks reconciliation and allowance of Movant's individual Litigation Claims at this stage of these Chapter 11 Cases, the Motion should also be denied. The Motion fails to assert any grounds under the Bankruptcy Code or the Plan for the Movant's general unsecured Litigation Claims to be considered in advance of other unsecured creditors' claims.

14. Moreover, it is premature at this stage to address the merits of the Litigation Claims. The Plan Administrator is in the midst of reconciling the Investment Claims, including the Movant's own MPDN Claims. Pursuant to the Plan, general unsecured claims are only to receive *pro rata* distributions of whatever Distributable Cash remains at each Debtor, which Distributable Cash may not be known until the later in the Debtors' Chapter 11 Cases, once the administration of the Debtors' cases (including the realization of the Loan Assets and reconciliation of the Investment Claims) is resolved. Additionally, the scope of the Movant's potential damages are not yet known, and should be liquidated in the ordinary course of the claims administration process like all other similarly-situated general unsecured claimants. Relatedly, the Plan Administrator understands that the Movant is continuing to pursue the same damages purportedly arising from the Litigation Claims in a small claims action against a former director of the Debtors in the Superior Court of California, County of Los Angeles,[8] which resolution may impact the scope of the Movant's damages claims against the Debtors' estates. Even the Movant seemingly

---

[8] This small claims action was discussed during the August Hearing, during which discussion it was explained to the Movant that his related claims against the Debtors' and their estates would be considered in the claims reconciliation process. *See* Aug. 7, 2024 Hearing Tr. 49:2-54:25.

acknowledges that it is premature to consider the scope of his damages claims: the Motion fails to identify in the Motion the amount of his purported damages arising from the alleged Litigation Claims.[9]

15. Without a clear picture of the amount of the Movant's potential damages from the Litigation Claims or the scope of the funds available to make distributions on account of such purported claims, it is premature for the Plan Administrator to make the necessary determinations as to the extent of the defense (if appropriate) the Plan Administrator should assert against the Litigation Claims or if the Chapter 11 Cases' economics even economically warrant any opposition to such claims.

16. To that end, and with deference to the Movant's *pro se* status in mind, the Plan Administrator submits that the Motion should be deemed to be an amendment to the Movant's POC, as set forth in the proposed order attached hereto as **Exhibit A**, subject to the Plan Administrator's right to assert any appropriate objections to the Litigation Claims (or otherwise to the MPDN Claims) pursuant to the Plan and its claims reconciliation process. The Movant's Litigation Claims, as with all other Holders of general unsecured claims, will be addressed in the ordinary course of the claims reconciliation process.

17. Accordingly, subject to the Motion being treated as an amendment to the Movant's POC, the Plan Administrator respectfully requests that the Motion be denied and that the Court enter an order substantially in the form attached hereto as **Exhibit A**.

18. As the relief requested in the Motion is not clear, to the extent the Court wishes to address the merits of the Movant's claims at this time, treat the Motion as a motion to amend the Movant's proofs of claim, or determines that additional briefing is needed on any element of the

---

[9] The Motion also fails to even identify which Debtor or Debtors the Litigation Claims are asserted against.

Motion or this Objection, the Plan Administrator asks that the Court permit such supplemental briefing and continue the hearing on the Motion as appropriate.

## RESERVATION OF RIGHTS

19. The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections on any grounds with regard to any other claims (filed or not) that may be asserted against the Debtors and their estates, including for avoidance of doubt objecting to any claims as being untimely filed.  Should one or more of the grounds of objection stated in this Objection be dismissed or overruled, the Plan Administrator reserves the right to object to the Motion or any other filings of the Movant on any other grounds that the Plan Administrator discovers or elects to pursue.

20. Notwithstanding anything contained in this Objection, nothing herein will be construed as a waiver of any rights that the Plan Administrator, or any successor to the Plan Administrator, may have to enforce any rights against the Movant.

21. Nothing in this Objection will be deemed or construed:  (a) as an admission as to the validity of any claim or interest against the Debtors; (b) as a waiver of the Plan Administrator's rights to dispute or otherwise object to any claim or proof of interest on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Plan Administrator, or to estop the Plan Administrator from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

**<u>NOTICE</u>**

22. Notice of this Objection will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Movant; (c) counsel for the Advisory Committee; and (d) any party that has filed or refiled a request for notice pursuant to Bankruptcy Rule 2002 following entry of the *Order Limiting Notice and Establishing Notice Procedures Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure* [Docket No. 1250]. In light of the nature of the relief requested herein, the Plan Administrator submits that no other or further notice is necessary.

*[Remainder of page intentionally left blank].*

WHEREFORE, the Plan Administrator respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: December 10, 2024
Wilmington, Delaware

**MORRIS JAMES LLP**

/s/ *Brya M. Keilson*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Tara C. Pakrouh (DE Bar No. 6192)
Siena B. Cerra (DE Bar No. 7290)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
bkeilson@morrisjames.com
tpakrouh@morrisjames.com
scerra@morrisjames.com

and

Beth M. Brownstein (admitted *pro hac vice*)
Nicholas A. Marten (admitted *pro hac vice*)
Patrick Feeney (admitted *pro hac vice*)
**ARENTFOX SCHIFF LLP**
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
E-mail: Beth.Brownstein@afslaw.com
Nicholas.Marten@afslaw.com
Patrick.Feeney@afslaw.com

*Counsel to Elizabeth A. LaPuma, in her capacity as the Plan Administrator*