## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | <u>Reply Deadline:</u>  **February 26, 2025 at 4:00 p.m. (ET)** <br> <u>Hearing Date:</u>    **March 5, 2025 at 10:00 a.m. (ET)** |

### PLAN ADMINISTRATOR'S ELEVENTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, <u>BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1</u>

### (Technical Adjustment Claims and Redundant Claims)

**THIS OMNIBUS OBJECTION SEEKS TO RECHARACTERIZE, REPRIORITIZE, MODIFY, AND/OR DISALLOW AND EXPUNGE CERTAIN INVESTMENT CLAIMS THAT ARE SUBJECT TO TECHNICAL ADJUSTMENT AND/OR REDUNDANT CLAIMS OBJECTIONS.**

**CLAIMANTS SHOULD CAREFULLY REVIEW THIS OMNIBUS OBJECTION, THE INDEX CONTAINED IN EXHIBIT A TO THIS OMNIBUS OBJECTION, AND THE SCHEDULES TO THE PROPOSED ORDER ATTACHED TO THIS OMNIBUS OBJECTION TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIMS. PARTIES' CLAIMS MAY BE IDENTIFIED ON ONE OR BOTH SCHEDULES AND MAY BE SUBJECT TO ONE OR MORE OBJECTION BASES.**

**IF YOU FILED A CLAIM AND RECEIVED THIS OMNIBUS OBJECTION, BUT CANNOT LOCATE YOUR CLAIM, PLEASE CALL THE CLAIMS AGENT AT (833) 702-1320 FOR ASSISTANCE. IF YOU HAVE QUESTIONS ABOUT THIS OMNIBUS OBJECTION, PLEASE CONTACT COUNSEL FOR THE PLAN ADMINISTRATOR, PATRICK FEENEY AT (212) 457-5422.**

**SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OMNIBUS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is: Plan Administrator for Peer Street, Inc., et al., c/o ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: Elizabeth A. LaPuma, Plan Administrator.

Elizabeth LaPuma, in her capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtors and debtors in possession (the "Debtors"), hereby files this omnibus objection (the "Omnibus Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 3007-1 and 3007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Omnibus Objections Procedures Order (defined below), to each of the Investment Claims (defined below) filed against the Debtors and their estates in the proofs of claim that are listed on **Schedule 1** (the "Technical Adjustment Claims") and **Schedule 2** (the "Redundant Claims") to the proposed form of order attached hereto as **Exhibit B** (the "Proposed Order"),[2] and requests entry of the Proposed Order sustaining this Omnibus Objection.  In support of this Omnibus Objection, the Plan Administrator relies on the *Declaration of Tyler McLaren in Support of Plan Administrator's Eleventh (Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* (the "McLaren Declaration"), and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      To manage the complicated process of reconciling the unique categories of claims asserted by investor creditors against the Debtors, the Plan Administrator formulated and proposed an omnibus claims process for Investment Claims (defined below) that would streamline and consolidate the Plan Administrator's objections to these claims.  These procedures, approved in the Omnibus Objection Procedures Order (defined below), ensure investor creditors are afforded

---

[2] To the extent any of the proofs of claim identified in Schedule 1 or 2 also assert Non-Investment Claims (defined below), the Non-Investment Claim portions of such proofs of claim are not subject to this Omnibus Objection and, pursuant to paragraph 4 of the Omnibus Objection Procedures Order (defined below), the Plan Administrator reserves the right to submit substantive objections to such Non-Investment Claims in a subsequent filing.

17160455/1

a fair and transparent process for fixing the claims pool, eventually resulting in their respective distributions under the Plan.

2.        By this Omnibus Objection, and consistent with and in furtherance of the Omnibus Objection Procedures Order, the Plan Administrator asserts objections to claims that allegedly arose from either investments into various products offered by the Debtors prior to Petition Date (defined below) or from uninvested cash held in the Debtors' FBO Account (defined below). These claims (collectively, the "Investment Claims") include: RWN 1-Mo. Claims, RWN 3-Mo. Claims, MPDN Claims, FBO Claims, PDN Claims and OppFund Claims (each as defined below).

3.        The Plan Administrator seeks entry of the Proposed Order (i) modifying, adjusting and allowing, or disallowing and expunging, the Technical Adjustment Claims, listed on **Schedule 1** to the Proposed Order, to (a) adjust those Investment Claims on which the claimants asserted claims for postpetition interest (referred to below as "Interest Adjustments"); (b) reclassify those Investment Claims for which the claimants asserted administrative, priority or secured status, asserted a claim for the wrong category of investment claim or asserted an unsecured claim which the Plan Administrator believes is attributable to a particular Investment Claim (referred to below as "Reclassification Adjustments"); (c) modify those Investment Claims which the claimants assert against the wrong Debtor entity (referred to below as "Wrong Debtors Adjustments"); (d) reduce and allow those Investment Claims that are not supported by documentation provided by the claimant nor by the Debtors' books and records (referred to below as "Unsupported Adjustments"); and (e) reduce and allow those Investment Claims for funds held in the Debtors' FBO Account (defined below) (referred to below as "FBO Balance Adjustments" and (a) through (e) collectively, the "Technical Adjustment Objections"); and (ii) disallow and expunge the Redundant Claims, which are listed in **Schedule 2** to the Proposed Order, that are

3

asserted on the same underlying bases as other filed claims that are not being disallowed or expunged (such claims the "Surviving Claims"), and are therefore redundant of such Surviving Claims (referred to below as "Redundant Claims Objections").

