# EXHIBIT A

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Peer Street, Inc., *et al.*,[1] | Case No. 23-10815 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. ___** |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 363 (I) AUTHORIZING
THE PRIVATE SALE OF THE JOSHUA CREEK PROPERTY FREE AND CLEAR OF
LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (II) GRANTING
RELATED RELIEF**

Upon the motion (the "Motion")[2] of Elizabeth A. LaPuma, in her capacity as the Plan

Administrator (the "Plan Administrator") pursuant to section 363 of the Bankruptcy Code,

Bankruptcy Rule 6004, and Local Rule 6004-1, (i) authorizing the Plan Administrator to (a) enter

into the Real Estate Contract (the "Purchase Agreement") by and between the Reorganized Debtors

(in particular, PS Funding Inc. and PSF REO, LLC), on the one hand, and AMJ Homes, Inc. (the

"Purchaser") on the other hand and (b) sell and convey real property located at 10307 Joshua Creek

Court, Cypress, Texas 77433 (the "Joshua Creek Property") to the Purchaser free and clear of all

liens, claims, encumbrances, and interests of any other kind (collectively, "Interests") through a

private sale; and (ii) granting related relief, all as more fully described in the Motion; and Purchaser

having submitted the highest and best offer for the Joshua Creek Property; and this Court having

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Peer Street, Inc. (8584); PS Funding, Inc. (3268); PeerStreet Licensing, Inc. (9435); Peer Street Opportunity Fund GP, LLC (8491); Peer Street Funding LLC (9485); PSF REO LLC (1013); PS Options LLC (8584); PS Warehouse, LLC (5663); PS Warehouse II, LLC (9252); Peer Street Opportunity Investors II, LP (1586); PS Portfolio-ST1, LLC (1868); PSF Ohio, LLC (9485); PSF TX 1, LLC (9485); PSF TX 2, LLC (2415); PSF TX 4 LLC (9485). The Debtors' service address is: Plan Administrator for Peer Street, Inc., et al., c/o ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019, Attn: Elizabeth A. LaPuma, Plan Administrator.

[2]   Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Motion.

17737414/2

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided as set forth therein; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and related filings in support thereof; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "Hearing"); and all objections and responses to the relief requested in the Motion, if any, having been heard and overruled, withdrawn, or resolved on the terms set forth in this Sale Order; and on timely, proper and sufficient notice of the Motion, the Hearing, the Purchase Agreement, the purchase and sale of the Joshua Creek Property; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS FOUND AND CONCLUDED THAT:**

**<u>Findings of Fact, Conclusions of Law, Jurisdiction, Venue, and Final Order</u>**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the Chapter 11 Cases pursuant to Bankruptcy Rule 9014.

17737414/2

B.      To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent, any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

D.      This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), 6006(d), and 7062, and to the extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and expressly directs entry of this Sale Order as set forth herein which shall not be subject to any stay.

### Notice of the Transaction, the Purchase Agreement, and the Sale Hearing

E.      As evidenced by the affidavits or declarations of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the Hearing, the Purchase Agreement, and the sale of the Joshua Creek Property (the "Transaction"), and the proposed form of this Sale Order have been provided in accordance with Bankruptcy Code sections 102(1) and 363, and Bankruptcy Rules 2002, 6004, 6006, and 9014. The Plan Administrator has complied with all obligations to provide notice of the Motion, the Purchase Agreement, the Transaction, and the proposed form of this Sale Order. The aforementioned notices are good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Sale Hearing,

3

the Purchase Agreement, the Transaction, or this Sale Order is required for the entry of this Sale Order.

## Highest or Otherwise Best Offer

F.      A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

G.      The Joshua Creek Property was adequately marketed by the Shellpoint, the Plan Administrator, and their advisors, and the offer made by the Purchaser: (i) was made in good faith; (ii) is the highest or otherwise best offer obtained for the Joshua Creek Property and will provide a greater recovery for the Reorganized Debtors' estates than would be provided by any other alternative; (iii) is for fair, adequate, and sufficient consideration that constitutes reasonably equivalent value for the Joshua Creek Property being conveyed to the Purchaser; (iv) is fair and reasonable; (v) is in the best interests of the Debtors' estates, the Debtors' creditors, and other parties in interest; and (vi) would not have been made absent the protections afforded to the Purchaser by the Purchase Agreement, the Bankruptcy Code, and this Sale Order.