4.      Certain Investment Claims are subject to both Technical Adjustment Objections and Redundant Claims Objections in this Omnibus Objection.  An index is attached hereto as **Exhibit A** (the "Index") that lists each of the Investment Claims, in alphabetical order by the claimants' last name, and identifies each Technical Adjustment Objection or Redundant Claims Objection asserted against such Investment Claims in this Omnibus Objection.

5.      Through this Omnibus Objection, the Plan Administrator asserts Technical Adjustment Objections or Redundant Claims Objections to one hundred (100) proofs of claim (the "Proofs of Claim") asserting $6.59 million in Investment Claims[3] (including claims filed as administrative expense, secured, priority or general unsecured that the Plan Administrator believes should be reclassified to be Investment Claims), which objections would result in an aggregate reduction of such claims by $5.35 million, and the reclassification of $2.19 in claims improperly filed as administrative expense, secured, priority or general unsecured claims, so that the claims register properly reflects the correct liable Debtors, classification and aggregate amount of $1.25 million in Investment Claims that should be allowed on account of the Proofs of Claim.  *See* McLaren Declaration ¶ 6.

## JURISDICTION AND VENUE

6.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of

---

[3] No objections to OppFund Claims were included in this Omnibus Objection, but will be asserted in subsequent objections.

February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.    The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rules 3007-1 and 3007-2 and the Omnibus Objections Procedures Order.

8.    Pursuant to Local Rule 9013-1(f), the Plan Administrator consents to the entry of a final order or judgment by the Court in connection with this Omnibus Objection if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **BACKGROUND**

9.    On June 26, 2023 (the "Petition Date"), the Debtors each commenced a voluntary case (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases, is set forth in detail in the *Amended Combined Disclosure Statement and Joint Chapter 11 Plan for Peer Street, Inc., and its Affiliated Debtors* [Docket No. 1048] (the "Plan").

10.    On September 5, 2023, each Debtor filed their Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs, as may have been amended from time to time.[4]

11.    On October 18, 2023, the Court entered an Order [Docket No. 517] (the "FBO Order") that, among other things, authorized the Debtors to honor withdrawal requests from the

---

[4] The Schedules were amended on January 23, 2024 [Docket Nos. 731, 780 and 781].

17160455/1

Wells Fargo Bank, N.A. FBO Retail Clients Account (the "Bar Date FBO Account") of up to 95% of the amount reflected in the Debtors' books and records as of the Petition Date.

12.     On January 16, 2024, the Court entered an Order [Docket No. 764] (the "Bar Date Order") establishing various dates by which creditors were required to file claims in order to be treated as a creditor for, among other things, voting on and distributions under a chapter 11 plan in these cases (collectively, as defined in the Bar Date Order, the "Bar Dates").

13.     The Debtors' register of claims (the "Claims Register"), maintained by Stretto, Inc. ("Stretto"), indicates that approximately 3,200 proofs of claim have been filed in the Chapter 11 Cases (the "Filed Claims"), along with certain claims scheduled by the Debtors on their Schedules (collectively, the "Claims").   The Claims include Investment Claims (such as the Technical Adjustment Claims and Redundant Claims subject to this Omnibus Objection) and other claims that are not Investment Claims (the "Non-Investment Claims").

14.     On March 13, 2024, the Court entered an *Order Authorizing a Limited Waiver of the Requirements of Bankruptcy Rule 3007 and Local Rule 3007-1 with Respect to the Debtors' Omnibus Objections to Substantive Claims Filed in Connection with Confirmation and Setting a Status Conference on Claims for April 10, 2024* [Docket No. 944] (the "Debtors' Omnibus Procedures Order").  Following entry of and pursuant to this Debtors' Omnibus Procedures Order, the Debtors filed seven substantive and non-substantive omnibus objections to claims.  See Docket Nos. 954–960 (the "Debtors' Omnibus Claims Objections").   The Debtors' Omnibus Claims Objections were filed in advance of solicitation of the Debtors' Plan to ensure that claims were corrected for Plan voting purposes.

15.     On May 17, 2024, the Court entered an Order [Docket No. 1114] (the "Confirmation Order") confirming the Plan and approving the Plan Administrator Agreement

6

and Elizabeth LaPuma's appointment as the Plan Administrator.  Confirmation Order ¶¶ 1, 11, 13.

On May 31, 2024 (the "Effective Date"), the Plan became effective and the Plan Administrator

was appointed.  *See* Docket No. 1138.  Pursuant to the Plan and Plan Administrator Agreement,

the Plan Administrator is the sole officer and director of each Debtor and the sole representative

of the Debtors' estates.  Plan § 3.1; Plan Administrator Agreement § 2.2.  The Plan Administrator

has, among other things, the sole authority to file, withdraw or litigate to judgment objections to

Claims, subject to the review and oversight of the Advisory Committee.  Plan § 11.1, Plan

Administrator Agreement § 3.7.