## No Fraudulent Transfer or Merger

H.      The consideration provided by the Purchaser (a) is fair and reasonable, (b) is the highest or otherwise best offer for the Joshua Creek Property, and (c) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

I.      The Purchaser is not a mere continuation of the Reorganized Debtors or their estates, and there is no continuity of enterprise between the Purchaser and the Plan Administrator. The Purchaser is not holding itself out to the public as a continuation of any of the Reorganized Debtors or their respective estates. The Purchaser is not a successor to any of the Reorganized

4

Debtors or their estates, and the Sale does not amount to a consolidation, merger, or de facto merger of the Purchaser and any of the Reorganized Debtors.

### Validity of the Transfer

J.      The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any of its states, territories, or possessions, or the District of Columbia. Neither the Plan Administrator nor the Purchaser are entering into the transactions contemplated by the Purchase Agreement fraudulently, for the purposes of statutory and common law fraudulent conveyance and fraudulent transfer claims.

K.      The Plan Administrator  holds all legal interests in the Joshua Creek Property and, as such, have complete corporate power and authority to execute, deliver, and perform under the Purchase Agreement and to take the necessary actions to implement and effectuate the terms of such Purchase Agreement. No other consents or approvals, other than as may be expressly provided for under the Purchase Agreement, are required by the Plan Administrator.

### Sound Business Purpose for the Sale

L.      Good and sufficient reasons for approval of the Plan Administrator's entry into the Purchase Agreement have been articulated. The relief requested in the Motion is in the best interests of the Reorganized Debtors, their estates, their creditors, and other parties in interest.

M.      The Plan Administrator has demonstrated a sufficient basis and compelling circumstances requiring them to sell the Joshua Creek Property under Bankruptcy Code section 363, and such actions are appropriate under their reasonable business judgment and in the best interest of the Reorganized Debtors, their estates, and their creditors.

17737414/2

**<u>Good Faith of the Reorganized Debtors and the Purchaser</u>**

N.    The sale process conducted by the Shellpoint and the Plan Administrator, including, without limitation, the Purchaser's participation in that process, was at arm's length, non-collusive, and in good faith.

O.    The Purchase Agreement and the Transaction contemplated thereunder were proposed, negotiated, and entered into by and among the Plan Administrator and the Purchaser without collusion, in good faith, and at arm's length.

P.    The Purchaser is not an "insider" or "affiliate" of any of the Reorganized Debtors, as those terms are defined in Bankruptcy Code section 101 and no common identity of incorporators, directors, managers, controlling shareholders, or other insider of the Reorganized Debtors exist between either the Purchaser or the Reorganized Debtors.

Q.    The Purchaser is a "good faith purchaser" and is acting in good faith within the meaning of Bankruptcy Code section 363(m) and, as such, is entitled to all the protections afforded thereby and would not consummate the Transaction without such protections. The Purchaser has proceeded in good faith in all respects in that, among other things: (i) the Purchaser recognized that the Plan Administer was free to deal with any other party interested in acquiring the Joshua Creek Property; and (ii) all payments to be made by the Purchaser and all other material agreements entered into by the Purchaser and the Plan Administrator in connection with the Transaction have been disclosed and are appropriate. The sale price in respect of the Joshua Creek Property was not controlled by any agreement among potential bidders and neither the Plan Administrator nor the Purchaser has engaged in collusion or any conduct that would cause or permit the Purchase Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

17737414/2

## The Requirements of Section 363(f) Are Satisfied

R.      The sale of the Joshua Creek Property to the Purchaser under the terms of the Purchase Agreement: (i) satisfies the applicable provisions of Bankruptcy Code section 363(f), (ii) will be free and clear of any and all Interests because one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) have been satisfied, and (iii) the Transaction will not subject the Purchaser to any liability for any Interests or successor or transferee liability.

**IT IS HEREBY ORDERED THAT:**

## General Provisions

1.      <u>Relief Granted</u>. The Motion is granted and approved as set forth herein. The Plan Administrator is authorized to: (a) enter into the Purchase Agreement attached to the Motion as **Exhibit B**, (b) sell the Joshua Creek Property to the Purchaser, and (c) transfer, assign, and convey the Joshua Creek Property in accordance with the Purchase Agreement.