16.    In the ordinary course of business, the Debtors maintained books and records

(the "Books and Records") that reflect, among other things, the nature and amount of liabilities

owed to their creditors.  As set forth in the McLaren Declaration, the Plan Administrator and her

professionals have been reviewing, comparing, and reconciling the Claims (including any

supporting documentation) with the Schedules and the Books and Records.  This reconciliation

process includes identifying particular categories of Claims that may be subject to objection.

17.    On June 10 and August 8, 2024, the Court entered Orders approving the Omnibus

Claims Objections (collectively, the "Omnibus Objection Orders"):

- *Order Sustaining Debtors' First (Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 1160] (the "First Omnibus Objection Order");

- *Order Sustaining Debtors' Second (Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 1161] (the "Second Omnibus Objection Order");

- *Order Sustaining Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 1266] (the "Third Omnibus Objection Order");

- *Order Sustaining Debtors' Fourth (Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 1162] (the "Fourth Omnibus Objection Order");

- *Order Sustaining Debtors' Fifth (Non-Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 1264] (the "<u>Fifth Omnibus Objection Order</u>");

- *Order Sustaining Debtors' Sixth (Non-Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 1265] (the "<u>Sixth Omnibus Objection Order</u>"); and

- *Order Sustaining Debtors' Seventh (Non-Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 [*Docket No. 1163] (the "<u>Seventh Omnibus Objection Order</u>").

18.    On August 30, 2024, the Plan Administrator filed the *Motion for Entry of an Order (I) Authorizing Limited Waivers of the Requirements of Bankruptcy Rule 3007 and Local Rule 3007-1 With Respect to Technical Adjustments to Investment Claims and Redundant Claims, and (II) Approving Modified Omnibus Claims Procedures, Schedules and Form of Notice* [Docket No. 1307] (the "<u>Omnibus Objection Procedures Motion</u>")[5] which, among other things, sought the waiver or modification of certain subsections of Local Rule 3007-1 to facilitate substantive and non-substantive objections to Investment Claims.

19.    On September 30, 2024, the Court entered an Order [Docket No. 1306] (the "<u>Omnibus Objection Procedures Order</u>") approving the Omnibus Objection Procedures Motion, the form of the exhibits to be used for objections to Technical Adjustment Claims (the "<u>Technical Adjustments Form Exhibit</u>") and Redundant Claims (the "<u>Redundant Claims Form Exhibit</u>").  Following entry of the Omnibus Objection Procedures Order, the Plan Administrator reviewed all of the materials relevant to each claim, including the filed proof of claim form, any attachment to the form, any other proofs of claim filed by the relevant claimant and the Books and Records.

---

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Omnibus Objection Procedures Motion.

17160455/1

20.    On November 15, 2024, the Plan Administrator filed three omnibus objections to Investment Claims in accordance with the Omnibus Objection Procedures Order.  *See* Docket Nos. 1377-1379.  On December 17, the Court entered orders approving these omnibus objections:

-    *Order Sustaining Plan Administrator's Eighth (Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 1406];

-    *Order Sustaining Plan Administrator's Ninth (Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 1407]; and

-    *Order Sustaining Plan Administrator's Tenth (Substantive) Omnibus Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 1408].

## OMNIBUS OBJECTION

21.    Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  *See* 11 U.S.C. § 502(b).

22.    Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  While a properly filed proof of claim is prima facie evidence of the claim's allowed amount, when an objecting party rebuts a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant.  *See id.* at 174. Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such

17160455/1

claims "[do] not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d)(6).

23.    Certain of the Debtors' creditors hold claims that arose from the following investment products offered by the Debtors and will each receive distributions under the Plan from a separate estate asset or pool of assets (collectively, the "Investment Claims"):

- RWN Pocket 1 Month Claims (the "RWN 1-Mo Claims") from the claimants' investment in Redeemable Warehouse Notes ("RWNs") issued with a redemption period of thirty (30) days by the Debtor Peer Street Funding LLC ("PSF LLC"), the proceeds of which were used to fund the Warehouse I Loan, are classified in Class 8, are allowable against PSF LLC and entitles holders of allowed claims to a pro rata share of the Warehouse I Distribution;

- RWN Pocket 3 Month Claims (the "RWN 3-Mo Claims") arose from the claimants' investment in Redeemable Warehouse Notes ("RWNs") issued with a redemption period of ninety (90) days by the Debtor PSF LLC, the proceeds of which were used to fund the Warehouse II Loan, are classified in Class 9, are allowable against the Debtor PSF LLC, and entitle holders of allowed claims to a pro rata share of the Warehouse II Distribution;

- The "MPDN Claims" arose from claimants' investment into one or more Mortgage-Payment-Dependent Notes ("MPDNs") issued by the Debtor PSF LLC, are classified in Classes 10 or 11 (depending on whether the particular MPDN's Underlying Loan had been liquidated as of the Effective Date),[6] are allowable against the Debtor PSF LLC and entitle holders of allowed claims to a pro rata share of the Underlying Loan(s) for such holders' particular MPDN(s);

- FBO Account Claims (the "FBO Claims") arose from the claimants' cash remaining in the FBO Account, are classified in Class 12, are allowable against the Debtor PSF LLC, and entitle each holder of allowed claims to withdraw (to the extent not already withdrawn pursuant to the FBO Order) 95% of the amount of their FBO Account Claims as of the Petition Date in cash and a pro rata share of any remaining amounts in the FBO Account on account of the remaining 5% of the claimants' FBO Account Claims;