2.      <u>Objections Overruled</u>. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearing, if any, or by stipulation filed with the Court, or as resolved in this Sale Order, and all reservations of rights included therein, are hereby overruled on the merits with prejudice. All holders of Interests who did not object, or who withdrew their objections to the Transaction, are deemed to have consented to the Transaction pursuant to Bankruptcy Code section 363(f)(2).

3.      <u>Sale Order Binding on All Parties</u>. This Sale Order shall be binding in all respects upon all creditors of and holders of equity interests in the Reorganized Debtors (whether known or unknown), agents, trustees and collateral trustees, holders of Interests in, against, or on the Joshua Creek Property, all successors and assigns of the Reorganized Debtors, and any subsequent trustees appointed in the Chapter 11 Cases or upon a conversion of the Chapter 11 Cases to one or more cases under chapter 7 of the Bankruptcy Code and shall not be subject to rejection or

7

unwinding. Nothing in any chapter 11 plan confirmed in the Chapter 11 Cases, the confirmation order confirming any such chapter 11 plan, any order approving the wind down or dismissal of the Chapter 11 Cases, or any order entered upon the conversion of the Chapter 11 Cases to one or more cases under chapter 7 of the Bankruptcy Code or otherwise shall conflict with or derogate from the provisions of the Agreement or this Sale Order.

### Approval of Plan Administrator's Entry into the Purchase Agreement

4.      <u>Entry into Purchase Agreement</u>. Plan Administrator's entry into the Purchase Agreement is approved and the failure to specifically include any particular provision of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision. The transfer of the Joshua Creek Property by the Reorganized Debtors to the Purchaser shall be a legal, valid, and effective transfer of the Joshua Creek Property. The consummation of the Transaction is hereby authorized under sections 363(b), (f), and (k) of the Bankruptcy Code. The automatic stay pursuant to section 362 of the Bankruptcy Code, to the extent applicable, is hereby modified to allow the Purchaser to enforce its rights pursuant to the Purchase Agreement and this Sale Order.

5.      <u>Authority to Consummate Transactions</u>. The Plan Administrator is authorized to take any and all actions necessary or appropriate to perform, consummate, implement, and close the Transaction in accordance with the terms and conditions set forth in the Purchase Agreement and this Sale Order, including, without limitation, executing, acknowledging, and delivering such deed, assignment, conveyance, and other assurance, documents, and instruments of transfer and taking any action for the purposes of assigning, transferring, granting, conveying, and confirming to the Purchaser, or reducing to possession, the Joshua Creek Property, and entering into any other agreements related to implementing the Transaction.

**<u>Sale and Transfer Free and Clear of all Liens and Claims</u>**

6.    <u>Transfer Authorized</u>. The Joshua Creek Property shall be sold to the Purchaser free and clear of any and all Interests in accordance with Bankruptcy Code section 363(f) except to the extent set forth in the Purchase Agreement. All Interests from which the Joshua Creek Property is sold free and clear shall attach to the Proceeds of the sale of the Joshua Creek Property to be received in the same order and priority that such Interests had prior to the closing of the Transaction.

7.    <u>Escrow of the Sale Proceeds</u>. The Proceeds of the sale of the Joshua Creek Property shall be held in escrow by the Plan Administrator (or its designated escrow agent) pending further order of the Court, final adjudication of all Interests that attach to the Proceeds pursuant to paragraph 6 of this Order, or settlement among the Parties asserting such Interests. The Proceeds shall not be distributed absent (i) a final, non-appealable order of this Court authorizing such distribution; or (ii) a written settlement agreement among all Parties asserting Interests in the Proceeds, approved by this Court.

8.    <u>Transfer Free and Clear</u>. All of the Reorganized Debtors' right, title, and interest in and to, and possession of, the Joshua Creek Property shall be vested in the Purchaser as set forth in the Purchase Agreement, pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code free and clear of any and all Interests except as otherwise provided in the Purchase Agreement. Such transfer shall constitute a legal, valid, binding, and effective transfer to the Purchaser.

9.    <u>Recording Offices and Releases of Interest</u>. This Sale Order: (i) shall be effective as a determination that as of the Closing, (a) no Interests can asserted against the Purchaser, (b) the Joshua Creek Property shall have been transferred to the Purchaser free and clear of any and all Interests except as set forth in the Purchase Agreement, and (c) the conveyances described herein have been effected; and (ii) is and shall authorize all persons and entities who may be

9

required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title to accept for filing any and all of the documents and instruments necessary or appropriate to consummate the Transaction contemplated by the Purchase Agreement.