- The "PDN Claims" arose from claimants' investment into one or more Payment-Dependent Promissory Notes ("PDNs") issued by the Debtor PS Portfolio – ST1, LLC ("PS Portfolio"), are classified in Class 13, are allowable against PS Portfolio, and entitle holders of allowed claims to a pro rata share of the Portfolio Distribution; and

- OppFund Interests (the "OppFund Claims") arose from the claimants' investments into

---

[6] With Convenience MPDN claims classified in Classes 10-1 and 11-1.

the Debtor Peer Street Opportunity Investors II, LP ("OppFund"), are classified in Class 14, are allowable against OppFund, and entitle holders of allowed claims to both a pro rata share of the OppFund Distribution and a pro rata share in future proceeds of the OppFund Loan.

Each of the Technical Adjustment Claims and Redundant Claims are Investment Claims.

24.     By this Omnibus Objection, the Plan Administrator seeks modification of the Technical Adjustment Claims identified on **Schedule 1** to the Proposed Order, and disallowance and expungement of the Redundant Claims identified on **Schedule 2** to the Proposed Order for the reasons set forth below and in the manner indicated thereon.   **Exhibit A** is an index of the Investment Claims subject to this Omnibus Objection, by claimant in last-name alphabetical order, and indicates whether such Investment Claims are included in **Schedule 1 (Technical Adjustment Claims)** and/or **Schedule 2 (Redundant Claims)** and the specific Technical Adjustment Objections and/or Redundant Claim Objections asserted against each claim.

25.     This Omnibus Objection only asserts objections to Investment Claims.  To the extent any of the proofs of claim identified in **Exhibit A**, and against which this Omnibus Objection is filed, assert both Investment Claims and Non-Investment Claims, the objections contained herein are only made to the Investment Claims asserted under such proofs of claim. Pursuant to the paragraph 4 of the Omnibus Objection Procedures Order, the Plan Administrator may raise any substantive objections to such Non-Investment Claims in a subsequent objection and the Plan Administrator expressly reserves the right to do so.

I.      **Technical Adjustment Objections (Schedule 1).**

26.     The Plan Administrator has determined, after a reasonable review of the documentation submitted and the Books and Records, that the Technical Adjustment Claims listed on **Schedule 1** to the Proposed Order require certain adjustments, as described in the Omnibus Objection Procedures Motion, to ensure that those claims are allocated the correct amount and

priority of recovery against the correct Debtor entity, as of the Petition Date, i.e. the Technical Adjustment Objections.

27.     The Plan Administrator objects to each of the Technical Adjustment Claims as indicated on **Schedule 1** on the basis of one or more of the five Technical Adjustment Objections listed below.  **Schedule 1** contains three columns.  The column labelled "Filed Claims to be Modified" details the proofs of claim being objected to.  The "Modified Filed Claim" column displays the proposed allowed amount, classification and liable Debtor-entity for each claim after all of the proposed Technical Adjustment Objections have been applied.  The "Basis for Objection" column lists the specific Technical Adjustment Objections asserted against each proof of claim, and explains the applicability of those objections.

A.     Interest Adjustments.

28.     The Plan Administrator has determined that certain identified Investment Claims listed on **Schedule 1** to the Proposed Order assert claims that reflect interest that is alleged to have accrued after the Petition Date ("Postpetition Interest").  Pursuant to the Omnibus Objection Procedures Order, the Plan Administrator objects to these Investment Claims because they should be modified to calculate any accrued interest as of the Petition Date (the "Interest Adjustments").

29.     Generally, unsecured claims cannot include postpetition interest.  *See* 11 U.S.C. § 502(b)(2) (claims shall be allowed "except to the extent that . . . such claim is for unmatured interest"); *In re W.R. Grace & Co.*, 475 B.R. 34, 159 (D. Del. 2012); *see also In re Promise Healthcare Grp., LLC*, 2023 Bankr. LEXIS 1085, at *13 (Bankr. D. Del. Apr. 20, 2023) ("It is universally accepted, however, that § 502(b)(2) is a 'general rule disallowing postpetition interest.'").  Further, section 10.2 of the Plan provides that, subject to Bankruptcy Code section 506(b), Postpetition Interest does not accrue on Investment Claims.

30.     Many claimants who filed proofs of claim in these Chapter 11 Cases based the asserted amount of their claims on account statements, attached to their proofs of claim as supporting documentation, that were sent out to investors after the Petition Date.  While the Debtors intended to stop sending out account statements after the Petition Date, statements that included calculations for Postpetition Interest continued to be sent out for a period of time after the Petition Date, before the Debtors realized the error and backed out the Postpetition Interest. Other Filed Claims were asserted in amounts slightly in excess of the Investment Claims supported by the documentation attached to such Filed Claims and the Books and Records, and therefore appear to include the claimants' own calculations for Postpetition Interest.  *See* McLaren Declaration ¶ 3.