10.    <u>Legal Transfer with Permanent Injunction</u>. The transfer of the Joshua Creek Property pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of good and marketable title with respect to the Joshua Creek Property, and vests or will vest, the Purchaser with all right, title, and interest, free and clear of all Interests except as set forth in the Purchase Agreement. All Persons holding interests or claims of any kind or nature whatsoever against the Reorganized Debtors or the Joshua Creek Property, are hereby and forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Joshua Creek Property, any claim, interest or liability existing, accrued, or arising prior to the closing of the Transaction except to the extent set forth in the Purchase Agreement.  No Successor or Transferee Liability.

11.    <u>No Successor Liability</u>. The Purchaser shall not be deemed, as a result of any action taken in connection with the Purchase Agreement, the consummation of the Transaction contemplated by the Purchase Agreement, or the transfer of the Joshua Creek Property to: (i) be a legal successor, or otherwise be deemed a successor to the Reorganized Debtors; (ii) have, de facto or otherwise, merged with or into the Reorganized Debtors; (iii) be an alter ego or a mere continuation or substantial continuation of the Reorganized Debtors including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act

17737414/2

("COBRA"), the WARN Act (29 U.S.C. §§ 2101 et seq.) ("WARN"), the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964 (as amended), the Age Discrimination and Employment Act of 1967 (as amended), the Federal Rehabilitation Act of 1973 (as amended), the National Labor Relations Act, 29 U.S.C. § 151, et seq. (the "NLRA"); or (iv) be liable for any environmental liabilities, debts, claims, or obligations arising from conditions first existing on or prior to Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis.

**Good Faith of the Purchaser**

12.    Good Faith Purchaser. The Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code. The Transaction contemplated by the Purchase Agreement is undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code.

13.    No Collusion. Neither the Plan Administrator, the Purchaser nor any Affiliate of either the Reorganized Debtors or the Purchaser have engaged in any collusion with other bidders or other parties or have taken any other action or inaction that would cause or permit the Transaction to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code or otherwise. The consideration provided by the Purchaser for the Joshua Creek Property under the Purchase Agreement is fair and reasonable and is not less than the value of the Joshua Creek Property, and the Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

14.    Valid Transfer. The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding present or future creditors of the Reorganized Debtors. The Plan

11

Administrator Purchaser is entering into the Purchase Agreement or proposing to consummate the Transaction fraudulently or for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims, whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia. Further, Purchaser is not an "insider" of the Reorganized Debtors.

## **Release**

15.     Subject to and upon the Closing Date, the Reorganized Debtors, on behalf of themselves and each of their Affiliates, hereby waive any and all actions related to, and hereby release, Purchaser and its Affiliates and the property of Purchaser (including, without limitation, the Joshua Creek Property) from any and all Interests, whether known or unknown, now existing or hereafter arising, asserted or unasserted, mature or inchoate, contingent or non-contingent, liquidated or unliquidated, material or non-material, disputed or undisputed, and whether imposed by agreement, understanding, law, equity, or otherwise to the extent such Interests arise under or are related to the Purchase Agreement or any agreement entered into with respect thereto or any of the transactions contemplated thereby; provided, however, that the foregoing shall not release any obligations assumed or established by Purchaser under the Purchase Agreement or this Sale Order, including, without limitation, Purchaser's performance obligations under the Purchase Agreement or this Sale Order and any and all of Purchaser's obligations thereunder that are to be performed following the closing of the Transaction.

## **Other Provisions**

16.     <u>Purchase Agreement Approved in its Entirety</u>. The failure to specifically include any particular provision of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan Administrator is authorized to enter into and consummate the Purchase Agreement in its entirety.

17737414/2

17.     <u>Non-Material Modifications</u>. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Reorganized Debtors' estates.

18.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Purchase Agreement, all amendments thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Reorganized Debtors are a party and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transaction or this Sale Order.

19.     <u>Effective Immediately</u>. Notwithstanding Bankruptcy Rule 6004(h) and 6006(d), this Sale Order shall be immediately effective and enforceable upon its entry.

17737414/2