31.     For avoidance of doubt, although MPDN, RWN 1-Mo., RWN 3-Mo. and PDN Claims are all unsecured, holders of those claims are entitled to their pro rata share of the relevant Underlying Loans.  All amounts paid with respect to those Underlying Loans are made available pursuant to the Waterfall in section 2.6 of the Plan—even if those payments result in holders receiving recoveries in excess of the principal amount of their notes and accrued interest as of the Petition Date.  *See* McLaren Declaration ¶ 4.[7]  Notwithstanding this entitlement, however, the Plan provides that distributions on account of MPDN, RWN 1-Mo., RWN 3-Mo. and PDN Claims are made on a pro rata basis for the claimants' proportional share of the asset or pool of assets tied to such Investment Claims.  *See* Plan § 4.3.  In order to properly calculate each holder's fractional, pro rata share of a particular class of Investment Claim, each Investment Claims' pro rata interest in the underlying asset or pool of assets tied to such Investment Claims must be measured as of the same date.  As a result, postpetition interest needs to be removed from all Investment Claims.

---

[7] The Plan Administrator and her advisors do not anticipate many such excess recoveries, to the extent there are any. *See id.*

32.     The Plan Administrator raises Interest Adjustments to certain Investment Claims that are identified in the sub-column in **Schedule 1** titled "Filed Claim Amounts," and believed such claims should be modified to the amounts in the sub-column titled "Modified Amounts." The amount listed in the "Modified Amounts" sub-column for each such Investment Claim represents the fair and accurate amount of each creditors' claims as of the Petition Date, as reflected in the Debtors' records and/or from the information provided by the claimants.

B.      Reclassification Adjustments.

33.     Pursuant to the Omnibus Objection Procedures Order, the Plan Administrator objects to certain Investment Claims that as filed are wrongly classified as administrative, priority or secured claims, or as general unsecured claims rather than as Investment Claims (the "Reclassification Adjustments").    The Investment Claims are not entitled to secured, administrative or priority status.  Pursuant to the offering memorandum and governing documents for each, MPDNs, PDNs and RWNs are unsecured.  *See* McLaren Declaration ¶ 7.  Similarly, while the OppFund Loan (as defined in the Plan) is secured, the OppFund Interests are not, and holders of OppFund Interests are only entitled to distributions from the OppFund Distribution (as defined in the Plan) and future proceeds of the OppFund Loan, as set out in the Plan.  *Id.*

34.     Claimants whose proofs of claim are subject to Reclassification Adjustments have asserted on their proof of claim form that their claims are entitled to secured, administrative or priority status; however, the Claimants only purport to hold unsecured Investment Claims, or the supporting documentation attached to their proof of claim only supports unsecured Investment Claims.    The claimants have not attached any other support for the purported secured, administrative or priority status of their claims.  Some claimants may have marked the wrong category of investment instrument on their proof of claim forms, while the attachments to their

17160455/1

proof of claim, and/or the Books and Records, list the correct investment instrument category and class for their Investment Claims.  It also appears many claimants marked on box 12 of their proof of claim forms that part of their Investment Claims fall into one or more categories of administrative or priority claims, up to the respective statutory limits.  *See* McLaren Declaration ¶ 8.

35.    Upon reasonable review of the Books and Records, the Plan Administrator has identified what specific Investment Claims each of these claimants holds and, accordingly, what classes under the Plan their claims should fall under.  Each allowed Investment Claim is entitled to receive distributions under the Plan from a separate estate asset or pool of assets specific to that type of asset.  Each Investment Claim must be placed in the correct class to ensure it receives the same treatment as other Investment Claims of the same type (*i.e.*, a RWN 1-Mo. Claim receives the same treatment as other RWN 1-Mo. Claims).

36.    The Plan Administrator raises Reclassification Objections to the asserted amounts for certain Investment Claims as allocated between classes and between Administrative, Secured, Priority or Unsecured categories on **Schedule 1** in the sub-column titled "Filed Claim Amounts." Such claims should be modified to the allocation in the sub-column titled "Modified Amounts."

C.    Wrong Debtors Adjustment.

37.    Pursuant to the Omnibus Objection Procedures Order, the Plan Administrator objects to certain Investment Claims because the incorrect Debtor has been identified in the Proof of Claim, and such Investment Claims must be reassigned to the correct Debtor (the "Wrong Debtors Adjustment").  Prepetition, Debtor PSF LLC offered MPDNs and RWNs, and held cash deposited by investors for potential future investments in a "for the benefit of" account; and Debtor PS Portfolio offered PDNs.  McLaren Declaration ¶ 11.  Pursuant to the offering memorandum and governing documents for the Debtors' investment products, only debtor PSF LLC is liable on

15

account of any MPDN Claims, RWN 1-Mo. Claims and RWN 3-Mo. Claims, and only debtor PS Portfolio – ST1, LLC is liable on account of any PDN Claims.  *See id.*  Additionally, pursuant to the terms of service governing the Peer Street Platform, claims for Uninvested Cash (i.e., FBO Claims) are also only against PSF LLC.  *See id.*  Similarly, OppFund Interests are actual limited partnership interests in OppFund, and therefore only debtor OppFund is liable on account of any OppFund LP Interests.  *See id.*

38.     Toward the beginning of these Chapter 11 Cases, many claimants filed proofs of claim against Debtor Peer Street, Inc., presumably because Peer Street, Inc.'s chapter 11 case is the case under which all of these Chapter 11 Cases are jointly administered.  Similar claims were asserted against other Debtors that do not bear liability for the amounts asserted in such Claims. In any event, the Plan Administrator does not believe any basis exists to hold any Debtor liable for investment products that they did not issue.

39.     By bringing this Objection, the Debtors seek to ensure that the correct Claim is asserted against the correct Debtor.  On **Schedule 1**, the Plan Administrator identifies in the "Filed Claims to be Modified" column the Debtor-entity against which each Investment Claim subject to a Wrong Debtors Adjustment is asserted.  The Plan Administrator seeks to adjust each such Investment Claim to be asserted against the Debtor(s) identified in the sub-column labelled "Modified Debtor(s) by Investment Claim," in the corresponding amount identified in the sub-column labelled "Modified Amounts," as applicable.  Accordingly, to maintain an accurate Claims Register and ensure that each holder of an Investment Claim receives the treatment it is entitled to under the offering memorandum and governing documents for the Notes, the Plan Administrator makes these Wrong Debtors Adjustments to those Technical Adjustment Claims.

D.    <u>Unsupported Adjustments</u>.

40.    Pursuant to the Omnibus Objection Procedures Order, the Plan Administrator objects to certain identified Investment Claims to the extent such Investment Claims, or a portion thereof, are not supported by the claimant's proof of claim form or attached documentation, and the Plan Administrator is not able to identify the basis for that unsupported portion of the claim from the face of the proof of claim or the Books and Records (the "<u>Unsupported Adjustments</u>").

41.    Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim.  However, when a proof of claim lacks supporting documentation, it does not receive the presumption of prima facie validity.  *In re New Century TRS Holdings, Inc.*, 495 B.R. 625, 633 (Bankr. D. Del. 2013).

42.    Some claimants filed proofs of claim asserting amounts owed, but for which their proof of claim form lacks support or explanation for the basis of the claim, and no supporting documentation is provided.  Other claimants filed proofs of claim that included support, whether detailed on the face of the proof of claim form or in the attached documentation, for part of the asserted amount of their Filed Claim.  However, some remainder of the total amount of the asserted Filed Claim is not accounted for in the supporting information, and it is unclear where the Claimant attended to attribute that remaining amount (such amounts "<u>Unallocated Amounts</u>").  *See* McLaren Declaration ¶ 14.  The Plan Administrator identifies the portion of such Filed Claims that lack support as an "Unallocated Amount" in the column titled "Basis for Objection" on **<u>Schedule 1</u>**.

43.    By reviewing the Books and Records, the Plan Administrator was able to determine that these claimants were entitled to Investment Claims for some component of their asserted proof of claim.  In many instances, the Plan Administrator could identify the Unallocated Amounts of

17

Claims through a review of the Books and Records.  However, some claims—those to which the Plan Administrator asserts Unsupported Adjustments—remained unaccounted for.  After reviewing these claims, any other claims filed by the particular claimants and all supporting information and documentation provided therewith, and after making reasonable efforts to research the claims on the Books and Records, the Plan Administrator believes that these proofs of claim do not provide prima facie evidence of the validity and amount of such Claimants' unaccounted-for asserted claims.  *See id.* ¶ 15.

44.     The Plan Administrator, therefore, seeks to make the Unsupported Adjustments to disallow only those components of the Filed Claims that, after the Plan Administrator's thorough review of the Filed Claims, information and documentation provided therewith and the Books and Records, it is unable to identify a basis for such unsupported component of the Filed Claims, and to allow such Filed Claims in the reduced amounts listed on **Schedule 1** in the sub-column titled "Modified Amounts."

45.     Accordingly, the Plan Administrator raises the Unsupported Adjustments to certain Investment Claims and requests that the Court enter an order allowing each of those claims in the reduced amounts listed on **Schedule 1** in the sub-column titled "Modified Amounts."

E.     FBO Balance Adjustments.

46.     Pursuant to the Omnibus Objection Procedures Order, the Plan Administrator objects to certain Investment Claims that are based on funds allegedly belonging to creditors in the Debtors' FBO Account without reflecting those claimants' voluntary withdraws from the FBO Account (the "FBO Balance Adjustments").  As provided for in the FBO Order, Retail Customers (as defined in the FBO Order) with funds held in the Debtors' FBO Account were permitted to withdraw up to 95% of the amount (the "95% Share") of their held funds reflected in the Debtors'

18

records as of the Petition Date (the "<u>Petition Date FBO Balance</u>").  FBO Order ¶ 2.  However, some holders filed proofs of claim, subsequently withdrew their 95% Share of funds held in the FBO Account, and did not file amended proofs of claim to reflect their resulting, reduced share of the funds held in the FBO Account.  Alternatively, some holders filed claims after withdrawing their 95% Share of FBO Account funds, but still asserted a FBO Account balance that did not reflect their withdrawal.  Even though these holders have not withdrawn or amended their asserted Investment Claims, the Books and Records demonstrate that these holders have recovered the 95% Share of funds in the FBO Account they were entitled to recover pursuant to the FBO Order.  Such holders retain FBO Claims on account of the remaining 5% of their Petition Date FBO Balance, for which, pursuant to section 4.3 of the Plan, such holders are entitled to a pro rata distribution from any amounts remaining in the FBO Account following the reconciliation of such account.  *See* McLaren Declaration ¶ 17.

47.     Accordingly, the Plan Administrator raises the FBO Balance Adjustments to downwardly adjust the amount of claimants' FBO Claims so that they properly reflect their resulting, reduced share of the funds held in the FBO Account, in the amounts listed on **Schedule 1** in the sub-column titled "Modified Amounts" for specifically FBO (Class 12) claims.[8]

## II.     Redundant Claims Objections.

48.     Pursuant to the Omnibus Objection Procedures Order, the Plan Administrator objects to the Redundant Claims set forth on **Schedule 2** to the Proposed Order, which are comprised of claims that the Plan Administrator finds are adequately represented and rendered

---

[8] The Plan provides that any claim that has been paid or otherwise satisfied may be designated on the Claims Register as such upon the filing of a notice of satisfaction by the Plan Administrator, without the need to object or seek court approval for the adjustment.  Plan § 11.7.  The Plan Administrator is therefore not required to assert FBO Balance Adjustments to adjust these Investment Claims.  However, because the Plan Administrator also asserts other Technical Adjustment Objections to each of the Investment Claims, and in the interest of informing claimants of all proposed adjustments to their claims, the Plan Administrator includes the FBO Balance Adjustments in this Omnibus Objection.

redundant by a Surviving Claim. **Schedule 2** contains three columns. The column labelled "Redundant Claims to be Disallowed" displays the details of the claims which the Plan Administrator seeks to have disallowed and expunged as redundant to a Surviving Claim. "Surviving Claim" displays the claimant's Surviving Claim, as may be adjusted by the Technical Adjustment Objections. "Basis for Objection" lists the Plan Administrator's reasoning, and provides a brief explanation as to why the Plan Administrator believes the Redundant Claim to be expunged is redundant of the Surviving Claim.

49. The proof of claim for each Redundant Claim may not be exactly identical to the corresponding Surviving Claim. However, the Plan Administrator has determined, after a reasonable review of the face of the proofs of claim, documentation submitted therewith and the Books and Records, that such Redundant Claims rest on the same underlying bases to the corresponding Surviving Claim, and are therefore redundant. For example, due to the multiple Proposed Claim Forms served during these Chapter 11 Cases, some claimants filed multiple, significantly similar but not identical claims on different claim forms, in an attempt to preserve their claims. Other claimants filed claims, then subsequently filed additional claims that included postpetition interest purported to accrue since the filing of their original claims. In addition, some claimants may have filed the same Investment Claims against different Debtors, notwithstanding the fact that each category of Investment Claims can only be asserted against a specific Debtor. *See* McLaren Declaration ¶ 20.

50. The relief requested herein is necessary to ensure that the claims register is kept accurate and no claimants receive multiple, improper recoveries for what are ultimately the same Investment Claim. Accordingly, the Plan Administrator objects to the Redundant Claims, and requests that the Court enter an order disallowing and expunging the Redundant Claims as

17160455/1

identified in **Schedule 2** in the columns labelled "Redundant Claims to be Disallowed," as redundant of the corresponding Surviving Claims as identified in the columns labelled "Surviving Claims." To the extent the corresponding Surviving Claims are subject to Technical Adjustment Objections herein, and thus listed in **Schedule 1**, such proposed changes to the Surviving Claim are reflected in the "Surviving Claims" column (and the "Basis for Objection" column states that the "Surviving Claims" column reflects such modifications).

## RESPONSES TO OBJECTION

51.     <u>Filing and Service of Responses</u>:  To contest an objection set forth in this Omnibus Objection, a claimant must file and serve a written response to the Omnibus Objection (a "<u>Response</u>") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (prevailing Eastern Time) on February 26, 2025 (the "<u>Response Deadline</u>").  Claimants should locate their names and Claims on the schedules to the Proposed Order and carefully review this Omnibus Objection.  A hearing on this Omnibus Objection will be held on March 5, 2025 at 10:00 a.m. (prevailing Eastern Time), or such other time set by the Court or agreed to be the Debtors and affected claimant, before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 2, Wilmington, Delaware 19801 (the "<u>Objection Hearing</u>").

52.     Each Response must be filed and served upon counsel to the Plan Administrator, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: Beth M. Brownstein, Esq. (beth.brownstein@afslaw.com), Nicholas A. Marten, Esq. (nicholas.marten@afslaw.com), and Patrick Feeney, Esq. (patrick.feeney@afslaw.com), so as to be received on or before the Response Deadline.

53.    <u>Content of Responses</u>:  Every Response to this Omnibus Objection must contain, at a minimum, the following:

      a.   a caption setting forth the name of the Court, the above-referenced case number, and the title of this Omnibus Objection to which the Response is directed;

      b.   the name of the claimant and description of the basis for the amount of the Claim;

      c.   a concise statement setting forth the reasons why a particular Claim should not be modified for the reasons set forth in this Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing this Omnibus Objection at the Hearing;

      d.   all documentation or other evidence of the Claim in question, to the extent not already included with the claimant's Proof of Claim, upon which the claimant will rely in opposing this Omnibus Objection at the Hearing;

      e.   the name, address, telephone number, and e-mail address of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant; and

      f.   the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Plan Administrator should serve any reply to the Response.

54.    <u>Timely Response Required; Hearing; Replies</u>:  If a Response is properly and timely filed and served in accordance with the above procedures, the Plan Administrator will endeavor to reach a consensual resolution with the claimant.  If no consensual resolution is reached, the Court will conduct the Hearing with respect to this Omnibus Objection and the Response(s) on March 5, 2025 at 10:00 a.m. (prevailing Eastern Time), or such other date and time as parties filing Responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

55.    If a claimant whose Investment Claim is subject to this Omnibus Objection, and who is served with this Omnibus Objection, fails to file and serve a timely Response in compliance

with the foregoing procedures, the Plan Administrator will present to the Court an appropriate order granting the relief requested herein without further notice to the claimant.

56.    <u>Adjournment of Hearing</u>:  The Plan Administrator reserves the right to adjourn the Hearing on any Claim included in this Omnibus Objection.  In the event that the Plan Administrator so adjourns the Hearing, they will state that the Hearing on that particular Claim has been adjourned on the agenda for the Hearing on this Omnibus Objection, which agenda will be served on the person designated by the claimant in its Response.

57.    <u>Separate Contested Matter</u>:    Each of the Technical Adjustment Claims and Redundant Claims, and the Plan Administrator's objections thereto as asserted in this Omnibus Objection, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 with respect to the Debtor against which each Claim is asserted.  The Plan Administrator requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Technical Adjustment Claim or Redundant Claim.

## **<u>RESERVATION OF RIGHTS</u>**

58.    The Plan Administrator expressly reserves the right to amend, modify, or supplement this Omnibus Objection, and to file additional objections to any other Claims (filed or not) that may be asserted against the Debtors and their estates.  Pursuant to paragraph 4 of the Omnibus Objection Procedures Order, the Plan Administrator reserves the right to assert objections (substantive or non-substantive) to any Non-Investment Claims that may be asserted under the proofs of claim identified on Exhibit A.  Should one or more of the grounds of objection stated in this Omnibus Objection be dismissed or overruled, the Plan Administrator reserves the right to object to each of the Technical Adjustment Claims, Redundant Claims or any other proofs of claim on any other grounds that the Plan Administrator discovers or elects to pursue.

17160455/1

59.     Notwithstanding anything contained in this Omnibus Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Plan Administrator, or any successor to the Plan Administrator may have to enforce any rights, including those of setoff, against the claimants.

60.     Nothing in this Omnibus Objection will be deemed or construed:  (a) as an admission as to the validity of any claim or interest against the Debtors; (b) as a waiver of the Plan Administrator's rights to dispute or otherwise object to any claim or proof of interest on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Plan Administrator, or to estop the Plan Administrator from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

## COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

61.     The undersigned counsel to the Plan Administrator has reviewed the requirements of Local Rule 3007-1 and certifies that this Omnibus Objection substantially complies with that Local Rule, as modified by the Omnibus Objection Procedures Order.  To the extent that this Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Plan Administrator believes that such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

62.     Notice of this Omnibus Objection will be provided to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of Investment Claims as set forth in this Omnibus Objection; and (c) any party that have filed or refiled a request for notice pursuant to

Bankruptcy Rule 2002 following entry of the *Order Limiting Notice and Establish Noticing Procedures Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure* [Docket No. 1250].   Pursuant to paragraph 7 of the Omnibus Objection Procedures Order, the claimants holding the Investment Claims subject to this Omnibus Objection will not receive complete copies of **Schedule 1** and **Schedule 2**, but rather will only receive those pages of Schedules 1 and 2 relevant to their Investment Claims.  Claimants may obtain a complete copy of this Omnibus Objection with the complete copies of Schedules 1 and 2 on the Claims Agent's website at https://cases.stretto.com/peerstreet/; or on the website for the federal judiciary's Public Access to Court Electronic Records ("PACER") at https://pacer.uscourts.gov/.[9]

*[Remainder of page intentionally left blank.]*

---

[9] Note that a password and login are needed to access the documents on PACER.  In light of the nature of the relief requested herein, the Plan Administrator submits that no other or further notice is necessary.

17160455/1

WHEREFORE, the Plan Administrator respectfully requests entry of the Proposed Order,

granting the relief requested herein and such other and further relief as is just and proper.

Dated:    January 31, 2025
          Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Siena B. Cerra*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Tara C. Pakrouh (DE Bar No. 6192)
Siena B. Cerra (DE Bar No. 7290)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
E-mail:  emonzo@morrisjames.com
         bkeilson@morrisjames.com
         tpakrouh@morrisjames.com
         scerra@morrisjames.com

and

Beth M. Brownstein (admitted *pro hac vice*)
Nicholas A. Marten (admitted *pro hac vice*)
Patrick Feeney (admitted *pro hac vice*)
**ARENTFOX SCHIFF LLP**
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone:  (212) 484-3900
Facsimile:  (212) 484-3990
E-mail: Beth.Brownstein@afslaw.com
        Nicholas.Marten@afslaw.com
        Patrick.Feeney@afslaw.com

*Counsel to Elizabeth A. LaPuma, in her capacity as the Plan Administrator*

17160455/1